# EXHIBIT A

NYSCEF - New York State Courts Electronic Filing (Live System - 5485966)

## EFCV-24-166762 - St. Lawrence County Supreme Court

Short Caption: **Sheryl Thompson et al v. United States of America et al**
Case Type: **Torts - Motor Vehicle**
Case Status: **Active**
eFiling Status: **Partial Participation Recorded**
Assigned Judge: **Mary M. Farley**

E-mail Participating Parties

**Full Caption**
Sheryl Thompson Sheryl Thompson as administrator of the Estate of Aspen Robertson, Frank Robertson Frank Robertson as administrator of the Estate of Aspen Robertson, Estate Of Aspen Robertson v. United States Of America, United States Customs And Border Protection, United States Department Of Transportation, State Of New York, New York State Department Of Transportation, County Of St. Lawrence, Town Of Massena, Gilbane Building Company Of New York, Smith-Miller & Hawkinson Architects Llp, Northland Associates, Inc, Rifenburg Construction Inc., Great Lakes St. Lawrence Seaway Development Corp., John Does 1-10

**Municipality**
The Office of Attorney General

**Plaintiffs/Petitioners**

| Name | Represented By |
|---|---|
| Sheryl Thompson Sheryl Thompson as administrator of the Estate of Aspen Robertson | NICHOLS, KEVIN FREDERIC on 09/18/2024<br>Nichols Law Firm PLLC |
| Frank Robertson Frank Robertson as administrator of the Estate of Aspen Robertson | NICHOLS, KEVIN FREDERIC on 09/18/2024<br>Nichols Law Firm PLLC |
| Estate of Aspen Robertson | NICHOLS, KEVIN FREDERIC on 09/18/2024<br>Nichols Law Firm PLLC |

**Defendants/Respondents**

| Name | Represented By |
|---|---|
| United States of America | *none recorded* |
| United States Customs and Border Protection | *none recorded* |
| United States Department of Transportation | *none recorded* |
| State of New York | HERSHEY, ROBERT LANDIS on 10/21/2024<br>New York State Office of the Attorney General |
| New York State Department of Transportation | HERSHEY, ROBERT LANDIS on 10/21/2024<br>New York State Office of the Attorney General |
| County of St. Lawrence | *none recorded* |
| Town of Massena | BELKIN, MATT RANDOLPH on 10/18/2024<br>Law Offices of M. Randolph Belkin |
| Gilbane Building Company of New York | *none recorded* |
| Smith-Miller & Hawkinson Architects LLP | DEATS, CHRISTINA MARIE on 10/24/2024<br>Harter Secrest & Emery LLP<br><br>ABDELLA, PETER HYKEL on 10/24/2024<br>HARTER SECREST & EMERY<br><br>RAHMLOW, KATHERINE ELIZABETH on 10/24/2024<br>HARTER SECREST & EMERY LLP |
| Northland Associates, INC | HOFFMAN, ELIZABETH ANNE on 10/21/2024<br>COSTELLO, COONEY & FEARON, PLLC<br><br>PARE, KELLY JOSEPH on 10/22/2024<br>COSTELLO, COONEY & FEARON, PLLC |
| Rifenburg Construction Inc. | *none recorded* |
| Great Lakes St. Lawrence Seaway Development Corp. | *none recorded* |
| John Does 1-10 | *none recorded* |

NYSCEF - New York State Courts Electronic Filing (Live System - 5485966)

<< *Return to* ***Search Results***

## **EFCV-24-166762 -** St. Lawrence County Supreme Court

Short Caption: **Sheryl Thompson et al v. United States of America et al**
Case Type: **Torts - Motor Vehicle**
Case Status: **Active**
eFiling Status: **Partial Participation Recorded**
Assigned Judge: **Mary M. Farley**

E-mail Participating Parties

Print Document List

**Narrow By Options**

Document Type: Filed By:

Motion Info: Filed Date:

thru

Document #:

Show Motion Folders ONLY

**Sort By:** Document #

| # | Document | Filed By | Status |
|---|---|---|---|
| 1 | SUMMONS + COMPLAINT | Nichols, K.<br>Filed: 09/18/2024<br>*Received: 09/18/2024* | **Processed**<br>Confirmation Notice |
| 2 | COMPLAINT (AMENDED) | Nichols, K.<br>Filed: 09/23/2024<br>*Received: 09/23/2024* | **Processed**<br>Confirmation Notice |
| 3 | AFFIRMATION/AFFIDAVIT OF SERVICE | Nichols, K.<br>Filed: 10/04/2024<br>*Received: 10/04/2024* | **Processed**<br>Confirmation Notice |
| 4 | AFFIRMATION/AFFIDAVIT OF SERVICE | Nichols, K.<br>Filed: 10/04/2024<br>*Received: 10/04/2024* | **Processed**<br>Confirmation Notice |
| 5 | AFFIRMATION/AFFIDAVIT OF SERVICE | Nichols, K.<br>Filed: 10/04/2024<br>*Received: 10/04/2024* | **Processed**<br>Confirmation Notice |
| 6 | AFFIRMATION/AFFIDAVIT OF SERVICE | Nichols, K.<br>Filed: 10/04/2024<br>*Received: 10/04/2024* | **Processed**<br>Confirmation Notice |
| 7 | AFFIRMATION/AFFIDAVIT OF SERVICE<br>*County of St Lawrence* | Nichols, K.<br>Filed: 10/17/2024<br>*Received: 10/17/2024* | **Processed**<br>Confirmation Notice |
| 8 | AFFIRMATION/AFFIDAVIT OF SERVICE<br>*Gilbane Building Co* | Nichols, K.<br>Filed: 10/17/2024<br>*Received: 10/17/2024* | **Processed**<br>Confirmation Notice |
| 9 | AFFIRMATION/AFFIDAVIT OF SERVICE<br>*NY State Department of Transportation* | Nichols, K.<br>Filed: 10/17/2024<br>*Received: 10/17/2024* | **Processed**<br>Confirmation Notice |
| 10 | AFFIRMATION/AFFIDAVIT OF SERVICE<br>*Rifenburg Construction* | Nichols, K.<br>Filed: 10/17/2024<br>*Received: 10/17/2024* | **Processed**<br>Confirmation Notice |
| 11 | AFFIRMATION/AFFIDAVIT OF SERVICE<br>*Smith Miller Hawkinson* | Nichols, K.<br>Filed: 10/17/2024<br>*Received: 10/17/2024* | **Processed**<br>Confirmation Notice |
| 12 | AFFIRMATION/AFFIDAVIT OF SERVICE<br>*United States of America* | Nichols, K.<br>Filed: 10/17/2024<br>*Received: 10/17/2024* | **Processed**<br>Confirmation Notice |
| 13 | AFFIRMATION / AFFIDAVIT OF REGULARITY<br>*US Atty General for Northern District of NY* | Nichols, K.<br>Filed: 10/17/2024<br>*Received: 10/17/2024* | **Processed**<br>Confirmation Notice |
| 14 | AFFIRMATION/AFFIDAVIT OF SERVICE<br>*US Customs and Border Protection* | Nichols, K.<br>Filed: 10/17/2024<br>*Received: 10/17/2024* | **Processed**<br>Confirmation Notice |
| 15 | AFFIRMATION/AFFIDAVIT OF SERVICE<br>*US Department of Transportation* | Nichols, K.<br>Filed: 10/17/2024<br>*Received: 10/17/2024* | **Processed**<br>Confirmation Notice |
| 16 | ANSWER | Belkin, M.<br>Filed: 10/18/2024<br>*Received: 10/18/2024* | **Processed**<br>Confirmation Notice |
| 17 | NOTICE OF DEPOSITION UPON ORAL EXAMINATION | Belkin, M.<br>Filed: 10/21/2024<br>*Received: 10/21/2024* | **Processed**<br>Confirmation Notice |
| 18 | NOTICE OF MOTION (Motion #1) | Hoffman, E.<br>Filed: 10/21/2024<br>*Received: 10/21/2024* | *** *Pending* ***<br>Confirmation Notice<br>Payment Receipt |
| 19 | AFFIDAVIT OR AFFIRMATION IN SUPPORT (Motion #1) | Hoffman, E.<br>Filed: 10/21/2024 | **Processed**<br>Confirmation Notice |

| | | | |
|---|---|---|---|
| | | *Received: 10/21/2024* | |
| 20 | EXHIBIT(S) - A (Motion #1) *Summons and complaint* | Hoffman, E. Filed: 10/21/2024 *Received: 10/21/2024* | **Processed** Confirmation Notice |
| 21 | EXHIBIT(S) - B (Motion #1) *Amended complaint* | Hoffman, E. Filed: 10/21/2024 *Received: 10/21/2024* | **Processed** Confirmation Notice |
| 22 | EXHIBIT(S) - C (Motion #1) *Federal Action Complaint* | Hoffman, E. Filed: 10/21/2024 *Received: 10/21/2024* | **Processed** Confirmation Notice |
| 23 | EXHIBIT(S) - D (Motion #1) *Northland's Answer in the Federal Action* | Hoffman, E. Filed: 10/21/2024 *Received: 10/21/2024* | **Processed** Confirmation Notice |
| 24 | MEMORANDUM OF LAW IN SUPPORT (Motion #1) | Hoffman, E. Filed: 10/21/2024 *Received: 10/21/2024* | **Processed** Confirmation Notice |
| 25 | RJI -RE: NOTICE OF MOTION (Motion #1) | Hoffman, E. Filed: 10/21/2024 *Received: 10/21/2024* | **Processed** Confirmation Notice Payment Receipt |
| 26 | ADDENDUM - GENERAL (840A) (Motion #1) | Hoffman, E. Filed: 10/21/2024 *Received: 10/21/2024* | **Processed** Confirmation Notice |
| 27 | NOTICE OF MOTION (Motion #2) *Notice of Motion to Dismiss* | Hershey, R. Filed: 10/21/2024 *Received: 10/21/2024* | *** *Pending* *** Confirmation Notice |
| 28 | AFFIRMATION (Motion #2) *Affirmation in Support of Motion to Dismiss* | Hershey, R. Filed: 10/21/2024 *Received: 10/21/2024* | **Processed** Confirmation Notice |
| 29 | EXHIBIT(S) - A (Motion #2) *Plaintiffs' Notice of Claim* | Hershey, R. Filed: 10/21/2024 *Received: 10/21/2024* | **Processed** Confirmation Notice |
| 30 | EXHIBIT(S) - B (Motion #2) *Plaintiffs' State Summons and Complaint* | Hershey, R. Filed: 10/21/2024 *Received: 10/21/2024* | **Processed** Confirmation Notice |
| 31 | EXHIBIT(S) - C (Motion #2) *Federal Summons and Complaint* | Hershey, R. Filed: 10/21/2024 *Received: 10/21/2024* | **Processed** Confirmation Notice |
| 32 | EXHIBIT(S) - D (Motion #2) *Plaintiffs' Amended Complaint* | Hershey, R. Filed: 10/21/2024 *Received: 10/21/2024* | **Processed** Confirmation Notice |
| 33 | EXHIBIT(S) - E (Motion #2) *Plaintiffs' Affirmation of Service* | Hershey, R. Filed: 10/21/2024 *Received: 10/21/2024* | **Processed** Confirmation Notice |
| 34 | MEMORANDUM OF LAW (Motion #2) *OAG Memorandum of Law* | Hershey, R. Filed: 10/21/2024 *Received: 10/21/2024* | **Processed** Confirmation Notice |
| 35 | NO FEE AUTHORIZATION (LETTER/ORDER/AFFIRMATION) (Motion #2) *OAG - No Fee Letter* | Hershey, R. Filed: 10/21/2024 *Received: 10/21/2024* | **Processed** Confirmation Notice |
| 36 | JUDICIAL ASSIGNMENT NOTICE | Court User Filed: 10/22/2024 *Received: 10/22/2024* | **Processed** Confirmation Notice |
| 37 | COURT NOTICE (Motion #1) *Filing on Behalf of - CHAMBERS* | Court User Filed: 10/22/2024 *Received: 10/22/2024* | **Processed** Confirmation Notice |
| 37-1 | ATTACHMENT TO COURT NOTICE (Motion #1) *2024 & 2025 SPECIAL TERM CALENDAR DATES* | Court User Filed: 10/22/2024 *Received: 10/22/2024* | **Processed** Confirmation Notice |
| 38 | COURT NOTICE (Motion #2) *Filing on Behalf of - CHAMBERS* | Court User Filed: 10/22/2024 *Received: 10/22/2024* | **Processed** Confirmation Notice |
| 38-1 | ATTACHMENT TO COURT NOTICE (Motion #2) *2024 & 2025 SPECIAL TERM CALENDAR DATES* | Court User Filed: 10/22/2024 *Received: 10/22/2024* | **Processed** Confirmation Notice |
| 39 | AFFIDAVIT (Motion #1) | Pare, K. Filed: 10/24/2024 *Received: 10/24/2024* | **Processed** Confirmation Notice |
| 40 | NOTICE OF MOTION | Deats, C. Filed: 10/24/2024 *Received: 10/24/2024* | *** *Pending* *** Confirmation Notice Payment Receipt |

| | | | |
|---|---|---|---|
| | | *Received: 10/24/2024* | Payment Receipt |
| 41 | AFFIDAVIT OR AFFIRMATION IN SUPPORT OF MOTION | Deats, C.<br>Filed: 10/24/2024<br>*Received: 10/24/2024* | **Processed**<br>Confirmation Notice |
| 42 | EXHIBIT(S) - A<br>*Summons and Complaint* | Deats, C.<br>Filed: 10/24/2024<br>*Received: 10/24/2024* | **Processed**<br>Confirmation Notice |
| 43 | EXHIBIT(S) - B<br>*Amended Summons and Complaint* | Deats, C.<br>Filed: 10/24/2024<br>*Received: 10/24/2024* | **Processed**<br>Confirmation Notice |
| 44 | EXHIBIT(S) - C<br>*Federal Court Summons and Complaint* | Deats, C.<br>Filed: 10/24/2024<br>*Received: 10/24/2024* | **Processed**<br>Confirmation Notice |
| 45 | AFFIDAVIT OR AFFIRMATION IN SUPPORT OF MOTION<br>*Smith-Miller Affidavit* | Deats, C.<br>Filed: 10/24/2024<br>*Received: 10/24/2024* | **Processed**<br>Confirmation Notice |
| 46 | EXHIBIT(S) - A<br>*3/7/05 Contract Scope* | Deats, C.<br>Filed: 10/24/2024<br>*Received: 10/24/2024* | **Processed**<br>Confirmation Notice |
| 47 | EXHIBIT(S) - B<br>*4/28/09 Letter of Substantial Completion* | Deats, C.<br>Filed: 10/24/2024<br>*Received: 10/24/2024* | **Processed**<br>Confirmation Notice |
| 48 | EXHIBIT(S) - C<br>*7/21/09 Final Certificate of Occupancy* | Deats, C.<br>Filed: 10/24/2024<br>*Received: 10/24/2024* | **Processed**<br>Confirmation Notice |
| 49 | MEMORANDUM OF LAW IN SUPPORT | Deats, C.<br>Filed: 10/24/2024<br>*Received: 10/24/2024* | **Processed**<br>Confirmation Notice |
| 50 | NOTICE OF APPEARANCE (POST RJI)<br>*Deborah S. Dunn, Esq.* | Nichols, K.<br>Filed: 10/25/2024<br>*Received: 10/25/2024* | **Processed**<br>Confirmation Notice |

**EFCV-24-166762 -** St. Lawrence County Supreme Court

**September 19, 2024**

**Plaintiff’s Summons and Complaint**

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF ST. LAWRENCE**

SHERYL THOMPSON, Individually and as administrator of the ESTATE OF ASPEN ROBERTSON; and FRANK ROBERTSON, Individually and as administrator of the ESTATE OF ASPEN ROBERTSON, and the ESTATE OF ASPEN ROBERTSON

Plaintiffs,

vs.

UNITED STATES OF AMERICA; UNITED STATES CUSTOMS AND BORDER PROTECTION; UNITED STATES DEPARTMENT OF TRANSPORTATION; STATE OF NEW YORK; NEW YORK STATE DEPARTMENT OF TRANSPORTATION; COUNTY OF ST. LAWRENCE; TOWN OF MASSENA; GILBANE BUILDING COMPANY OF NEW YORK; SMITH-MILLER + HAWKINSON ARCHITECTS LLP; NORTHLAND ASSOCIATES, INC.; RIFENBURG CONSTRUCTION INC.; GREAT LAKES ST. LAWRENCE SEAWAY DEVELOPMENT CORP.; and JOHN DOES 1-10

Defendants.

INDEX NO.:

**SUMMONS**

**To the above-named Defendants**:

**YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance on the Plaintiff's attorney within 20 days after service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally

delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

**NICHOLS LAW FIRM, PLLC**
Attorney for Plaintiffs

By: ______________________
KEVIN NICHOLS, ESQ.

Dated: September 18, 2024

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF ST. LAWRENCE**

| | |
|---|---|
| SHERYL THOMPSON, Individually and as administrator of the ESTATE OF ASPEN ROBERTSON; and FRANK ROBERTSON, Individually and as administrator of the ESTATE OF ASPEN ROBERTSON, and the ESTATE OF APEN ROBERTSON<br><br>Plaintiffs,<br><br>vs.<br><br>UNITED STATES OF AMERICA; UNITED STATES CUSTOMS AND BORDER PROTECTION; UNITED STATES DEPARTMENT OF TRANSPORTATION; STATE OF NEW YORK; NEW YORK STATE DEPARTMENT OF TRANSPORTATION; COUNTY OF ST. LAWRENCE; TOWN OF MASSENA; GILBANE BUILDING COMPANY OF NEW YORK; SMITH-MILLER + HAWKINSON ARCHITECTS LLP; NORTHLAND ASSOCIATES, INC.; RIFENBURG CONSTRUCTION INC.; GREAT LAKES ST. LAWRENCE SEAWAY DEVELOPMENT CORP.; and JOHN DOES 1-10.<br><br>Defendants. | INDEX NO.:<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMAND** |

The Plaintiffs, Sheryl Thompson, individually and as administrator of the Estate of Aspen Robertson, and Frank Robertson, individually and as administrator of the Estate of Aspen Robertson, and the Estate of Aspen Robertson, by way of Complaint against the Defendants say:

## PARTIES

1. Plaintiff, Sheryl Thompson, is an adult individual, mother of the deceased, Aspen Robertson, and an administrator of the Estate of Aspen Robertson.

2. Plaintiff, Frank Robertson, is an adult individual, father of the deceased, Aspen Robertson, and an administrator of the Estate of Aspen Robertson.

3. Defendant, United States of America, ("USA"), through its agency(ies)/instrumentality(ies), United States Customs and Border Protection and/or United States Department of Transportation, was responsible for the construction, installation, maintenance, repair, upkeep, operation, control, and/or use of the traffic control and/or barricades and/or traffic control gate and/or traffic blocking mechanisms ("Traffic Control Gate") at or near the Three Nations Bridge Border Crossing, f/k/a The Seaway Bridge.

4. Defendant, United States Customs and Border Protection ("CBP") is an agency within the meaning of 5 U.S.C. § 552(1)(f).

5. Defendant, United States Department of Transportation ("USDOT"), is an agency within the meaning of 5 U.S.C. § 552(1)(f).

6. Defendant, State of New York ("NY"), has jurisdiction over and is empowered to hold title and other interests in real property, including without limitation the Three Nations Bridge Border Crossing and surrounding lands and is empowered to regulate the use and occupancy thereof as well as any appurtenances thereupon.

7. Defendant, New York State Department of Transportation ("NYDOT"), is an agency/instrumentality of the State of New York and has jurisdiction over and is empowered to hold title and other interests in real property, including without limitation the Three Nations Bridge Border Crossing and surrounding lands and is empowered to regulate the use and occupancy thereof as well as any appurtenances thereupon.

8. Defendant, County of St. Lawrence ("St. Lawrence"), is a political subdivision of the State of New York, and as such, has jurisdiction over and is empowered to hold title and other

interests in real property, including without limitation the Three Nations Bridge Border Crossing and surrounding lands and is empowered to regulate the use and occupancy thereof as well as any appurtenances thereupon.

9. Defendant, Town of Massena ("Massena"), is a political subdivision of the State of New York, and as such, has jurisdiction over and is empowered to hold title and other interests in real property, including without limitation the Three Nations Bridge Border Crossing and surrounding lands and is empowered to regulate the use and occupancy thereof as well as any appurtenances thereupon.

10. Defendant, Gilbane Building Company, ("Gilbane") is a corporation organized and existing under the laws of the State of Rhode Island with a principal place of business located at 7 Jackson Walkway, Providence, RI, 02903 and New York Registered agent for service at C T Corporation System, 28 Liberty Street, New York, NY 10005.

11. Defendant, Smith-Miller + Hawkinson Architects LLP ("SMH"), is a limited liability partnership organized and existing under the laws of the State of New York with a principal place of business located at 305 Canal Street, New York, NY 10013.

12. Defendant, Northland Associates, Inc. ("Northland"), is a corporation organized and existing under the laws of the State of New York, with a principal place of business located at 4701 Buckley Road, Liverpool, NY 13088.

13. Defendant, Rifenburg Construction Inc. ("Rifenburg"), is a corporation organized and existing under the laws of the State of New York, with a principal place of business located at 125 Defreest Drive, Troy, NY 12180.

14. Defendant, Great Lakes St. Lawrence Seaway Development Corp. ("Great Lakes"), is a division, agency, subdivision, or other instrumentality of the Defendant USDOT.

15. At this time, Defendants John Does 1-10 are unknown. As such, John Does 1-10, is a fictitious designation, representing one or more individual(s), sole proprietorship(s), association(s), limited partnership(s), general partnership(s), limited liability company(ies), and/or corporation(s), which in any way owned, possessed, controlled or maintained any part of the premises upon which this incident occurred and/or contributed in any way to the happening of this incident and/or Plaintiff's damages.

**VENUE**

16. Venue is proper in the district of New Jersey pursuant to 28 U.S.C. §1391(e)(1) as the United States is a defendant and this district is where a substantial part of the events or omissions giving rise to the claim occurred.

**FACTUAL AVERMENTS**

17. On or about September 24, 2022, Aspen Robertson, was operating a vehicle on or around Seaway International Bridge Road, in the Town of Massena, State of New York.

18. While driving on Seaway International Bridge Road, Aspen Robertson struck a traffic control gate that was improperly, negligently, carelessly and/or recklessly designed, installed, maintained and/or positioned in such a way as to be unreasonably dangerous to the motoring public.

19. At all times relevant hereto, the traffic control gate was designed, installed, operated, controlled, supervised, maintained, located, repaired, and/or otherwise kept by the Defendants USA, CBP, USDOT, NY, NYDOT, St. Lawrence, Massena, Gilbane, SMH, Northland, Rifenburg, Great Lakes, and/or John Does 1-10 (each a "Defendant" and collectively, the "Defendants").

20. At all times relevant hereto, the land upon which the traffic control gate was situated was installed, operated, maintained, repaired, owned and/or controlled by each and/or any of the Defendants.

21. As a result of striking the traffic control gate, Aspen Robertson suffered catastrophic injuries resulting in his death.

22. On October 31, 2021, the Plaintiffs, Sheryl Thompson and Frank Robertson were named administrators of the Estate of Aspen Robertson pursuant to the *Indian Act*, R.S.C. 1985, C. I-5.

23. The Plaintiffs, Sheryl Thompson, individually and as administrator of the Estate of Aspen Robertson, and Frank Robertson, individually and as administrator of the Estate of Aspen Robertson, make this complaint for both wrongful death and survival damages.

**FIRST COUNT**

24. Plaintiffs repeat and realleges the factual recitations of the preceding paragraphs of the Complaint as if set forth herein at length.

25. At all times relevant hereto, Defendants designed, installed, operated, controlled, maintained, supervised, located, repaired, and/or otherwise kept the traffic control gate.

26. At all times relevant hereto, Defendants owned and/or controlled the land upon which the traffic control gate was situated.

27. Defendants, were negligent, careless, and/or reckless in that Defendants:

- caused, created, and/or permitted unsafe, dangerous and hazardous conditions and defects to exist with regards to the traffic control gate and/or the land upon which the traffic control gate was situated; and/or
- failed to warn of such dangerous and hazardous conditions; and/or

- failed to make proper inspection of the traffic control gate and/or the land upon which the traffic control gate was situated; and/or
- negligently hired employees and/or agents for the installation, construction, operation, maintenance, repair and upkeep of the traffic control gate; and/or
- negligently supervised employees with regards to the installation, construction, operation, maintenance, repair and upkeep of the traffic control gate; and/or
- negligently retained employees and/or agents for the installation, construction, operation, maintenance, repair and upkeep of the traffic control gate; and/or
- otherwise acted negligently, carelessly, recklessly, and with such callous disregard such that they wrongfully caused Aspen Robertson to come into contact with such dangerous and hazardous conditions and defects; and/or
- were otherwise inattentive, reckless, careless, negligent and/or grossly negligent.

28. As a direct and proximate result of the negligence, carelessness, gross negligence and/or recklessness of the Defendants, aforesaid, Aspen Robertson, was caused to suffer catastrophic injuries resulting in his death.

29. Before his death, Aspen Robertson suffered physical pain, mental anguish, and fear of impending death.

30. As a result of Aspen Robertson's death, he, his heirs and his beneficiaries were deprived of the future earnings he would have derived throughout his life.

31. As a result of Aspen Robertson's death, Plaintiffs Sheryl Thompson, individually and as administrator of the Estate of Aspen Robertson, and Frank Robertson, individually and as administrator of the Estate of Aspen Robertson, as well as other heirs and benificiaries, have suffered both tangible and intangible losses and damages including, without limitation, loss of companionship, loss of advice and guidance, and loss of future earning capacity.

**WHEREFORE**, the Plaintiffs demand judgment against the Defendants individually, jointly, severally and/or for wrongful death damages, survival damages, counsel fees, interest and costs of suit in excess of the jurisdictional limits of all lower courts pursuant to CPLR §3017(c).

## JURY DEMAND

The Plaintiffs, Sheryl Thompson, individually and as administrator of the Estate of Aspen Robertson, and Frank Robertson, individually and as administrator of the Estate of Aspen Robertson, and the Estate of Aspen Robertson, hereby demand a trial by jury as to all issues of fact and damages stated herein.

**NICHOLS LAW FIRM, PLLC**
Attorney for Plaintiffs

By: ____________________
KEVIN NICHOLS, ESQ.

Dated: September 18, 2024

4859-0609-6102, v. 1

**EFCV-24-166762 -** St. Lawrence County Supreme Court

**September 23, 2024**

**Plaintiff's Amended Summons and Complaint**

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF ST. LAWRENCE**

SHERYL THOMPSON, Individually and as administrator of the ESTATE OF ASPEN ROBERTSON; and FRANK ROBERTSON, Individually and as administrator of the ESTATE OF ASPEN ROBERTSON, and the ESTATE OF ASPEN ROBERTSON

Plaintiffs,

vs.

UNITED STATES OF AMERICA; UNITED STATES CUSTOMS AND BORDER PROTECTION; UNITED STATES DEPARTMENT OF TRANSPORTATION; STATE OF NEW YORK; NEW YORK STATE DEPARTMENT OF TRANSPORTATION; COUNTY OF ST. LAWRENCE; TOWN OF MASSENA; GILBANE BUILDING COMPANY OF NEW YORK; SMITH-MILLER + HAWKINSON ARCHITECTS LLP; NORTHLAND ASSOCIATES, INC.; RIFENBURG CONSTRUCTION INC.; GREAT LAKES ST. LAWRENCE SEAWAY DEVELOPMENT CORP.; and JOHN DOES 1-10

Defendants.

INDEX NO.: EFCV-24-166762

**SUMMONS**

**To the above-named Defendants**:

**YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance on the Plaintiff's attorney within 20 days after service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally

delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

**NICHOLS LAW FIRM, PLLC**
Attorney for Plaintiffs

By: ______________________
KEVIN NICHOLS, ESQ.

Dated: September 22, 2024

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF ST. LAWRENCE**

SHERYL THOMPSON, Individually and as administrator of the ESTATE OF ASPEN ROBERTSON; and FRANK ROBERTSON, Individually and as administrator of the ESTATE OF ASPEN ROBERTSON, and the ESTATE OF APEN ROBERTSON

Plaintiffs,

vs.

UNITED STATES OF AMERICA; UNITED STATES CUSTOMS AND BORDER PROTECTION; UNITED STATES DEPARTMENT OF TRANSPORTATION; STATE OF NEW YORK; NEW YORK STATE DEPARTMENT OF TRANSPORTATION; COUNTY OF ST. LAWRENCE; TOWN OF MASSENA; GILBANE BUILDING COMPANY OF NEW YORK; SMITH-MILLER + HAWKINSON ARCHITECTS LLP; NORTHLAND ASSOCIATES, INC.; RIFENBURG CONSTRUCTION INC.; GREAT LAKES ST. LAWRENCE SEAWAY DEVELOPMENT CORP.; ABIDE INTERNATIONAL INC.; ABIDE-KASHIA JV2 LLC; ABIDE-KASHIA JV3 LLC; ABIDE KASHIA JV4 LLC; and JOHN DOES 1-10.

Defendants.

INDEX NO.: EFCV-24-166762

**FIRST AMENDED COMPLAINT**

**JURY TRIAL DEMAND**

The Plaintiffs, Sheryl Thompson, individually and as administrator of the Estate of Aspen Robertson, and Frank Robertson, individually and as administrator of the Estate of Aspen Robertson, and the Estate of Aspen Robertson, by way of Complaint against the Defendants say:

4859-0609-6102, v. 2

## PARTIES

1. Plaintiff, Sheryl Thompson, is an adult individual, mother of the deceased, Aspen Robertson, and an administrator of the Estate of Aspen Robertson.

2. Plaintiff, Frank Robertson, is an adult individual, father of the deceased, Aspen Robertson, and an administrator of the Estate of Aspen Robertson.

3. Defendant, United States of America, ("USA"), through its agency(ies)/instrumentality(ies), United States Customs and Border Protection and/or United States Department of Transportation, was responsible for the construction, installation, maintenance, repair, upkeep, operation, control, and/or use of the traffic control and/or barricades and/or traffic control gate and/or traffic blocking mechanisms ("Traffic Control Gate") at or near the Three Nations Bridge Border Crossing, f/k/a The Seaway Bridge.

4. Defendant, United States Customs and Border Protection ("CBP") is an agency within the meaning of 5 U.S.C. § 552(1)(f).

5. Defendant, United States Department of Transportation ("USDOT"), is an agency within the meaning of 5 U.S.C. § 552(1)(f).

6. Defendant, State of New York ("NY"), has jurisdiction over and is empowered to hold title and other interests in real property, including without limitation the Three Nations Bridge Border Crossing and surrounding lands and is empowered to regulate the use and occupancy thereof as well as any appurtenances thereupon.

7. Defendant, New York State Department of Transportation ("NYDOT"), is an agency/instrumentality of the State of New York and has jurisdiction over and is empowered to hold title and other interests in real property, including without limitation the Three Nations Bridge

Border Crossing and surrounding lands and is empowered to regulate the use and occupancy thereof as well as any appurtenances thereupon.

8. Defendant, County of St. Lawrence ("St. Lawrence"), is a political subdivision of the State of New York, and as such, has jurisdiction over and is empowered to hold title and other interests in real property, including without limitation the Three Nations Bridge Border Crossing and surrounding lands and is empowered to regulate the use and occupancy thereof as well as any appurtenances thereupon.

9. Defendant, Town of Massena ("Massena"), is a political subdivision of the State of New York, and as such, has jurisdiction over and is empowered to hold title and other interests in real property, including without limitation the Three Nations Bridge Border Crossing and surrounding lands and is empowered to regulate the use and occupancy thereof as well as any appurtenances thereupon.

10. Defendant, Gilbane Building Company, ("Gilbane") is a corporation organized and existing under the laws of the State of Rhode Island with a principal place of business located at 7 Jackson Walkway, Providence, RI, 02903 and New York Registered agent for service at C T Corporation System, 28 Liberty Street, New York, NY 10005.

11. Defendant, Smith-Miller + Hawkinson Architects LLP ("SMH"), is a limited liability partnership organized and existing under the laws of the State of New York with a principal place of business located at 305 Canal Street, New York, NY 10013.

12. Defendant, Northland Associates, Inc. ("Northland"), is a corporation organized and existing under the laws of the State of New York, with a principal place of business located at 4701 Buckley Road, Liverpool, NY 13088.

13. Defendant, Rifenburg Construction Inc. ("Rifenburg"), is a corporation organized and existing under the laws of the State of New York, with a principal place of business located at 125 Defreest Drive, Troy, NY 12180.

14. Defendant, Great Lakes St. Lawrence Seaway Development Corp. ("Great Lakes"), is a division, agency, subdivision, or other instrumentality of the Defendant USDOT.

15. Defendant Abide International Inc. ("Abide") is a corporation organized and existing under the laws of the State of Washington, with a principal place of business located at 561 1st Street West, Sonoma, CA 95476.

16. Defendant Abide-Kashia JV2 LLC ("Abide-Kashia JV2") is a limited liability company organized and existing under the laws of the State of California, with a principal place of business located at 1420 Guerneville Road, Suite 1, Santa Rosa, CA 95403, and upon information and belief, is a subsidiary of Defendant, Abide International Inc.

17. Defendant Abide-Kashia JV3 LLC ("Abide-Kashia JV3") is a limited liability company organized and existing under the laws of the State of California, with a principal place of business located at 1420 Guerneville Road, Suite 1, Santa Rosa, CA 95403, and upon information and belief, is a subsidiary of Defendant, Abide International Inc.

18. Defendant Abide-Kashia JV4 LLC ("Abide-Kashia JV4") is a limited liability company organized and existing under the laws of the State of California, with a principal place of business located at 1420 Guerneville Road, Suite 1, Santa Rosa, CA 95403, and upon information and belief, is a subsidiary of Defendant, Abide International Inc.

19. At this time, Defendants John Does 1-10 are unknown. As such, John Does 1-10, is a fictitious designation, representing one or more individual(s), sole proprietorship(s), association(s), limited partnership(s), general partnership(s), limited liability company(ies), and/or

corporation(s), which in any way owned, possessed, controlled or maintained any part of the premises upon which this incident occurred and/or contributed in any way to the happening of this incident and/or Plaintiff's damages.

**VENUE**

20. Venue is proper in the district of New Jersey pursuant to 28 U.S.C. §1391(e)(1) as the United States is a defendant and this district is where a substantial part of the events or omissions giving rise to the claim occurred.

**FACTUAL AVERMENTS**

21. On or about September 24, 2022, Aspen Robertson, was operating a vehicle on or around Seaway International Bridge Road, in the Town of Massena, State of New York.

22. While driving on Seaway International Bridge Road, Aspen Robertson struck a traffic control gate that was improperly, negligently, carelessly and/or recklessly designed, installed, maintained and/or positioned in such a way as to be unreasonably dangerous to the motoring public.

23. At all times relevant hereto, the traffic control gate was designed, installed, operated, controlled, supervised, maintained, located, repaired, and/or otherwise kept by the Defendants USA, CBP, USDOT, NY, NYDOT, St. Lawrence, Massena, Gilbane, SMH, Northland, Rifenburg, Great Lakes, Abide, Abide-Kashia JV2, Abide-Kashia JV3, Abide-Kashia JV4, and/or John Does 1-10 (each a "Defendant" and collectively, the "Defendants").

24. At all times relevant hereto, the land upon which the traffic control gate was situated was installed, operated, maintained, repaired, owned and/or controlled by each and/or any of the Defendants.

25. As a result of striking the traffic control gate, Aspen Robertson suffered catastrophic injuries resulting in his death.

26. On October 31, 2021, the Plaintiffs, Sheryl Thompson and Frank Robertson were named administrators of the Estate of Aspen Robertson pursuant to the *Indian Act*, R.S.C. 1985, C. I-5.

27. Plaintiffs, Sheryl Thompson and Frank Robertson have applied to be named as administrator of the Estate of Aspen Robertson pursuant to the laws of the State of New York.

28. The Plaintiffs, Sheryl Thompson, individually and as administrator of the Estate of Aspen Robertson, and Frank Robertson, individually and as administrator of the Estate of Aspen Robertson, and the Estate of Aspen Robertson make this complaint for both wrongful death and survival damages.

**FIRST COUNT**

29. Plaintiffs repeat and realleges the factual recitations of the preceding paragraphs of the Complaint as if set forth herein at length.

30. At all times relevant hereto, Defendants designed, installed, operated, controlled, maintained, supervised, located, repaired, and/or otherwise kept the traffic control gate.

31. At all times relevant hereto, Defendants owned and/or controlled the land upon which the traffic control gate was situated.

32. Defendants, were negligent, careless, and/or reckless in that Defendants:

- caused, created, and/or permitted unsafe, dangerous and hazardous conditions and defects to exist with regards to the traffic control gate and/or the land upon which the traffic control gate was situated; and/or
- failed to warn of such dangerous and hazardous conditions; and/or

- failed to make proper inspection of the traffic control gate and/or the land upon which the traffic control gate was situated; and/or
- negligently hired employees and/or agents for the installation, construction, operation, maintenance, repair and upkeep of the traffic control gate; and/or
- negligently supervised employees with regards to the installation, construction, operation, maintenance, repair and upkeep of the traffic control gate; and/or
- negligently retained employees and/or agents for the installation, construction, operation, maintenance, repair and upkeep of the traffic control gate; and/or
- otherwise acted negligently, carelessly, recklessly, and with such callous disregard such that they wrongfully caused Aspen Robertson to come into contact with such dangerous and hazardous conditions and defects; and/or
- were otherwise inattentive, reckless, careless, negligent and/or grossly negligent.

33. As a direct and proximate result of the negligence, carelessness, gross negligence and/or recklessness of the Defendants, aforesaid, Aspen Robertson, was caused to suffer catastrophic injuries resulting in his death.

34. Before his death, Aspen Robertson suffered physical pain, mental anguish, and fear of impending death.

35. As a result of Aspen Robertson's death, he, his heirs and his beneficiaries were deprived of the future earnings he would have derived throughout his life.

36. As a result of Aspen Robertson's death, Plaintiffs Sheryl Thompson, individually and as administrator of the Estate of Aspen Robertson, and Frank Robertson, individually and as administrator of the Estate of Aspen Robertson, as well as other heirs and benificiaries, have suffered both tangible and intangible losses and damages including, without limitation, loss of companionship, loss of advice and guidance, and loss of future earning capacity.

**WHEREFORE**, the Plaintiffs demand judgment against the Defendants individually, jointly, severally and/or for wrongful death damages, survival damages, counsel fees, interest and costs of suit in excess of the jurisdictional limits of all lower courts pursuant to CPLR §3017(c).

## JURY DEMAND

The Plaintiffs, Sheryl Thompson, individually and as administrator of the Estate of Aspen Robertson, and Frank Robertson, individually and as administrator of the Estate of Aspen Robertson, and the Estate of Aspen Robertson, hereby demand a trial by jury as to all issues of fact and damages stated herein.

**NICHOLS LAW FIRM, PLLC**
Attorney for Plaintiffs

By: [signature]
KEVIN NICHOLS, ESQ.

Dated: September 22, 2024

4859-0609-6102, v. 2

**EFCV-24-166762 -** St. Lawrence County Supreme Court

**October 4, 2024 & October 17, 2024**

**Plaintiff's Affidavits of Service of Commencing Documents**

# AFFIRMATION OF SERVICE

**State of New York** **County of Saint Lawrence** **Supreme Court**

Index Number: EFCV-24-166762
Date Filed: 9/23/2024

STS2024053726

Plaintiff:
**SHERYL THOMPSON, INDIVIDUALLY AND AS ADMINISTRATOR OF THE ESTATE OF ASPEN ROBERTSON; AND FRANK ROBERTSON, INDIVIDUALLY AND AS ADMINISTRATOR OF THE ESTATE OF ASPEN ROBERTSON, AND THE ESTATE OF ASPEN ROBERTSON**

vs.

Defendant:
**UNITED STATES OF AMERICA, ET AL**

For:
Deborah S Dunn, Esq.

Received by STATUS, L.L.C. to be served on **GILBANE BUILDING COMPANY OF NEW YORK, NEW YORK REGISTERED AGENT FOR SERVICE CT CORPORATION SYSTEM, 28 LIBERTY STREET, NEW YORK, NY 10005**.

I, RAED IBRAHIM LIC#1326602, do hereby affirm that on the **1st day of October, 2024 at 12:18 pm, I:**

served a **CORPORATION** by delivering a true copy of the **Summons in a Civil Action, Civil Cover Sheet, Complaint, Jury Demand, Certification, Notice, General Order #25, Civil Case Management Plan, Consent to the Exercise of Civil Jurisdiction by a Magistrate Judge and Notice to Parties of Court-Directed Mandatory Mediation Program** with the date and hour of service endorsed thereon by me, to: **VINCENZA CIPRIANO** as **AGENT/DESIGNATED AGENT** for **GILBANE BUILDING COMPANY OF NEW YORK**, at the address of: **NEW YORK REGISTERED AGENT FOR SERVICE CT CORPORATION SYSTEM, 28 LIBERTY STREET, NEW YORK, NY 10005**, and informed said person of the contents therein, in compliance with state statutes.

Said documents were conformed with index number and date of filing endorsed thereon.

**Description** of Person Served: Age: 51+, Sex: F, Race/Skin Color: WHITE, Height: 5'2", Weight: 120, Hair: BLACK, Glasses: -

I affirm this 2nd day of October, 24, under the penalties of perjury under the laws of New York, which may include a fine or imprisonment, that the foregoing is true, and I understand that this document may be filed in an action or proceeding in a court of law.

**RAED IBRAHIM LIC#1326602**

10/2/24
**Date**

**STATUS, L.L.C.**
**PO Box 370**
**Bayville, NJ 08721**
**(908) 688-1414**

Our Job Serial Number: STS-2024053726
Ref: 074355-00001
Service Fee: ________

Copyright © 1992-2024 DreamBuilt Software, Inc. - Process Server's Toolbox V9.0a

## AFFIRMATION OF SERVICE

**State of New York** **County of Saint Lawrence** **Supreme Court**

Index Number: EFCV-24-166762
Date Filed: 9/23/2024

STS2024053749

Plaintiff:
**SHERYL THOMPSON, INDIVIDUALLY AND AS ADMINISTRATOR OF THE ESTATE OF ASPEN ROBERTSON; AND FRANK ROBERTSON, INDIVIDUALLY AND AS ADMINISTRATOR OF THE ESTATE OF ASPEN ROBERTSON, AND THE ESTATE OF ASPEN ROBERTSON**

vs.

Defendant:
**UNITED STATES OF AMERICA, ET AL**

For:
Deborah S Dunn, Esq.

Received by STATUS, L.L.C. to be served on **GREAT LAKES ST. LAWRENCE SEAWAY DEVELOPMENT CORP., 180 ANDREWS STREET, SUITE 1, MASSENA, NY 13662.**

I, Stephen Meyer, do hereby affirm that on the **1st day of October, 2024** at **12:50 pm, I:**

served a **CORPORATION** by delivering a true copy of the **Summons in a Civil Action, Civil Cover Sheet, Complaint, Jury Demand, Certification, Notice, General Order #25, Civil Case Management Plan, Consent to the Exercise of Civil Jurisdiction by a Magistrate Judge and Notice to Parties of Court-Directed Mandatory Mediation Program** with the date and hour of service endorsed thereon by me, to: **KIERSTON ZAGROBELNY** as **AGENT/AUTHORIZED AGENT** for **GREAT LAKES ST. LAWRENCE SEAWAY DEVELOPMENT CORP.**, at the address of: **180 ANDREWS STREET, SUITE 1, MASSENA, NY 13662**, and informed said person of the contents therein, in compliance with state statutes.

Said documents were conformed with index number and date of filing endorsed thereon.

**Description** of Person Served: Age: 30, Sex: F, Race/Skin Color: WHITE, Height: 5'3", Weight: 135, Hair: BROWN, Glasses: -

I affirm this 1st day of October, 2024 under the penalties of perjury under the laws of New York, which may include a fine or imprisonment, that the foregoing is true, and I understand that this document may be filed in an action or proceeding in a court of law.

[signature]
**Stephen Meyer**

10/01/2024
**Date**

**STATUS, L.L.C.**
**PO Box 370**
**Bayville, NJ 08721**
**(908) 688-1414**

Our Job Serial Number: STS-2024053749
Ref: 074355-00001
Service Fee:

Copyright © 1992-2024 DreamBuilt Software, Inc. - Process Server's Toolbox V9.0a

# AFFIRMATION OF SERVICE

**State of New York** **County of Saint Lawrence** **Supreme Court**

Index Number: EFCV-24-166762
Date Filed: 9/23/2024

STS2024053748

Plaintiff:
**SHERYL THOMPSON, INDIVIDUALLY AND AS ADMINISTRATOR OF THE ESTATE OF ASPEN ROBERTSON; AND FRANK ROBERTSON, INDIVIDUALLY AND AS ADMINISTRATOR OF THE ESTATE OF ASPEN ROBERTSON, AND THE ESTATE OF ASPEN ROBERTSON**

vs.

Defendant:
**UNITED STATES OF AMERICA, ET AL**

For:
Deborah S Dunn, Esq.

Received by STATUS, L.L.C. to be served on **STATE OF NEW YORK, OFFICE OF THE NEW YORK STATE ATTORNEY GENERAL, ATTORNEY GENERAL LETITIA JAMES, 28 LIBERTY STREET, NEW YORK, NY 10005**

I, RAED IBRAHIM, do hereby affirm that on the **1st day of October, 2024 at 12:13 pm, I:**

served a **CORPORATION** by delivering a true copy of the **Summons in a Civil Action, Civil Cover Sheet, Complaint, Jury Demand, Certification, Notice, General Order #25, Civil Case Management Plan, Consent to the Exercise of Civil Jurisdiction by a Magistrate Judge and Notice to Parties of Court-Directed Mandatory Mediation Program** with the date and hour of service endorsed thereon by me, to: **ERIC RICE** as **CLERK** for **STATE OF NEW YORK**, at the address of: **OFFICE OF THE NEW YORK STATE ATTORNEY GENERAL, ATTORNEY GENERAL LETITIA JAMES, 28 LIBERTY STREET, NEW YORK, NY 10005**, and informed said person of the contents therein, in compliance with state statutes.

Said documents were conformed with index number and date of filing endorsed thereon.

**Description** of Person Served: Age: 21+, Sex: F, Race/Skin Color: BLACK, Height: 5'6", Weight: 120, Hair: BLACK, Glasses: -

I affirm this 2nd day of October, 24, under the penalties of perjury under the laws of New York, which may include a fine or imprisonment, that the foregoing is true, and I understand that this document may be filed in an action or proceeding in a court of law.

**RAED IBRAHIM**

10/2/24
**Date**

**STATUS, L.L.C.**
**PO Box 370**
**Bayville, NJ 08721**
**(908) 688-1414**

Our Job Serial Number: STS-2024053748
Ref: 074355-00001
Service Fee: ________

Copyright © 1992-2024 DreamBuilt Software, Inc. - Process Server's Toolbox V9.0a

# AFFIRMATION OF SERVICE

**State of New York** **County of Saint Lawrence** **Supreme Court**

Index Number: EFCV-24-166762
Date Filed: 9/23/2024

STS2024053741

Plaintiff:
**SHERYL THOMPSON, INDIVIDUALLY AND AS ADMINISTRATOR OF THE ESTATE OF ASPEN ROBERTSON; AND FRANK ROBERTSON, INDIVIDUALLY AND AS ADMINISTRATOR OF THE ESTATE OF ASPEN ROBERTSON, AND THE ESTATE OF ASPEN ROBERTSON**

vs.

Defendant:
**UNITED STATES OF AMERICA, ET AL**

For:
Deborah S Dunn, Esq.

Received by STATUS, L.L.C. to be served on **TOWN OF MASSENA, JEANNINE L. BROUSE, CLERK, TOWN HALL, 60 MAIN STREET, ROOM 3, MASSENA, NY 13662**.

I, Stephen Meyer, do hereby affirm that on the **30th day of September, 2024** at **1:38 pm, I:**

served a **CORPORATION** by delivering a true copy of the **Summons in a Civil Action, Civil Cover Sheet, Complaint, Jury Demand, Certification, Notice, General Order #25, Civil Case Management Plan, Consent to the Exercise of Civil Jurisdiction by a Magistrate Judge and Notice to Parties of Court-Directed Mandatory Mediation Program** with the date and hour of service endorsed thereon by me, to: **JEANNINE L. BROUSE** as **CLERK** for **TOWN OF MASSENA**, at the address of: **JEANNINE L. BROUSE, CLERK, TOWN HALL, 60 MAIN STREET, ROOM 3, MASSENA, NY 13662**, and informed said person of the contents therein, in compliance with state statutes.

Said documents were conformed with index number and date of filing endorsed thereon.

**Description** of Person Served: Age: 65, Sex: F, Race/Skin Color: WHITE, Height: 5'1", Weight: 140, Hair: GRAY, Glasses: -

I affirm this 1st day of October, 2024, under the penalties of perjury under the laws of New York, which may include a fine or imprisonment, that the foregoing is true, and I understand that this document may be filed in an action or proceeding in a court of law.

Stephen J. Meyer
**Stephen Meyer**

10/01/2024
**Date**

**STATUS, L.L.C.**
**PO Box 370**
**Bayville, NJ 08721**
**(908) 688-1414**

Our Job Serial Number: STS-2024053741
Ref: 074355-00001
Service Fee:

Copyright © 1992-2024 DreamBuilt Software, Inc. - Process Server's Toolbox V9.0a

## AFFIRMATION OF SERVICE

**State of New York** **County of Saint Lawrence** **Supreme Court**

Index Number: EFCV-24-166762
Date Filed: 9/23/2024

STS2024053742

Plaintiff:
**SHERYL THOMPSON, INDIVIDUALLY AND AS ADMINISTRATOR OF THE ESTATE OF ASPEN ROBERTSON; AND FRANK ROBERTSON, INDIVIDUALLY AND AS ADMINISTRATOR OF THE ESTATE OF ASPEN ROBERTSON, AND THE ESTATE OF ASPEN ROBERTSON**

vs.

Defendant:
**UNITED STATES OF AMERICA, ET AL**

For:
Deborah S Dunn, Esq.

Received by STATUS, L.L.C. to be served on **COUNTY OF ST. LAWRENCE, SANDRA W. SANTAMOOR, COUNTY CLERK, 48 COURT STREET, CANTON, NY 13617**.

I, Stephen Meyer, do hereby affirm that on the **3rd day of October, 2024** at **3:02 pm, I:**

served a **CORPORATION** by delivering a true copy of the **Summons in a Civil Action, Civil Cover Sheet, Complaint, Jury Demand, Certification, Notice, General Order #25, Civil Case Management Plan, Consent to the Exercise of Civil Jurisdiction by a Magistrate Judge and Notice to Parties of Court-Directed Mandatory Mediation Program** with the date and hour of service endorsed thereon by me, to: **SANDRA W. SANTAMOOR** as **AGENT/AUTHORIZED AGENT** for **COUNTY OF ST. LAWRENCE**, at the address of: **SANDRA W. SANTAMOOR, COUNTY CLERK, 48 COURT STREET, CANTON, NY 13617**, and informed said person of the contents therein, in compliance with state statutes.

Said documents were conformed with index number and date of filing endorsed thereon.

**Description** of Person Served: Age: 50, Sex: F, Race/Skin Color: WHITE, Height: 5'2", Weight: 150, Hair: GRAY, Glasses: -

I affirm this 10th day of October, 2024 under the penalties of perjury under the laws of New York, which may include a fine or imprisonment, that the foregoing is true, and I understand that this document may be filed in an action or proceeding in a court of law.

[signature]
**Stephen Meyer**
10/10/2024
**Date**

**STATUS, L.L.C.**
**PO Box 370**
**Bayville, NJ 08721**
**(908) 688-1414**

Our Job Serial Number: STS-2024053742
Ref: 074355-00001
Service Fee: ________

Copyright © 1992-2024 DreamBuilt Software, Inc. - Process Server's Toolbox V9.0a

# AFFIRMATION OF SERVICE

**State of New York** **County of Saint Lawrence** **Supreme Court**

Index Number: EFCV-24-166762
Date Filed: 9/23/2024

STS2024053728

Plaintiff:
**SHERYL THOMPSON, INDIVIDUALLY AND AS ADMINISTRATOR OF THE ESTATE OF ASPEN ROBERTSON; AND FRANK ROBERTSON, INDIVIDUALLY AND AS ADMINISTRATOR OF THE ESTATE OF ASPEN ROBERTSON, AND THE ESTATE OF ASPEN ROBERTSON**

vs.

Defendant:
**UNITED STATES OF AMERICA, ET AL**

For:
Deborah S Dunn, Esq.

Received by STATUS, L.L.C. to be served on **GILBANE BUILDING COMPANY OF NEW YORK, 7 JACKSON WALKWAY, PROVIDENCE, RI 02903**.

I, PAUL G. HUGHES, do hereby affirm that on the **3rd day of October, 2024** at **1:26 pm, I:**

served a **CORPORATION** by delivering a true copy of the **Summons in a Civil Action, Civil Cover Sheet, Complaint, Jury Demand, Certification, Notice, General Order #25, Civil Case Management Plan, Consent to the Exercise of Civil Jurisdiction by a Magistrate Judge and Notice to Parties of Court-Directed Mandatory Mediation Program** with the date and hour of service endorsed thereon by me, to: **BRAD GORDON, ESQ.** as **AGENT/AUTHORIZED AGENT** for **GILBANE BUILDING COMPANY OF NEW YORK**, at the address of: **7 JACKSON WALKWAY, PROVIDENCE, RI 02903**, and informed said person of the contents therein, in compliance with state statutes.

Said documents were conformed with index number and date of filing endorsed thereon.

**Description** of Person Served: Age: 45, Sex: M, Race/Skin Color: WHITE, Height: 5'8", Weight: 160, Hair: LIGHT BROWN, Glasses: Y

I affirm this 11 day of OCTOBER, 2024, under the penalties of perjury under the laws of New York, which may include a fine or imprisonment, that the foregoing is true, and I understand that this document may be filed in an action or proceeding in a court of law.

**PAUL G. HUGHES**

Oct 11, 2024
**Date**

**STATUS, L.L.C.**
**PO Box 370**
**Bayville, NJ 08721**
**(908) 688-1414**

R.I. CONSTABLE # 6063
PAUL G. HUGHES

Our Job Serial Number: STS-2024053728
Ref: 074355-00001
Service Fee: ________

Copyright © 1992-2024 DreamBuilt Software, Inc. - Process Server's Toolbox V9.0a

# AFFIRMATION OF SERVICE

**State of New York** **County of Saint Lawrence** **Supreme Court**

Index Number: EFCV-24-166762
Date Filed: 9/23/2024

STS2024053747

Plaintiff:
**SHERYL THOMPSON, INDIVIDUALLY AND AS ADMINISTRATOR OF THE ESTATE OF ASPEN ROBERTSON; AND FRANK ROBERTSON, INDIVIDUALLY AND AS ADMINISTRATOR OF THE ESTATE OF ASPEN ROBERTSON, AND THE ESTATE OF ASPEN ROBERTSON**

vs.

Defendant:
**UNITED STATES OF AMERICA, ET AL**

For:
Deborah S Dunn, Esq.

Received by STATUS, L.L.C. to be served on **NEW YORK STATE DEPARTMENT OF TRANSPORTATION, 50 WOLF ROAD, ALBANY, NY 12232**

I, KERRY GUNNER, do hereby affirm that on the **1st day of October, 2024** at **4:19 pm, I:**

served a **CORPORATION** by delivering a true copy of the **Summons in a Civil Action, Civil Cover Sheet, Complaint, Jury Demand, Certification, Notice, General Order #25, Civil Case Management Plan, Consent to the Exercise of Civil Jurisdiction by a Magistrate Judge and Notice to Parties of Court-Directed Mandatory Mediation Program** with the date and hour of service endorsed thereon by me, to: **MICHAEL LIVOLSI, ESQ.** as **AGENT/AUTHORIZED AGENT** for **NEW YORK STATE DEPARTMENT OF TRANSPORTATION**, at the address of: **50 WOLF ROAD, ALBANY, NY 12232**, and informed said person of the contents therein, in compliance with state statutes.

Said documents were conformed with index number and date of filing endorsed thereon.

**Description** of Person Served: Age: 40+, Sex: M, Race/Skin Color: WHITE, Height: 5'9", Weight: 185, Hair: BROWN, Glasses: -

I affirm this 7th day of OCT, 2024, under the penalties of perjury under the laws of New York, which may include a fine or imprisonment, that the foregoing is true, and I understand that this document may be filed in an action or proceeding in a court of law.

**KERRY GUNNER**

**Date**

**STATUS, L.L.C.**
**PO Box 370**
**Bayville, NJ 08721**
**(908) 688-1414**

Our Job Serial Number: STS-2024053747
Ref: 074355-00001
Service Fee: ________

Copyright © 1992-2024 DreamBuilt Software, Inc. - Process Server's Toolbox V9.0a

# AFFIRMATION OF SERVICE

**State of New York** **County of Saint Lawrence** **Supreme Court**

Index Number: EFCV-24-166762
Date Filed: 9/23/2024

STS2024053745

Plaintiff:
**SHERYL THOMPSON, INDIVIDUALLY AND AS ADMINISTRATOR OF THE ESTATE OF ASPEN ROBERTSON; AND FRANK ROBERTSON, INDIVIDUALLY AND AS ADMINISTRATOR OF THE ESTATE OF ASPEN ROBERTSON, AND THE ESTATE OF ASPEN ROBERTSON**

vs.

Defendant:
**UNITED STATES OF AMERICA, ET AL**

For:
Deborah S Dunn, Esq.

Received by STATUS, L.L.C. to be served on **RIFENBURG CONSTRUCTION INC., 125 DEFREEST DRIVE, TROY, NY 12180**.

I, Samuel Christiansen, do hereby affirm that on the **15th day of October, 2024** at **12:25 pm, I:**

served a **CORPORATION** by delivering a true copy of the **Summons in a Civil Action, Civil Cover Sheet, Complaint, Jury Demand, Certification, Notice, General Order #25, Civil Case Management Plan, Consent to the Exercise of Civil Jurisdiction by a Magistrate Judge and Notice to Parties of Court-Directed Mandatory Mediation Program** with the date and hour of service endorsed thereon by me, to: **JOHN RIFENBERG** as **AGENT/AUTHORIZED AGENT** for **RIFENBURG CONSTRUCTION INC.**, at the address of: **125 DEFREEST DRIVE, TROY, NY 12180**, and informed said person of the contents therein, in compliance with state statutes.

Said documents were conformed with index number and date of filing endorsed thereon.

**Description** of Person Served: Age: 70, Sex: M, Race/Skin Color: WHITE, Height: 6', Weight: 275, Hair: GRAY, Glasses: -

I affirm this 16th day of October, 2024, under the penalties of perjury under the laws of New York, which may include a fine or imprisonment, that the foregoing is true, and I understand that this document may be filed in an action or proceeding in a court of law.

[signature]
**Samuel Christiansen**

10-16-2024
**Date**

**STATUS, L.L.C.**
**PO Box 370**
**Bayville, NJ 08721**
**(908) 688-1414**

Our Job Serial Number: STS-2024053745
Ref: 074355-00001
Service Fee: ________

Copyright © 1992-2024 DreamBuilt Software, Inc. - Process Server's Toolbox V9.0a

# AFFIRMATION OF SERVICE

**State of New York** **County of Saint Lawrence** **Supreme Court**

Index Number: EFCV-24-166762
Date Filed: 9/23/2024

STS2024053743

Plaintiff:
**SHERYL THOMPSON, INDIVIDUALLY AND AS ADMINISTRATOR OF THE ESTATE OF ASPEN ROBERTSON; AND FRANK ROBERTSON, INDIVIDUALLY AND AS ADMINISTRATOR OF THE ESTATE OF ASPEN ROBERTSON, AND THE ESTATE OF ASPEN ROBERTSON**

vs.

Defendant:
**UNITED STATES OF AMERICA, ET AL**

For:
Deborah S Dunn, Esq.

Received by STATUS, L.L.C. to be served on **SMITH-MILLER + HAWKINSON ARCHITECTS LLP, 305 CANAL STREET, NEW YORK, NY 10013.**

I, RAED IBRAHIM LIC#1326602, do hereby affirm that on the **4th day of October, 2024 at 1:15 pm, I:**

served a **CORPORATION** by delivering a true copy of the **Summons in a Civil Action, Civil Cover Sheet, Complaint, Jury Demand, Certification, Notice, General Order #25, Civil Case Management Plan, Consent to the Exercise of Civil Jurisdiction by a Magistrate Judge and Notice to Parties of Court-Directed Mandatory Mediation Program** with the date and hour of service endorsed thereon by me, to: **"JOHN" "DOE" (REFUSED NAME)** as **AGENT/AUTHORIZED AGENT** for **SMITH-MILLER + HAWKINSON ARCHITECTS LLP**, at the address of: **305 CANAL STREET, NEW YORK, NY 10013**, and informed said person of the contents therein, in compliance with state statutes.

Said documents were conformed with index number and date of filing endorsed thereon.

**Description** of Person Served: Age: 65, Sex: M, Race/Skin Color: WHITE, Height: 6', Weight: 180, Hair: GRAY, Glasses: -

I affirm this 8 day of October, 24, under the penalties of perjury under the laws of New York, which may include a fine or imprisonment, that the foregoing is true, and I understand that this document may be filed in an action or proceeding in a court of law.

**RAED IBRAHIM LIC#1326602**
10/8/24
**Date**

**STATUS, L.L.C.**
**PO Box 370**
**Bayville, NJ 08721**
**(908) 688-1414**

Our Job Serial Number: STS-2024053743
Ref: 074355-00001
Service Fee: ________

Copyright © 1992-2024 DreamBuilt Software, Inc. - Process Server's Toolbox V9.0a

# AFFIRMATION OF SERVICE

**State of New York** **County of Saint Lawrence** **Supreme Court**

Index Number: EFCV-24-166762
Date Filed: 9/23/2024

STS2024053740

Plaintiff:
**SHERYL THOMPSON, INDIVIDUALLY AND AS ADMINISTRATOR OF THE ESTATE OF ASPEN ROBERTSON; AND FRANK ROBERTSON, INDIVIDUALLY AND AS ADMINISTRATOR OF THE ESTATE OF ASPEN ROBERTSON, AND THE ESTATE OF ASPEN ROBERTSON**

vs.

Defendant:
**UNITED STATES OF AMERICA, ET AL**

For:
Deborah S Dunn, Esq.

Received by STATUS, L.L.C. to be served on **UNITED STATES OF AMERICA, OFFICE OF THE U.S. ATTORNEY FOR THE NORTHERN DISTRICT OF NEW YORK, 100 SOUTH CLINTON STREET, SYRACUSE, NY 13261**.

I, PATRICK J. LANG, being duly sworn, depose and say that on the **2nd day of October, 2024** at **11:28 am, I:**

served a **CORPORATION** by delivering a true copy of the **Summons in a Civil Action, Civil Cover Sheet, Complaint, Jury Demand, Certification, Notice, General Order #25, Civil Case Management Plan, Consent to the Exercise of Civil Jurisdiction by a Magistrate Judge and Notice to Parties of Court-Directed Mandatory Mediation Program** with the date and hour of service endorsed thereon by me, to: **BRAD HANNA** as **AGENT/AUTHORIZED AGENT** for **UNITED STATES OF AMERICA**, at the address of: **OFFICE OF THE U.S. ATTORNEY FOR THE NORTHERN DISTRICT OF NEW YORK, 100 SOUTH CLINTON STREET, SYRACUSE, NY 13261** , and informed said person of the contents therein, in compliance with state statutes.

Said documents were conformed with index number and date of filing endorsed thereon.

**Description** of Person Served: Age: 21+, Sex: M, Race/Skin Color: WHITE, Height: 6', Weight: 200, Hair: BROWN/BLACK, Glasses: -

I affirm this 7th day of October, 2024, under the penalties of perjury under the laws of New York, which may include a fine or imprisonment, that the foregoing is true, and I understand that this document may be filed in an action or proceeding in a court of law.

To Be Used Where Electronic Signature Not Available Served Data: Subscribed and Sworn to before me on OCT 7, 2024 by the affiant who is personally known to me.

NOTARY PUBLIC

Michael S. Lupia
Notary Public, State of New York
No. 01LU6311980
Appointed in Oneida County
My Commission Expires Sept. 22, 2026

PATRICK J. LANG

10/7/24
Date

STATUS, L.L.C.
PO Box 370
Bayville, NJ 08721
(908) 688-1414

Our Job Serial Number: STS-2024053740
Ref: 074355-00001
Service Fee: ________

Copyright © 1992-2024 DreamBuilt Software, Inc. - Process Server's Toolbox V9.0a

# AFFIRMATION OF SERVICE

**State of New York** **County of Saint Lawrence** **Supreme Court**

Index Number: EFCV-24-166762
Date Filed: 9/23/2024

STS2024054757

Plaintiff:
**SHERYL THOMPSON, INDIVIDUALLY AND AS ADMINISTRATOR OF THE ESTATE OF ASPEN ROBERTSON; AND FRANK ROBERTSON, INDIVIDUALLY AND AS ADMINISTRATOR OF THE ESTATE OF ASPEN ROBERTSON, AND THE ESTATE OF ASPEN ROBERTSON**

vs.

Defendant:
**UNITED STATES OF AMERICA, ET AL**

For:
Deborah S Dunn, Esq.

Received by STATUS, L.L.C. to be served on **U.S. ATTORNEY GENERAL FOR THE NORTHERN DISTRICT OF NY, 100 SOUTH CLINTON STREET, SYRACUSE, NY 13261**.

I, Patrick J. Lang, do hereby affirm that on the **4th day of October, 2024** at **9:30 am, I:**

served a **CORPORATION** by delivering a true copy of the **Summons in a Civil Action, Civil Cover Sheet, Complaint, Jury Demand, Certification, Notice, General Order #25, Civil Case Management Plan, Consent to the Exercise of Civil Jurisdiction by a Magistrate Judge and Notice to Parties of Court-Directed Mandatory Mediation Program** with the date and hour of service endorsed thereon by me, to: **BRAD HANNA** as **AGENT/AUTHORIZED AGENT** for **U.S. ATTORNEY GENERAL FOR THE NORTHERN DISTRICT OF NY**, at the address of: **100 SOUTH CLINTON STREET, SYRACUSE, NY 13261**, and informed said person of the contents therein, in compliance with state statutes.

Said documents were conformed with index number and date of filing endorsed thereon.

**Description** of Person Served: Age: 21+, Sex: M, Race/Skin Color: WHITE, Height: 6', Weight: 200, Hair: BROWN, Glasses: -

I affirm this 7th day of October, 2024, under the penalties of perjury under the laws of New York, which may include a fine or imprisonment, that the foregoing is true, and I understand that this document may be filed in an action or proceeding in a court of law.

**Patrick J. Lang**

10/7/24
**Date**

**STATUS, L.L.C.**
**PO Box 370**
**Bayville, NJ 08721**
**(908) 688-1414**

Our Job Serial Number: STS-2024054757
Ref: 074355-00001
Service Fee: ________

Copyright © 1992-2024 DreamBuilt Software, Inc. - Process Server's Toolbox V9.0a

# AFFIRMATION OF SERVICE

**State of New York** **County of Saint Lawrence** **Supreme Court**

Index Number: EFCV-24-166762
Date Filed: 9/23/2024

STS2024053738

Plaintiff: **SHERYL THOMPSON, INDIVIDUALLY AND AS ADMINISTRATOR OF THE ESTATE OF ASPEN ROBERTSON; AND FRANK ROBERTSON, INDIVIDUALLY AND AS ADMINISTRATOR OF THE ESTATE OF ASPEN ROBERTSON, AND THE ESTATE OF ASPEN ROBERTSON**
vs.
Defendant: **UNITED STATES OF AMERICA, ET AL**

For:
Deborah S Dunn, Esq.

Received by STATUS, L.L.C. to be served on **UNITED STATES CUSTOMS AND BORDER PROTECTION, OFFICE OF THE U.S. ATTORNEY FOR THE NORTHERN DISTRICT OF NEW YORK, 100 SOUTH CLINTON STREET, SYRACUSE, NY 13261**.

I, PATRICK J. LANG, being duly sworn, depose and say that on the **2nd day of October, 2024** at **11:28 am, I:**

served a **CORPORATION** by delivering a true copy of the **Summons in a Civil Action, Civil Cover Sheet, Complaint, Jury Demand, Certification, Notice, General Order #25, Civil Case Management Plan, Consent to the Exercise of Civil Jurisdiction by a Magistrate Judge and Notice to Parties of Court-Directed Mandatory Mediation Program** with the date and hour of service endorsed thereon by me, to: **BRAD HANNA** as **AGENT/AUTHORIZED AGENT** for **UNITED STATES CUSTOMS AND BORDER PROTECTION**, at the address of: **OFFICE OF THE U.S. ATTORNEY FOR THE NORTHERN DISTRICT OF NEW YORK, 100 SOUTH CLINTON STREET, SYRACUSE, NY 13261**, and informed said person of the contents therein, in compliance with state statutes.

Said documents were conformed with index number and date of filing endorsed thereon.

**Description** of Person Served: Age: 21+, Sex: M, Race/Skin Color: WHITE, Height: 6', Weight: 200, Hair: BROWN/BLACK, Glasses: -

I affirm this 7th day of October, 2024 under the penalties of perjury under the laws of New York, which may include a fine or imprisonment, that the foregoing is true, and I understand that this document may be filed in an action or proceeding in a court of law.

To Be Used Where Electronic Signature Not Available Served Data: Subscribed and Sworn to before me on 7 Oct 2024 by the affiant who is personally known to me.

NOTARY PUBLIC

Michael S. Lupia
Notary Public, State of New York
No. 01LU6311980
Appointed in Oneida County
My Commission Expires Sept. 22, 2026

**PATRICK J. LANG**

10/7/24
Date

**STATUS, L.L.C.**
**PO Box 370**
**Bayville, NJ 08721**
**(908) 688-1414**

Our Job Serial Number: STS-2024053738
Ref: 074355-00001
Service Fee: ________

Copyright © 1992-2024 DreamBuilt Software, Inc. - Process Server's Toolbox V9.0a

# AFFIRMATION OF SERVICE

**State of New York** **County of Saint Lawrence** **Supreme Court**

Index Number: EFCV-24-166762
Date Filed: 9/23/2024

STS2024053734

Plaintiff: **SHERYL THOMPSON, INDIVIDUALLY AND AS ADMINISTRATOR OF THE ESTATE OF ASPEN ROBERTSON; AND FRANK ROBERTSON, INDIVIDUALLY AND AS ADMINISTRATOR OF THE ESTATE OF ASPEN ROBERTSON, AND THE ESTATE OF ASPEN ROBERTSON**
vs.
Defendant: **UNITED STATES OF AMERICA, ET AL**

For:
Deborah S Dunn, Esq.

Received by STATUS, L.L.C. to be served on **UNITED STATES DEPARTMENT OF TRANSPORTATION, OFFICE OF THE U.S. ATTORNEY FOR THE NORTHERN DISTRICT OF NEW YORK, 100 SOUTH CLINTON STREET, SYRACUSE, NY 13261**.

I, PATRICK J. LANG, being duly sworn, depose and say that on the **2nd day of October, 2024** at **11:28 am, I:**

served a **CORPORATION** by delivering a true copy of the **Summons in a Civil Action, Civil Cover Sheet, Complaint, Jury Demand, Certification, Notice, General Order #25, Civil Case Management Plan, Consent to the Exercise of Civil Jurisdiction by a Magistrate Judge and Notice to Parties of Court-Directed Mandatory Mediation Program** with the date and hour of service endorsed thereon by me, to: **BRAD HANNA** as **AGENT/AUTHORIZED AGENT** for **UNITED STATES DEPARTMENT OF TRANSPORTATION**, at the address of: **OFFICE OF THE U.S. ATTORNEY FOR THE NORTHERN DISTRICT OF NEW YORK, 100 SOUTH CLINTON STREET, SYRACUSE, NY 13261** , and informed said person of the contents therein, in compliance with state statutes.

Said documents were conformed with index number and date of filing endorsed thereon.

**Description** of Person Served: Age: 21+, Sex: M, Race/Skin Color: WHITE, Height: 6', Weight: 200, Hair: BROWN/BLACK, Glasses: -

I affirm this 7 day of October, 2024, under the penalties of perjury under the laws of New York, which may include a fine or imprisonment, that the foregoing is true, and I understand that this document may be filed in an action or proceeding in a court of law.

To Be Used Where Electronic Signature Not Available Served Data: Subscribed and Sworn to before me on Oct 7 2024 by the affiant who is personally known to me.

NOTARY PUBLIC

Michael S. Lupia
Notary Public, State of New York
No. 01LU6311980
Appointed in Oneida County
My Commission Expires Sept. 22, 2026

PATRICK J. LANG

10/7/24
Date

**STATUS, L.L.C.**
**PO Box 370**
**Bayville, NJ 08721**
**(908) 688-1414**

Our Job Serial Number: STS-2024053734
Ref: 074355-00001
Service Fee: ________

Copyright © 1992-2024 DreamBuilt Software, Inc. - Process Server's Toolbox V9.0a

**EFCV-24-166762 -** St. Lawrence County Supreme Court

**October 18, 2024**

**Defendant Town of Massena's Answer to Plaintiff's Complaint**

STATE OF NEW YORK
SUPREME COURT COUNTY OF ST. LAWRENCE

SHERYL THOMPSON, Individually and as administrator of the ESTATE OF ASPEN ROBERTSON; and FRANK ROBERTSON, Individually and as administrator of the ESTATE OF ASPEN ROBERTSON, and THE ESTATE OF ASPEN ROBERTSON,

Plaintiffs,

-against-

UNITED STATES OF AMERICA, UNITED STATES CUSTOMS AND BORDER PROTECTION; UNITED STATES DEPARTMENT OF TRANSPORTATION, STATE OF NEW YORK, NEW YORK STATE DEPARTMENT OF TRANSPORTATION; COUNTY OF ST. LAWRENCE; TOWN OF MASSENA, GILBANE BUILDING COMPANY OF NEW YORK; SMITH-MILLER + HAWKINSON ARCHITECTS LLP; NORTHLAND ASSOCIATES, INC., RIFENBURG CONSTRUCTION, INC., ABIDE CONSTRUCTION, INC., ABIDE INTERNATIONAL INC., ABIDE-KASHIA JV2 LLC; ABIDE-KASHIA JV3 LLC; ABIDE KASHIA JVR4 LLC; GREAT LAKES ST. LAWRENCE SEAWAY DEVELOPMENT CORP.,

Defendants.

ANSWER
Index No. EFCV-24-166762

The defendant, TOWN OF MASSENA, by its attorneys, Law Office of M. Randolph Belkin, respectfully submits the following, upon information and belief, as and for its Answer to the Complaint:

1. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraphs “1”, “2”, ‘3”, “4”, “5”, “6”, “7”, “8”, “10”, “11”, “12”, “13”, “14”, “15”, “16”, “17”, “18”, “19”, “20”, “21”, “25”, “26”, “27”, and “28” of the plaintiffs’ Complaint.

2. Defendant admits each and every allegation contained in Paragraphs "9", "22", "23", "24", "30", "31", "32", "33", "34", "35" and "36" of the plaintiffs' Complaint.

3. Defendant repeats, reiterates and realleges each and every response previously set forth above with the same force and effect as if fully set forth at length herein in responding to Paragraph "29" of the plaintiffs' Complaint.

AS AND FOR A FIRST, SEPARATE AND COMPLETE DEFENSE

4. That in the event the plaintiffs are awarded judgment against the answering defendant, answering defendant is entitled to a set-off or a reduction of any such damage award for all amounts received by or on behalf of the plaintiffs from any collateral source pursuant to Section 4545 (c) of the CPLR.

AS AND FOR A SECOND, SEPARATE AND COMPLETE DEFENSE

5. The Complaint fails to state a cause of action against the answering defendant herein upon which relief might be granted.

AS AND FOR A THIRD, SEPARATE AND COMPLETE DEFENSE

6. The plaintiffs have failed and neglected to mitigate the damages allegedly sustained in the accident described in the Complaint, and any judgment awarded to the plaintiffs herein should be reduced accordingly.

AS AND FOR A FOURTH, SEPARATE AND COMPLETE DEFENSE

7. In the event that the plaintiffs recover any judgment against the answering defendant, then answering defendant demands that any such judgment be diminished in accordance with Article 16 of the CPLR.

AS AND FOR A FIFTH, SEPARATE AND COMPLETE DEFENSE

8. This claim is barred by reason of the passage of the applicable statute of limitations provided for commencing an action under the applicable provisions of the General Municipal Law of the State of New York.

AS AND FOR A SIXTH, SEPARATE AND COMPLETE DEFENSE

9. This action is barred by the governmental immunity defense.

AS AND FOR A SEVENTH, SEPARATE AND COMPLETE DEFENSE

10. This action is barred by virtue of the defendant's absolute and/or qualified immunity from suit

AS AND FOR AN EIGHTH, SEPARATE AND COMPLETE DEFENSE

11. If the plaintiffs have been injured and damaged as alleged in the Complaint, upon information and belief, such injuries and damages were caused, in whole or in part, or were contributed to by reason of the carelessness, negligence, recklessness, or want of care on the part of the plaintiffs and not by any carelessness, negligence or want of care, on the part of the answering defendant, and if any carelessness, negligence or want of care other than that of the plaintiffs caused or contributed to said alleged injuries or damages, it was the carelessness, negligence or want of care on the part of some other party or person, corporation, or entity over whom the defendant had no control and for whose carelessness or want of care the defendant was not and is not responsible or liable.

AS AND FOR A NINTH, SEPARATE AND COMPLETE DEFENSE

12. The bringing of this action is barred by reason of the plaintiff's failure to comply with the appropriate provisions of the General Municipal Law of the State of New York.

AS AND FOR A TENTH, SEPARATE AND COMPLETE DEFENSE

13. This action is barred by the reason of the absence of prior written notice to the defendant herein.

AS AND FOR AN ELEVENTH, SEPARATE AND COMPLETE DEFENSE

14. Plaintiffs' lack standing to bring and prosecute the action.

AS AND FOR AN TWELFTH, SEPARATE AND COMPLETE DEFENSE

15. There is another action pending which involves substantially the same parties, claims and issues as this one and therefore, this action is subject to dismissal.

WHEREFORE, this answering defendant demands judgment dismissing plaintiffs' Complaint in its entirety, together with the costs and disbursements of this action and such other and further relief as the Court may deem just and proper.

Dated: October 18, 2024
Latham, New York

LAW OFFICE OF M. RANDOLPH BELKIN

By: __M. Randolph Belkin_________
M. RANDOLPH BELKIN
*Attorneys for Defendant,*
*Town of Massena*
Office and Post Office Address
26 Century Hill Drive, Suite 202
Latham, New York 12110
(518) 785-5340

TO: KEVIN NICHOLS, ESQ.
NICHOLS LAW FIRM, PLLC
Attorney for Plaintiffs
16 Elm Street
Malone, NY 12953
(518)483-2200

**EFCV-24-166762 -** St. Lawrence County Supreme Court

**October 21, 2024**

**Defendant Northland Associates, Inc. Motion to Dismiss (With Exhibits)**

**STATE OF NEW YORK**
**SUPREME COURT COUNTY OF ST. LAWRENCE**

**SHERYL THOMPSON, Individually and as Administrator of the ESTATE of ASPEN ROBERTSON; FRANK ROBERTSON, Individually and as Administrator of the ESTATE OF ASPEN ROBERTSON; and the ESTATE OF ASPEN ROBERTSON,**

**Plaintiffs,**

**-vs-**

**UNITED STATES OF AMERICA; UNITED STATES CUSTOMS AND BORDER PROTECTION; UNITED STATES DEPARTMENT OF TRANSPORTATION; STATE OF NEW YORK; NEW YORK STATE DEPARTMENT OF TRANSPORTATION; COUNTY OF ST. LAWRENCE; TOWN OF MASSENA; GILBANE BUILDING COMPANY OF NEW YORK; SMITH-MILLER + HAWKINSON ARCHITECTS LLP; NORTHLAND ASSOCIATES, INC.; RIFENBURG CONSTRUCTION INC.; GREAT LAKES ST. LAWRENCE SEAWAY DEVELOPMENT CORP.; and JOHN DOES 1-10,**

**Defendants.**

**Index No. EFCV-24-166762**

**NOTICE OF MOTION**

**MOTION MADE BY:** Costello, Cooney & Fearon, PLLC, attorneys for defendant Northland Associates, Inc.

**DATE, TIME & PLACE OF HEARING:** ____, ____ 2024 at ________ a.m./p.m., before the Hon. _________________, J.S.C., at the St. Lawrence County Courthouse.

**SUPPORTING PAPERS:** Attorney affidavit of Elizabeth A. Hoffman, sworn to on October 21, 2024, along with the exhibits attached thereto and documents referenced therein, a supporting memorandum of law, and all prior pleadings and proceedings.

COSTELLO, COONEY & FEARON, PLLC

**RELIEF REQUESTED AND GROUNDS THEREFOR:**

An order pursuant to Rule 3211(a)(4) of the Civil Practice Law and Rules dismissing this action on the grounds there is an identical action pending between the same parties for the same cause of action in the United States District Court for the Northern District of New York, or alternatively, staying this action pending resolution of the related federal action pursuant to Rule 3211(a)(4) and/or Section 2201 of the Civil Practice Law and Rules, together with such other and further relief as this Court deems just and proper.

**ANSWERING PAPERS:**

Pursuant to Civil Practice Law and Rules Section 2214(b), answering papers and cross-motions, if any, must be served at least seven (7) days prior to the return date of this motion.

**DATED: October 21, 2024**

**COSTELLO, COONEY & FEARON, PLLC**

Elizabeth A. Hoffman

**ELIZABETH A. HOFFMAN**
**KELLY J. PARE**
**Attorneys for Defendant,**
***Northland Associates, Inc.***
**Office and Post Office Address**
**211 W. Jefferson Street, Suite 1**
**Syracuse, New York 13202**
**Telephone: (315) 422-1152**

**TO: NICHOLS LAW FIRM, PLLC**
**KEVIN F. NICHOLS, ESQ.**
**Attorneys for Plaintiffs**
**16 Elm St**
**Malone, New York 12953**
**Telephone: (518) 483-2200**

**STARK & STARK ATTORNEYS AT LAW**
**Deborah S Dunn, Esq.**
**Attorneys for Plaintiffs**
**40 Lake Center, 401 NJ-73, Suite 130**
**Marlton, New Jersey 08053**
**Telephone: (856) 874-4443**

COSTELLO, COONEY & FEARON, PLLC

**Attorneys for Defendant,**
***Town of Massena***
**Office and Post Office Address**
**26 Century Hill Drive, Suite 202**
**Latham, New York 12110**
**Telephone: (518) 785-5340**

**The United States of America**
***Upon Appearance***

**United States Customs and Border Protection**
***Upon Appearance***

**United States Department of Transportation**
***Upon Appearance***

**State of New York**
***Upon Appearance***

**New York State Department of Transportation**
***Upon Appearance***

**County of St. Lawrence**
***Upon Appearance***

**Town of Massena**
***Upon Appearance***

**Gilbane Building Company of New York**
***Upon Appearance***

**Smith-Miller + Hawkinson Architects LLP**
***Upon Appearance***

**Rifenburg Construction Inc.**
***Upon Appearance***

**Great Lakes St. Lawrence Seaway Development Corp.**
***Upon Appearance***

COSTELLO, COONEY & FEARON, PLLC

**STATE OF NEW YORK**
**SUPREME COURT COUNTY OF ST. LAWRENCE**

**Index No. EFCV-24-166762**

**SHERYL THOMPSON, Individually and as Administrator of the Estate of ASPEN ROBERTSON; FRANK ROBERTSON, Individually and as Administrator of the ESTATE OF ASPEN ROBERTSON; and the ESTATE OF ASPEN ROBERTSON,**

**Plaintiffs**

**-vs-**

**UNITED STATES OF AMERICA; UNITED STATES CUSTOMS AND BORDER PROTECTION; UNITED STATES DEPARTMENT OF TRANSPORTATION; STATE OF NEW YORK; NEW YORK STATE DEPARTMENT OF TRANSPORTATION; COUNTY OF ST. LAWRENCE; TOWN OF MASSENA; GILBANE BUILDING COMPANY OF NEW YORK; SMITH-MILLER + HAWKINSON ARCHITECTS LLP; NORTHLAND ASSOCIATES, INC.; RIFENBURG CONSTRUCTION INC.; GREAT LAKES ST. LAWRENCE SEAWAY DEVELOPMENT CORP.; and JOHN DOES 1-10,**

**Defendants.**

**ATTORNEY AFFIDAVIT**

**STATE OF NEW YORK )**
**COUNTY OF ST. LAWRENCE ) ss.:**

**ELIZABETH A. HOFFMAN,** being duly sworn, deposes and says:

1. I am an attorney duly licensed and admitted to practice law in the State of New York and am a member of the law firm Costello, Cooney & Fearon, PLLC, attorneys for defendant Northland Associates, Inc. ("Northland"), in the above-captioned action. As such, I am fully familiar with the facts and proceedings heretofore had in this action.

COSTELLO, COONEY & FEARON, PLLC

2. I submit this affidavit in support of defendant's motion pursuant to Rule 3211(a)(4) of the Civil Practice Law and Rules, which seeks an order dismissing this action (the "Present Action") on the grounds there is an identical action pending between the same parties for the same causes of action in the United States District Court for the Northern District of New York under Case Number 8:24-cv-1163 (GTS/DJS) (the "Federal Action"), or in the alternative, granting a stay of the Present Action pursuant to Rule 3211(a)(4) and/or Section 2201 of the Civil Practice Law and Rules, until such time as there is a final determination with respect to the Federal Action.

3. Prior to discussing the issues raised in the preceding paragraph, it is necessary to discuss the procedural history and background of both the Present Action and the Federal Action.

**PROCEDURAL HISTORY AND FACTS**

COSTELLO, COONEY & FEARON, PLLC

4. The Present Action was commenced by plaintiffs' filing of a summons and complaint in the St. Lawrence County Clerk's Office on September 18, 2024. A copy of the summons and complaint is attached as **Exhibit "A"**.

5. Plaintiffs filed an amended complaint in the Present Action on September 23, 2024, a copy of which is attached as **Exhibit "B"**.

6. Simultaneously, the Federal Action was commenced on September 23, 2024, when plaintiffs filed a complaint with the Clerk of the Northen District of New York. A copy of the summons, complaint and civil cover sheet filed by plaintiffs in the Federal Action is attached as **Exhibit "C"**.

7. Northland filed its answer in the Federal Action on October 21, 2024, a copy of which is attached as **Exhibit "D"**.

8. The facts alleged in both the Present Action and the Federal Action are identical. Both complaints allege that on September 24, 2022, Aspen Robertson (the "decedent") was driving

on Seaway International Bridge Road, when he struck a traffic gate which was "improperly, negligently, carelessly and/or recklessly designed, installed, maintained and/or positioned in a way to be unreasonably dangerous to the motoring public." (Exhibit "B", ¶¶ 21–22; Exhibit "C", ¶¶ 21–22).

9. Moreover, both the Present Action and Federal Action involve identical parties. (Exhibit "B", ¶¶ 3–18; Exhibit "C", ¶¶ 3–20).

10. All plaintiffs in the Present Action—Sheryl Thompson, individually and as administrator of the Estate of Aspen Robertson, Frank Robertson, individually and as administrator of the Estate of Aspen Robertson, and the Estate of Aspen Robertson—are also plaintiffs in the Federal Action. (Exhibit "B", ¶¶ 1–2; Exhibit "C", ¶¶ 3–4).

11. Each defendant in the Present Action was named as a defendant in the Federal Action, with the exception of the John Doe defendants, who are presumably the four Abide International Inc. defendants named in the Federal Action. (Exhibit "B", ¶¶ 3–18; Exhibit "C", ¶¶ 5–20).

12. Finally, both the Present Action and Federal Action assert one cause of action seeking damages arising out of Aspen Robertson's wrongful death. (Exhibit "B", ¶ 29–36; Exhibit "C", ¶¶ 29–36).

**ARGUMENT**

**POINT I**

**PLAINTIFFS' COMPLAINT SHOULD BE DISMISSED**

13. Rule 3211(a)(4) of the CPLR provides that an action should be dismissed where "there is another action pending between the same parties for the same cause of action in a court of any state or the United States." CPLR 3211(a)(4). (*See* Memorandum of Law, p. 1).

COSTELLO, COONEY & FEARON, PLLC

14. The critical element warranting dismissal "is that both suits arise out of the same subject matter or series of alleged wrongs." (*See* Memorandum of Law, p. 2).

15. Here, both the Federal Action and the Present Action were commenced within five (5) days of each other, and are in the earliest stages of litigation. (*See* Exhibit "A"; Exhibit "C").

16. The facts alleged in both the Present Action and the Federal Action are identical. Both complaints allege that on September 24, 2022, Aspen Robertson (the "decedent") was driving on Seaway International Bridge Road, when he struck a traffic gate which was "improperly, negligently, carelessly and/or recklessly designed, installed, maintained and/or positioned in a way to be unreasonably dangerous to the motoring public." (Exhibit "B", ¶¶ 21–22; Exhibit "C", ¶¶ 21–22).

17. Moreover, both the Present Action and Federal Action involve identical parties. (Exhibit "B", ¶¶ 3–18; Exhibit "C", ¶¶ 3–20).

18. All plaintiffs in the Present Action—Sheryl Thompson, individually and as administrator of the Estate of Aspen Robertson, Frank Robertson, individually and as administrator of the Estate of Aspen Robertson, and the Estate of Aspen Robertson—are also plaintiffs in the Federal Action. (Exhibit "B", ¶¶ 1–2; Exhibit "C", ¶¶ 3–4).

19. Each defendant in the Present Action was named as a defendant in the Federal Action, with the exception of the "John Doe 1–10" defendants.[1] (Exhibit "B", ¶¶ 3–18; Exhibit "C", ¶¶ 5–20).

---

[1] While the caption of the Present Action does not list out the Abide International, Inc., Abide-Kashia JV2 LLC, Abide-Kashia JV3 LLC, Abide-Kashia JV4, LLC, those parties are identified in plaintiffs' complaint in the Present Action. (Exhibit "C", ¶¶ 15 –18).



COSTELLO, COONEY & FEARON, PLLC

20. Finally, both the Present Action and Federal Action assert one cause of action seeking damages arising out of Aspen Robertson's wrongful death. (Exhibit "B", ¶¶ 29–36; Exhibit "C", ¶¶ 29–36).

21. In addition to the complete identity between the parties to and the causes of action asserted in the Federal Action and the Present Action, it is respectfully submitted that the Federal District Court is the more appropriate forum for this action because the United States, the United States Department of Transportation, and the United States Customs and Border Protection (collectively "United States defendants") are named as defendants.

22. This alone weighs in favor of litigating the case in federal court because under the Federal Tort Claims Act ("FTCA"), federal courts have exclusive jurisdiction over civil actions for money damages in cases of personal injury or death against the United States, which are alleged to have been caused by negligent or wrongful acts or omissions by its government. (*See* Memorandum of Law, p. 3).

23. The plaintiffs also appear to be residents of Ontario, Canada, based upon the civil cover sheet attached to the summons and complaint filed to commence the Federal Action. (Exhibit "C", p. 2).

24. Moreover, the accident occurred—according to the complaint—"at or near the Three Nations Bridge Border Crossing," which connects Canada, the Akwesasne, and the United States of America.

25. Therefore, not only are the United States and several of its agencies named as defendants, plaintiffs are not residents of the United States, and this action is better litigated in the federal court system.

COSTELLO, COONEY & FEARON, PLLC

26. In light of these circumstances and of the complete identity of the parties, facts, causes of action, and relief sought, it is respectfully submitted that the Present Action be dismissed.

## POINT II

## SHOULD THE COURT DECIDE NOT TO DISMISS THE PRESENT ACTION, THE PRESENT ACTION SHOULD BE STAYED PENDING RESOLUTION OF THE FEDERAL ACTION

27. Alternatively, CPLR 3211(a)(4) permits a court to "make any order as justice requires" where there are multiple actions pending between the same parties for the same cause of action, including staying one of the actions. (*See* Memorandum of Law, p. 4).

28. In addition to CPLR 3211(a)(4), CPLR 2201 gives the court discretion to "grant a stay of proceedings in a proper case, upon such terms as may be just." (*See* Memorandum of Law, p. 4).

29. The factors which should be considered in deciding whether to stay a state action in favor of a related federal action include the following: (1) whether there is substantial overlap between the issues and parties involved in both actions; (2) whether a fuller disposition may be obtained in the federal court action versus the state court action; (3) which court has a greater familiarity with the issues; (4) whether the federal action was commenced first and whether discovery has been substantially completed; (5) whether defendants would be prejudiced absent a stay, including prejudice accruing as a result of duplication of effort, waste of judicial resources and the risk of inconsistent rulings; and (6) whether plaintiffs would be prejudiced by a stay. (*See* Memorandum of Law, pp. 3–4).

30. Here, consideration of the above-stated factors overwhelmingly weighs in favor of staying the Present Action pending resolution of the Federal Action.

COSTELLO, COONEY & FEARON, PLLC

31. As set forth above in POINT I, *supra*, there is complete identity between the parties, causes of action asserted, and relief sought by the plaintiffs in both actions.

32. Resolution of the Federal Action will completely and necessarily dispose of the issues presented in the Present Action.

33. Therefore the Present Action should be stayed to avoid the "duplication of effort, waste of judicial resources, and possibility of inconsistent rulings."

34. In addition, a fuller disposition may be had in the Federal Action because the district court has exclusive jurisdiction over the United States defendants.

35. Finally, since the two (2) actions were commenced almost simultaneously, and are in the earliest stages of pleadings, there will be no prejudice to plaintiffs should the Present Action be stayed while the Federal Action proceeds.

36. In contrast, should the Present Action not be stayed, the defendants in both actions will be prejudiced because they will be forced to duplicate their efforts and costs by litigating two (2) lawsuits in two (2) different forums.

37. There is also the risk of prejudice to the defendants of possible inconsistent verdicts in the Present Action versus the Federal Action.

38. Therefore, should the Court decide not to dismiss the Present Action, the Present Action should nevertheless be stayed pending resolution of the Federal Action.

COSTELLO, COONEY & FEARON, PLLC

**WHEREFORE**, defendant Northland Associates, Inc., respectfully requests an order dismissing the Present Action, or in the alternative, granting a stay of the Present Action until such time as there is a final determination with respect to the Federal Action, together with such other and further relief as to this Court may seem just and proper.

**DATED: October 21, 2024**

**ELIZABETH A. HOFFMAN**

**Subscribed and sworn to before me this 21st day of October, 2024.**

**Notary Public**

OLIVIA M. CAMPBELL
Notary Public – State of New York
No. 01CA6375916
Qualified in Onondaga County
My Commission Expires May 29, 2026

COSTELLO, COONEY & FEARON, PLLC

**CERTIFICATE OF COMPLIANCE**
**PURSUANT TO 22 N.Y.C.R.R. § 202.8-b**

The foregoing attorney affidavit was prepared on a computer.

The total number of words in the attorney affidavit in support of defendants' motion for a stay, inclusive of point headings and footnotes, and exclusive of the caption, table of contents, table of citations, signature block, certificate of compliance, etc., is 1,734 which complies with the word count limit.

**DATED: October 21, 2024**

**COSTELLO COONEY & FEARON PLLC**

Elizabeth A. Hoffman

**ELIZABETH A. HOFFMAN**
**KELLY J. PARE**
**Attorneys for Defendant**
***Northland Associates, Inc.***
**Office and Post Office Address**
**211 W. Jefferson Street**
**Syracuse, New York 13202**
**Telephone: (315) 422-1152**

COSTELLO, COONEY & FEARON, PLLC

# Exhibit "A"

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF ST. LAWRENCE**

SHERYL THOMPSON, Individually and as administrator of the ESTATE OF ASPEN ROBERTSON; and FRANK ROBERTSON, Individually and as administrator of the ESTATE OF ASPEN ROBERTSON, and the ESTATE OF ASPEN ROBERTSON

Plaintiffs,

vs.

UNITED STATES OF AMERICA; UNITED STATES CUSTOMS AND BORDER PROTECTION; UNITED STATES DEPARTMENT OF TRANSPORTATION; STATE OF NEW YORK; NEW YORK STATE DEPARTMENT OF TRANSPORTATION; COUNTY OF ST. LAWRENCE; TOWN OF MASSENA; GILBANE BUILDING COMPANY OF NEW YORK; SMITH-MILLER + HAWKINSON ARCHITECTS LLP; NORTHLAND ASSOCIATES, INC.; RIFENBURG CONSTRUCTION INC.; GREAT LAKES ST. LAWRENCE SEAWAY DEVELOPMENT CORP.; and JOHN DOES 1-10

Defendants.

INDEX NO.:

**SUMMONS**

**To the above-named Defendants**:

**YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance on the Plaintiff's attorney within 20 days after service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally

delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

**NICHOLS LAW FIRM, PLLC**
Attorney for Plaintiffs

By: ______________________
KEVIN NICHOLS, ESQ.

Dated: September 18, 2024

4859-0609-6102, v. 1

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF ST. LAWRENCE**

SHERYL THOMPSON, Individually and as administrator of the ESTATE OF ASPEN ROBERTSON; and FRANK ROBERTSON, Individually and as administrator of the ESTATE OF ASPEN ROBERTSON, and the ESTATE OF APEN ROBERTSON

Plaintiffs,

vs.

UNITED STATES OF AMERICA; UNITED STATES CUSTOMS AND BORDER PROTECTION; UNITED STATES DEPARTMENT OF TRANSPORTATION; STATE OF NEW YORK; NEW YORK STATE DEPARTMENT OF TRANSPORTATION; COUNTY OF ST. LAWRENCE; TOWN OF MASSENA; GILBANE BUILDING COMPANY OF NEW YORK; SMITH-MILLER + HAWKINSON ARCHITECTS LLP; NORTHLAND ASSOCIATES, INC.; RIFENBURG CONSTRUCTION INC.; GREAT LAKES ST. LAWRENCE SEAWAY DEVELOPMENT CORP.; and JOHN DOES 1-10.

Defendants.

INDEX NO.:

**COMPLAINT**

**JURY TRIAL DEMAND**

The Plaintiffs, Sheryl Thompson, individually and as administrator of the Estate of Aspen Robertson, and Frank Robertson, individually and as administrator of the Estate of Aspen Robertson, and the Estate of Aspen Robertson, by way of Complaint against the Defendants say:

## PARTIES

1. Plaintiff, Sheryl Thompson, is an adult individual, mother of the deceased, Aspen Robertson, and an administrator of the Estate of Aspen Robertson.

4859-0609-6102, v. 1

2. Plaintiff, Frank Robertson, is an adult individual, father of the deceased, Aspen Robertson, and an administrator of the Estate of Aspen Robertson.

3. Defendant, United States of America, ("USA"), through its agency(ies)/instrumentality(ies), United States Customs and Border Protection and/or United States Department of Transportation, was responsible for the construction, installation, maintenance, repair, upkeep, operation, control, and/or use of the traffic control and/or barricades and/or traffic control gate and/or traffic blocking mechanisms ("Traffic Control Gate") at or near the Three Nations Bridge Border Crossing, f/k/a The Seaway Bridge.

4. Defendant, United States Customs and Border Protection ("CBP") is an agency within the meaning of 5 U.S.C. § 552(1)(f).

5. Defendant, United States Department of Transportation ("USDOT"), is an agency within the meaning of 5 U.S.C. § 552(1)(f).

6. Defendant, State of New York ("NY"), has jurisdiction over and is empowered to hold title and other interests in real property, including without limitation the Three Nations Bridge Border Crossing and surrounding lands and is empowered to regulate the use and occupancy thereof as well as any appurtenances thereupon.

7. Defendant, New York State Department of Transportation ("NYDOT"), is an agency/instrumentality of the State of New York and has jurisdiction over and is empowered to hold title and other interests in real property, including without limitation the Three Nations Bridge Border Crossing and surrounding lands and is empowered to regulate the use and occupancy thereof as well as any appurtenances thereupon.

8. Defendant, County of St. Lawrence ("St. Lawrence"), is a political subdivision of the State of New York, and as such, has jurisdiction over and is empowered to hold title and other

interests in real property, including without limitation the Three Nations Bridge Border Crossing and surrounding lands and is empowered to regulate the use and occupancy thereof as well as any appurtenances thereupon.

9. Defendant, Town of Massena ("Massena"), is a political subdivision of the State of New York, and as such, has jurisdiction over and is empowered to hold title and other interests in real property, including without limitation the Three Nations Bridge Border Crossing and surrounding lands and is empowered to regulate the use and occupancy thereof as well as any appurtenances thereupon.

10. Defendant, Gilbane Building Company, ("Gilbane") is a corporation organized and existing under the laws of the State of Rhode Island with a principal place of business located at 7 Jackson Walkway, Providence, RI, 02903 and New York Registered agent for service at C T Corporation System, 28 Liberty Street, New York, NY 10005.

11. Defendant, Smith-Miller + Hawkinson Architects LLP ("SMH"), is a limited liability partnership organized and existing under the laws of the State of New York with a principal place of business located at 305 Canal Street, New York, NY 10013.

12. Defendant, Northland Associates, Inc. ("Northland"), is a corporation organized and existing under the laws of the State of New York, with a principal place of business located at 4701 Buckley Road, Liverpool, NY 13088.

13. Defendant, Rifenburg Construction Inc. ("Rifenburg"), is a corporation organized and existing under the laws of the State of New York, with a principal place of business located at 125 Defreest Drive, Troy, NY 12180.

14. Defendant, Great Lakes St. Lawrence Seaway Development Corp. ("Great Lakes"), is a division, agency, subdivision, or other instrumentality of the Defendant USDOT.

15. At this time, Defendants John Does 1-10 are unknown. As such, John Does 1-10, is a fictitious designation, representing one or more individual(s), sole proprietorship(s), association(s), limited partnership(s), general partnership(s), limited liability company(ies), and/or corporation(s), which in any way owned, possessed, controlled or maintained any part of the premises upon which this incident occurred and/or contributed in any way to the happening of this incident and/or Plaintiff's damages.

## VENUE

16. Venue is proper in the district of New Jersey pursuant to 28 U.S.C. §1391(e)(1) as the United States is a defendant and this district is where a substantial part of the events or omissions giving rise to the claim occurred.

## FACTUAL AVERMENTS

17. On or about September 24, 2022, Aspen Robertson, was operating a vehicle on or around Seaway International Bridge Road, in the Town of Massena, State of New York.

18. While driving on Seaway International Bridge Road, Aspen Robertson struck a traffic control gate that was improperly, negligently, carelessly and/or recklessly designed, installed, maintained and/or positioned in such a way as to be unreasonably dangerous to the motoring public.

19. At all times relevant hereto, the traffic control gate was designed, installed, operated, controlled, supervised, maintained, located, repaired, and/or otherwise kept by the Defendants USA, CBP, USDOT, NY, NYDOT, St. Lawrence, Massena, Gilbane, SMH, Northland, Rifenburg, Great Lakes, and/or John Does 1-10 (each a "Defendant" and collectively, the "Defendants").

20. At all times relevant hereto, the land upon which the traffic control gate was situated was installed, operated, maintained, repaired, owned and/or controlled by each and/or any of the Defendants.

21. As a result of striking the traffic control gate, Aspen Robertson suffered catastrophic injuries resulting in his death.

22. On October 31, 2021, the Plaintiffs, Sheryl Thompson and Frank Robertson were named administrators of the Estate of Aspen Robertson pursuant to the *Indian Act*, R.S.C. 1985, C. I-5.

23. The Plaintiffs, Sheryl Thompson, individually and as administrator of the Estate of Aspen Robertson, and Frank Robertson, individually and as administrator of the Estate of Aspen Robertson, make this complaint for both wrongful death and survival damages.

**FIRST COUNT**

24. Plaintiffs repeat and realleges the factual recitations of the preceding paragraphs of the Complaint as if set forth herein at length.

25. At all times relevant hereto, Defendants designed, installed, operated, controlled, maintained, supervised, located, repaired, and/or otherwise kept the traffic control gate.

26. At all times relevant hereto, Defendants owned and/or controlled the land upon which the traffic control gate was situated.

27. Defendants, were negligent, careless, and/or reckless in that Defendants:

- caused, created, and/or permitted unsafe, dangerous and hazardous conditions and defects to exist with regards to the traffic control gate and/or the land upon which the traffic control gate was situated; and/or
- failed to warn of such dangerous and hazardous conditions; and/or

- failed to make proper inspection of the traffic control gate and/or the land upon which the traffic control gate was situated; and/or
- negligently hired employees and/or agents for the installation, construction, operation, maintenance, repair and upkeep of the traffic control gate; and/or
- negligently supervised employees with regards to the installation, construction, operation, maintenance, repair and upkeep of the traffic control gate; and/or
- negligently retained employees and/or agents for the installation, construction, operation, maintenance, repair and upkeep of the traffic control gate; and/or
- otherwise acted negligently, carelessly, recklessly, and with such callous disregard such that they wrongfully caused Aspen Robertson to come into contact with such dangerous and hazardous conditions and defects; and/or
- were otherwise inattentive, reckless, careless, negligent and/or grossly negligent.

28. As a direct and proximate result of the negligence, carelessness, gross negligence and/or recklessness of the Defendants, aforesaid, Aspen Robertson, was caused to suffer catastrophic injuries resulting in his death.

29. Before his death, Aspen Robertson suffered physical pain, mental anguish, and fear of impending death.

30. As a result of Aspen Robertson's death, he, his heirs and his beneficiaries were deprived of the future earnings he would have derived throughout his life.

31. As a result of Aspen Robertson's death, Plaintiffs Sheryl Thompson, individually and as administrator of the Estate of Aspen Robertson, and Frank Robertson, individually and as administrator of the Estate of Aspen Robertson, as well as other heirs and benificiaries, have suffered both tangible and intangible losses and damages including, without limitation, loss of companionship, loss of advice and guidance, and loss of future earning capacity.

**WHEREFORE**, the Plaintiffs demand judgment against the Defendants individually, jointly, severally and/or for wrongful death damages, survival damages, counsel fees, interest and costs of suit in excess of the jurisdictional limits of all lower courts pursuant to CPLR §3017(c).

## JURY DEMAND

The Plaintiffs, Sheryl Thompson, individually and as administrator of the Estate of Aspen Robertson, and Frank Robertson, individually and as administrator of the Estate of Aspen Robertson, and the Estate of Aspen Robertson, hereby demand a trial by jury as to all issues of fact and damages stated herein.

**NICHOLS LAW FIRM, PLLC**
Attorney for Plaintiffs

By: ______________________
KEVIN NICHOLS, ESQ.

Dated: September 18, 2024

4859-0609-6102, v. 1

# Exhibit “B”

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF ST. LAWRENCE**

| | |
|---|---|
| SHERYL THOMPSON, Individually and as administrator of the ESTATE OF ASPEN ROBERTSON; and FRANK ROBERTSON, Individually and as administrator of the ESTATE OF ASPEN ROBERTSON, and the ESTATE OF ASPEN ROBERTSON<br><br>Plaintiffs,<br><br>vs.<br><br>UNITED STATES OF AMERICA; UNITED STATES CUSTOMS AND BORDER PROTECTION; UNITED STATES DEPARTMENT OF TRANSPORTATION; STATE OF NEW YORK; NEW YORK STATE DEPARTMENT OF TRANSPORTATION; COUNTY OF ST. LAWRENCE; TOWN OF MASSENA; GILBANE BUILDING COMPANY OF NEW YORK; SMITH-MILLER + HAWKINSON ARCHITECTS LLP; NORTHLAND ASSOCIATES, INC.; RIFENBURG CONSTRUCTION INC.; GREAT LAKES ST. LAWRENCE SEAWAY DEVELOPMENT CORP.; and JOHN DOES 1-10<br><br>Defendants. | INDEX NO.: EFCV-24-166762<br><br>**SUMMONS** |

**To the above-named Defendants**:

**YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance on the Plaintiff's attorney within 20 days after service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally

4859-0609-6102, v. 2

delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

**NICHOLS LAW FIRM, PLLC**
Attorney for Plaintiffs

By: ______________________
KEVIN NICHOLS, ESQ.

Dated: September 22, 2024

4859-0609-6102, v. 2

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF ST. LAWRENCE**

| | |
|---|---|
| SHERYL THOMPSON, Individually and as administrator of the ESTATE OF ASPEN ROBERTSON; and FRANK ROBERTSON, Individually and as administrator of the ESTATE OF ASPEN ROBERTSON, and the ESTATE OF APEN ROBERTSON<br><br>Plaintiffs,<br><br>vs.<br><br>UNITED STATES OF AMERICA; UNITED STATES CUSTOMS AND BORDER PROTECTION; UNITED STATES DEPARTMENT OF TRANSPORTATION; STATE OF NEW YORK; NEW YORK STATE DEPARTMENT OF TRANSPORTATION; COUNTY OF ST. LAWRENCE; TOWN OF MASSENA; GILBANE BUILDING COMPANY OF NEW YORK; SMITH-MILLER + HAWKINSON ARCHITECTS LLP; NORTHLAND ASSOCIATES, INC.; RIFENBURG CONSTRUCTION INC.; GREAT LAKES ST. LAWRENCE SEAWAY DEVELOPMENT CORP.; ABIDE INTERNATIONAL INC.; ABIDE-KASHIA JV2 LLC; ABIDE-KASHIA JV3 LLC; ABIDE KASHIA JV4 LLC; and JOHN DOES 1-10.<br><br>Defendants. | INDEX NO.: EFCV-24-166762<br><br>**FIRST AMENDED COMPLAINT**<br><br>**JURY TRIAL DEMAND** |

The Plaintiffs, Sheryl Thompson, individually and as administrator of the Estate of Aspen Robertson, and Frank Robertson, individually and as administrator of the Estate of Aspen Robertson, and the Estate of Aspen Robertson, by way of Complaint against the Defendants say:

4859-0609-6102, v. 2

## PARTIES

1. Plaintiff, Sheryl Thompson, is an adult individual, mother of the deceased, Aspen Robertson, and an administrator of the Estate of Aspen Robertson.

2. Plaintiff, Frank Robertson, is an adult individual, father of the deceased, Aspen Robertson, and an administrator of the Estate of Aspen Robertson.

3. Defendant, United States of America, ("USA"), through its agency(ies)/instrumentality(ies), United States Customs and Border Protection and/or United States Department of Transportation, was responsible for the construction, installation, maintenance, repair, upkeep, operation, control, and/or use of the traffic control and/or barricades and/or traffic control gate and/or traffic blocking mechanisms ("Traffic Control Gate") at or near the Three Nations Bridge Border Crossing, f/k/a The Seaway Bridge.

4. Defendant, United States Customs and Border Protection ("CBP") is an agency within the meaning of 5 U.S.C. § 552(1)(f).

5. Defendant, United States Department of Transportation ("USDOT"), is an agency within the meaning of 5 U.S.C. § 552(1)(f).

6. Defendant, State of New York ("NY"), has jurisdiction over and is empowered to hold title and other interests in real property, including without limitation the Three Nations Bridge Border Crossing and surrounding lands and is empowered to regulate the use and occupancy thereof as well as any appurtenances thereupon.

7. Defendant, New York State Department of Transportation ("NYDOT"), is an agency/instrumentality of the State of New York and has jurisdiction over and is empowered to hold title and other interests in real property, including without limitation the Three Nations Bridge

Border Crossing and surrounding lands and is empowered to regulate the use and occupancy thereof as well as any appurtenances thereupon.

8. Defendant, County of St. Lawrence ("St. Lawrence"), is a political subdivision of the State of New York, and as such, has jurisdiction over and is empowered to hold title and other interests in real property, including without limitation the Three Nations Bridge Border Crossing and surrounding lands and is empowered to regulate the use and occupancy thereof as well as any appurtenances thereupon.

9. Defendant, Town of Massena ("Massena"), is a political subdivision of the State of New York, and as such, has jurisdiction over and is empowered to hold title and other interests in real property, including without limitation the Three Nations Bridge Border Crossing and surrounding lands and is empowered to regulate the use and occupancy thereof as well as any appurtenances thereupon.

10. Defendant, Gilbane Building Company, ("Gilbane") is a corporation organized and existing under the laws of the State of Rhode Island with a principal place of business located at 7 Jackson Walkway, Providence, RI, 02903 and New York Registered agent for service at C T Corporation System, 28 Liberty Street, New York, NY 10005.

11. Defendant, Smith-Miller + Hawkinson Architects LLP ("SMH"), is a limited liability partnership organized and existing under the laws of the State of New York with a principal place of business located at 305 Canal Street, New York, NY 10013.

12. Defendant, Northland Associates, Inc. ("Northland"), is a corporation organized and existing under the laws of the State of New York, with a principal place of business located at 4701 Buckley Road, Liverpool, NY 13088.

13. Defendant, Rifenburg Construction Inc. ("Rifenburg"), is a corporation organized and existing under the laws of the State of New York, with a principal place of business located at 125 Defreest Drive, Troy, NY 12180.

14. Defendant, Great Lakes St. Lawrence Seaway Development Corp. ("Great Lakes"), is a division, agency, subdivision, or other instrumentality of the Defendant USDOT.

15. Defendant Abide International Inc. ("Abide") is a corporation organized and existing under the laws of the State of Washington, with a principal place of business located at 561 1st Street West, Sonoma, CA 95476.

16. Defendant Abide-Kashia JV2 LLC ("Abide-Kashia JV2") is a limited liability company organized and existing under the laws of the State of California, with a principal place of business located at 1420 Guerneville Road, Suite 1, Santa Rosa, CA 95403, and upon information and belief, is a subsidiary of Defendant, Abide International Inc.

17. Defendant Abide-Kashia JV3 LLC ("Abide-Kashia JV3") is a limited liability company organized and existing under the laws of the State of California, with a principal place of business located at 1420 Guerneville Road, Suite 1, Santa Rosa, CA 95403, and upon information and belief, is a subsidiary of Defendant, Abide International Inc.

18. Defendant Abide-Kashia JV4 LLC ("Abide-Kashia JV4") is a limited liability company organized and existing under the laws of the State of California, with a principal place of business located at 1420 Guerneville Road, Suite 1, Santa Rosa, CA 95403, and upon information and belief, is a subsidiary of Defendant, Abide International Inc.

19. At this time, Defendants John Does 1-10 are unknown. As such, John Does 1-10, is a fictitious designation, representing one or more individual(s), sole proprietorship(s), association(s), limited partnership(s), general partnership(s), limited liability company(ies), and/or

corporation(s), which in any way owned, possessed, controlled or maintained any part of the premises upon which this incident occurred and/or contributed in any way to the happening of this incident and/or Plaintiff's damages.

## VENUE

20. Venue is proper in the district of New Jersey pursuant to 28 U.S.C. §1391(e)(1) as the United States is a defendant and this district is where a substantial part of the events or omissions giving rise to the claim occurred.

## FACTUAL AVERMENTS

21. On or about September 24, 2022, Aspen Robertson, was operating a vehicle on or around Seaway International Bridge Road, in the Town of Massena, State of New York.

22. While driving on Seaway International Bridge Road, Aspen Robertson struck a traffic control gate that was improperly, negligently, carelessly and/or recklessly designed, installed, maintained and/or positioned in such a way as to be unreasonably dangerous to the motoring public.

23. At all times relevant hereto, the traffic control gate was designed, installed, operated, controlled, supervised, maintained, located, repaired, and/or otherwise kept by the Defendants USA, CBP, USDOT, NY, NYDOT, St. Lawrence, Massena, Gilbane, SMH, Northland, Rifenburg, Great Lakes, Abide, Abide-Kashia JV2, Abide-Kashia JV3, Abide-Kashia JV4, and/or John Does 1-10 (each a "Defendant" and collectively, the "Defendants").

24. At all times relevant hereto, the land upon which the traffic control gate was situated was installed, operated, maintained, repaired, owned and/or controlled by each and/or any of the Defendants.

25. As a result of striking the traffic control gate, Aspen Robertson suffered catastrophic injuries resulting in his death.

26. On October 31, 2021, the Plaintiffs, Sheryl Thompson and Frank Robertson were named administrators of the Estate of Aspen Robertson pursuant to the *Indian Act*, R.S.C. 1985, C. I-5.

27. Plaintiffs, Sheryl Thompson and Frank Robertson have applied to be named as administrator of the Estate of Aspen Robertson pursuant to the laws of the State of New York.

28. The Plaintiffs, Sheryl Thompson, individually and as administrator of the Estate of Aspen Robertson, and Frank Robertson, individually and as administrator of the Estate of Aspen Robertson, and the Estate of Aspen Robertson make this complaint for both wrongful death and survival damages.

**FIRST COUNT**

29. Plaintiffs repeat and realleges the factual recitations of the preceding paragraphs of the Complaint as if set forth herein at length.

30. At all times relevant hereto, Defendants designed, installed, operated, controlled, maintained, supervised, located, repaired, and/or otherwise kept the traffic control gate.

31. At all times relevant hereto, Defendants owned and/or controlled the land upon which the traffic control gate was situated.

32. Defendants, were negligent, careless, and/or reckless in that Defendants:

- caused, created, and/or permitted unsafe, dangerous and hazardous conditions and defects to exist with regards to the traffic control gate and/or the land upon which the traffic control gate was situated; and/or
- failed to warn of such dangerous and hazardous conditions; and/or

- failed to make proper inspection of the traffic control gate and/or the land upon which the traffic control gate was situated; and/or
- negligently hired employees and/or agents for the installation, construction, operation, maintenance, repair and upkeep of the traffic control gate; and/or
- negligently supervised employees with regards to the installation, construction, operation, maintenance, repair and upkeep of the traffic control gate; and/or
- negligently retained employees and/or agents for the installation, construction, operation, maintenance, repair and upkeep of the traffic control gate; and/or
- otherwise acted negligently, carelessly, recklessly, and with such callous disregard such that they wrongfully caused Aspen Robertson to come into contact with such dangerous and hazardous conditions and defects; and/or
- were otherwise inattentive, reckless, careless, negligent and/or grossly negligent.

33. As a direct and proximate result of the negligence, carelessness, gross negligence and/or recklessness of the Defendants, aforesaid, Aspen Robertson, was caused to suffer catastrophic injuries resulting in his death.

34. Before his death, Aspen Robertson suffered physical pain, mental anguish, and fear of impending death.

35. As a result of Aspen Robertson's death, he, his heirs and his beneficiaries were deprived of the future earnings he would have derived throughout his life.

36. As a result of Aspen Robertson's death, Plaintiffs Sheryl Thompson, individually and as administrator of the Estate of Aspen Robertson, and Frank Robertson, individually and as administrator of the Estate of Aspen Robertson, as well as other heirs and benificiaries, have suffered both tangible and intangible losses and damages including, without limitation, loss of companionship, loss of advice and guidance, and loss of future earning capacity.

**WHEREFORE**, the Plaintiffs demand judgment against the Defendants individually, jointly, severally and/or for wrongful death damages, survival damages, counsel fees, interest and costs of suit in excess of the jurisdictional limits of all lower courts pursuant to CPLR §3017(c).

**JURY DEMAND**

The Plaintiffs, Sheryl Thompson, individually and as administrator of the Estate of Aspen Robertson, and Frank Robertson, individually and as administrator of the Estate of Aspen Robertson, and the Estate of Aspen Robertson, hereby demand a trial by jury as to all issues of fact and damages stated herein.

**NICHOLS LAW FIRM, PLLC**
Attorney for Plaintiffs

By: ______________________
KEVIN NICHOLS, ESQ.

Dated: September 22, 2024

4859-0609-6102, v. 2

# Exhibit "C"

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Northern District of New York

SHERYL THOMPSON, Individually and as administrator of the ESTATE OF ASPEN ROBERTSON; and FRANK ROBERTSON, Individually and as administrator of the ESTATE OF

*Plaintiff(s)*

v.

UNITED STATES OF AMERICA; UNITED STATES CUSTOMS AND BORDER PROTECTION; UNITED STATES DEPARTMENT OF TRANSPORTATION; STATE O

*Defendant(s)*

Civil Action No. 8:24-cv-1163 (GTS/DJS)

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)* Northland Associates, Inc. ("Northland")
4701 Buckley Road
Liverpool NY 13088

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are: Kevin Nichols Esquire
Nicols Law Firm
16 Elm Street, Malone NY 12953

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

John Domurad
Clerk of Court

Date: 9/24/2024

S/Matthew Gerace
*Signature of Clerk or Deputy Clerk*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SHERYL THOMPSON, Individually and as administrator of the ESTATE OF ASPEN ROBERTSON; and FRANK ROBERTSON, Individually and as administrator of the ESTATE OF ASPEN ROBERTSON, and the ESTATE OF ASPEN ROBERTSON<br><br>Plaintiffs,<br><br>vs.<br><br>UNITED STATES OF AMERICA; UNITED STATES CUSTOMS AND BORDER PROTECTION; UNITED STATES DEPARTMENT OF TRANSPORTATION; STATE OF NEW YORK; NEW YORK STATE DEPARTMENT OF TRANSPORTATION; COUNTY OF ST. LAWRENCE; TOWN OF MASSENA; GILBANE BUILDING COMPANY OF NEW YORK; SMITH-MILLER + HAWKINSON ARCHITECTS LLP; NORTHLAND ASSOCIATES, INC.; RIFENBURG CONSTRUCTION INC.; ABIDE INTERNATIONAL INC.; ABIDE-KASHIA JV2 LLC; ABIDE-KASHIA JV3 LLC; ABIDE KASHIA JV4 LLC; GREAT LAKES ST. LAWRENCE SEAWAY DEVELOPMENT CORP.;<br><br>Defendants. | CIVIL ACTION NO: 8:24-cv-1163 (GTS/DJS)<br><br>CIVIL ACTION<br><br>**COMPLAINT AND JURY DEMAND** |

The Plaintiffs, Sheryl Thompson, individually and as administrator of the Estate of Aspen Robertson, and Frank Robertson, individually and as administrator of the Estate of Aspen Robertson, and the Estate of Aspen Robertson, by way of Complaint against the Defendants say:

## JURISDICTION

1. This Court has subject matter jurisdiction over the claims herein pursuant to 28 U.S.C. § 1346(b(1).

## VENUE

2. Venue is proper in the Northern District of New York pursuant to 28 U.S.C. §1391(e)(1) as the United States is a defendant and this district is where a substantial part of the events or omissions giving rise to the claim occurred.

## PARTIES

3. Plaintiff, Sheryl Thompson, is an adult individual, mother of the deceased, Aspen Robertson, and an administrator of the Estate of Aspen Robertson.

4. Plaintiff, Frank Robertson, is an adult individual, father of the deceased, Aspen Robertson, and an administrator of the Estate of Aspen Robertson.

5. Defendant, United States of America, ("USA"), through its agency(ies)/instrumentality(ies), United States Customs and Border Protection and/or United States Department of Transportation, was responsible for the construction, installation, maintenance, repair, upkeep, operation, control, and/or use of the traffic control blocking mechanisms and/or barricades and/or traffic control gate(s) ("Traffic Control Gate") at or near the Three Nations Bridge Border Crossing, f/k/a The Seaway Bridge. Pursuant to 28 U.S.C. § 1346(b)(1), the United States of America is an appropriate Defendant. Defendant USA may be served with process pursuant to Fed. R. Civ. P. 4(i) by delivering a copy of the Summons and Complaint to the United States Attorney for the district in which the action is brought and by also sending a copy of the Summons and Complaint by registered and certified mail to the Attorney General of the United States.

6. Defendant, United States Customs and Border Protection ("CBP") is an agency within the meaning of 5 U.S.C. § 552(1)(f). Defendant CBP is an entity of the United States Government and may be served with process pursuant to Fed. R. Civ. P. 4(i) by delivering a copy of the Summons and Complaint to the United States Attorney for the district in which the action is brought and by also sending a copy of the Summons and Complaint by registered and certified mail to the Attorney General of the United States.

7. Defendant, United States Department of Transportation ("USDOT"), is an agency within the meaning of 5 U.S.C. § 552(1)(f). Defendant USDOT is an entity of the United States Government and may be served with process pursuant to Fed. R. Civ. P. 4(i) by delivering a copy of the Summons and Complaint to the United States Attorney for the district in which the action is brought and by also sending a copy of the Summons and Complaint by registered and certified mail to the Attorney General of the United States.

8. Defendant, State of New York ("NY"), has jurisdiction over and is empowered to hold title and other interests in real property, including without limitation the Three Nations Bridge Border Crossing and surrounding lands and is empowered to regulate the use and occupancy thereof as well as any appurtenances thereupon.

9. Defendant, New York State Department of Transportation ("NYDOT"), is an agency/instrumentality of the State of New York and has jurisdiction over and is empowered to hold title and other interests in real property, including without limitation the Three Nations Bridge Border Crossing and surrounding lands and is empowered to regulate the use and occupancy thereof as well as any appurtenances thereupon.

10. Defendant, County of St. Lawrence ("St. Lawrence"), is a political subdivision of the State of New York, and as such, has jurisdiction over and is empowered to hold title and other

interests in real property, including without limitation the Three Nations Bridge Border Crossing and surrounding lands and is empowered to regulate the use and occupancy thereof as well as any appurtenances thereupon.

11. Defendant, Town of Massena ("Massena"), is a political subdivision of the State of New York, and as such, has jurisdiction over and is empowered to hold title and other interests in real property, including without limitation the Three Nations Bridge Border Crossing and surrounding lands and is empowered to regulate the use and occupancy thereof as well as any appurtenances thereupon.

12. Defendant, Gilbane Building Company, ("Gilbane") is a corporation organized and existing under the laws of the State of Rhode Island with a principal place of business located at 7 Jackson Walkway, Providence, RI, 02903 and New York Registered agent for service at C T Corporation System, 28 Liberty Street, New York, NY 10005.

13. Defendant, Smith-Miller + Hawkinson Architects LLP ("SMH"), is a limited liability partnership organized and existing under the laws of the State of New York with a principal place of business located at 305 Canal Street, New York, NY 10013.

14. Defendant, Northland Associates, Inc. ("Northland"), is a corporation organized and existing under the laws of the State of New York, with a principal place of business located at 4701 Buckley Road, Liverpool, NY 13088.

15. Defendant, Rifenburg Construction Inc. ("Rifenburg"), is a corporation organized and existing under the laws of the State of New York, with a principal place of business located at 125 Defreest Drive, Troy, NY 12180.

16. Defendant Abide International Inc. ("Abide") is a corporation organized and existing under the laws of the State of Washington, with a principal place of business located at 561 1st Street West, Sonoma, CA 95476.

17. Defendant Abide-Kashia JV2 LLC ("Abide-Kashia JV2") is a limited liability company organized and existing under the laws of the State of California, with a principal place of business located at 1420 Guerneville Road, Suite 1, Santa Rosa, CA 95403, and upon information and belief, is a subsidiary of Defendant, Abide International Inc.

18. Defendant Abide-Kashia JV3 LLC ("Abide-Kashia JV3") is a limited liability company organized and existing under the laws of the State of California, with a principal place of business located at 1420 Guerneville Road, Suite 1, Santa Rosa, CA 95403, and upon information and belief, is a subsidiary of Defendant, Abide International Inc.

19. Defendant Abide-Kashia JV4 LLC ("Abide-Kashia JV4") is a limited liability company organized and existing under the laws of the State of California, with a principal place of business located at 1420 Guerneville Road, Suite 1, Santa Rosa, CA 95403, and upon information and belief, is a subsidiary of Defendant, Abide International Inc.

20. Defendant, Great Lakes St. Lawrence Seaway Development Corp. ("Great Lakes"), is a division, agency, subdivision, or other instrumentality of the Defendant USDOT.

**FACTUAL AVERMENTS**

21. On or about September 24, 2022, Aspen Robertson, was operating a vehicle on or around Seaway International Bridge Road, in the Town of Massena, State of New York.

22. While driving on Seaway International Bridge Road, Aspen Robertson struck a traffic control gate that was improperly, negligently, carelessly and/or recklessly designed,

installed, maintained and/or positioned in such a way as to pose an unreasonable danger to the motoring public.

23. At all times relevant hereto, the traffic control gate was designed, installed, operated, controlled, supervised, maintained, located, repaired, and/or otherwise kept by the Defendants USA, CBP, USDOT, NY, NYDOT, St. Lawrence, Massena, Gilbane, SMH, Northland, Rifenburg, Abide, Abide-Kashia JV2, Abide-Kashia JV3, Abide-Kashia JV4, and/or Great Lakes (each a "Defendant" and collectively, the "Defendants").

24. At all times relevant hereto, the land upon which the traffic control gate was situated was installed, operated, maintained, repaired, owned and/or controlled by each, all and/or any of the Defendants.

25. As a result of striking the traffic control gate, Aspen Robertson suffered catastrophic injuries resulting in his death.

26. On October 31, 2021, the Plaintiffs, Sheryl Thompson and Frank Robertson were named administrators of the Estate of Aspen Robertson pursuant to the *Indian Act*, R.S.C. 1985, C. I-5.

27. Plaintiffs, Sheryl Thompson and Frank Robertson have applied to be named as administrator of the Estate of Aspen Robertson pursuant to the laws of the State of New York.

28. The Plaintiffs, Sheryl Thompson, individually and as administrator of the Estate of Aspen Robertson, and Frank Robertson, individually and as administrator of the Estate of Aspen Robertson, and the Estate of Aspen Robertson, make this complaint for both wrongful death and survival damages.

**FIRST COUNT**

29. Plaintiffs repeat and realleges the factual recitations of the preceding paragraphs of the Complaint as if set forth herein at length.

30. At all times relevant hereto, Defendants designed, installed, operated, controlled, maintained, supervised, located, repaired, and/or otherwise kept the traffic control gate.

31. At all times relevant hereto, Defendants owned and/or controlled the land upon which the traffic control gate was situated.

32. Defendants, were negligent, careless, and/or reckless in that Defendants:

- caused, created, and/or permitted unsafe, dangerous and hazardous conditions and defects to exist with regards to the traffic control gate and/or the land upon which the traffic control gate was situated; and/or
- failed to warn of such dangerous and hazardous conditions; and/or
- failed to make proper inspection of the traffic control gate and/or the land upon which the traffic control gate was situated; and/or
- negligently hired employees and/or agents for the installation, construction, operation, maintenance, repair and upkeep of the traffic control gate; and/or
- negligently supervised employees with regards to the installation, construction, operation, maintenance, repair and upkeep of the traffic control gate; and/or
- negligently retained employees and/or agents for the installation, construction, operation, maintenance, repair and upkeep of the traffic control gate; and/or

- otherwise acted negligently, carelessly, recklessly, and with such callous disregard such that they wrongfully caused Aspen Robertson to come into contact with such dangerous and hazardous conditions and defects; and/or
- were otherwise inattentive, reckless, careless, negligent and/or grossly negligent.

33. As a direct and proximate result of the negligence, carelessness, gross negligence and/or recklessness of the Defendants, aforesaid, Aspen Robertson, was caused to suffer catastrophic injuries resulting in his death.

34. Before his death, Aspen Robertson suffered physical pain, mental anguish, and fear of impending death.

35. As a result of Aspen Robertson's death, he, his heirs, and his beneficiaries were deprived of the future earnings he would have derived throughout his life.

36. As a result of Aspen Robertson's death, Plaintiffs Sheryl Thompson, individually and as administrator of the Estate of Aspen Robertson, and Frank Robertson, individually and as administrator of the Estate of Aspen Robertson, as well as other heirs and beneficiaries, have suffered both tangible and intangible losses and damages including, without limitation, loss of companionship, loss of advice and guidance, and loss of future earning capacity.

**WHEREFORE**, the Plaintiffs demand judgment against the Defendants individually, jointly, severally and/or for wrongful death damages, survival damages, counsel fees, interest and costs of suit.

**JURY DEMAND**

The Plaintiffs hereby demand a trial by jury as to all issues pursuant to F.R.C.P. 38.

**DESIGNATION OF TRIAL COUNSEL**

Kevin Nichols, Esquire, is hereby designated as trial counsel on behalf of the Plaintiffs, Sheryl Thompson, individually and as administrator of the Estate of Aspen Robertson, and Frank Robertson, individually and as administrator of the Estate of Aspen Robertson, and the Estate of Aspen Robertson.

**CERTIFICATION**

In accordance with F.R.C.P. 11, the undersigned hereby certifies as follows:

1. I have read the content of the above pleading.

2. To the best of my knowledge, information and/or belief, formed after reasonable inquiry, this pleading is well grounded in fact and warranted by existing law or a good-faith argument for the extension, modification or reversal of existing law.

3. It is not intended for any improper purpose such as to harass or to cause unnecessary delay or cost to litigation.

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

**NICHOLS LAW FIRM, PLLC**
Attorney for Plaintiffs

By: / s/ *Kevin Nichols*
KEVIN NICHOLS, ESQ.

Dated: September 22, 2024

JS 44 (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**I. (a) PLAINTIFFS**
SHERYL THOMPSON, Individually and as administrator of the ESTATE OF ASPEN ROBERTSON; and FRANK ROBERTSON, Individually and as administrator of the ESTATE OF ASPEN ROBERTSON, and the ESTATE OF ASPEN ROBERTSON

**DEFENDANTS**
UNITED STATES OF AMERICA; UNITED STATES CUSTOMS AND BORDER PROTECTION; UNITED STATES DEPARTMENT OF TRANSPORTATION; STATE OF NEW YORK; NEW YORK STATE DEPARTMENT OF TRANSPORTATION; COUNTY OF ST. LAWRENCE; TOWN OF MASSENA; GILBANE BUILDING COMPANY OF NEW YORK; SMITH-MILLER + HAWKINSON ARCHITECTS LLP; NORTHLAND ASSOCIATES, INC.; RIFENBURG CONSTRUCTION INC.; GREAT LAKES ST. LAWRENCE SEAWAY; ABIDE INTERNATIONAL INC.; ABIDE -KASHIA JV2 LLC; ABIDE-KASHIA JV3 LLC; ABIDE KASHIA JV4 LLC DEVELOPMENT CORP.;

**(b)** County of Residence of First Listed Plaintiff: Akwesasne ON
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: United States of Americ
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Kevin Nichols Esquire
Nicols Law Firm
16 Elm Street, Malone NY 12953

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [x] 2 U.S. Government Defendant
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

**REAL PROPERTY**
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [x] 360 Other Personal Injury
- [ ] 362 Personal Injury - Medical Malpractice

PERSONAL INJURY
- [ ] 365 Personal Injury - Product Liability
- [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

**CIVIL RIGHTS**
- [ ] 440 Other Civil Rights
- [ ] 441 Voting
- [ ] 442 Employment
- [ ] 443 Housing/ Accommodations
- [ ] 445 Amer. w/Disabilities - Employment
- [ ] 446 Amer. w/Disabilities - Other
- [ ] 448 Education

**PRISONER PETITIONS**

Habeas Corpus:
- [ ] 463 Alien Detainee
- [ ] 510 Motions to Vacate Sentence
- [ ] 530 General
- [ ] 535 Death Penalty

Other:
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition
- [ ] 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 690 Other

**LABOR**
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Management Relations
- [ ] 740 Railway Labor Act
- [ ] 751 Family and Medical Leave Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Employee Retirement Income Security Act

**IMMIGRATION**
- [ ] 462 Naturalization Application
- [ ] 465 Other Immigration Actions

**BANKRUPTCY**
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 835 Patent - Abbreviated New Drug Application
- [ ] 840 Trademark
- [ ] 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- [ ] 375 False Claims Act
- [ ] 376 Qui Tam (31 USC 3729(a))
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit (15 USC 1681 or 1692)
- [ ] 485 Telephone Consumer Protection Act
- [ ] 490 Cable/Sat TV
- [ ] 850 Securities/Commodities/ Exchange
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 893 Environmental Matters
- [ ] 895 Freedom of Information Act
- [ ] 896 Arbitration
- [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- [ ] 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing ***(Do not cite jurisdictional statutes unless diversity)***:
28 U.S.C. §1391(e)(1) 5 U.S.C. § 552(1)(f).

Brief description of cause:
Plaintiff operating a vehicle on or around Seaway International bridge Road, in the Town of Massena , State of New York, struck a traffic control ga

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [x] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions)*: JUDGE ______ DOCKET NUMBER ______

DATE: 9-23-24

SIGNATURE OF ATTORNEY OF RECORD: [signature]

**FOR OFFICE USE ONLY**

RECEIPT # ______ AMOUNT $405 APPLYING IFP ______ JUDGE GTS MAG. JUDGE DJS

JS 44 Reverse (Rev. 10/20)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)** **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b)** **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c)** **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.** **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.** **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.** **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket. **PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statute.

**VI.** **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

**VII.** **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

# Exhibit "D"

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

**SHERYL THOMPSON, Individually and as Administrator of the Estate of ASPEN ROBERTSON; FRANK ROBERTSON, Individually and as Administrator of the ESTATE OF ASPEN ROBERTSON; and the ESTATE OF ASPEN ROBERTSON,**

**Plaintiffs,**

**-vs-**

**UNITED STATES OF AMERICA; UNITED STATES CUSTOMS AND BORDER PROTECTION; UNITED STATES DEPARTMENT OF TRANSPORTATION; STATE OF NEW YORK; NEW YORK STATE DEPARTMENT OF TRANSPORTATION; COUNTY OF ST. LAWRENCE; TOWN OF MASSENA; GILBANE BUILDING COMPANY OF NEW YORK; SMITH-MILLER + HAWKINSON ARCHITECTS LLP; NORTHLAND ASSOCIATES, INC.; RIFENBURG CONSTRUCTION INC.; ABIDE INTERNATIONAL INC.; ABIDE-KASHIA JV2 LLC; ABIDE-KASHIA JV3 LLC; ABIDE KASHIA JV4 LLC; GREAT LAKES ST. LAWRENCE SEAWAY DEVELOPMENT CORP.;**

**Defendants.**

**Case No: 8:24-cv-01163 (GTS/DJS)**

**ANSWER**

**JURY TRIAL DEMANDED**

Defendant Northland Associates, Inc., by and through its attorneys Costello, Cooney & Fearon, PLLC, alleges and shows to the Court as follows:

1. With respect to the allegations contained in paragraphs "1" and "2" of the complaint, this answering defendant states that such allegations consist of legal conclusions regarding jurisdiction and venue and do not require a response, however, to the extent a response is required, this answering defendant **DENIES KNOWLEDGE OF INFORMATION** sufficient to form a belief as to the truth or falsity of such allegations, and therefore **DENIES** same.

2. **DENIES KNOWLEDGE OR INFORMATION** sufficient to form a belief as to the truth or falsity of the allegations contained in paragraphs "3", "4", "5", "6", "7", "8", "9", "10", "11", "12", "13", "15", "16", "17", "18", "19", "20", "21", "25", "26", "27" and "28" of the complaint and therefore **DENIES** the same.

3. **ADMITS** the allegations contained in paragraph "14" of the complaint.

4. **DENIES** the allegations contained in paragraphs "22", "23" and "24" of the complaint to the extent the allegations refer or relate to this answering defendant, but **DENIES KNOWLEDGE OR INFORMATION** sufficient to form a belief as to the truth or falsity of those remaining allegations as they relate to any co-defendants, and therefore **DENIES** same.

5. **DENIES** each and every other allegation not herein specifically admitted, denied or otherwise controverted.

**IN DEFENSE OF THE FIRST COUNT**

6. With respect to the allegations contained in paragraph enumerated "29" of the complaint, this answering defendant repeats and realleges its responses to the paragraphs incorporated by reference in said paragraph "29" as if more fully set forth and restated herein.

7. **DENIES** the allegations contained in paragraphs "30", "31", "32" and "33" of the complaint to the extent the allegations refer or relate to this answering defendant, but **DENIES KNOWLEDGE OR INFORMATION** sufficient to form a belief as to the truth or falsity of those remaining allegations as they relate to any co-defendants, and therefore **DENIES** same.

8. **DENIES KNOWLEDGE OR INFORMATION** sufficient to form a belief as to the truth or falsity of the allegations contained in paragraphs "34", "35" and "36" of the complaint and therefore **DENIES** the same.

9. **DENIES** each and every other allegation not herein specifically admitted, denied or otherwise controverted.

**AS AND FOR A FIRST**
**AFFIRMATIVE DEFENSE**

10. Upon information and belief, some or all of the damages alleged in the plaintiffs' complaint are barred and/or subject to the qualifications of or similar to the provision of Section 4545 of the New York Civil Practice Law and Rules.

**AS AND FOR A SECOND**
**AFFIRMATIVE DEFENSE**

11. In the event of any prior or subsequent settlement entered into between plaintiffs and another person(s) or entity liable, or claimed to be liable, in tort for the same injury or wrongful death complained of herein, defendant asserts all relevant provisions of or similar to General Obligations Law Section 15-108.

**AS AND FOR A THIRD**
**AFFIRMATIVE DEFENSE**

12. Upon information and belief, the plaintiffs' damages, if any, were brought about either in whole or in part by plaintiff Aspen Robertson's own culpable conduct without any negligence, fault or want of care on the part of the defendant.

13. By virtue of the foregoing, in the event any judgment or recovery is made by plaintiffs, it should be reduced in accordance with Section 1411 of the New York Civil Practice Law and Rules.

**AS AND FOR A FOURTH**
**AFFIRMATIVE DEFENSE**

14. Upon information and belief, the plaintiffs' damages, if any, were brought about either in whole or in part by the culpable conduct of others over whom this answering defendant

Case 8:24-cv-01318-GTS-DJS Document 1-12 Filed 10/29/24 Page 99 of 366

had no authority, control or dominion and without any negligence, fault or want of care on the part of the defendant.

15. By virtue of the foregoing, in the event any judgment or recovery is made by plaintiffs, it should be reduced in accordance with Section 1411 of the Civil Practice Law and Rules.

**AS AND FOR A FIFTH**
**AFFIRMATIVE DEFENSE**

16. The liability, if any, of the defendant is limited by operation of Article 16 of the New York Civil Practice Law and Rules.

**AS AND FOR A SIXTH**
**AFFIRMATIVE DEFENSE**

17. The plaintiffs' complaint either in whole or in part, fails to state a cause of action against this answering defendant upon which the requested relief may be granted.

**AS AND FOR A SEVENTH**
**AFFIRMATIVE DEFENSE**

18. Upon information and belief, this Court lacks subject matter jurisdiction over this matter.

**AS AND FOR AN EIGHTH**
**AFFIRMATIVE DEFENSE**

19. Upon information and belief, this Court lacks personal jurisdiction over this answering defendant.

**AS AND FOR A NINTH**
**AFFIRMATIVE DEFENSE**

20. The plaintiffs' damages were the result of superseding or intervening causes, unrelated to any alleged negligence or culpable conduct of the defendant.

**AS AND FOR A TENTH**
**AFFIRMATIVE DEFENSE**

21. Upon information and belief, one or more of the plaintiffs lacks legal capacity and/or standing to sue this answering defendant.

**AS AND FOR AN ELEVENTH**
**AFFIRMATIVE DEFENSE**

22. In the event plaintiffs seek to recover a verdict or judgment against this answering defendant, then said verdict or judgment must exclude those amounts which have been or will indemnify for past or future claimed medical costs, health care, life care or other economic loss or benefit which is offered or provided under or in connection with the Patient Protection and Affordable Care Act.

**AS AND FOR A TWELFTH**
**AFFIMATIVE DEFENSE**

23. In the event plaintiffs recover a verdict or judgment against this answering defendant, then said verdict or judgment must exclude or be reduced by those amounts which will, with reasonable certainty, replace or indemnify plaintiff in whole or in part for any past or future medical costs, health care, life care or other economic loss or benefit which is offered or provided under or in connection with the Patient Protection and Affordable Care Act.

**AS AND FOR A THIRTEENTH**
**AFFIRMATIVE DEFENSE**

24. To the extent plaintiff failed to take reasonable steps to protect himself from medical costs, health care or life care costs that would avail himself of the resources, services, benefits and coverage available to him under the Patient Protection and Affordable Care Act, then plaintiff has failed to mitigate his damages and cannot recover for same.

Case 8:24-cv-01318-GTS-DJS Document 1-12 Filed 10/29/24 Page 101 of 366

**AS AND FOR A FOURTEENTH**
**AFFIRMATIVE DEFENSE**

25. Upon information and belief, plaintiffs' causes of action may not be maintained because the statute of limitations for one or more of plaintiffs' claims has expired.

**AS AND FOR A FIFTEENTH**
**AFFIRMATIVE DEFENSE**

26. The condition alleged by plaintiffs to be dangerous and defective, if it existed, was so open and obvious that a reasonable person would have recognized such and avoided same.

27. By virtue of the foregoing, in the event any judgment or recovery is made by plaintiffs, it should be reduced in accordance with Section 1411 of the Civil Practice Law and Rules.

**AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE,**
**AND BY WAY OF A CROSSCLAIM AGAINST ALL**
**CO-DEFENDANTS**

28. This answering defendant repeats and realleges the allegations contained in paragraphs "1" through "27" of this answer as if fully rewritten herein.

29. If the plaintiffs were caused to sustain any loss, damage or injury through any carelessness, negligence, recklessness, or on any other legal theory, the said loss, damage or injury was caused by reason of the active and primary carelessness, fault, recklessness and negligence of the co-defendants United States of America, United States Customs and Border Protection, United States Department of Transportation, State of New York, New York State Department of Transportation, County of St. Lawrence, Town of Massena, Gilbane Building Company of New York, Smith-Miller + Hawkinson Architects LLP, Northland Associates, Inc., Rifenburg Construction Inc., Abide International Inc., Abide-Kashia JV2 LLC, Abide-Kashia JV3 LLC, Abide-Kashia JV4 LLC, and/or Great Lakes St. Lawrence Seaway Development Corp, and for which the carelessness, fault, recklessness and negligence of Northland Associates, Inc., if any,

was secondary or partial. If any judgment is recovered herein by plaintiffs against Northland Associates, Inc. upon any legal theory, Northland Associates, Inc. will be damaged thereby, and the co-defendants will be primarily liable therefor.

30. By reason of the foregoing, the co-defendants will be liable to Northland Associates, Inc., either in whole or in part, based upon common-law indemnification and/or contribution, in the even any recovery herein by plaintiffs against Northland Associates, Inc.

**WHEREFORE**, defendant Northland Associates, Inc. demands judgment dismissing plaintiffs' complaint herein with costs, or in the alternative, judgment reducing the liabilities of the parties to this action due to plaintiff's culpable conduct, or further in the alternative, a determination of the respective liabilities of all the parties to this action, together with the costs and disbursements of this action and such other and further relief as to this Court may seem just and proper.

**Dated: October 21, 2024**

**COSTELLO, COONEY & FEARON, PLLC**

**ELIZABETH A. HOFFMAN**
**KELLY J. PARE**
**Attorneys for Defendant,**
***Northland Associates, Inc.*,**
**Office and Post Office Address**
**211 West Jefferson Street, Suite 1**
**Syracuse, New York 13202**
**Telephone: (315) 422-1152**
**ehoffman@ccf-law.com**
**kpare@ccf-law.com**

**TO: KEVIN F. NICHOLS, ESQ.**
**NICHOLS LAW FIRM PLLC**
**Attorneys for Plaintiffs**
**Office and Post Office Address**
**16 Elm Street**
**Malone, NY 12953**
**Telephone: 518-483-2200**
**knichols@nicholslawfirm.com**

**CC: M. RANDOLPH BELKIN, ESQ.**
**LAW OFFICE OF M. RANDOLPH BELKIN**
**Attorneys for Defendant,**
***Town of Massena***
**Office and Post Office Address**
**26 Century Hill Drive, Suite 202**
**Latham, New York 12110**
**Telephone: 518-785-5340**
**Randy.Belkin@selective.com**

**ANDREW L. MARGULIS, ESQ.**
**ROPERS MAJESKI PC**
**Attorneys for Defendant,**
***Gilbane Building Company***
**Office and Post Office Address**
**800 Third Avenue, 29th Floor**
**New York, New York 10022**
**Telephone: 212-668-5927**
**Andrew.margulis@rmkb.com**

## CERTIFICATION

In accordance with Rule 11 of the Federal Rules of Civil Procedure, the undersigned hereby certifies as follows:

1. I have read the content of the above pleading.

2. To the best of my knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation.

3. To the best of my knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law.

4. To the best of my knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery.

5. To the best of my knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

**Dated: October 21, 2024**

**COSTELLO, COONEY & FEARON, PLLC**

**ELIZABETH A. HOFFMAN**
**KELLY J. PARE**
**Attorneys for Defendant,**
***Northland Associates, Inc.,***
**Office and Post Office Address**
**211 West Jefferson Street, Suite 1**
**Syracuse, New York 13202**
**Telephone: (315) 422-1152**
**ehoffman@ccf-law.com**
**kpare@ccf-law.com**

STATE OF NEW YORK
SUPREME COURT COUNTY OF ST. LAWRENCE

SHERYL THOMPSON, Individually and as Administrator of the Estate of ASPEN ROBERTSON; FRANK ROBERTSON, Individually and as Administrator of the ESTATE OF ASPEN ROBERTSON; and the ESTATE OF ASPEN ROBERTSON,

Plaintiffs,

-vs-

UNITED STATES OF AMERICA; UNITED STATES CUSTOMS AND BORDER PROTECTION; UNITED STATES DEPARTMENT OF TRANSPORTATION; STATE OF NEW YORK; NEW YORK STATE DEPARTMENT OF TRANSPORTATION; COUNTY OF ST. LAWRENCE; TOWN OF MASSENA; GILBANE BUILDING COMPANY OF NEW YORK; SMITH-MILLER + HAWKINSON ARCHITECTS LLP; NORTHLAND ASSOCIATES, INC.; RIFENBURG CONSTRUCTION INC.; GREAT LAKES ST. LAWRENCE SEAWAY DEVELOPMENT CORP.; and JOHN DOES 1-10,

Defendants.

Index No. EFCV-24-166762

# MEMORANDUM OF LAW IN SUPPORT OF NORTHLAND ASSOCIATES, INC.'S MOTION TO DISMISS

COSTELLO, COONEY & FEARON, PLLC
Attorneys for Defendant,
*Northland Associates, Inc.,*
Office and Post Office Address
211 West Jefferson Street, Suite 1
Syracuse, New York 13202
Telephone: (315) 422-1152

ELIZABETH A. HOFFMAN
KELLY J. PARE,
Of Counsel

## PRELIMINARY STATEMENT

Defendant, Northland Associates, Inc. ("Northland"), submits this memorandum of law in support of its motion for an order pursuant to Rule 3211(a)(4) of the Civil Practice Law and Rules ("CPLR") dismissing this action (the "Present Action") on the grounds there is an identical action currently pending between the same parties for the same cause of action and relief in the United States District Court for the Northern District of New York under Case Number 8:24-cv-1163 (GTS/DJS) (the "Federal Action"), or alternatively, staying the Present Action pending resolution of the Federal Action pursuant to CPLR Rule 3211(a)(4) and/or Section 2201. As set forth herein, the complaints plaintiffs filed to commence both the Present Action and the Federal Action name the same parties, are based on the same facts, state the same cause of action, and seek the same relief. It is respectfully submitted that Northland's motion should be granted, and the plaintiffs' complaint in the Present Action should be dismissed.

## PROCEDURAL HISTORY AND FACTS

For purposes of this motion, the procedural history and relevant facts are set forth in the accompanying affidavit of Elizabeth A. Hoffman, sworn to on October 21, 2024, along with the exhibits attached thereto and documents referenced therein.

## ARGUMENT

### POINT I

### PLAINTIFFS' COMPLAINT SHOULD BE DISMISSED

Rule 3211(a)(4) of the CPLR provides that an action should be dismissed where "there is another action pending between the same parties for the same cause of action in a court of any state or the United States." CPLR 3211(a)(4). "Pursuant to CPLR 3211(a)(4), a court has broad discretion as to the disposition of an action when another action is pending." *Montalvo v. Air Dock*

*Sys.*, 37 A.D.3d 567, 567 (2d Dep't 2007). The critical element warranting dismissal "is that both suits arise out of the same subject matter or series of alleged wrongs." *Scottsdale Ins. Co. v. Indemnity Ins. Corp.*, 110 A.D.3d 783, 784 (2d Dep't 2013) (dismissing an action pursuant to CPLR 3211(a)(4) where there was "substantial identity between the parties, the two actions [were] sufficiently similar, and the relief sought [was] substantially the same"). "While complete identity of parties is not a necessity for dismissal under CPLR 3211(a)(4) . . ., there must at least be 'substantial' identity of the parties which generally is present when at least one plaintiff and one defendant is common in each action." *Cellino & Barnes, P.C. v. Law Office of Christpher J. Cassar, P.C.*, 140 A.D.3d 1732, 1734 (4th Dep't 2016) (alterations in original). When two actions are commenced almost simultaneously, the first-in-time rule should not be dispositive as to where the case should be litigated. *See Seaboard Sur. Co. v. Gillette Co.*, 75 A.D.2d 525, 525 (1st Dep't 1980). Rather, where one forum's connections clearly predominate, the case should be litigated there, particularly when both actions are in the earliest stages of litigation. *See San Ysidro Corp. v. Robinow*, 1 A.D.3d 185, 186 (1st Dep't 2003).

Here, both the Federal Action and the Present Action were commenced within five (5) days of each other, and are in the earliest stages of litigation. (*See* Exhibit "A"; Exhibit "C"). The facts alleged in both the Present Action and the Federal Action are identical. Both complaints allege that on September 24, 2022, Aspen Robertson (the "decedent") was driving on Seaway International Bridge Road, when he struck a traffic gate which was "improperly, negligently, carelessly and/or recklessly designed, installed, maintained and/or positioned in a way to be unreasonably dangerous to the motoring public." (Exhibit "B", ¶¶ 21–22; Exhibit "C", ¶¶ 21–22). Moreover, both the Present Action and Federal Action involve identical parties. (Exhibit "B", ¶¶ 3–18; Exhibit "C", ¶¶ 3–20). All plaintiffs in the Present Action—Sheryl Thompson, individually and as administrator

of the Estate of Aspen Robertson, Frank Robertson, individually and as administrator of the Estate of Aspen Robertson, and the Estate of Aspen Robertson—are also plaintiffs in the Federal Action. (Exhibit "B", ¶¶ 1–2; Exhibit "C", ¶¶ 3–4). Each defendant in the Present Action was named as a defendant in the Federal Action, with the exception of the "John Doe 1–10" defendants.[1] (Exhibit "B", ¶¶ 3–18; Exhibit "C", ¶¶ 5–20). Finally, both the Present Action and Federal Action assert one cause of action seeking damages arising out of Aspen Robertson's wrongful death. (Exhibit "B", ¶¶ 29–36; Exhibit "C", ¶¶ 29–36).

In addition to the complete identity between the parties to and the causes of action asserted in the Federal Action and the Present Action, it is respectfully submitted that the Federal District Court is the more appropriate forum for this action because the United States, the United States Department of Transportation, and the United States Customs and Border Protection (collectively "United States defendants") are named as defendants. This alone weighs in favor of litigating the case in federal court because under the Federal Tort Claims Act ("FTCA"), federal courts have exclusive jurisdiction over civil actions for money damages in cases of personal injury or death against the United States, which are alleged to have been caused by negligent or wrongful acts or omissions by its government. 28 U.S.C. § 1346(b)(1); *see also Adams by Rosado v. Pilarte*, No. 2021–01809, slip op. at 1 (1st Dep't Apr. 21, 2022). The plaintiffs also appear to be residents of Ontario, Canada, based upon the civil cover sheet attached to the summons and complaint filed to commence the Federal Action. (Exhibit "C", p. 2). Moreover, the accident occurred—according to the complaint—"at or near the Three Nations Bridge Border Crossing," which connects Canada, the Akwesasne, and the United States of America. Therefore, not only are the United States and

---

1 While the caption of the Present Action does not list out the Abide International, Inc., Abide-Kashia JV2 LLC, Abide-Kashia JV3 LLC, Abide-Kashia JV4, LLC, those parties are identified in plaintiffs' complaint in the Present Action. (Exhibit "C", ¶¶ 15 –18).

several of its agencies named as defendants, plaintiffs are not residents of the United States, and this action is better litigated in the federal court system. In light of these circumstances and of the complete identity of the parties, facts, causes of action, and relief sought, it is respectfully submitted that the Present Action be dismissed.

**POINT II**

**SHOULD THE COURT DECIDE NOT TO DISMISS THE PRESENT ACTION, THE PRESENT ACTION SHOULD BE STAYED PENDING RESOLUTION OF THE FEDERAL ACTION**

Alternatively, CPLR 3211(a)(4) permits a court to "make any order as justice requires" where there are multiple actions pending between the same parties for the same cause of action, including staying one of the actions. *AIG Financial Products Corp. v. Penncara Energy, LLC*, 83 A.D.3d 495, 495 (1st Dep't 2011) (holding that the trial court's determination "to stay the [New York court] action pending the resolution of the [related] Pennsylvania action" pursuant to CPLR 3211(a)(4) was a "provident exercise of discretion" considering resolution of the Pennsylvania action would necessarily resolve the sole cause of action asserted in the New York action). In addition to CPLR 3211(a)(4), CPLR 2201 gives the court discretion to "grant a stay of proceedings in a proper case, upon such terms as may be just." CPLR 2201. A state court proceeding should be stayed pending the determination of a related federal court proceeding where there is "substantial identity" of the issues and parties in both cases, and staying the state court proceeding would promote "comity, orderly procedure, and judicial economy." *See Britt v. Buffalo Mun. Hous. Auth.*, 63 A.D.3d 1593, 1593 (4th Dep't 2009); *see also Asher v. Abbot Labs.*, 307 A.D.2d 211, 212 (1st Dep't 2003) (holding the defendants' motion for a stay pending resolution of a related federal action should have been granted). The factors which should be considered in deciding whether to stay a state action in favor of a related federal action include the following: (1) whether there is

substantial overlap between the issues and parties involved in both actions; (2) whether a fuller disposition may be obtained in the federal court action versus the state court action; (3) which court has a greater familiarity with the issues; (4) whether the federal action was commenced first and whether discovery has been substantially completed; (5) whether defendants would be prejudiced absent a stay, including prejudice accruing as a result of duplication of effort, waste of judicial resources and the risk of inconsistent rulings; and (6) whether plaintiffs would be prejudiced by a stay. *See Asher*, 307 A.D.2d at 211–212. In addition, a stay is proper if there are "overlapping issues and common questions of law and fact" such that the determination of one action "may dispose of or limit the issues" in the other. *See SSA Holdings LLC v. Kaplan*, 120 A.D. 3d 1111, 1111 (1st Dep't 2014) ("the motion court providently exercised its discretion" by granting a stay where "the determination of [a parallel] action may dispose of, or limit issues involved in this action."). In other words, "where the decision in one action will determine all the questions in the other action, and the judgment on one trial will dispose of the controversy in both actions," a case for granting a stay has been presented. *Hope's Windows v. Albro Metal Prods. Corp.*, 93 A.D.2d 711, 712 (1st Dep't 1983).

Here, consideration of the above-stated factors overwhelmingly weighs in favor of staying the Present Action pending resolution of the Federal Action. As set forth above in POINT I, *supra*, there is complete identity between the parties, causes of action asserted, and relief sought by the plaintiffs in both actions. Resolution of the Federal Action will completely and necessarily dispose of the issues presented in the Present Action. Therefore the Present Action should be stayed to avoid the "duplication of effort, waste of judicial resources, and possibility of inconsistent rulings." *One Beacon Am. Ins. Co. v. Colgate Palmolive Co.* 96 A.D. 3d 541 (1st Dep't 2012); *see also Britt*, 63 A.D.3d at 1593 (affirming stay in the interests of judicial economy, to avoid inequitable results

and promote orderly procedure and goals of comity); *Concord Assoc., L.P. v. EPT Concord*, LLC A.D. 3d 1574, 1575 (3d Dep't 2012); *Nat'l Mgt. Corp. v. Adolfi*, 277 A.D.2d 553, 554–555 (3d Dep't 2000). In addition, a fuller disposition may be had in the Federal Action because the district court has exclusive jurisdiction over the United States defendants. Finally, since the two (2) actions were commenced almost simultaneously, and are in the earliest stages of pleadings, there will be no prejudice to plaintiffs should the Present Action be stayed while the Federal Action proceeds. In contrast, should the Present Action not be stayed, the defendants in both actions will be prejudiced because they will be forced to duplicate their efforts and costs by litigating two (2) lawsuits in two (2) different forums. There is also the risk of prejudice to the defendants of possible inconsistent verdicts in the Present Action versus the Federal Action. Therefore, should the Court decide not to dismiss the Present Action, the Present Action should nevertheless be stayed pending resolution of the Federal Action.

## CONCLUSION

For the foregoing reasons, defendant Northland Associates, Inc. respectfully requests an order dismissing plaintiffs' complaint, or in the alternative, staying the Present Action until such time as there is a final determination with respect to the Federal Action.

**Dated: October 21, 2024**

**COSTELLO, COONEY & FEARON, PLLC**

Elizabeth A. Hoffman

**ELIZABETH A. HOFFMAN**
**KELLY J. PARE**
**Attorneys for Defendant,**
***Northland Associates, Inc.,***
**Office and Post Office Address**
**211 West Jefferson Street, Suite 1**
**Syracuse, New York 13202**
**Telephone: (315) 422-1152**

**CERTIFICATE OF COMPLIANCE**
**PURSUANT TO 22 NYCRR § 202.8-b**

The foregoing memorandum of law was prepared on a computer.

The total number of words in the memorandum of law in support of defendants' motion, inclusive of point headings and footnotes, and exclusive of the caption, table of contents, table of citations, signature block, certificate of compliance, etc. is 1,889 which complies with the word count limit.

**Dated: October 21, 2024**

**COSTELLO, COONEY & FEARON, PLLC**

**ELIZABETH A. HOFFMAN**
**KELLY J. PARE**
**Attorneys for Defendant,**
***Northland Associates, Inc.,***
**Office and Post Office Address**
**211 West Jefferson Street, Suite 1**
**Syracuse, New York 13202**
**Telephone: (315) 422-1152**

# REQUEST FOR JUDICIAL INTERVENTION

UCS-840
(rev. 01/01/2024)

Supreme COURT, COUNTY OF St. Lawrence

Index No: EFCV-24-166762 Date Index Issued: 09/19/2024

**For Court Use Only:**
IAS Entry Date
Judge Assigned
RJI Filed Date

**CAPTION** Enter the complete case caption. Do not use et al or et ano. If more space is needed, attach a caption rider sheet.

Sheryl Thompson Sheryl Thompson as administrator of the Estate of Aspen Robertson, Frank Robertson Frank Robertson as administrator of the Estate of Aspen Robertson, Estate of Aspen Robertson

Plaintiff(s)/Petitioner(s)

-against-

United States of America, United States Customs and Border Protection, United States Department of Transportation, State of New York, New York State Department of Transportation, County of St. Lawrence, Town of Massena, Gilbane Building Company of New York, Smith-Miller & Hawkinson Architects LL...

Defendant(s)/Respondent(s)

## NATURE OF ACTION OR PROCEEDING: Check only one box and specify where indicated.

### COMMERCIAL
- ☐ Business Entity (includes corporations, partnerships, LLCs, LLPs, etc.)
- ☐ Contract
- ☐ Insurance (where insurance company is a party, except arbitration)
- ☐ UCC (includes sales and negotiable instruments)
- ☐ Other Commercial *(specify)*: ______

***NOTE:*** *For Commercial Division assignment requests pursuant to 22 NYCRR 202.70(d), complete and attach the* ***COMMERCIAL DIVISION RJI ADDENDUM (UCS-840C)****.*

### TORTS
- ☐ Asbestos
- ☐ Environmental *(specify)*: ______
- ☐ Medical, Dental or Podiatric Malpractice
- ☒ Motor Vehicle
- ☐ Products Liability *(specify)*: ______
- ☐ Other Negligence *(specify)*: ______
- ☐ Other Professional Malpractice *(specify)*: ______
- ☐ Other Tort *(specify)*: ______

### SPECIAL PROCEEDINGS
- ☐ Child-Parent Security Act *(specify)*: ☐ Assisted Reproduction ☐ Surrogacy Agreement
- ☐ CPLR Article 75 - Arbitration [see ***NOTE*** in **COMMERCIAL** section]
- ☐ CPLR Article 78 - Proceeding against a Body or Officer
- ☐ Election Law
- ☐ Extreme Risk Protection Order
- ☐ MHL Article 9.60 - Kendra's Law
- ☐ MHL Article 10 - Sex Offender Confinement *(specify)*: ☐ Initial ☐ Review
- ☐ MHL Article 81 (Guardianship)
- ☐ Other Mental Hygiene *(specify)*: ______
- ☐ Other Special Proceeding *(specify)*: ______

### MATRIMONIAL
- ☐ Contested

***NOTE:*** *If there are children under the age of 18, complete and attach the* ***MATRIMONIAL RJI Addendum (UCS-840M)****.*

*For Uncontested Matrimonial actions, use the Uncontested Divorce RJI* ***(UD-13)****.*

### REAL PROPERTY Specify how many properties the application includes: ______
- ☐ Condemnation
- ☐ Mortgage Foreclosure *(specify)*: ☐ Residential ☐ Commercial

Property Address: ______

***NOTE:*** *For Mortgage Foreclosure actions involving a one to four-family, owner-occupied residential property or owner-occupied condominium, complete and attach the* ***FORECLOSURE RJI ADDENDUM (UCS-840F)****.*

- ☐ Partition

***NOTE:*** *Complete and attach the* ***PARTITION RJI ADDENDUM (UCS-840P)****.*

- ☐ Tax Certiorari *(specify)*: Section: ______ Block: ______ Lot: ______
- ☐ Tax Foreclosure
- ☐ Other Real Property *(specify)*: ______

### OTHER MATTERS
- ☐ Certificate of Incorporation/Dissolution [see ***NOTE*** in **COMMERCIAL** section]
- ☐ Emergency Medical Treatment
- ☐ Habeas Corpus
- ☐ Local Court Appeal
- ☐ Mechanic's Lien
- ☐ Name Change/Sex Designation Change
- ☐ Pistol Permit Revocation Hearing
- ☐ Sale or Finance of Religious/Not-for-Profit Property
- ☐ Other *(specify)*: ______

## STATUS OF ACTION OR PROCEEDING Answer YES or NO for every question and enter additional information where indicated.

| | YES | NO | | |
|---|---|---|---|---|
| Has a summons and complaint or summons with notice been filed? | ☒ | ☐ | If yes, date filed: | 09/18/2024 |
| Has a summons and complaint or summons with notice been served? | ☒ | ☐ | If yes, date served: | 10/01/2024 |
| Is this action/proceeding being filed post-judgment? | ☐ | ☒ | If yes, judgment date: | |

## NATURE OF JUDICIAL INTERVENTION Check one box only and enter additional information where indicated.

- ☐ Infant's Compromise
- ☐ Extreme Risk Protection Order Application
- ☐ Note of Issue/Certificate of Readiness
- ☐ Notice of Medical, Dental or Podiatric Malpractice Date Issue Joined: ______
- ☒ Notice of Motion Relief Requested: Dismiss Return Date: ______
- ☐ Notice of Petition Relief Requested: ______ Return Date: ______
- ☐ Order to Show Cause Relief Requested: ______ Return Date: ______
- ☐ Other Ex Parte Application Relief Requested: ______
- ☐ Partition Settlement Conference
- ☐ Poor Person Application
- ☐ Request for Preliminary Conference
- ☐ Residential Mortgage Foreclosure Settlement Conference
- ☐ Writ of Habeas Corpus
- ☐ Other *(specify)*: ______

**RELATED CASES** List any related actions. For Matrimonial cases, list any related criminal or Family Court cases. If none, leave blank.
If additional space is required, complete and attach the **RJI Addendum (UCS-840A)**.

| Case Title | Index/Case Number | Court | Judge (if assigned) | Relationship to instant case |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |
| | | | | |

**PARTIES** For parties without an attorney, check the "Un-Rep" box and enter the party's address, phone number and email in the space provided. If additional space is required, complete and attach the **RJI Addendum (UCS-840A)**.

| Un-Rep | Parties<br>List parties in same order as listed in the caption and indicate roles (e.g., plaintiff, defendant, 3rd party plaintiff, etc.) | Attorneys and Unrepresented Litigants<br>For represented parties, provide attorney's name, firm name, address, phone and email. For unrepresented parties, provide party's address, phone and email. | Issue Joined<br>For each defendant, indicate if issue has been joined. | Insurance Carriers<br>For each defendant, indicate insurance carrier, if applicable. |
|---|---|---|---|---|
| ☐ | Name: Thompson, Sheryl<br>Role(s): Plaintiff/Petitioner | KEVIN NICHOLS, Nichols Law Firm PLLC, 16 Elm St , Malone, NY 12953, (518) 483-2200, office@nicholslawfirm.com | ☒ YES ☐ NO | |
| ☐ | Name: Robertson, Frank<br>Role(s): Plaintiff/Petitioner | KEVIN NICHOLS, Nichols Law Firm PLLC, 16 Elm St , Malone, NY 12953, (518) 483-2200, office@nicholslawfirm.com | ☒ YES ☐ NO | |
| ☐ | Name: Estate of Aspen Robertson<br>Role(s): Plaintiff/Petitioner | KEVIN NICHOLS, Nichols Law Firm PLLC, 16 Elm St , Malone, NY 12953, (518) 483-2200, office@nicholslawfirm.com | ☒ YES ☐ NO | |
| ☒ | Name: United States of America<br>Role(s): Defendant/Respondent | 100 South Clinton Street, Syracuse , NY 13261 | ☐ YES ☒ NO | |
| ☒ | Name: United States Customs and Border Protection<br>Role(s): Defendant/Respondent | | ☐ YES ☒ NO | |
| ☒ | Name: United States Department of Transportation<br>Role(s): Defendant/Respondent | | ☐ YES ☒ NO | |
| ☐ | Name: State of New York<br>Role(s): Defendant/Respondent | ROBERT HERSHEY IV, New York State Office of the Attorney General, 317 WASHINGTON ST FL 10 , Watertown, NY 13601, 315-523-6080, robert.hershey@ag.ny.gov | ☒ YES ☐ NO | |
| ☐ | Name: New York State Department of Transportation<br>Role(s): Defendant/Respondent | ROBERT HERSHEY IV, New York State Office of the Attorney General, 317 WASHINGTON ST FL 10 , Watertown, NY 13601, 315-523-6080, robert.hershey@ag.ny.gov | ☒ YES ☐ NO | |
| ☒ | Name: County of St. Lawrence<br>Role(s): Defendant/Respondent | | ☐ YES ☒ NO | |
| ☐ | Name: Town of Massena<br>Role(s): Defendant/Respondent | MATT BELKIN, Law Offices of M. Randolph Belkin, 26 Century Hill Dr Ste 202 , Latham, NY 12110, 518-785-5340, randy.belkin@selective.com | ☒ YES ☐ NO | |

**I AFFIRM UNDER THE PENALTY OF PERJURY THAT, UPON INFORMATION AND BELIEF, THERE ARE NO OTHER RELATED ACTIONS OR PROCEEDINGS, EXCEPT AS NOTED ABOVE, NOR HAS A REQUEST FOR JUDICIAL INTERVENTION BEEN PREVIOUSLY FILED IN THIS ACTION OR PROCEEDING.**

Dated: 10/21/2024

ELIZABETH ANNE HOFFMAN
Signature

4765137
Attorney Registration Number

ELIZABETH ANNE HOFFMAN
Print Name

**Caption Rider Sheet**

**Plaintiff(s)/Petitioner(s)**

**vs.**

United States of America, United States Customs and Border Protection, United States Department of Transportation, State of New York, New York State Department of Transportation, County of St. Lawrence, Town of Massena, Gilbane Building Company of New York, Smith-Miller & Hawkinson Architects LLP, Northland Associates, INC, Rifenburg Construction Inc., Great Lakes St. Lawrence Seaway Development Corp., John Does 1-10

**Defendant(s)/Respondent(s)**

# Request for Judicial Intervention Addendum

UCS-840A (7/2012)

Supreme COURT, COUNTY OF St. Lawrence

**Index No:** EFCV-24-166762

**For use when additional space is needed to provide party or related case information.**

**PARTIES:** For parties without an attorney, check "Un-Rep" box AND enter party address, phone number and e-mail address in "Attorneys" space.

| **Un-Rep** | **Parties** List parties in same order as listed in the caption and indicate roles (e.g., plaintiff, defendant, 3rd party plaintiff, etc.) | **Attorneys and Unrepresented Litigants** For represented parties, provide attorney's name, firm name, address, phone and email. For unrepresented parties, provide party's address, phone and email. | **Issue Joined** For each defendant, indicate if issue has been joined. | **Insurance Carriers** For each defendant, indicate insurance carrier, if applicable. |
|---|---|---|---|---|
| ☒ | Name: Gilbane Building Company of New York<br>Role(s): Defendant/Respondent | | ☐ YES ☒ NO | |
| ☒ | Name: Smith-Miller & Hawkinson Architects LLP<br>Role(s): Defendant/Respondent | | ☐ YES ☒ NO | |
| ☐ | Name: Northland Associates, INC<br>Role(s): Defendant/Respondent | ELIZABETH HOFFMAN, COSTELLO, COONEY & FEARON, PLLC, 211 W JEFFERSON ST , SYRACUSE, NY 13202, ehoffman@ccf-law.com | ☒ YES ☐ NO | |
| ☒ | Name: Rifenburg Construction Inc.<br>Role(s): Defendant/Respondent | | ☐ YES ☒ NO | |
| ☒ | Name: Great Lakes St. Lawrence Seaway Development Corp.<br>Role(s): Defendant/Respondent | | ☐ YES ☒ NO | |
| ☒ | Name: John Does 1-10<br>Role(s): Defendant/Respondent | | ☐ YES ☒ NO | |

**RELATED CASES:** List any related actions. For Matrimonial actions, include any related criminal and/or Famiy Court cases.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ST. LAWRENCE

SHERYL THOMPSON, Individually and as Administrator of the Estate of ASPEN ROBERTSON; FRANK ROBERTSON, Individually and as Administrator of the ESTATE OF ASPEN ROBERTSON; and the ESTATE OF ASPEN ROBERTSON,

Plaintiffs,

-vs-

UNITED STATES OF AMERICA; UNITED STATES CUSTOMS AND BORDER PROTECTION; UNITED STATES DEPARTMENT OF TRANSPORTATION; STATE OF NEW YORK; NEW YORK STATE DEPARTMENT OF TRANSPORTATION; COUNTY OF ST. LAWRENCE; TOWN OF MASSENA; GILBANE BUILDING COMPANY OF NEW YORK; SMITH-MILLER + HAWKINSON ARCHITECTS LLP; NORTHLAND ASSOCIATES, INC.; RIFENBURG CONSTRUCTION INC.; ABIDE INTERNATIONAL INC.; ABIDE-KASHIA JV2 LLC; ABIDE-KASHIA JV3 LLC; ABIDE KASHIA JV4 LLC, GREAT LAKES ST. LAWRENCE SEAWAY DEVELOPMENT CORP.; and JOHN DOES 1-10,

Defendants.

Index No. EFCV-24-166762

**AFFIDAVIT OF SERVICE**

STATE OF NEW YORK
COUNTY OF ONONDAGA ss.:

The undersigned, being duly sworn, says: I am not a party to the action, am over 18 years of age and reside at Syracuse, New York.

On October 24, 2024 I served the annexed Northland's notice of motion to dismiss plaintiffs' complaint filed on October 21, 2024 and Court notice which was filed on October 22, 2024.

☒ Service By Mail
by depositing a true copy thereof enclosed in a post-paid envelope, in an official depository under the exclusive care and custody of the U.S. Postal Service in Syracuse, New York, addressed to each of the following at the last known address set forth, by **First Class Mail to:**

Abide- Kashia Jv2, LLC
1420 Guerneville Rd, Suite 1
Santa Rosa, California 95403

Great Lakes St Lawrence Seaway Development Corp.
180 Andrews Street, Suite 1
Massena, NY 13662

County of St. Lawrence
Stephen D. Button, County Attorney
48 Court Street
Canton, NY 13617

Rifenburg Construction Inc.
129 Defreest Drive
Troy, NY 12180

U.S. Department of Transportation
Office of the U.S Attorney for the Northern District of New York
100 South Clinton Street
Syracuse, NY 13261

Smith-Miller + Hawkinson Architects LLP
305 Canal Street
New York, NY 10013

United States Customs and Border Protection
Office of the U.S. Attorney for the Northern District of New York
100 South Clinton Street
Syracuse, NY 13261

Gilbane Building Company
7 Southwoods Blvd., 3rd Floor
Albany, NY 12211

United States of America
Office of the U.S. Attorney for the Northern District of New York
100 South Clinton Street
Syracuse, NY 13261

JENNIFER POULIOT

**Sworn to before me on October 24, 2024**

**Notary Public**

**OLIVIA M. CAMPBELL**
**Notary Public – State of New York**
**No. 01CA6375916**
**Qualified in Onondaga County**
**My Commission Expires May 29, 2026**

**EFCV-24-166762 -** St. Lawrence County Supreme Court

**October 21, 2024**

**Defendant State of New York and New York State Department of Transportation, Motion to Dismiss (With Exhibits)**

STATE OF NEW YORK
SUPREME COURT COUNTY OF ST. LAWRENCE

SHERYL THOMPSON, Individually and as administrator of the Estate of ASPEN ROBERTSON; and FRANK ROBERTSON, Individually and as administrator of the ESTATE OF ASPEN ROBERTSON, and the ESTATE OF ASPEN ROBERTSON,

Plaintiffs,

-against-

UNITED STATES OF AMERICA; UNITED STATES CUSTOMS AND BORDER PROTECTION; UNITED STATES DEPARTMENT OF TRANSPORTATION; STATE OF NEW YORK; NEW YORK STATE DEPARTMENT OF TRANSPORTATION; COUNTY OF ST. LAWRENCE; TOWN OF MASSENA; GILBANE BUILDING COMPANY OF NEW YORK; SMITH-MILLER + HAWKINSON ARCHITECTS LLP; NORTHLAND ASSOCIATES, INC.; RIFENBURG CONSTRUCTION INC.; GREATE LAKES ST. LAWRENCE SEAWAY DEVELOPMENT CORP.; AND JOHN DOES 1-10,

Defendants.

**NOTICE OF MOTION TO DISMISS**

INDEX # EFCV-24-166762

Hon. Mary M. Farley

## NOTICE OF MOTION TO DISMISS

| | |
|---|---|
| MOTION BY: | State of New York and New York State Department of Transportation, Defendants. |
| SUPPORTING PAPERS: | Affirmation of Robert L. Hershey, Assistant Attorney General dated, October 21, 2024, together with Memorandum of Law. |
| RELIEF DEMANDED: | Order dismissing proceeding pursuant to Civil Practice Law & Rules §3211 (a)(2), (a)(4). |

ORAL ARGUMENT: Not requested.

DATED: October 21, 2024
Watertown, NY

LETITIA JAMES
New York State Attorney General
Attorney for the Defendants

Robert L. Hershey

ROBERT L. HERSHEY
Assistant Attorney General,
of Counsel
317 Washington Street
Watertown, New York 13601
Telephone: (315) 523-6080

To: Kevin Frederic Nichols
Nichols Law Firm PLLC
16 Elm Street
Malone, New York 12953
via NYSCEF

STATE OF NEW YORK
SUPREME COURT COUNTY OF ST. LAWRENCE

SHERYL THOMPSON, Individually and as administrator of the Estate of ASPEN ROBERTSON; and FRANK ROBERTSON, Individually and as administrator of the ESTATE OF ASPEN ROBERTSON, and the ESTATE OF ASPEN ROBERTSON,

Plaintiffs,

-against-

UNITED STATES OF AMERICA; UNITED STATES CUSTOMS AND BORDER PROTECTION; UNITED STATES DEPARTMENT OF TRANSPORTATION; STATE OF NEW YORK; NEW YORK STATE DEPARTMENT OF TRANSPORTATIONL COUNTY OF ST. LAWRENCE; TOWN OF MASSENA; GILBANE BUILDING COMPANY OF NEW YORK; SMITH-MILLER + HAWKINSON ARCHITECTS LLP; NORTHLAND ASSOCIATES, INC.; RIFENBURG CONSTRUCTION INC.; GREATE LAKES ST. LAWRENCE SEAWAY DEVELOPMENT CORP.; AND JOHN DOES 1-10,

Defendants.

**AFFIRMATION IN SUPPORT OF MOTION TO DISMISS**

INDEX # EFCV-24-166762

Hon. Mary M. Farley

ROBERT L. HERSHEY, an attorney admitted to the practice of law in the State of New York affirms the following under the penalties of perjury pursuant to the provision of Rule 2106 of the Civil Practice Law and Rules (hereinafter referred to as the "CPLR"):

1. I am an Assistant Attorney General, of counsel to the Honorable Letitia James, Attorney General of the State of New York, attorney for Defendants, State of New York and New York State Department of Transportation (hereinafter "State Defendants"). I make this

affirmation in support of the motion by State Defendants for an order dismissing the Summons and Complaint herein for lack of subject matter jurisdiction, pursuant to Civil Practice Law and Rules ("CPLR") §§ 3211 (a)(2), (a)(4).

2. Plaintiffs filed this action in New York State Supreme Court, seeking monetary damages from the State of New York for alleged negligence. The complaint specifically requests trial by jury as to all issue of fact and damages.

## STATEMENT OF RELEVANT FACTS

3. Pursuant to §7803 of the CPLR, the following review of the relevant facts involved in the Plaintiffs' case are stated by the State Defendants:

| | |
|---|---|
| **09/24/2022** | Aspen Robertson was involved in a fatal automobile accident while traveling on Highway 37 at the International Bridge Road approaching the Three Nations Bridge Crossing, when his vehicle allegedly impacted the moveable swinging gate located just before the Duty-Free Americas Shop, Massena, New York. **See Exhibit A, Plaintiffs' Notice of Claim.** |
| **11/30/2022** | Plaintiffs filed an "Amended Notice of Claim Against Government Entity". **See Exhibit A, Plaintiffs' Notice of Claim.** |
| **09/18/2024** | Plaintiff filed a Summons and Complaint in St. Lawrence County Supreme Court. **See Exhibit B, Plaintiffs' State Summons and Complaint**. |
| **09/23/2024** | Plaintiffs filed a summons and complaint in United States District Court for the Northern District of New York against State of New York and New York State Department of Transportation, inter alia. **See Exhibit C, Federal Summons and Complaint.** |
| **09/23/2024** | Plaintiffs filed an Amended Summons and Complaint against the New York State Department of Transportation, inter alia, demanding a trial by jury as to all issues of fact and damages in St. Lawrence County Supreme Court. **See Exhibit D, Plaintiffs' Amended State Complaint.** |
| **10/1/2024** | Plaintiffs served the Summons & Complaint on New York State Department of Transportation. **See Exhibit E, Plaintiffs' New York State** |

**Department of Transportation Affirmation of Service.**

**THE COURT LACKS SUBJECT MATTER JURISDICTION OVER THE COMPLAINT AS AGAISNT THE STATE DEFENDANTS BECAUSE THE STATE DEFENDANTS ARE IMMUNE FROM SUIT IN THIS COURT**

4. Pursuant to CPLR § 3211(a)(2), State Defendants can move for dismissal when the Court does not have jurisdiction of the subject matter of the cause of action.

5. The common law doctrine of sovereign immunity is well-established, and bars suits against the sovereign absent a specific waiver of the immunity. See Brown v. State, 89 N.Y.2d 172, 179 (1996).

6. The New York State Constitution, together with the Court of Claims Act, established the Court of Claims to have exclusive jurisdiction for actions against the state seeking monetary damages. See N.Y. Const., art. VI, § 9; Court of Claims Act § 8.

7. Although certain cases against the state, its agencies, or officers—such as CPLR Article 78 challenges to administrative decisions or CPLR Article 70 petitions for writs of mandamus or habeas corpus—may be heard in State Supreme Court, it is undisputed that actions primarily seeking monetary damages against the State must be brought in the Court of Claims. See Schaffer v. Evans, 57 N.Y.2d 992, 994 (1982)("We agree with the Appellate Division that plaintiff's causes of action against the State officials are primarily claims against the State for money damages and as such could only be entertained in the Court of Claims"); Gross v. Perales, 72 N.Y.2d 231, 236 (1988) ("... where a party seeks only money damages against the State, the proper forum for such an action is the Court of Claims"); Morell v. Balasubramanian, 70 N.Y.2d 297, 300 (1987); Olsen v. N.Y. State Dep't of Envtl. Conservation, 307 A.D.2d 595, 596 (3d Dept 2003); Monreal v. New York State Dept. of Health, 38 A.D.3d 1118, 1119 (3d Dept 2007).

8. Plaintiffs are seeking a trial by jury as to all issues of fact and damages. See Exhibit D.

**DISMISSAL IS WARRANTED BECAUSE THERE IS ANOTHER ACTION PENDING BETWEEN THE SAME PARTIES FOR THE SAME CAUSE OF ACTION**

9. Pursuant to CPLR 3211(a)(4), dismissal of the Complaint is also appropriate because there is another action currently pending between the same parties involving substantially the same issues.

10. New York courts have consistently held that where two actions are substantially the same, the second action should be dismissed to avoid duplicative litigation and prevent inconsistent rulings.

11. Plaintiffs have initiated a similar action in United States District Court for the Northern District of New York, under 8:24-cv-01163-GTS-DJS, which addresses the same causes of action and seeks substantially the same relief. See Exhibit C.

12. As a result, this Court should dismiss the current action in the interests of judicial economy and to prevent undue burden on the parties and the judicial system.

**WHEREFORE**, it is respectfully submitted that the Complaint should be dismissed in its entirety for lack of subject matter jurisdiction over the State of New York and New York State Department of Transportation, together with whatever other relief this Court finds right and just. Alternatively, should the Court for any reason not dismiss this proceeding, State of New York and New York State Department of Transportation respectfully requests 30 days to answer the Complaint from the date of service of any such order regarding this motion.

DATED: October 21, 2024
Watertown, NY

Robert L. Hershey

ROBERT L. HERSHEY
Assistant Attorney General

**VERIFICATION**

STATE OF NEW YORK )

COUNTY OF JEFFERSON ) ss:

ROBERT L. HERSHEY, an attorney admitted to practice before the Courts of this State, affirms pursuant to CPLR 2106 that:

1. I am an Assistant Attorney General of the Watertown Regional Office of the Honorable Letitia James, Attorney General of the State of New York, the attorney for the State Defendants herein.

2. I have read the foregoing Affirmation in Support of the Motion to Dismiss and upon information and belief, the sources of which are the documents provided by the New York State Attorney General's Office, annexed hereto, I believe to be true.

3. This verification is made by me because I have access to the files of the New York State Attorney General's Office which contain statements, records and documents constituting the basis for the information needed to prepare the Motion to Dismiss.

Dated: October 21, 2024
Watertown, New York

Robert L. Hershey
ROBERT L. HERSHEY
Assistant Attorney General

I affirm this **21st** day of **October**, **2024**, under the penalties of perjury under the laws of New York, which may include a fine or imprisonment, that the foregoing is true, and I understand that this document may be filed in an action or proceeding in a court of law.

Robert L. Hershey
ROBERT L. HERSHEY
Assistant Attorney General
Pursuant to N.Y. CPLR R2106

# Exhibit A

STARK & STARK
ATTORNEYS AT LAW

401 ROUTE 73 NORTH SUITE 130
MARLTON, NJ 08053-3425
856.874.4443 (PHONE) 856.874.0133 (FAX)
WWW.STARK-STARK.COM

December 2, 2022

*Certified Mail RRR 7022 0410 0000 2338 0589*
Office of the New York State Attorney General
Managing Attorney's office
28 Liberty Street
New York NY 10005

Re: The Estate of Aspen Robertson
D/A: 09/24/22

**AMENDED NOTICE OF CLAIM AGAINST GOVERNMENTAL ENTITY**

Dear Attorney General:

Please be advised you are copied on the Amended Notice of Claim Against Governmental Entity. Kindly see the attached.

Thank you for your cooperation in this matter.

Very truly yours,
STARK & STARK, PC
*Deborah S. Dunn /s/*
DEBORAH S. DUNN, ESQUIRE

DSD/gi
Encl

2022 DEC -9 PM 12: 20

STARK & STARK
ATTORNEYS AT LAW

401 ROUTE 73 NORTH SUITE 130
MARLTON, NJ 08053-3425
856.874.4443 (PHONE) 856.874.0133 (FAX)
WWW.STARK-STARK.COM

November 30, 2022

*Certified Mail RRR 7021 0350 00001 4745 2469*
**ATTN: A&O Personal Service**
Office of The New York State Attorney General
The Capitol
1 Empire State Plaza
Albany NY 12224-0341

Re: The Estate of Aspen Robertson
D/A: 09/24/22

**AMENDED NOTICE OF CLAIM AGAINST GOVERNMENTAL ENTITY**

Dear Sir/Madam Attorney General:

Please be advised that this office represents The Estate of Aspen Robertson, as it relates to a fatal automobile accident, that occurred at approximately 6:16AM, on 9/24/2022, while traveling from New York, on Highway 37, on to International Bridge Road, approaching the Three Nations Bridge Crossing, when his vehicle impacted with the moveable swinging gate located just before the Duty-Free Americas shop, Massena, New York. The original Notice of Claim was provided on November 4, 2022, your office's response of November 19, 2022, is noted. The amendments provided herein refer to the **time of the occurrence**; the street **location to include International Bridge Road**; and **include a Verification of Attorney.**

As such please note the following:

1. Name and post office address of the Claimant:

   The Estate of Aspen Robertson
   C/O Frank Robertson, Father
   PO Box 103
   Rooseveltown NY 13683

STARK & STARK
ATTORNEYS AT LAW

2. Notice regarding this claim is to be directed to:

   Law Offices of Stark & Stark, PC
   401 Route 73 N., Suite 130, Marlton NJ 08053
   Attorney For Plaintiff, Deborah S. Dunn, Esquire
   (856) 874-4443

3. The date, place and other circumstances of occurrence or transaction giving rise to the claim being asserted:

   September 24, 2022, approximately 6:16AM
   International Bridge Road, approaching the Three Nations Bridge Crossing
   Massena New York.

4. A general description of the injury, damage or loss incurred, insofar as it may be known, at the time of the presentation of the claim:

   Fatal injuries resulting from car accident

5. The name or names of the public entity, employee or employees causing the injury, damage or loss if known:

   Brad Lander, Comptroller
   Office of the New York City Comptroller
   1 Centre Street
   New York NY 10007

   Thomas P. DiNapoli, Comptroller
   New York State Comptroller
   110 State Street
   Albany NY 12236

   Maria Therese Dominguez, Commissioner
   New York State Depaiiment ofTranspo11ation
   50 Wolf Road
   Albany NY 12232

STARK & STARK
ATTORNEYS AT LAW

Kenneth M. Bibbins, PE, Regional Dir - Region 7
New York State Depa11ment of Transportation
Dulles State Office Bldg.
317 Washington Street
Wate11own NY 13601

Aaron Docteur, Regional Traffic Engineer
New York State Department of Transpo11ation
Region 7
Dulles State Office Bldg.
317 Washington Street
Watertown NY 13601

Jeannine L. Brouse, Clerk
Town Of Massena
Town Hall, 60 Main Street, Room 3
Massena NY 13662

Sandra W. Santamoor, County Clerk
St Lawrence County
48 Court Street
Canton NY 13617

New York Secretary of State
Department of State
One Commerce Plaza
99 Washington Ave
Albany, NY 12231

Office of The New York State Attorney General
Managing Attorney's Office
28 Liberty Street
New York, NY 10005

***Claimant reserves the right to amend this Notice upon further investigation, as there may be other acts of negligence revealed during discovery phase of litigation.***

6. The amount claimed as of the date or presentation of the claim, including estimated amount of any prospective injury, damage or loss, insofar as it may be known at

STARK & STARK
ATTORNEYS AT LAW

the time of the presentation of the claim, together with the basis of computation of the amount of the claim:

$20 Million Dollars

Thank you for your cooperation in this matter.

Very truly yours,
STARK & STARK, PC
*Deborah S. Dunn/s/*
DEBORAH S. DUNNM ESQUIRE

DSD/gi
Encl

## ATTORNEY VERIFICATION

Deborah S. Dunn, Esquire, verifies the following:

1. I am an Attorney at Law of the State of New Jersey, a member of the Law Firm of Stark & Stark, A Professional Corporation, Attorneys for Plaintiff(s), Estate of Aspen Robertson, and I am familiar with the facts of the matter and am charged with the handling of same.

2. This matter arises out of a fatal motor vehicle accident that occurred in New York State and includes claims for personal injury, wrongful death, loss of services and damage to personal property and is being brought against the State of New York for negligence and wrongful acts of the State and its Municipalities.

3. I make this Verification in support of a Notice of Claim Against a Governmental Entity, and I hereby verify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

STARK & STARK
A Professional Corporation

By: [signature]
DEBORAH S. DUNN
Attorney for Plaintiff(s)

Dated: November 30, 2022

Sworn to and subscribed

before me this 30th day

of November, 2022.

[signature]

THERESA A. CALTABIANO
NOTARY PUBLIC OF NEW JERSEY
MY COMMISSION EXPIRES NOV 25, 2026




DUTY FREE AMERICAS
CURRENCY EXCHANGE

STARK & STARK
ATTORNEYS AT LAW

401 ROUTE 73 NORTH SUITE 130
MARLTON, NJ 08053-3425
856.874.4443 (PHONE) 856.874.0133 (FAX)
WWW.STARK-STARK.COM

November 4, 2022

*Certified Mail RRR 7022 0410 0000 2338 0152*
*and Regular US Mail*
Thomas P. DiNapoli, Comptroller
New York State Comptroller
110 State Street
Albany NY 12236

RE: Estate of Aspen Robertson
D/A: 09/24/2022

**NOTICE OF CLAIM AGAINST GOVERNMENTAL ENTITY**

Dear Comptroller, DiNapoli:

Please be advised that this office represents The Estate of Aspen Robertson, as it relates to a fatal automobile accident, that occurred at approximately 6:40AM, on 9/24/2022, while traveling from New York, on Highway 37, approaching the Three Nations Bridge Crossing, when his vehicle impacted with the moveable swinging gate located just before the Duty-Free Americas shop, Massena, New York.

As such, please note the following:

1. Name and post office address of the claimant:
   The Estate of Aspen Robertson
   C/O Frank Robertson, Father
   PO Box 103
   Rooseveltown NY 13683

2. Notice regarding this claim is to be directed to:
   Law Offices of Stark & Stark PC
   401 Route 73 N., Suite 130, Marlton NJ 08053
   Attorney for Plaintiff, Deborah S. Dunn, Esquire
   (856) 874.4443

3. The date, place and other circumstances of the occurrence or transaction giving rise to the claim being asserted:

   September 24, 2022, at approximately 6:40AM
   Highway 37, approaching the Three Nations Bridge Crossing
   Massena, New York.

STARK & STARK
ATTORNEYS AT LAW

4. A general description of the injury, damage or loss incurred, insofar as it may be known, at the time of the presentation of the claim:

Fatal injuries

5. The name or names of the public entity, employee or employees causing the injury, damage or loss, if known:

*Certified Mail RRR 7022 0410 0000 2338 0459*
Brad Lander, Comptroller
Office of the New York City Comptroller
1 Centre Street
New York NY 10007

*Certified Mail RRR 7022 0410 0000 2338 0466*
Maria Therese Dominguez, Commissioner
New York State Department of Transportation
50 Wolf Road
Albany NY 12232

*Certified Mail RRR 7022 0410 0000 2338 0473*
Kenneth M. Bibbins, PE, Regional Dir - Region 7 ✓
New York State Department of Transportation
Dulles State Office Bldg.
317 Washington Street
Watertown NY 13601

*Certified Mail RRR 7022 0410 0000 2338 0480*
Aaron Docteur, Regional Traffic Engineer
New York State Department of Transportation
Region 7
Dulles State Office Bldg.
317 Washington Street
Watertown NY 13601

*Certified Mail RRR 7022 0410 0000 2338 0497*
Jeannine L. Brouse, Clerk
Town Of Massena
Town Hall, 60 Main Street, Room 3
Massena NY 13662

*Certified Mail RRR 7022 0410 0000 2338 0503*
Sandra W. Santamoor, County Clerk
St Lawrence County
48 Court Street
Canton NY 13617

STARK & STARK
ATTORNEYS AT LAW

*Certified Mail RRR 7022 0410 0000 2338 0510*
New York Secretary of State
Department of State
One Commerce Plaza
99 Washington Ave
Albany, NY 12231

*Certified Mail RRR 7022 0410 0000 2338 0527*
Office of The New York State Attorney General
Managing Attorney's Office
28 Liberty Street
New York, NY 10005

*Certified Mail RRR 7022 0410 0000 2338 0534*
ATTN: A&O/Personal Service
Office of the Attorney General
1 Empire State Plaza
The Capitol
Albany, NY 12224-0341

***Claimant reserves the right to amend this notice upon further investigation as there may be other acts of negligence revealed during discovery phase of litigation.***

6. The amount claimed as of the date or presentation of the claim, including the estimated amount of any prospective injury, damage or loss, insofar as it may be known at the time of the presentation of the claim, together with the basis of computation of the amount claim:

$20 Million Dollars

Thank you for your cooperation in this matter.

Very truly yours,
STARK & STARK, PC
*Deborah S. Dunn /s/*
DEBORAH S. DUNN, ESQUIRE

DSD/gi
Encl

CERTIFIED MAIL®

7022 0410 0000 2338 0589

US POSTAGE PITNEY BOWES
ZIP 08003 $ 008.45⁰
02 4W
0000331852 DEC 02 2022

FIRST CLASS MAIL

STARK & STARK
ATTORNEYS AT LAW

*Certified Mail RRR 7022 0410 0000 2338 0589*
Office of the New York State Attorney General
Managing Attorney's office
28 Liberty Street
New York NY 10005

REQUIRES
IMMEDIATE ATTENTION

PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT OF THE RETURN ADDRESS, FOLD AT DOTTED LINE

FIRST·CLASS

DuPont™ Tyvek®
Protect What's Inside.™

HDPE 2

FROM:
CARR: United States Postal Service
TRK#: 70220410000023380589
RCVD: 12/9/2022 1123

TO: Managing Atty, Managing Atty
Name :
FL : 16
PCS: 1

9999000855983

Managing Atty, Managing

FIRST CLASS MAIL

# Exhibit B

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF ST. LAWRENCE**

SHERYL THOMPSON, Individually and as administrator of the ESTATE OF ASPEN ROBERTSON; and FRANK ROBERTSON, Individually and as administrator of the ESTATE OF ASPEN ROBERTSON, and the ESTATE OF ASPEN ROBERTSON

Plaintiffs,

vs.

UNITED STATES OF AMERICA; UNITED STATES CUSTOMS AND BORDER PROTECTION; UNITED STATES DEPARTMENT OF TRANSPORTATION; STATE OF NEW YORK; NEW YORK STATE DEPARTMENT OF TRANSPORTATION; COUNTY OF ST. LAWRENCE; TOWN OF MASSENA; GILBANE BUILDING COMPANY OF NEW YORK; SMITH-MILLER + HAWKINSON ARCHITECTS LLP; NORTHLAND ASSOCIATES, INC.; RIFENBURG CONSTRUCTION INC.; GREAT LAKES ST. LAWRENCE SEAWAY DEVELOPMENT CORP.; and JOHN DOES 1-10

Defendants.

INDEX NO.:

**SUMMONS**

**To the above-named Defendants**:

**YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance on the Plaintiff's attorney within 20 days after service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally

4859-0609-6102, v. 1

delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

**NICHOLS LAW FIRM, PLLC**
Attorney for Plaintiffs

By: ______________________
KEVIN NICHOLS, ESQ.

Dated: September 18, 2024

4859-0609-6102, v. 1

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF ST. LAWRENCE**

| | |
|---|---|
| SHERYL THOMPSON, Individually and as administrator of the ESTATE OF ASPEN ROBERTSON; and FRANK ROBERTSON, Individually and as administrator of the ESTATE OF ASPEN ROBERTSON, and the ESTATE OF APEN ROBERTSON<br><br>Plaintiffs,<br><br>vs.<br><br>UNITED STATES OF AMERICA; UNITED STATES CUSTOMS AND BORDER PROTECTION; UNITED STATES DEPARTMENT OF TRANSPORTATION; STATE OF NEW YORK; NEW YORK STATE DEPARTMENT OF TRANSPORTATION; COUNTY OF ST. LAWRENCE; TOWN OF MASSENA; GILBANE BUILDING COMPANY OF NEW YORK; SMITH-MILLER + HAWKINSON ARCHITECTS LLP; NORTHLAND ASSOCIATES, INC.; RIFENBURG CONSTRUCTION INC.; GREAT LAKES ST. LAWRENCE SEAWAY DEVELOPMENT CORP.; and JOHN DOES 1-10.<br><br>Defendants. | INDEX NO.:<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMAND** |

The Plaintiffs, Sheryl Thompson, individually and as administrator of the Estate of Aspen Robertson, and Frank Robertson, individually and as administrator of the Estate of Aspen Robertson, and the Estate of Aspen Robertson, by way of Complaint against the Defendants say:

## PARTIES

1. Plaintiff, Sheryl Thompson, is an adult individual, mother of the deceased, Aspen Robertson, and an administrator of the Estate of Aspen Robertson.

2. Plaintiff, Frank Robertson, is an adult individual, father of the deceased, Aspen Robertson, and an administrator of the Estate of Aspen Robertson.

3. Defendant, United States of America, ("USA"), through its agency(ies)/instrumentality(ies), United States Customs and Border Protection and/or United States Department of Transportation, was responsible for the construction, installation, maintenance, repair, upkeep, operation, control, and/or use of the traffic control and/or barricades and/or traffic control gate and/or traffic blocking mechanisms ("Traffic Control Gate") at or near the Three Nations Bridge Border Crossing, f/k/a The Seaway Bridge.

4. Defendant, United States Customs and Border Protection ("CBP") is an agency within the meaning of 5 U.S.C. § 552(1)(f).

5. Defendant, United States Department of Transportation ("USDOT"), is an agency within the meaning of 5 U.S.C. § 552(1)(f).

6. Defendant, State of New York ("NY"), has jurisdiction over and is empowered to hold title and other interests in real property, including without limitation the Three Nations Bridge Border Crossing and surrounding lands and is empowered to regulate the use and occupancy thereof as well as any appurtenances thereupon.

7. Defendant, New York State Department of Transportation ("NYDOT"), is an agency/instrumentality of the State of New York and has jurisdiction over and is empowered to hold title and other interests in real property, including without limitation the Three Nations Bridge Border Crossing and surrounding lands and is empowered to regulate the use and occupancy thereof as well as any appurtenances thereupon.

8. Defendant, County of St. Lawrence ("St. Lawrence"), is a political subdivision of the State of New York, and as such, has jurisdiction over and is empowered to hold title and other

interests in real property, including without limitation the Three Nations Bridge Border Crossing and surrounding lands and is empowered to regulate the use and occupancy thereof as well as any appurtenances thereupon.

9. Defendant, Town of Massena ("Massena"), is a political subdivision of the State of New York, and as such, has jurisdiction over and is empowered to hold title and other interests in real property, including without limitation the Three Nations Bridge Border Crossing and surrounding lands and is empowered to regulate the use and occupancy thereof as well as any appurtenances thereupon.

10. Defendant, Gilbane Building Company, ("Gilbane") is a corporation organized and existing under the laws of the State of Rhode Island with a principal place of business located at 7 Jackson Walkway, Providence, RI, 02903 and New York Registered agent for service at C T Corporation System, 28 Liberty Street, New York, NY 10005.

11. Defendant, Smith-Miller + Hawkinson Architects LLP ("SMH"), is a limited liability partnership organized and existing under the laws of the State of New York with a principal place of business located at 305 Canal Street, New York, NY 10013.

12. Defendant, Northland Associates, Inc. ("Northland"), is a corporation organized and existing under the laws of the State of New York, with a principal place of business located at 4701 Buckley Road, Liverpool, NY 13088.

13. Defendant, Rifenburg Construction Inc. ("Rifenburg"), is a corporation organized and existing under the laws of the State of New York, with a principal place of business located at 125 Defreest Drive, Troy, NY 12180.

14. Defendant, Great Lakes St. Lawrence Seaway Development Corp. ("Great Lakes"), is a division, agency, subdivision, or other instrumentality of the Defendant USDOT.

15. At this time, Defendants John Does 1-10 are unknown. As such, John Does 1-10, is a fictitious designation, representing one or more individual(s), sole proprietorship(s), association(s), limited partnership(s), general partnership(s), limited liability company(ies), and/or corporation(s), which in any way owned, possessed, controlled or maintained any part of the premises upon which this incident occurred and/or contributed in any way to the happening of this incident and/or Plaintiff's damages.

## VENUE

16. Venue is proper in the district of New Jersey pursuant to 28 U.S.C. §1391(e)(1) as the United States is a defendant and this district is where a substantial part of the events or omissions giving rise to the claim occurred.

## FACTUAL AVERMENTS

17. On or about September 24, 2022, Aspen Robertson, was operating a vehicle on or around Seaway International Bridge Road, in the Town of Massena, State of New York.

18. While driving on Seaway International Bridge Road, Aspen Robertson struck a traffic control gate that was improperly, negligently, carelessly and/or recklessly designed, installed, maintained and/or positioned in such a way as to be unreasonably dangerous to the motoring public.

19. At all times relevant hereto, the traffic control gate was designed, installed, operated, controlled, supervised, maintained, located, repaired, and/or otherwise kept by the Defendants USA, CBP, USDOT, NY, NYDOT, St. Lawrence, Massena, Gilbane, SMH, Northland, Rifenburg, Great Lakes, and/or John Does 1-10 (each a "Defendant" and collectively, the "Defendants").

20. At all times relevant hereto, the land upon which the traffic control gate was situated was installed, operated, maintained, repaired, owned and/or controlled by each and/or any of the Defendants.

21. As a result of striking the traffic control gate, Aspen Robertson suffered catastrophic injuries resulting in his death.

22. On October 31, 2021, the Plaintiffs, Sheryl Thompson and Frank Robertson were named administrators of the Estate of Aspen Robertson pursuant to the *Indian Act*, R.S.C. 1985, C. I-5.

23. The Plaintiffs, Sheryl Thompson, individually and as administrator of the Estate of Aspen Robertson, and Frank Robertson, individually and as administrator of the Estate of Aspen Robertson, make this complaint for both wrongful death and survival damages.

**FIRST COUNT**

24. Plaintiffs repeat and realleges the factual recitations of the preceding paragraphs of the Complaint as if set forth herein at length.

25. At all times relevant hereto, Defendants designed, installed, operated, controlled, maintained, supervised, located, repaired, and/or otherwise kept the traffic control gate.

26. At all times relevant hereto, Defendants owned and/or controlled the land upon which the traffic control gate was situated.

27. Defendants, were negligent, careless, and/or reckless in that Defendants:

- caused, created, and/or permitted unsafe, dangerous and hazardous conditions and defects to exist with regards to the traffic control gate and/or the land upon which the traffic control gate was situated; and/or
- failed to warn of such dangerous and hazardous conditions; and/or

- failed to make proper inspection of the traffic control gate and/or the land upon which the traffic control gate was situated; and/or
- negligently hired employees and/or agents for the installation, construction, operation, maintenance, repair and upkeep of the traffic control gate; and/or
- negligently supervised employees with regards to the installation, construction, operation, maintenance, repair and upkeep of the traffic control gate; and/or
- negligently retained employees and/or agents for the installation, construction, operation, maintenance, repair and upkeep of the traffic control gate; and/or
- otherwise acted negligently, carelessly, recklessly, and with such callous disregard such that they wrongfully caused Aspen Robertson to come into contact with such dangerous and hazardous conditions and defects; and/or
- were otherwise inattentive, reckless, careless, negligent and/or grossly negligent.

28. As a direct and proximate result of the negligence, carelessness, gross negligence and/or recklessness of the Defendants, aforesaid, Aspen Robertson, was caused to suffer catastrophic injuries resulting in his death.

29. Before his death, Aspen Robertson suffered physical pain, mental anguish, and fear of impending death.

30. As a result of Aspen Robertson's death, he, his heirs and his beneficiaries were deprived of the future earnings he would have derived throughout his life.

4859-0609-6102, v. 1

31. As a result of Aspen Robertson's death, Plaintiffs Sheryl Thompson, individually and as administrator of the Estate of Aspen Robertson, and Frank Robertson, individually and as administrator of the Estate of Aspen Robertson, as well as other heirs and benificiaries, have suffered both tangible and intangible losses and damages including, without limitation, loss of companionship, loss of advice and guidance, and loss of future earning capacity.

**WHEREFORE**, the Plaintiffs demand judgment against the Defendants individually, jointly, severally and/or for wrongful death damages, survival damages, counsel fees, interest and costs of suit in excess of the jurisdictional limits of all lower courts pursuant to CPLR §3017(c).

## JURY DEMAND

The Plaintiffs, Sheryl Thompson, individually and as administrator of the Estate of Aspen Robertson, and Frank Robertson, individually and as administrator of the Estate of Aspen Robertson, and the Estate of Aspen Robertson, hereby demand a trial by jury as to all issues of fact and damages stated herein.

**NICHOLS LAW FIRM, PLLC**
Attorney for Plaintiffs

By: ______________________
KEVIN NICHOLS, ESQ.

Dated: September 18, 2024

4859-0609-6102, v. 1

# Exhibit C

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Northern District of New York

SHERYL THOMPSON, Individually and as administrator of the ESTATE OF ASPEN ROBERTSON; and FRANK ROBERTSON, Individually and as administrator of the ESTATE OF

*Plaintiff(s)*

v.

UNITED STATES OF AMERICA; UNITED STATES CUSTOMS AND BORDER PROTECTION; UNITED STATES DEPARTMENT OF TRANSPORTATION; STATE O

*Defendant(s)*

Civil Action No. 8:24-cv-1163 (GTS/DJS)

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)* Office of The New York State Attorney General
Attorney General Letitia James
28 Liberty Street
New York, NY 10005

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are: Kevin Nichols Esquire
Nicols Law Firm
16 Elm Street, Malone NY 12953

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

John Domurad
Clerk of Court

Date: 9/24/2024

S/Matthew Gerace
*Signature of Clerk or Deputy Clerk*

2024 OCT -1 PM 12: 12

JS 44 (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

SHERYL THOMPSON, Individually and as administrator of the ESTATE OF ASPEN ROBERTSON; and FRANK ROBERTSON, Individually and as administrator of the ESTATE OF ASPEN ROBERTSON, and the ESTATE OF ASPEN ROBERTSON

**(b)** County of Residence of First Listed Plaintiff: Akwesasne ON
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Kevin Nichols Esquire
Nicols Law Firm
16 Elm Street, Malone NY 12953

## DEFENDANTS

UNITED STATES OF AMERICA; UNITED STATES CUSTOMS AND BORDER PROTECTION; UNITED STATES DEPARTMENT OF TRANSPORTATION; STATE OF NEW YORK, NEW YORK STATE DEPARTMENT OF TRANSPORTATION; COUNTY OF ST. LAWRENCE; TOWN OF MASSENA; GILBANE BUILDING COMPANY OF NEW YORK; SMITH-MILLER + HAWKINSON ARCHITECTS LLP; NORTHLAND ASSOCIATES, INC.; RIFENBURG CONSTRUCTION INC.; GREAT LAKES ST. LAWRENCE SEAWAY DEVELOPMENT CORP.; ABIDE INTERNATIONAL INC.; ABIDE KASHIA JV2 LLC; ABIDE-KASHIA JV3 LLC; ABIDE KASHIA JV4 LLC

County of Residence of First Listed Defendant: United States of America
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [ ] 3 Federal Question *(U.S. Government Not a Party)*
- [x] 2 U.S. Government Defendant
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

**REAL PROPERTY**
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

**TORTS — PERSONAL INJURY**
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [x] 360 Other Personal Injury
- [ ] 362 Personal Injury - Medical Malpractice

**PERSONAL INJURY**
- [ ] 365 Personal Injury - Product Liability
- [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

**CIVIL RIGHTS**
- [ ] 440 Other Civil Rights
- [ ] 441 Voting
- [ ] 442 Employment
- [ ] 443 Housing/ Accommodations
- [ ] 445 Amer. w/Disabilities - Employment
- [ ] 446 Amer. w/Disabilities - Other
- [ ] 448 Education

**PRISONER PETITIONS**
Habeas Corpus:
- [ ] 463 Alien Detainee
- [ ] 510 Motions to Vacate Sentence
- [ ] 530 General
- [ ] 535 Death Penalty

Other:
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition
- [ ] 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 690 Other

**LABOR**
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Management Relations
- [ ] 740 Railway Labor Act
- [ ] 751 Family and Medical Leave Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Employee Retirement Income Security Act

**IMMIGRATION**
- [ ] 462 Naturalization Application
- [ ] 465 Other Immigration Actions

**BANKRUPTCY**
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 835 Patent - Abbreviated New Drug Application
- [ ] 840 Trademark
- [ ] 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- [ ] 375 False Claims Act
- [ ] 376 Qui Tam (31 USC 3729(a))
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit (15 USC 1681 or 1692)
- [ ] 485 Telephone Consumer Protection Act
- [ ] 490 Cable/Sat TV
- [ ] 850 Securities/Commodities/ Exchange
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 893 Environmental Matters
- [ ] 895 Freedom of Information Act
- [ ] 896 Arbitration
- [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- [ ] 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. §1391(e)(1) 5 U.S.C. § 552(1)(f).

Brief description of cause:
Plaintiff operating a vehicle on or around Seaway International bridge Road, in the Town of Massena , State of New York, struck a traffic control ga

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: [x] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions)*: JUDGE ______ DOCKET NUMBER ______

DATE: 9-23-24 SIGNATURE OF ATTORNEY OF RECORD: [signature]

FOR OFFICE USE ONLY

RECEIPT # ______ AMOUNT $405 APPLYING IFP ______ JUDGE GTS MAG. JUDGE DJS

ANYNDC-6876761

JS 44 Reverse (Rev. 10/20)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)** **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b)** **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c)** **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.** **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.** **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.** **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket. **PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statute.

**VI.** **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

**VII.** **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SHERYL THOMPSON, Individually and as administrator of the ESTATE OF ASPEN ROBERTSON; and FRANK ROBERTSON, Individually and as administrator of the ESTATE OF ASPEN ROBERTSON, and the ESTATE OF ASPEN ROBERTSON<br><br>Plaintiffs,<br><br>vs.<br><br>UNITED STATES OF AMERICA; UNITED STATES CUSTOMS AND BORDER PROTECTION; UNITED STATES DEPARTMENT OF TRANSPORTATION; STATE OF NEW YORK; NEW YORK STATE DEPARTMENT OF TRANSPORTATION; COUNTY OF ST. LAWRENCE; TOWN OF MASSENA; GILBANE BUILDING COMPANY OF NEW YORK; SMITH-MILLER + HAWKINSON ARCHITECTS LLP; NORTHLAND ASSOCIATES, INC.; RIFENBURG CONSTRUCTION INC.; ABIDE INTERNATIONAL INC.; ABIDE-KASHIA JV2 LLC; ABIDE-KASHIA JV3 LLC; ABIDE KASHIA JV4 LLC; GREAT LAKES ST. LAWRENCE SEAWAY DEVELOPMENT CORP.;<br><br>Defendants. | CIVIL ACTION NO: 8:24-cv-1163 (GTS/DJS)<br><br>CIVIL ACTION<br><br>**COMPLAINT AND JURY DEMAND** |

The Plaintiffs, Sheryl Thompson, individually and as administrator of the Estate of Aspen Robertson, and Frank Robertson, individually and as administrator of the Estate of Aspen Robertson, and the Estate of Aspen Robertson, by way of Complaint against the Defendants say:

## JURISDICTION

1. This Court has subject matter jurisdiction over the claims herein pursuant to 28 U.S.C. § 1346(b(1).

## VENUE

2. Venue is proper in the Northern District of New York pursuant to 28 U.S.C. §1391(e)(1) as the United States is a defendant and this district is where a substantial part of the events or omissions giving rise to the claim occurred.

## PARTIES

3. Plaintiff, Sheryl Thompson, is an adult individual, mother of the deceased, Aspen Robertson, and an administrator of the Estate of Aspen Robertson.

4. Plaintiff, Frank Robertson, is an adult individual, father of the deceased, Aspen Robertson, and an administrator of the Estate of Aspen Robertson.

5. Defendant, United States of America, ("USA"), through its agency(ies)/instrumentality(ies), United States Customs and Border Protection and/or United States Department of Transportation, was responsible for the construction, installation, maintenance, repair, upkeep, operation, control, and/or use of the traffic control blocking mechanisms and/or barricades and/or traffic control gate(s) ("Traffic Control Gate") at or near the Three Nations Bridge Border Crossing, f/k/a The Seaway Bridge. Pursuant to 28 U.S.C. § 1346(b)(1), the United States of America is an appropriate Defendant. Defendant USA may be served with process pursuant to Fed. R. Civ. P. 4(i) by delivering a copy of the Summons and Complaint to the United States Attorney for the district in which the action is brought and by also sending a copy of the Summons and Complaint by registered and certified mail to the Attorney General of the United States.

6. Defendant, United States Customs and Border Protection ("CBP") is an agency within the meaning of 5 U.S.C. § 552(1)(f). Defendant CBP is an entity of the United States Government and may be served with process pursuant to Fed. R. Civ. P. 4(i) by delivering a copy of the Summons and Complaint to the United States Attorney for the district in which the action is brought and by also sending a copy of the Summons and Complaint by registered and certified mail to the Attorney General of the United States.

7. Defendant, United States Department of Transportation ("USDOT"), is an agency within the meaning of 5 U.S.C. § 552(1)(f). Defendant USDOT is an entity of the United States Government and may be served with process pursuant to Fed. R. Civ. P. 4(i) by delivering a copy of the Summons and Complaint to the United States Attorney for the district in which the action is brought and by also sending a copy of the Summons and Complaint by registered and certified mail to the Attorney General of the United States.

8. Defendant, State of New York ("NY"), has jurisdiction over and is empowered to hold title and other interests in real property, including without limitation the Three Nations Bridge Border Crossing and surrounding lands and is empowered to regulate the use and occupancy thereof as well as any appurtenances thereupon.

9. Defendant, New York State Department of Transportation ("NYDOT"), is an agency/instrumentality of the State of New York and has jurisdiction over and is empowered to hold title and other interests in real property, including without limitation the Three Nations Bridge Border Crossing and surrounding lands and is empowered to regulate the use and occupancy thereof as well as any appurtenances thereupon.

10. Defendant, County of St. Lawrence ("St. Lawrence"), is a political subdivision of the State of New York, and as such, has jurisdiction over and is empowered to hold title and other

interests in real property, including without limitation the Three Nations Bridge Border Crossing and surrounding lands and is empowered to regulate the use and occupancy thereof as well as any appurtenances thereupon.

11. Defendant, Town of Massena ("Massena"), is a political subdivision of the State of New York, and as such, has jurisdiction over and is empowered to hold title and other interests in real property, including without limitation the Three Nations Bridge Border Crossing and surrounding lands and is empowered to regulate the use and occupancy thereof as well as any appurtenances thereupon.

12. Defendant, Gilbane Building Company, ("Gilbane") is a corporation organized and existing under the laws of the State of Rhode Island with a principal place of business located at 7 Jackson Walkway, Providence, RI, 02903 and New York Registered agent for service at C T Corporation System, 28 Liberty Street, New York, NY 10005.

13. Defendant, Smith-Miller + Hawkinson Architects LLP ("SMH"), is a limited liability partnership organized and existing under the laws of the State of New York with a principal place of business located at 305 Canal Street, New York, NY 10013.

14. Defendant, Northland Associates, Inc. ("Northland"), is a corporation organized and existing under the laws of the State of New York, with a principal place of business located at 4701 Buckley Road, Liverpool, NY 13088.

15. Defendant, Rifenburg Construction Inc. ("Rifenburg"), is a corporation organized and existing under the laws of the State of New York, with a principal place of business located at 125 Defreest Drive, Troy, NY 12180.

16. Defendant Abide International Inc. ("Abide") is a corporation organized and existing under the laws of the State of Washington, with a principal place of business located at 561 1st Street West, Sonoma, CA 95476.

17. Defendant Abide-Kashia JV2 LLC ("Abide-Kashia JV2") is a limited liability company organized and existing under the laws of the State of California, with a principal place of business located at 1420 Guerneville Road, Suite 1, Santa Rosa, CA 95403, and upon information and belief, is a subsidiary of Defendant, Abide International Inc.

18. Defendant Abide-Kashia JV3 LLC ("Abide-Kashia JV3") is a limited liability company organized and existing under the laws of the State of California, with a principal place of business located at 1420 Guerneville Road, Suite 1, Santa Rosa, CA 95403, and upon information and belief, is a subsidiary of Defendant, Abide International Inc.

19. Defendant Abide-Kashia JV4 LLC ("Abide-Kashia JV4") is a limited liability company organized and existing under the laws of the State of California, with a principal place of business located at 1420 Guerneville Road, Suite 1, Santa Rosa, CA 95403, and upon information and belief, is a subsidiary of Defendant, Abide International Inc.

20. Defendant, Great Lakes St. Lawrence Seaway Development Corp. ("Great Lakes"), is a division, agency, subdivision, or other instrumentality of the Defendant USDOT.

## FACTUAL AVERMENTS

21. On or about September 24, 2022, Aspen Robertson, was operating a vehicle on or around Seaway International Bridge Road, in the Town of Massena, State of New York.

22. While driving on Seaway International Bridge Road, Aspen Robertson struck a traffic control gate that was improperly, negligently, carelessly and/or recklessly designed,

installed, maintained and/or positioned in such a way as to pose an unreasonable danger to the motoring public.

23. At all times relevant hereto, the traffic control gate was designed, installed, operated, controlled, supervised, maintained, located, repaired, and/or otherwise kept by the Defendants USA, CBP, USDOT, NY, NYDOT, St. Lawrence, Massena, Gilbane, SMH, Northland, Rifenburg, Abide, Abide-Kashia JV2, Abide-Kashia JV3, Abide-Kashia JV4, and/or Great Lakes (each a "Defendant" and collectively, the "Defendants").

24. At all times relevant hereto, the land upon which the traffic control gate was situated was installed, operated, maintained, repaired, owned and/or controlled by each, all and/or any of the Defendants.

25. As a result of striking the traffic control gate, Aspen Robertson suffered catastrophic injuries resulting in his death.

26. On October 31, 2021, the Plaintiffs, Sheryl Thompson and Frank Robertson were named administrators of the Estate of Aspen Robertson pursuant to the *Indian Act*, R.S.C. 1985, C. I-5.

27. Plaintiffs, Sheryl Thompson and Frank Robertson have applied to be named as administrator of the Estate of Aspen Robertson pursuant to the laws of the State of New York.

28. The Plaintiffs, Sheryl Thompson, individually and as administrator of the Estate of Aspen Robertson, and Frank Robertson, individually and as administrator of the Estate of Aspen Robertson, and the Estate of Aspen Robertson, make this complaint for both wrongful death and survival damages.

**FIRST COUNT**

29. Plaintiffs repeat and realleges the factual recitations of the preceding paragraphs of the Complaint as if set forth herein at length.

30. At all times relevant hereto, Defendants designed, installed, operated, controlled, maintained, supervised, located, repaired, and/or otherwise kept the traffic control gate.

31. At all times relevant hereto, Defendants owned and/or controlled the land upon which the traffic control gate was situated.

32. Defendants, were negligent, careless, and/or reckless in that Defendants:

- caused, created, and/or permitted unsafe, dangerous and hazardous conditions and defects to exist with regards to the traffic control gate and/or the land upon which the traffic control gate was situated; and/or
- failed to warn of such dangerous and hazardous conditions; and/or
- failed to make proper inspection of the traffic control gate and/or the land upon which the traffic control gate was situated; and/or
- negligently hired employees and/or agents for the installation, construction, operation, maintenance, repair and upkeep of the traffic control gate; and/or
- negligently supervised employees with regards to the installation, construction, operation, maintenance, repair and upkeep of the traffic control gate; and/or
- negligently retained employees and/or agents for the installation, construction, operation, maintenance, repair and upkeep of the traffic control gate; and/or

- otherwise acted negligently, carelessly, recklessly, and with such callous disregard such that they wrongfully caused Aspen Robertson to come into contact with such dangerous and hazardous conditions and defects; and/or
- were otherwise inattentive, reckless, careless, negligent and/or grossly negligent.

33. As a direct and proximate result of the negligence, carelessness, gross negligence and/or recklessness of the Defendants, aforesaid, Aspen Robertson, was caused to suffer catastrophic injuries resulting in his death.

34. Before his death, Aspen Robertson suffered physical pain, mental anguish, and fear of impending death.

35. As a result of Aspen Robertson's death, he, his heirs, and his beneficiaries were deprived of the future earnings he would have derived throughout his life.

36. As a result of Aspen Robertson's death, Plaintiffs Sheryl Thompson, individually and as administrator of the Estate of Aspen Robertson, and Frank Robertson, individually and as administrator of the Estate of Aspen Robertson, as well as other heirs and beneficiaries, have suffered both tangible and intangible losses and damages including, without limitation, loss of companionship, loss of advice and guidance, and loss of future earning capacity.

**WHEREFORE**, the Plaintiffs demand judgment against the Defendants individually, jointly, severally and/or for wrongful death damages, survival damages, counsel fees, interest and costs of suit.

## JURY DEMAND

The Plaintiffs hereby demand a trial by jury as to all issues pursuant to F.R.C.P. 38.

## DESIGNATION OF TRIAL COUNSEL

Kevin Nichols, Esquire, is hereby designated as trial counsel on behalf of the Plaintiffs, Sheryl Thompson, individually and as administrator of the Estate of Aspen Robertson, and Frank Robertson, individually and as administrator of the Estate of Aspen Robertson, and the Estate of Aspen Robertson.

## CERTIFICATION

In accordance with F.R.C.P. 11, the undersigned hereby certifies as follows:

1. I have read the content of the above pleading.

2. To the best of my knowledge, information and/or belief, formed after reasonable inquiry, this pleading is well grounded in fact and warranted by existing law or a good-faith argument for the extension, modification or reversal of existing law.

3. It is not intended for any improper purpose such as to harass or to cause unnecessary delay or cost to litigation.

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

**NICHOLS LAW FIRM, PLLC**
Attorney for Plaintiffs

By: /s/ *Kevin Nichols*
KEVIN NICHOLS, ESQ.

Dated: September 22, 2024

U.S. DISTRICT COURT
N.D. OF N.Y.
FILED
January 5, 2024
JOHN M. DOMURAD, CLERK

**UNITED STATES DISTRICT COURT**
**FOR THE**
**NORTHERN DISTRICT OF NEW YORK**

# GENERAL ORDER #25

# CIVIL CASE ASSIGNMENT & FILING ORDER

# NOTICE

## THE ATTACHED FILING ORDER IS A TIME SENSITIVE DOCUMENT

This filing order is to be served on all parties to the action along with the complaint or petition for removal within **sixty (60) days** of filing the action.

The attached Civil Case Management Plan must be completed and filed with the Clerk no later than seven (7) days prior to the conference date referenced below.

| | |
|---|---|
| CASE NUMBER: | 8:24-cv-1163 (GTS/DJS) |
| CONFERENCE DATE/TIME: | December 26, 2024 at 10:00 AM |
| CONFERENCE LOCATION: | Albany |
| BEFORE MAGISTRATE JUDGE: | Hon. Daniel J. Stewart |

**NOTE: ALL CIVIL ACTIONS SHALL BE REFERRED INTO THE NORTHERN DISTRICT'S MANDATORY MEDIATION PROGRAM EXCEPT THOSE CASES THAT HAVE BEEN DESIGNATED AS EXEMPT UNDER SECTION 2.1 (A) OF GENERAL ORDER #47.** If the ADR track below has been checked, this case will be referred into the Mandatory Mediation Program. Counsel are directed to review the Mandatory Mediation Plan prior to the Rule 16 Conference. Please refer to General Order #47 - Mandatory Mediation Program which is available on the Court's website at www.nynd.uscourts.gov.

Conventional Track ______ ADR Track X

## CONTENTS

1. Case Assignment and Filing Locations
2. General Order #25 (Filing Order)
3. Case Management Plan
4. Consent Form to Proceed before U.S. Magistrate Judge

## CASE ASSIGNMENT

This action has been assigned to the District Judge and Magistrate Judge shown below. All correspondence and filings should bear the initials of the assigned District Judge and Magistrate Judge immediately filing the civil action number. (i.e. Civil Action No. 5:15-cv-0123 NAM/DJS). **Document should be filed in accordance with General Order #22.**

| | | |
|---|---|---|
| CIVIL CASE NUMBER: | 8:24-cv-1163 (GTS/DJS) | |
| DISTRICT JUDGE: | Hon. Glenn T. Suddaby | GTS |
| MAGISTRATE JUDGE: | Hon. Daniel J. Stewart | DJS |

## PRO SE LITIGANTS

Send all original documents for filing to one of the Clerk's Office listed below:

Clerk, U.S. District Court
Federal Building & Courthouse
P.O. Box 7367
Syracuse, NY 13261-7367

Clerk, U.S. District Court
Federal Building & Courthouse
15 Henry Street
Binghamton, NY 13901

Clerk, U.S. District Court
James T. Foley U.S. Courthouse
445 Broadway
Albany, NY 12207-2936

Clerk, U.S. District Court
Alexander Pirnie Federal Building
10 Broad Street
Utica, NY 13501

**All papers filed with the Court must conform to Local Rule 10.1.**

## COUNSEL

All documents **must** be filed electronically on the Court's CM/ECF system. Please refer to General Order #22 for procedures for filing documents electronically.

# UNITED STATES DISTRICT COURT
# FOR THE
# NORTHERN DISTRICT OF NEW YORK

## GENERAL ORDER #25

### I. PURPOSE

It is the policy of this court to help litigants resolve their civil disputes in a just, timely and cost-effective manner. To that end, this court has adopted an Expense and Delay Reduction Plan in accordance with the Civil Justice Reform Act of 1990. This will tailor the level of individualized case management needs to such criteria as case complexity and the amount of time reasonably needed to prepare a case for trial.

### II. SCOPE

This order applies to all civil cases filed in this court except: multi-district litigation, cases remanded from appellate court, reinstated and reopened cases, and cases in the following Nature of Suit (NOS) categories indicated on the JS44 Civil Cover Sheet:

Prisoner Petitions (463, 510-560)
Forfeiture/Penalty (625, 690)
Bankruptcy Appeals (422, 423)
Social Security Appeals (861-865)
Real Property (only NOS 220)
Naturalization Application & Other Immigration Actions (NOS 462, 465)
Arbitration (NOS 896)
Contract (only NOS 150 and other contract actions which involve the collection of debts owed to the United States)

*Note – When the Court deems it appropriate, Rule 16 Scheduling Conferences will be held in the above excepted actions.

The Court has adopted the guidelines of civility as outlined in the New York State Bar Association Guidelines on Civility in Litigation, a copy of which is available on the court's website at www.nynd.uscourts.gov.

### III. SERVICE

A. **Timing**: When serving a Complaint or Notice of removal, the filing party shall serve on all other parties a copy of this General Order and attached materials. Service of process should be completed within **sixty (60) days** from the initial filing date. This expedited service is necessary to fulfill the dictates of the Civil Justice Reform Act Expense and Delay Reduction Plan of this court to ensure adequate time for pretrial discovery and motion practice. However, in no event shall service of process be completed after the time specified in Fed. R. Civ. P. 4, or any other rule or statute which may govern service of process in a given action.

B. **Filing Proof(s) of Service**: Proof(s) of service of process are to be filed with the clerk's office no later than **five (5) days** after service of the complaint or notice of removal with a copy of this General Order.

C. **Non-Compliance with Sixty (60) Day Service Requirement**: In the event that the filing party cannot comply with the sixty (60) day service requirement, that party shall immediately notify the assigned Magistrate Judge and request an adjournment of the initial Rule 16 case management conference date contained in the Civil Case Management Plan.

If an adjournment of the conference date is granted, it shall be the responsibility of the filing party to notify all parties to the action of the new date, time and location for the case management conference. Proof of service of such notice shall then be immediately filed with the clerk's office.

## IV. ADDITIONAL PARTIES

Any party who, after the filing of the original complaint or notice of removal, causes a new party to be joined in the action, shall promptly serve on that new party a copy of General Order #25 along with any additional Uniform Pretrial Scheduling Order that has been entered by the Court.

## V. REMOVED CASES

In cases removed to this court from a state court, the removing defendant(s) shall serve on the plaintiff(s) and all other parties, at the time of service of the notice of removal, a copy of this General Order with the attached materials. The filing of a motion for remand does not relieve the moving party of any obligation under this General Order unless the assigned judge or magistrate judge specifically grants such relief.

## VI. TRANSFERRED CASES

The clerk shall serve a copy of this General order on all parties that have appeared in any action transferred to this district. The clerk shall set a return date for the initial Rule 16 case management conference on the form attached to the General Order. It shall be the obligation of the plaintiff or plaintiff's counsel to arrange for completion of the attached Case Management Plan and to file the Plan with the clerk and to serve this General Order upon any party who had not appeared in this action at the time of transfer. Attorneys appearing in transferred cases are reminded of their obligation to be property admitted to this district in accordance with Local Rule 83.1. Attorneys must also be registered for electronic filing. Refer to Section XII of this General Order.

## VII. ADR PROGRAMS

It is the mission of this court to do everything it can to help parties resolve their disputes as fairly, quickly, and efficiently as possible. The court has adopted a Mandatory Mediation Program – see General Order #47 available on the Court's website. All civil cases that are not exempt under General Order #47 and are filed after January 1, 2014, as well as all cases where a Rule 16

Conference is scheduled after January 1, 2014, will be placed into the Mandatory Mediation Program. The Court may also refer the other pending cases into the Mandatory Mediation program. The parties are directed to review the Mandatory mediation Plan requirements prior to the Rule 16 case management conference. At the Rule 16 conference, the assigned Magistrate Judge will set a deadline for the completion of Mediation under General Order #47. The referral of a case to the Mandatory Mediation Program does not delay or defer other dates establishes in the Scheduling Order and has no effect on the scheduled progress of the case toward trial.

**A.** **Settlement Conferences:** The parties are advised that the court will honor a request for a settlement conference at any stage of the proceeding. A representative of the parties with the authority to bind the parties must be present with counsel or available by telephone at any settlement conference.

**B.** **Consent to Jury or Court Trial Before A United States Magistrate Judge:** By stipulation, the parties to any civil action may elect to have a magistrate judge (instead of the assigned Article III judge) conduct all proceedings in any civil case, including presiding over a jury or bench trial. A trial before a magistrate judge is governed by the same procedural and evidentiary rules as trial before a district judge. The right to appeal is automatically preserved to the United States Court of Appeals under the same standards which govern appeals from an Article III judge. Parties often consent to resolution of their civil dispute by magistrate judge bench or jury trial because magistrate judges have less crowded calendars.

## VIII. DISCOVERY

**A.** **Discovery Motions:** Prior to bringing a discovery dispute to a Magistrate Judge, the parties must confer in good faith in accordance with the provisions of Local Rule 37.1(b). In addition, no non-dispositive or discovery motions should be presented to the Court unless authorized by the Magistrate Judge after communication with the Magistrate Judge's chambers.

**B.** **Filing Discovery:** Parties are directed not to file discovery material unless it is being filed in accordance with Local Rule 26.2.

For additional information on local requirements related to depositions and discovery, please refer to Section V. of the Local Rules of this court.

## IX. MOTIONS

**A.** **Motions:** Motions are decided without oral argument unless scheduled by the Court. For additional information on local requirements related to motion practice, please refer to Local Rule 7.1.

## X. CASE MANAGEMENT CONFERENCE

Except in actions exempted under Section II of this order, or when otherwise ordered by the court, the parties shall, as soon as practicable, but no later than **twenty-one (21) days** before the Rule 16

conference, confer to jointly address each item contained in the attached Case Management Plan packet. The completed plan is to be filed with the clerk not later than **seven (7) days** prior to the conference date. The NOTICE setting the date, time and location for the initial Rule 16 conference with the court is included as part of this filing order. Mandatory disclosures under Fed. R. Civ. P. 26(a) shall be exchanged at least seven (7) days prior to the conference date, unless the parties have obtained prior approval from the assigned Magistrate Judge to extend that deadline. The Civil Justice Reform Act Plan of this court requires the court to set "early, firm" trial dates, such that the trial is scheduled to occur within eighteen (18) months after the filing of the complaint, unless a judicial officer certifies that (i) the demands of a case and its complexity make such a trial date incompatible with serving the ends of justice; or (ii) the trial cannot reasonably be held within such time because of the complexity of the case or the number or complexity of pending criminal cases.

## XI. ELECTRONIC FILING

As of January 1, 2014, all documents submitted for filing by attorneys admitted to practice in the Northern District of New York shall be filed electronically using the CM/ECF system. Refer to General Order #22 for procedures for filing documents electronically. Attorneys must be registered for both PACER and CM/ECF. Consult with the CM/ECF section of the court's website at www.nynd.uscourts.gov for PACER registration, CM/ECF registration, and General Order #22.

**REVISED GENERAL ORDER #25**
Dated: September 16, 2022

Brenda K. Sannes

**Brenda K. Sannes**
**Chief U.S. District Judge**

Revision History:

1/3/2010 added Magistrate Judge Andrew T. Baxter.
4/18/2011 added U.S. District Judge Mae A. D'Agostino and Magistrate Judge Victor E. Bianchini.
12/16/2011 reflects Hon. Gary L. Sharpe as Chief Judge.
2/10/2012 added Magistrate Judge Therese Wiley Dancks.
9/1/20212 added Magistrate Judge Christian F. Hummel.
10/1/2012 reflects the retirement of Senior Judge Neal P. McCurn.
10/25/2013 includes information on Mandatory Mediatory – See General Order #47.
11/4/2013 includes changes to deadlines for mandatory disclosures under Fed. Rule 26(a), and changes the date for the filing of the civil casement management plan from 14 days prior to the conference to 7 days prior to the conference.
12/29/2014 added U.S. District Judge Brenda K. Sannes.
10/01/2015 reflects Hon. Glenn T. Suddaby as Chief Judge, added Magistrate Judge Daniel J. Stewart, and reflects the retirement of Hon. Randolph F. Treece.
1/1/2016 reflects Hon. Gary L. Sharpe taking senior status.
6/23/2016 relates to Amended General Order #47 Mandatory Mediation Program.
7/23/2019 added Magistrate Judge Miroslav Lovric and removed Magistrate Judge David Peebles.
12/4/20 corrected Local Rule numbers referenced in accordance with changes to the 2021 Local Rules and removed all motion return dates and references to oral argument.
9/16/2022 reflects Hon. Brenda K. Sannes as Chief Judge, format changes, and minor revisions, incl. Civil Case Management Plan.

# CIVIL CASE MANAGEMENT PLAN

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

Sheryl Thompson, et al

**vs** **Case No.** 8:24-cv-1163 (GTS/DJS)

United States of America, et al

---

**IT IS HEREBY ORDERED** that, pursuant to Rule16(b), Federal Rules of Civil Procedure, a status and scheduling conference will be held in this case before the Honorable DANIEL J. STEWART, United States Magistrate Judge, on December 26, 2024, at 10:00 AM at the United States Courthouse, at Room Number 409, Albany, New York.

Counsel for all parties or individuals appearing pro se in the above-captioned action are directed to confer in accordance with Fed. R. Civ. P. 26(f) with respect to all of the agenda items listed below, no later than **twenty-one (21)** days before the scheduled Rule 16 Conference. Following that Rule 26(f) meeting, a report of the results of the conference, in the format set forth below, must be filed with the clerk no later than **seven (7) days** prior to the scheduled Rule 16 conference with the Court. Matters which the Court will discuss at the status conference will include the following: (insert a separate subparagraph as necessary if parties disagree):

1. **JOINDER OF PARTIES**: Any application to join any person as a party to this action shall be made on or before _____________.

2. **AMENDMENT OF PLEADINGS**: Any application to amend the pleadings to this action shall be made on or before _____________.

3. **DISCOVERY**: All discovery in this action shall be completed on or before ___________. **(Discovery timetable is to be based on the complexity of the action)**

4. **MOTIONS:** All motions, including discovery motions, shall be made on or before _____________. **(Non-Dispositive motions including discovery motions may only be brought after the parties have complied with Section IX of General Order #25)**

5. **EXPERT WITNESS DISCLOSURE**: Plaintiff's Expert Witness disclosure shall be exchanged on or before ____________________ (at least 90 days before the close of discovery). Defendant's Expert Witness disclosure shall be exchanged on or before ____________ (at least 45 days before the close of discovery). Rebuttal Expert Witness Disclosure shall be exchanged on or before ____________ (at least 30 days before the close of discovery).

6. **MANDATORY MEDIATION**: A stipulation selecting mediator must be filed on or before ____________. Mediation must be completed on or before ____________.

7. **PROPOSED DATE FOR THE COMMENCEMENT OF TRIAL**: The action will be ready to proceed to trial on or before _____________. It is anticipated that the trial will take approximately _______ days to complete. The parties request that the trial be held in _______________, N.Y. **(The proposed date for the commencement of trial must be within 18 months of the filing date).**

8. **Have the parties filed a Jury Demand?** _____(YES) _____(NO).

9. **What is the basis of the Court's subject matter jurisdiction? If it is diversity jurisdiction under 18 USC § 1332(a), does the complaint allege the citizenship of each party, including the citizenship of all members of any LLC or partnership? See 250 Lake Avenue Associates, LLC v. Erie Insurance Co., 281 F. Supp 3d 335, 341 (W.D.N.Y. 2017) ("[A]n LLC has the citizenship of each of its members for diversity jurisdiction purposes.")**

______________________________________________________________________
______________________________________________________________________
______________________________________________________________________
______________________________________________________________________

10. **Are the parties subject to the Court's jurisdiction? Have all parties been served?**

______________________________________________________________________
______________________________________________________________________
______________________________________________________________________
______________________________________________________________________

11. **What are the factual and legal bases for Plaintiff's claims and Defendant's defenses (including counterclaims and crossclaims, if applicable)?**

______________________________________________________________________
______________________________________________________________________
______________________________________________________________________
______________________________________________________________________

**12. What factual and legal issues are genuinely in dispute?**

**13. Can the issues in litigation be narrowed by agreement or by motions? Are there dispositive or partially dispositive issues appropriate for decision on motion?**

**14. What specific relief do the parties seek? What are the damages sought?**

15. **DISCOVERY PLAN**

A. **Mandatory Disclosures**

The parties will exchange the mandatory disclosures required under Rule 26(a)(1) at least **seven (7) days** prior to the date of the Rule 16 conference, unless they have obtained prior approval from the assigned Magistrate Judge to extend that deadline.

B. **Subjects of Disclosure**

The parties jointly agree that discovery will be needed to address the following subjects:

C. **Discovery Sequence**

Describe the parties' understanding regarding the timing of the discovery, and state whether it is anticipated that discovery will be phased to address different issues in stages.

D. **Written Discovery**

Describe the written discovery demands which the parties contemplate serving under Rules 33, 34 and 36, including when they will be promulgated, that areas to be covered, and whether there is any need for any party to exceed the number of interrogatories permitted under Rule 33.

E. **Depositions**

Set forth the parties' expectations regarding depositions, including the approximate number to be taken, their location, a general description of the deponents, and an indication of whether any non-party fact depositions are anticipated.

F. **Experts**

Set forth the parties' expectations regarding the retention of experts, and identify any particular issues to be addressed by the court concerning the retention and exchange of the information regarding experts, including whether the parties seek a variance from the expert disclosure requirements of the form uniform pretrial scheduling order typically issued by the court (i.e., initial expert disclosure at least ninety days, responsive expert disclosures at least forty-five days, and rebuttal reports due at least thirty days, before the close of discovery).

G. **Electronic Discovery**

Set forth the parties' understanding and expectations regarding discovery of electronically stored information. This description should include any agreements reached with respect to the retention of electronically stored information and the manner in which it will be produced, if requested. The parties should also identify any agreements regarding the manner in which electronically stored information subject to claims of privilege or work product protection will be handled, and whether a court order will be requested, either on stipulation or otherwise, to address this issue. If an agreement has been reached on the entry of such an order, provide a brief description of the provisions which will be included in a proposed order.

H. **Protective Orders**

If the parties anticipate requesting a protective order from the court pursuant to Rule 26(c), describe the basis for the request and nature of the proposed protective order.

______________________________

______________________________

______________________________

I. **Anticipated Issues Requiring Court Intervention**

Provide a brief description of any discovery related issues which, the parties reasonably anticipate, may require court intervention.

______________________________

______________________________

______________________________

16. **Is it possible to reduce the length of trial by stipulations, use of summaries or statements, or other expedited means or presenting evidence? Is it feasible and desirable to bifurcate issues for trial?**

______________________________

______________________________

______________________________

______________________________

17. **Are there any related cases pending before the Judges of this Court?**

______________________________

______________________________

______________________________

______________________________

18. **In Class Actions, when and how will the class be certified?**

______________________________

______________________________

______________________________

______________________________

19. **What are the prospects for settlement? Please check below the prospect for settlement:**

1 ____ 2 ____ 3 ____ 4 ____ 5 ____ 6 ____ 7 ____ 8 ____ 9 ____ 10 ____
(Very unlikely → → → → → → Likely)

A. Settlement cannot be evaluated prior to ____________________ (Date).

B. How can settlement efforts be assisted?

______________________________________________

______________________________________________

______________________________________________

***(Do not indicate any monetary amounts at this time, settlement will be explored by the Magistrate Judge at the time of the initial status conference)***

**Complete Question 19 only if your filing order Cover Sheet was checked as an ADR Track case – *Subject to Mandatory Mediation under General Order #47.***

**20. If your case was selected as a qualifying mandatory mediation case, confirm that you have:**

A. Reviewed General Order #47 Yes ___ No ___

B. Reviewed the List of Court Approved Mediators available on the NDNY website? Yes ___ No ___

C. Prepared to discuss with the Court, at the conference, whether your case should be opted out of the program? Yes ___ No ___

D. Discussed the time frame needed to complete Mandatory Mediation? Yes ___ No ___

---

Pursuant to Fed. R. Civ. P. 25(f), a meeting was held on ____________
and was attended by: (Date)

____________________________ for plaintiff(s)

____________________________ for defendant(s) ____________________________

____________________________ for defendant(s) ____________________________

At the Rule 16(b) conference, the Court will issue an order directing the future proceedings in this action. The parties are advised that failure to comply with this order may result in the imposition of sanctions pursuant to Federal Rules of Civil Procedure 16(f).

***Please detach this case management plan form and file electronically with the clerk no later than seven (7) days in advance of the conference date.***

## CONSENT TO THE EXERCISE

## OF CIVIL JURISDICTION BY A MAGISTRATE JUDGE

In accordance with the provisions of 28 U.S.C. Section 636(c), you are hereby notified that the United States Magistrate Judges of this district court, in addition to their other duties, may, upon consent of all the parties in a civil case, conduct any or all proceedings in the case, including a jury or non-jury trial, and order the entry of a final judgment.

You should be aware that your decision to consent to the referral of your case to a United States Magistrate Judge for disposition is entirely voluntary and should be indicated by counsel endorsing the attached consent form for the plaintiff(s)and defendant(s). If the form is executed by all counsel for the parties (or by the parties if appearing pro se), it should be communicated solely to the clerk of the district court. ONLY if all the parties to the case consent to the reference to a magistrate judge will either the judge or magistrate judge to whom the case has been assigned be informed of your decision.

Your opportunity to have your case disposed of by a magistrate judge is subject to the calendar requirements of the court. Accordingly, the district judge to whom your case is assigned must approve the reference of the case to a magistrate judge for disposition.

In accordance with 28 U.S.C. Section 636(c)(3), an appeal from a judgment entered by a magistrate judge will be taken to the United States Court of Appeals for this judicial circuit in the same manner as an appeal from any other judgment of a district court. See Also L.R. 72.2(b)(5).

Copies of the consent form are available in any office of the clerk of the court and on the court web-page at www.nynd.uscourts.gov.

****ATTACHED FOR YOUR CONSIDERATION IS A BLANK CONSENT FORM****

AO 85 (rev. 02/17) Notice, Consent, and Reference of a Civil Action to a Magistrate Judge

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

Sheryl Thompson, et al

Plaintiff, Civil Action No. 8:24-cv-1163 (GTS/DJS)

-vs-

United States of America, et al

Defendant.

**NOTICE, CONSENT, AND REFERENCE OF A CIVIL ACTION TO A MAGISTRATE JUDGE**

*Notice of a magistrate judge's availability.* A United States magistrate judge of this court is available to conduct all proceedings in this civil action (including a jury or nonjury trial) and to order the entry of a final judgment. The judgment may then be appealed directly to the United States court of appeals like any other judgment of this court. A magistrate judge may exercise this authority only if all parties voluntarily consent.

You may consent to have your case referred to a magistrate judge, or you may withhold your consent without adverse substantive consequences. The name of any party withholding consent will not be revealed to any judge who may otherwise be involved with your case.

*Consent to a magistrate judge's authority.* The following parties consent to have a United States magistrate judge conduct all proceedings in this case including trial, the entry of final judgment, and all post-trial proceedings.

| *Parties' printed names* | *Signatures of parties or attorneys* | *Dated* |
|---|---|---|
| | | |
| | | |
| | | |

**Reference Order**

IT IS ORDERED: This case is referred to a United States Magistrate Judge to conduct all proceedings and order the entry of final judgment in accordance with 28 U.S.C. § 636(c) and Fed.R.Civ.P. 73.

Date: ____________________ ________________________________________

*District Judge's signature*

________________________________________

*Printed name and title*

NOTE: Return this form to the clerk of court only if you are consent to the exercise of jurisdiction by a United States magistrate judge. Do NOT return this form to a judge or file on the docket, unless it has been signed by all parties to the action.

# NOTICE TO PARTIES OF COURT-DIRECTED MANDATORY MEDIATION PROGRAM

You are receiving this Notice because your case has been referred into the Court's Mandatory Mediation Program.

Counsel are directed to carefully review the Mandatory Mediation Plan and the requirements contained therein (General Order #47), prior to the Rule 16 conference.

All inquiries regarding the Mandatory Mediation Program should be directed to:

Angela Topa
ADR Program Administrator
U.S. District Court
Binghamton U.S. Courthouse
15 Henry Street
Binghamton, New York 13901
Telephone: (607) 773-2893
email: atopa@nynd.uscourts.gov

# Exhibit D

**SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ST. LAWRENCE**

SHERYL THOMPSON, Individually and as administrator of the ESTATE OF ASPEN ROBERTSON; and FRANK ROBERTSON, Individually and as administrator of the ESTATE OF ASPEN ROBERTSON, and the ESTATE OF ASPEN ROBERTSON

Plaintiffs,

vs.

UNITED STATES OF AMERICA; UNITED STATES CUSTOMS AND BORDER PROTECTION; UNITED STATES DEPARTMENT OF TRANSPORTATION; STATE OF NEW YORK; NEW YORK STATE DEPARTMENT OF TRANSPORTATION; COUNTY OF ST. LAWRENCE; TOWN OF MASSENA; GILBANE BUILDING COMPANY OF NEW YORK; SMITH-MILLER + HAWKINSON ARCHITECTS LLP; NORTHLAND ASSOCIATES, INC.; RIFENBURG CONSTRUCTION INC.; GREAT LAKES ST. LAWRENCE SEAWAY DEVELOPMENT CORP.; and JOHN DOES 1-10

Defendants.

INDEX NO.: EFCV-24-166762

**SUMMONS**

**To the above-named Defendants**:

**YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance on the Plaintiff's attorney within 20 days after service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally

4859-0609-6102, v. 2

delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

**NICHOLS LAW FIRM, PLLC**
Attorney for Plaintiffs

By: ______________________
KEVIN NICHOLS, ESQ.

Dated: September 22, 2024

4859-0609-6102, v. 2

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ST. LAWRENCE

| | |
|---|---|
| SHERYL THOMPSON, Individually and as administrator of the ESTATE OF ASPEN ROBERTSON; and FRANK ROBERTSON, Individually and as administrator of the ESTATE OF ASPEN ROBERTSON, and the ESTATE OF APEN ROBERTSON<br><br>Plaintiffs,<br><br>vs.<br><br>UNITED STATES OF AMERICA; UNITED STATES CUSTOMS AND BORDER PROTECTION; UNITED STATES DEPARTMENT OF TRANSPORTATION; STATE OF NEW YORK; NEW YORK STATE DEPARTMENT OF TRANSPORTATION; COUNTY OF ST. LAWRENCE; TOWN OF MASSENA; GILBANE BUILDING COMPANY OF NEW YORK; SMITH-MILLER + HAWKINSON ARCHITECTS LLP; NORTHLAND ASSOCIATES, INC.; RIFENBURG CONSTRUCTION INC.; GREAT LAKES ST. LAWRENCE SEAWAY DEVELOPMENT CORP.; ABIDE INTERNATIONAL INC.; ABIDE-KASHIA JV2 LLC; ABIDE-KASHIA JV3 LLC; ABIDE KASHIA JV4 LLC; and JOHN DOES 1-10.<br><br>Defendants. | INDEX NO.: EFCV-24-166762<br><br>**FIRST AMENDED COMPLAINT**<br><br>**JURY TRIAL DEMAND** |

The Plaintiffs, Sheryl Thompson, individually and as administrator of the Estate of Aspen Robertson, and Frank Robertson, individually and as administrator of the Estate of Aspen Robertson, and the Estate of Aspen Robertson, by way of Complaint against the Defendants say:

4859-0609-6102, v. 2

## PARTIES

1. Plaintiff, Sheryl Thompson, is an adult individual, mother of the deceased, Aspen Robertson, and an administrator of the Estate of Aspen Robertson.

2. Plaintiff, Frank Robertson, is an adult individual, father of the deceased, Aspen Robertson, and an administrator of the Estate of Aspen Robertson.

3. Defendant, United States of America, ("USA"), through its agency(ies)/instrumentality(ies), United States Customs and Border Protection and/or United States Department of Transportation, was responsible for the construction, installation, maintenance, repair, upkeep, operation, control, and/or use of the traffic control and/or barricades and/or traffic control gate and/or traffic blocking mechanisms ("Traffic Control Gate") at or near the Three Nations Bridge Border Crossing, f/k/a The Seaway Bridge.

4. Defendant, United States Customs and Border Protection ("CBP") is an agency within the meaning of 5 U.S.C. § 552(1)(f).

5. Defendant, United States Department of Transportation ("USDOT"), is an agency within the meaning of 5 U.S.C. § 552(1)(f).

6. Defendant, State of New York ("NY"), has jurisdiction over and is empowered to hold title and other interests in real property, including without limitation the Three Nations Bridge Border Crossing and surrounding lands and is empowered to regulate the use and occupancy thereof as well as any appurtenances thereupon.

7. Defendant, New York State Department of Transportation ("NYDOT"), is an agency/instrumentality of the State of New York and has jurisdiction over and is empowered to hold title and other interests in real property, including without limitation the Three Nations Bridge

Border Crossing and surrounding lands and is empowered to regulate the use and occupancy thereof as well as any appurtenances thereupon.

8. Defendant, County of St. Lawrence ("St. Lawrence"), is a political subdivision of the State of New York, and as such, has jurisdiction over and is empowered to hold title and other interests in real property, including without limitation the Three Nations Bridge Border Crossing and surrounding lands and is empowered to regulate the use and occupancy thereof as well as any appurtenances thereupon.

9. Defendant, Town of Massena ("Massena"), is a political subdivision of the State of New York, and as such, has jurisdiction over and is empowered to hold title and other interests in real property, including without limitation the Three Nations Bridge Border Crossing and surrounding lands and is empowered to regulate the use and occupancy thereof as well as any appurtenances thereupon.

10. Defendant, Gilbane Building Company, ("Gilbane") is a corporation organized and existing under the laws of the State of Rhode Island with a principal place of business located at 7 Jackson Walkway, Providence, RI, 02903 and New York Registered agent for service at C T Corporation System, 28 Liberty Street, New York, NY 10005.

11. Defendant, Smith-Miller + Hawkinson Architects LLP ("SMH"), is a limited liability partnership organized and existing under the laws of the State of New York with a principal place of business located at 305 Canal Street, New York, NY 10013.

12. Defendant, Northland Associates, Inc. ("Northland"), is a corporation organized and existing under the laws of the State of New York, with a principal place of business located at 4701 Buckley Road, Liverpool, NY 13088.

13. Defendant, Rifenburg Construction Inc. ("Rifenburg"), is a corporation organized and existing under the laws of the State of New York, with a principal place of business located at 125 Defreest Drive, Troy, NY 12180.

14. Defendant, Great Lakes St. Lawrence Seaway Development Corp. ("Great Lakes"), is a division, agency, subdivision, or other instrumentality of the Defendant USDOT.

15. Defendant Abide International Inc. ("Abide") is a corporation organized and existing under the laws of the State of Washington, with a principal place of business located at 561 1st Street West, Sonoma, CA 95476.

16. Defendant Abide-Kashia JV2 LLC ("Abide-Kashia JV2") is a limited liability company organized and existing under the laws of the State of California, with a principal place of business located at 1420 Guerneville Road, Suite 1, Santa Rosa, CA 95403, and upon information and belief, is a subsidiary of Defendant, Abide International Inc.

17. Defendant Abide-Kashia JV3 LLC ("Abide-Kashia JV3") is a limited liability company organized and existing under the laws of the State of California, with a principal place of business located at 1420 Guerneville Road, Suite 1, Santa Rosa, CA 95403, and upon information and belief, is a subsidiary of Defendant, Abide International Inc.

18. Defendant Abide-Kashia JV4 LLC ("Abide-Kashia JV4") is a limited liability company organized and existing under the laws of the State of California, with a principal place of business located at 1420 Guerneville Road, Suite 1, Santa Rosa, CA 95403, and upon information and belief, is a subsidiary of Defendant, Abide International Inc.

19. At this time, Defendants John Does 1-10 are unknown. As such, John Does 1-10, is a fictitious designation, representing one or more individual(s), sole proprietorship(s), association(s), limited partnership(s), general partnership(s), limited liability company(ies), and/or

corporation(s), which in any way owned, possessed, controlled or maintained any part of the premises upon which this incident occurred and/or contributed in any way to the happening of this incident and/or Plaintiff's damages.

## VENUE

20. Venue is proper in the district of New Jersey pursuant to 28 U.S.C. §1391(e)(1) as the United States is a defendant and this district is where a substantial part of the events or omissions giving rise to the claim occurred.

## FACTUAL AVERMENTS

21. On or about September 24, 2022, Aspen Robertson, was operating a vehicle on or around Seaway International Bridge Road, in the Town of Massena, State of New York.

22. While driving on Seaway International Bridge Road, Aspen Robertson struck a traffic control gate that was improperly, negligently, carelessly and/or recklessly designed, installed, maintained and/or positioned in such a way as to be unreasonably dangerous to the motoring public.

23. At all times relevant hereto, the traffic control gate was designed, installed, operated, controlled, supervised, maintained, located, repaired, and/or otherwise kept by the Defendants USA, CBP, USDOT, NY, NYDOT, St. Lawrence, Massena, Gilbane, SMH, Northland, Rifenburg, Great Lakes, Abide, Abide-Kashia JV2, Abide-Kashia JV3, Abide-Kashia JV4, and/or John Does 1-10 (each a "Defendant" and collectively, the "Defendants").

24. At all times relevant hereto, the land upon which the traffic control gate was situated was installed, operated, maintained, repaired, owned and/or controlled by each and/or any of the Defendants.

4859-0609-6102, v. 2

25. As a result of striking the traffic control gate, Aspen Robertson suffered catastrophic injuries resulting in his death.

26. On October 31, 2021, the Plaintiffs, Sheryl Thompson and Frank Robertson were named administrators of the Estate of Aspen Robertson pursuant to the *Indian Act*, R.S.C. 1985, C. I-5.

27. Plaintiffs, Sheryl Thompson and Frank Robertson have applied to be named as administrator of the Estate of Aspen Robertson pursuant to the laws of the State of New York.

28. The Plaintiffs, Sheryl Thompson, individually and as administrator of the Estate of Aspen Robertson, and Frank Robertson, individually and as administrator of the Estate of Aspen Robertson, and the Estate of Aspen Robertson make this complaint for both wrongful death and survival damages.

**FIRST COUNT**

29. Plaintiffs repeat and realleges the factual recitations of the preceding paragraphs of the Complaint as if set forth herein at length.

30. At all times relevant hereto, Defendants designed, installed, operated, controlled, maintained, supervised, located, repaired, and/or otherwise kept the traffic control gate.

31. At all times relevant hereto, Defendants owned and/or controlled the land upon which the traffic control gate was situated.

32. Defendants, were negligent, careless, and/or reckless in that Defendants:

- caused, created, and/or permitted unsafe, dangerous and hazardous conditions and defects to exist with regards to the traffic control gate and/or the land upon which the traffic control gate was situated; and/or
- failed to warn of such dangerous and hazardous conditions; and/or

- failed to make proper inspection of the traffic control gate and/or the land upon which the traffic control gate was situated; and/or

- negligently hired employees and/or agents for the installation, construction, operation, maintenance, repair and upkeep of the traffic control gate; and/or

- negligently supervised employees with regards to the installation, construction, operation, maintenance, repair and upkeep of the traffic control gate; and/or

- negligently retained employees and/or agents for the installation, construction, operation, maintenance, repair and upkeep of the traffic control gate; and/or

- otherwise acted negligently, carelessly, recklessly, and with such callous disregard such that they wrongfully caused Aspen Robertson to come into contact with such dangerous and hazardous conditions and defects; and/or

- were otherwise inattentive, reckless, careless, negligent and/or grossly negligent.

33. As a direct and proximate result of the negligence, carelessness, gross negligence and/or recklessness of the Defendants, aforesaid, Aspen Robertson, was caused to suffer catastrophic injuries resulting in his death.

34. Before his death, Aspen Robertson suffered physical pain, mental anguish, and fear of impending death.

35. As a result of Aspen Robertson's death, he, his heirs and his beneficiaries were deprived of the future earnings he would have derived throughout his life.

36. As a result of Aspen Robertson's death, Plaintiffs Sheryl Thompson, individually and as administrator of the Estate of Aspen Robertson, and Frank Robertson, individually and as administrator of the Estate of Aspen Robertson, as well as other heirs and benificiaries, have suffered both tangible and intangible losses and damages including, without limitation, loss of companionship, loss of advice and guidance, and loss of future earning capacity.

**WHEREFORE**, the Plaintiffs demand judgment against the Defendants individually, jointly, severally and/or for wrongful death damages, survival damages, counsel fees, interest and costs of suit in excess of the jurisdictional limits of all lower courts pursuant to CPLR §3017(c).

**JURY DEMAND**

The Plaintiffs, Sheryl Thompson, individually and as administrator of the Estate of Aspen Robertson, and Frank Robertson, individually and as administrator of the Estate of Aspen Robertson, and the Estate of Aspen Robertson, hereby demand a trial by jury as to all issues of fact and damages stated herein.

**NICHOLS LAW FIRM, PLLC**
Attorney for Plaintiffs

By: ______________________
KEVIN NICHOLS, ESQ.

Dated: September 22, 2024

4859-0609-6102, v. 2

# Exhibit E

# AFFIRMATION OF SERVICE

**State of New York** **County of Saint Lawrence** **Supreme Court**

Index Number: EFCV-24-166762
Date Filed: 9/23/2024

STS2024053747

Plaintiff:
**SHERYL THOMPSON, INDIVIDUALLY AND AS ADMINISTRATOR OF THE ESTATE OF ASPEN ROBERTSON; AND FRANK ROBERTSON, INDIVIDUALLY AND AS ADMINISTRATOR OF THE ESTATE OF ASPEN ROBERTSON, AND THE ESTATE OF ASPEN ROBERTSON**

vs.

Defendant:
**UNITED STATES OF AMERICA, ET AL**

For:
Deborah S Dunn, Esq.

Received by STATUS, L.L.C. to be served on **NEW YORK STATE DEPARTMENT OF TRANSPORTATION, 50 WOLF ROAD, ALBANY, NY 12232**

I, KERRY GUNNER, do hereby affirm that on the **1st day of October, 2024** at **4:19 pm, I:**

served a **CORPORATION** by delivering a true copy of the **Summons in a Civil Action, Civil Cover Sheet, Complaint, Jury Demand, Certification, Notice, General Order #25, Civil Case Management Plan, Consent to the Exercise of Civil Jurisdiction by a Magistrate Judge and Notice to Parties of Court-Directed Mandatory Mediation Program** with the date and hour of service endorsed thereon by me, to: **MICHAEL LIVOLSI, ESQ.** as **AGENT/AUTHORIZED AGENT** for **NEW YORK STATE DEPARTMENT OF TRANSPORTATION**, at the address of: **50 WOLF ROAD, ALBANY, NY 12232**, and informed said person of the contents therein, in compliance with state statutes.

Said documents were conformed with index number and date of filing endorsed thereon.

**Description** of Person Served: Age: 40+, Sex: M, Race/Skin Color: WHITE, Height: 5'9", Weight: 185, Hair: BROWN, Glasses: -

I affirm this 7th day of OCT, 2024, under the penalties of perjury under the laws of New York, which may include a fine or imprisonment, that the foregoing is true, and I understand that this document may be filed in an action or proceeding in a court of law.

[signature]
**KERRY GUNNER**

**Date**

**STATUS, L.L.C.**
**PO Box 370**
**Bayville, NJ 08721**
**(908) 688-1414**

Our Job Serial Number: STS-2024053747
Ref: 074355-00001
Service Fee: ________

Copyright © 1992-2024 DreamBuilt Software, Inc. - Process Server's Toolbox V9.0a

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ST. LAWRENCE

---

SHERYL THOMPSON, Individually and as administrator of the Estate of ASPEN ROBERTSON; and FRANK ROBERTSON, Individually and as administrator of the ESTATE OF ASPEN ROBERTSON, and the ESTATE OF ASPEN ROBERTSON

Plaintiffs,

**Index No. EFCV-24-166762**

-v-

**Hon. Mary M. Farley**

UNITED STATES OF AMERICA; UNITED STATES CUSTOMS AND BORDER PROTECTION; UNITED STATES DEPARTMENT OF TRANSPORTATION; STATE OF NEW YORK; NEW YORK STATE DEPARTMENT OF TRANSPORTATION; COUNTY OF ST. LAWRENCE; TOWN OF MASSENA; GILBANE BUILDING COMPANY OF NEW YORK; SMITH-MILLER + HAWKINSON ARCHITECTS LLP; NORTHLAND ASSOCIATES, INC.; RIFENBURG CONSTRUCTION INC.; GREATE LAKES ST. LAWRENCE SEAWAY DEVELOPMENT CORP.; AND JOHN DOES 1-10

Defendants.

---

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS**

LETITIA JAMES
Attorney General of the State of New York
Robert L. Hershey, AAG
317 Washington Street, 10th Floor
Watertown, New York 13601
315-523-6080
Attorney for State Defendants:
State of New York
Of New York State Department of Transportation

## PRELIMINARY STATEMENT

The plaintiffs, Sheryl Thompson and Frank Robertson ("Administrators") have filed this complaint against Defendants State of New York ("NY") and New York State Department of Transportation ("NYDOT") (collectively, State Defendants). The New York Attorney General's Office ("NYAG") represents the State Defendants. See AAG Hershey Affirmation in Support of Motion to Dismiss.

Plaintiffs' allegations can be summed up simply: Plaintiffs allege that State Defendants designed, installed, operated, supervised, maintained, located, repaired the traffic control gate, the location of the accident. See Exhibit D, ¶¶ 21-25. The entirety of the brief complaint should be dismissed against the State Defendants because this Court lacks subject matter jurisdiction over the claim and due to another action pending between the same parties for the same cause of action in United States District Court for the Northern District of New York.

The complaint should be dismissed pursuant to Civil Practice Law and Rules ("CPLR") §§ 3211(a)(2) and (4).

## BRIEF FACTUAL BACKGROUND

On September 23, 2024, Plaintiffs filed an amended complaint in St. Lawrence County Supreme Court against the State Defendants, raising one cause of action for wrongful death, alleging monetary damages and demanded a trial by jury as to all issues of fact and damages. See Exhibit D. Similarly, Plaintiffs filed a claim for wrongful death alleging monetary damages against State Defendants in Untied States District Court for the Northern District of New York. See Exhibit C.

## LEGAL STANDARDS FOR MOTIONS TO DISMISS

New York Defendants move to dismiss the complaint for lack of subject matter jurisdiction pursuant to Civil Practice Law and Rule ("CPLR") § 3211(a)(2). In assessing a motion to dismiss pursuant to CPLR 3211, the pleadings must be given a liberal construction, the allegations accepted as true, and Plaintiffs accorded "every possible favorable inference." Chanko v. Am. Broad. Companies Inc., 27 N.Y.3d 46, 52 (2016), citing Goshen v. Mutual Life Ins. Co. of N.Y., 98 N.Y.2d 314, 326 (2002); see also Leon v. Martinez, 84 N.Y.2d 83, 87 (1994); EBC 1, Inc. v. Goldman, Sachs & Co., 5 N.Y.3d 11 (2005); Rovello v. Orofino Realty Co., 40 N.Y.2d 633 (1976); A.G. Capital Funding Partners, L.P. v. State St. Bank & Trust Co., 5 N.Y.3d 582, 591 (2005).

Unlike a motion for summary judgment, a plaintiff has no obligation to show evidentiary facts to support the allegations in the complaint. See Henbest & Morrisey, Inc. v. W.H. Ins. Agency, Inc., 259 A.D.2d 829, 830 (3d Dept 1999); Holly v. Pennysaver Corp., 98 A.D.2d 570, 573 (2d Dept 1984); Palmisano v. Modernismo Publ., Ltd., 98 A.D.2d 953, 954 (4th Dept 1983) (all citing Rovello, 40 N.Y.2d at 635-36). Here, however, Plaintiffs' entire complaint should be dismissed for want of subject matter jurisdiction, as against the State Defendants.

## ARGUMENT

### I. THE COURT LACKS SUBJECT MATTER JURISDICTION OVER THE ENTIRE COMPLAINT BECAUSE THE STATE DEFENDANTS ARE IMMUNE FROM SUIT IN THIS COURT

#### The State of New York Has Not Consented to Jurisdiction in This Court

The common law doctrine of sovereign immunity is well-established, and bars suits against the sovereign absent a specific waiver of the immunity. See Brown v. State, 89 N.Y.2d

172, 179 (1996). In New York, the State has waived its sovereign immunity and consented to actions "with the same rules of law as applied to actions in the supreme court against individuals or corporations, *provided the claimant complies with the limitations of this article*." Court of Claims Act, § 8 (emphasis added). The New York State Constitution, together with the Court of Claims Act, established the Court of Claims as the exclusive jurisdiction for actions against the state seeking monetary damages. See N.Y. Const., art. VI, § 9; Court of Claims Act § 8.

While some proceedings against the state, its agencies, and its officers can proceed in Supreme Court—such as CPLR article 78 proceedings challenging an administrative determination, or CPLR article 70 proceedings seeking a writ of mandamus or habeas corpus—it is uncontroverted that actions primarily seeking monetary relief against the State can only be maintained in the Court of Claims. See Schaffer v. Evans, 57 N.Y.2d 992, 994 (1982)("We agree with the Appellate Division that plaintiff's causes of action against the State officials are primarily claims against the State for money damages and as such could only be entertained in the Court of Claims"); Gross v. Perales, 72 N.Y.2d 231, 236 (1988) ("… where a party seeks only money damages against the State, the proper forum for such an action is the Court of Claims"); Morell v. Balasubramanian, 70 N.Y.2d 297, 300 (1987); Olsen v. N.Y. State Dep't of Envtl. Conservation, 307 A.D.2d 595, 596 (3d Dept 2003); Monreal v. New York State Dept. of Health, 38 A.D.3d 1118, 1119 (3d Dept 2007).

As recently as 2017, the Court of Appeals again recognized that the establishment of the Court of Claims maintains the State's sovereign immunity for money damages in the Supreme Court and is a jurisdictional limitation of the Supreme Court.

> [T]he State Constitution and our case law both indicate that the restriction on Supreme Court imposed by the doctrine of sovereign immunity is jurisdictional in nature. Specifically, we have explained that New York Constitution, article VI, § 9, which "preserv[es] the

> State's historical sovereign immunity from suit," is a constitutional limitation on "*the jurisdiction of Supreme Court*" (People v Correa, 15 N.Y.3d 213, 227 [2010] [emphasis added]). […] Article VI, § 9 states that the Court of Claims "shall have jurisdiction to hear and determine claims against the state or by the state against the claimant or between conflicting claimants as the legislature may provide." As this Court stated in Correa, "claims for money damages brought against the State . . . must be initiated and tried in the Court of Claims" and, thus, "Supreme Court cannot exercise *jurisdiction* over [such] claims" (15 N.Y.3d at 227-228 [emphasis added])—that is, article VI, § 9 limits the jurisdiction of Supreme Court.

See Artibee v. Home Place Corp., 28 N.Y.3d 739, 746 (2017).

The State's waiver of sovereign immunity in the Court of Claims similarly applies to claims brought against state agencies or state employees and officers acting in their official capacity as governmental employees, since the State is the real party in interest. See Morell, 70 N.Y.2d at 300; Olsen, 307 A.D.2d at 596; Monreal, 38 A.D.3d at 1119. "A suit against a State officer will be held to be one which is really asserted against the State when it arises from actions or determinations of the officer made in his or her official role and involves rights asserted, not against the officer individually, but solely against the State." Morell, 70 N.Y.2d at 301. A Supreme Court action against a state employee may only be maintained where the claims are "in tort for damages arising from the breach of a duty owed individually by such agent or officer directly to the injured party, [and] the State is not the real party in interest…" Id.

Plaintiffs' claim relates to the alleged actions of the State Defendants relating to design, installation, operation, control, supervision, maintenance, location, repair at the traffic control gate on or around Seaway Internation Bridge Road, in the Town of Massena, State of New York. Plaintiffs' actual cause of action is for loss of companionship, loss of advice and guidance, and loss of future earning capacity, and seeks monetary damages.

## II. DISMISSAL IS WARRANTED BECAUSE THERE IS ANOTHER ACTION PENDING BETWEEN THE SAME PARTIES FOR THE SAME CAUSE OF ACTION

**Plaintiffs Have Filed an Action Pending in United States District Court for the Northern District of New York Between the Same Parties for The Same Cause of Action**

Pursuant to CPLR 3211(a)(4), a court has broad discretion as to the disposition of an action when another action is pending. See Whitney v. Whitney, 57 N.Y.2d 731 (1982); Matter of Janet L., 200 A.D.2d 801, 606 N.Y.S.2d 431 (3d Dept 1994); Barringer v. Zgoda, 91 A.D.2d 811 (3d Dept 1982). Therefore, a court may dismiss an action pursuant to CPLR 3211(a)(4) where there is a substantial identity of the parties for the same cause of action. See Lopez v. Shaughnessy, 260 A.D.2d 551 (2d Dept 1999). Further, to warrant dismissal, the two actions must be "sufficiently similar" and the relief sought must be "the same or substantially the same" See White Light Prods. v. On The Scene Prods., 231 A.D.2d 90 (1st Dept 1997), quoting Kent Dev. Co. v. Liccione, 37 N.Y.2d 899 (1975).

Plaintiffs' action should be dismissed pursuant to CPLR 3211(a)(4) due to the existence of a related and pending action in the United States District Court for the Northern District of New York. The claims in the federal action arise out of the same facts and involve substantially the same issues as those in the action currently pending in St. Lawrence County Supreme Court. Both actions name the State of New York and the New York State Department of Transportation as defendants and seek similar relief.

Given the overlap in parties, causes of action, and relief sought, maintaining simultaneous actions in different courts risks duplicative litigation and inconsistent rulings. The Court should dismiss this action in favor of the pending federal court case, in the interest of

judicial economy and to prevent unnecessary burden on the parties. Accordingly, dismissal is appropriate under CPLR 3211(a)(4).

## CONCLUSION

Plaintiffs' complaint is properly dismissed in its entirety as against the State Defendants. The Supreme Court of St. Lawrence County lacks jurisdiction over the single claim because the State of New York is the true party in interest, and the Court of Claims Act mandates that such a claim be brought against the State of New York in the Court of Claims. Additionally, Plaintiffs have filed another pending action between the same parties for the same cause of action in United States District Court for the Northern District of New York.

WHEREFORE, for the reasons stated herein, the Court should grant the State Defendants' motion to dismiss the complaint in its entirety.

Dated: October 21, 2024
Watertown, New York

Robert L. Hershey
ROBERT L. HERSHEY
Assistant Attorney General

STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

LETITIA JAMES
ATTORNEY GENERAL

DIVISION OF REGIONAL OFFICES
WATERTOWN REGIONAL OFFICE

October 21, 2024

Office of the St. Lawrence County Clerk
48 Court Street
Canton, New York 13617

**RE: Sheryl Thompson et al v. United States of America et al**

To whom it may concern:

Please be advised that the Attorney General of the State of New York, Letitia James, is filing a petition in the above-captioned matter by e-filing. The Office of the Attorney General is exempt from the payment of filing fees, and consequently is proceeding without making payment.

Thank you for your kind attention to this letter.

Very truly yours,

*Robert L. Hershey*

ROBERT L. HERSHEY
Assistant Attorney General

**EFCV-24-166762 -** St. Lawrence County Supreme Court

**October 22, 2024**

**Court Notices regarding Defendant's Northland Associates, Inc, State of New York and New York State Department of Transportation Motion to Dismiss & Judicial Assignment Notice**

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF ST. LAWRENCE**
**JUDGE FARLEY, MARY M.**
**MOTION JUDGE FARLEY, MARY M.**

**Sheryl Thompson et al**

**- v. -**

**United States of America et al**

**Index #** **EFCV-24-166762**
**Motion** **1**

## COURT NOTICE

Filing on Behalf of - CHAMBERS

Re: IAS# 44-1-2024-0592

Chambers is in receipt of your Notice of Motion through NYSCEF.

Motions MUST be made returnable on a PUBLISHED SPECIAL TERM DATE. I have attached the 2024 & 2025 Special Term dates for future reference.

1. The motion is now calendared for the next Special Term on Friday, NOVEMBER 15, 2024.

2. Motions will be DECIDED UPON WRITTEN SUBMISSIONS ONLY, without personal appearance, unless oral argument is specifically requested in writing.

*You MUST: MAIL a copy of this Court Notice to any party and/or counsel not NYSCEF-linked to this case and electronically FILE an Affidavit of Service to this effect prior to the return date.

DATED 10/22/2024 FILED By Chandra L. Coffey

PLEASE POST

**MARY M. FARLEY, J.S.C.**
**SUPREME COURT - ST. LAWRENCE COUNTY**

## 2024 SPECIAL TERMS

*****************************************************************

Regularly scheduled Special Terms shall be held in St. Lawrence County in Canton, New York, in 2024 for those matters assigned to Honorable Mary M. Farley.

Unless oral argument is specifically requested, motions will be deemed "submitted" on the papers. If oral argument is requested counsel shall so advise Chambers in writing (facsimile: 315-379-2311).

**SPECIAL TERMS** - **ST. LAWRENCE COUNTY**

| | |
|---|---|
| JANUARY | 5 |
| FEBRUARY | 16 |
| MARCH | 8 |
| APRIL | 19 |
| MAY | 17 |
| JUNE | 28 |
| JULY | 19 |
| AUGUST | 16 |
| SEPTEMBER | 13 |
| OCTOBER | 18 |
| NOVEMBER | 15 |
| DECEMBER | 20 |

**Moving papers must be received by Chambers at least five (5) business days prior to the return date. Answering papers are to be received by Chambers no later than noon of the day prior to the return date.**

PLEASE POST

# MARY M. FARLEY, J.S.C.
# SUPREME COURT - ST. LAWRENCE COUNTY

## 2025 SPECIAL TERMS

*****************************************************************

Regularly scheduled Special Terms shall be held in St. Lawrence County in Canton, New York, in 2025 for those matters assigned to Honorable Mary M. Farley.

Unless oral argument is specifically requested, motions will be deemed "submitted" on the papers. If oral argument is requested counsel shall so advise Chambers in writing (facsimile: 315-379-2311).

**SPECIAL TERMS - ST. LAWRENCE COUNTY**

| | |
|---|---|
| JANUARY | 10 |
| FEBRUARY | 14 |
| MARCH | 7 |
| APRIL | 4 |
| MAY | 16 |
| JUNE | 13 |
| JULY | 18 |
| AUGUST | 8 |
| SEPTEMBER | 19 |
| OCTOBER | 10 |
| NOVEMBER | 14 |
| DECEMBER | 12 |

**Moving papers must be received by Chambers at least five (5) business days prior to the return date. Answering papers are to be received by Chambers no later than noon of the day prior to the return date.**

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF ST. LAWRENCE**
**JUDGE FARLEY, MARY M.**
**MOTION JUDGE FARLEY, MARY M.**

**Sheryl Thompson et al**

**- v. -**

**United States of America et al**

**Index #** **EFCV-24-166762**
**Motion** **2**

## COURT NOTICE

Filing on Behalf of - CHAMBERS

Re: IAS# 44-1-2024-0592

Chambers is in receipt of your Notice of Motion through NYSCEF.

Motions MUST be made returnable on a PUBLISHED SPECIAL TERM DATE. I have attached the 2024 & 2025 Special Term dates for future reference.

1. The motion is now calendared for the next Special Term on Friday, NOVEMBER 15, 2024.

2. Motions will be DECIDED UPON WRITTEN SUBMISSIONS ONLY, without personal appearance, unless oral argument is specifically requested in writing.

*You MUST: MAIL a copy of this Court Notice to any party and/or counsel not NYSCEF-linked to this case and electronically FILE an Affidavit of Service to this effect prior to the return date.

DATED 10/22/2024 FILED By Chandra L. Coffey

PLEASE POST

# MARY M. FARLEY, J.S.C.
# SUPREME COURT - ST. LAWRENCE COUNTY

## 2024 SPECIAL TERMS

*******************************************************************

Regularly scheduled Special Terms shall be held in St. Lawrence County in Canton, New York, in 2024 for those matters assigned to Honorable Mary M. Farley.

Unless oral argument is specifically requested, motions will be deemed "submitted" on the papers. If oral argument is requested counsel shall so advise Chambers in writing (facsimile: 315-379-2311).

**SPECIAL TERMS - ST. LAWRENCE COUNTY**

| | |
|---|---|
| JANUARY | 5 |
| FEBRUARY | 16 |
| MARCH | 8 |
| APRIL | 19 |
| MAY | 17 |
| JUNE | 28 |
| JULY | 19 |
| AUGUST | 16 |
| SEPTEMBER | 13 |
| OCTOBER | 18 |
| NOVEMBER | 15 |
| DECEMBER | 20 |

**Moving papers must be received by Chambers at least five (5) business days prior to the return date. Answering papers are to be received by Chambers no later than noon of the day prior to the return date.**

PLEASE POST

**MARY M. FARLEY, J.S.C.**
**SUPREME COURT - ST. LAWRENCE COUNTY**

**2025 SPECIAL TERMS**

*******************************************************************

Regularly scheduled Special Terms shall be held in St. Lawrence County in Canton, New York, in 2025 for those matters assigned to Honorable Mary M. Farley.

Unless oral argument is specifically requested, motions will be deemed "submitted" on the papers. If oral argument is requested counsel shall so advise Chambers in writing (facsimile: 315-379-2311).

**SPECIAL TERMS** - **ST. LAWRENCE COUNTY**

| | |
|---|---|
| JANUARY | 10 |
| FEBRUARY | 14 |
| MARCH | 7 |
| APRIL | 4 |
| MAY | 16 |
| JUNE | 13 |
| JULY | 18 |
| AUGUST | 8 |
| SEPTEMBER | 19 |
| OCTOBER | 10 |
| NOVEMBER | 14 |
| DECEMBER | 12 |

**Moving papers must be received by Chambers at least five (5) business days prior to the return date. Answering papers are to be received by Chambers no later than noon of the day prior to the return date.**

# St. Lawrence County Supreme and County Courts

St. Lawrence County Courthouse
48 Court Street
Canton, New York 13617
(315) 379-2219

Neika Mayo
*Chief Clerk*

Sue Simms
*Deputy Chief Clerk*

## Judicial Assignment Notice

October 22, 2024

NEW YORK STATE ATTORNEY GENERAL'S OFFICE L WATERTOWN REGIONAL OFFICE
Robert Landis Hershey
317 WASHINGTON ST FL 10
WATERTOWN, NY 13601-3744

**RE: Thompson, Sheryl vs. United States of America et al**

RJI No.: 44-1-2024-0592
Pre-Note S&G Date: 10/21/2025
Type of Action: Tort-Motor Vehicle

Index No.: EFCV-24-166762
Post-Note S&G Date:

In accordance with the directives of the Chief Administrative Judge, this case has been assigned to:

**Honorable Mary M. Farley**
48 Court Street
Canton, NY 13617
(315) 379-2219

Further inquiries and correspondence must be directed to the assigned Judge's chambers.

Further motions/cross-motions must be sent to the County Clerk's Office along with the associated fees.

**Neika Mayo**
***Chief Clerk***

# St. Lawrence County Supreme and County Courts

St. Lawrence County Courthouse
48 Court Street
Canton, New York 13617
(315) 379-2219

Neika Mayo
*Chief Clerk*

Sue Simms
*Deputy Chief Clerk*

## Judicial Assignment Notice

October 22, 2024

COSTELLO, COONEY & FEARON, PLLC
Elizabeth Anne Hoffman
211 W JEFFERSON ST
SYRACUSE, NY 13202-2455

**RE: Thompson, Sheryl vs. United States of America et al**

RJI No.: 44-1-2024-0592
Pre-Note S&G Date: 10/21/2025
Type of Action: Tort-Motor Vehicle

Index No.: EFCV-24-166762
Post-Note S&G Date:

In accordance with the directives of the Chief Administrative Judge, this case has been assigned to:

**Honorable Mary M. Farley**
48 Court Street
Canton, NY 13617
(315) 379-2219

Further inquiries and correspondence must be directed to the assigned Judge's chambers.

Further motions/cross-motions must be sent to the County Clerk's Office along with the associated fees.

**Neika Mayo**
***Chief Clerk***

# St. Lawrence County Supreme and County Courts

St. Lawrence County Courthouse
48 Court Street
Canton, New York 13617
(315) 379-2219

Neika Mayo
*Chief Clerk*

Sue Simms
*Deputy Chief Clerk*

## Judicial Assignment Notice

October 22, 2024

Nichols Law Firm
Kevin Frederic Nichols
16 Elm St
Malone , NY 12953-1507

**RE: Thompson, Sheryl vs. United States of America et al**

RJI No.: 44-1-2024-0592
Pre-Note S&G Date: 10/21/2025
Type of Action: Tort-Motor Vehicle

Index No.: EFCV-24-166762
Post-Note S&G Date:

In accordance with the directives of the Chief Administrative Judge, this case has been assigned to:

**Honorable Mary M. Farley**
48 Court Street
Canton, NY 13617
(315) 379-2219

Further inquiries and correspondence must be directed to the assigned Judge's chambers.

Further motions/cross-motions must be sent to the County Clerk's Office along with the associated fees.

**Neika Mayo**
***Chief Clerk***

# St. Lawrence County Supreme and County Courts

St. Lawrence County Courthouse
48 Court Street
Canton, New York 13617
(315) 379-2219

Neika Mayo
*Chief Clerk*

Sue Simms
*Deputy Chief Clerk*

## Judicial Assignment Notice

October 22, 2024

United States of America

100 South Clinton Street
Syracuse , NY 13261

**RE: Thompson, Sheryl vs. United States of America et al**

RJI No.: 44-1-2024-0592
Pre-Note S&G Date: 10/21/2025
Type of Action: Tort-Motor Vehicle

Index No.: EFCV-24-166762
Post-Note S&G Date:

In accordance with the directives of the Chief Administrative Judge, this case has been assigned to:

**Honorable Mary M. Farley**
48 Court Street
Canton, NY 13617
(315) 379-2219

Further inquiries and correspondence must be directed to the assigned Judge's chambers.

Further motions/cross-motions must be sent to the County Clerk's Office along with the associated fees.

**Neika Mayo**
***Chief Clerk***

# St. Lawrence County Supreme and County Courts

St. Lawrence County Courthouse
48 Court Street
Canton, New York 13617
(315) 379-2219

Neika Mayo
*Chief Clerk*

Sue Simms
*Deputy Chief Clerk*

## Judicial Assignment Notice

October 22, 2024

LAW OFFICES OF M. RANDOLPH BELKIN
Matt Randolph Belkin
26 CENTURY HILL DR
LATHAM , NY 12110-2128

**RE: Thompson, Sheryl vs. United States of America et al**

RJI No.: 44-1-2024-0592
Pre-Note S&G Date: 10/21/2025
Type of Action: Tort-Motor Vehicle

Index No.: EFCV-24-166762
Post-Note S&G Date:

In accordance with the directives of the Chief Administrative Judge, this case has been assigned to:

**Honorable Mary M. Farley**
48 Court Street
Canton, NY 13617
(315) 379-2219

Further inquiries and correspondence must be directed to the assigned Judge's chambers.

Further motions/cross-motions must be sent to the County Clerk's Office along with the associated fees.

**Neika Mayo**
***Chief Clerk***

**EFCV-24-166762 -** St. Lawrence County Supreme Court

**October 24, 2024**

**Defendant Smith Miller Hawkinson Arch's Motion to Dismiss**

STATE OF NEW YORK
SUPREME COURT COUNTY OF ST. LAWRENCE

SHERYL THOMPSON, Individually and as administrator of the ESTATE OF ASPEN ROBERTSON; and FRANK ROBERTSON, Individually and as administrator of the ESTATE OF ASPEN ROBERTSON; and the ESTATE OF ASPEN ROBERTSON,

PLAINTIFFS,

V.

UNITED STATES OF AMERICA; UNITED STATES CUSTOMS AND BORDER PROTECTION; UNITED STATES DEPARTMENT OF TRANSPORTATION; STATE OF NEW YORK; NEW YORK STATE DEPARTMENT OF TRANSPORTATION; COUNTY OF ST. LAWRENCE; TOWN OF MASSENA; GILBANE BUILDING COMPANY OF NEW YORK; SMITH-MILLER + HAWKINSON ARCHITECTS LLP; NORTHLAND ASSOCIATES, INC.; RIFENBURG CONSTRUCTION INC.; GREAT LAKES ST. LAWRENCE SEAWAY DEVELOPMENT CORP.; ABIDE INTERNATIONAL INC.; ABIDE-KASHIA JV2 LLC; ABIDE-KASHIA JV3 LLC; ABIDE-KASHIA JV4 LLC; AND JOHN DOES 1-10,

DEFENDANTS.

**NOTICE OF MOTION TO DISMISS**

**INDEX NO. EFCV-24-166762**

**HON. MARY M. FARLEY, J.S.C.**

**PLEASE TAKE NOTICE OF THE FOLLOWING MOTION ON BEHALF OF DEFENDANT SMITH-MILLER + HAWKINSON ARCHITECTS LLP:**

| | |
|---|---|
| Time, date and place of motion: | St. Lawrence County Courthouse, 48 Court Street, Canton, New York 13617, before Hon. Mary M. Farley, J.S.C., on November 15, 2024 at a time to be determined by the Court. |
| Relief requested: | An order pursuant to N.Y. C.P.L.R. § 214-d, 3211(a)(5) and (7), and 3211(h), granting Defendant Smith-Miller + Hawkinson Architects LLP's ("SM + H") motion to dismiss Plaintiffs' First Amended Complaint. |
| Grounds for relief: | N.Y. C.P.L.R. § 214-d, 3211(a)(5) and (7), and 3211(h), and supporting case law. |

| | |
|---|---|
| Moving papers: | Affirmation of Christina M. Deats, Esq., dated October 24, 2024, with exhibits; Affidavit of Henry Smith-Miller, RA, sworn to October 24, 2024, with exhibits; and SM + H's Supporting Memorandum of Law, dated October 24, 2024. |
| Answering papers: | Answering papers, if any, are required to be served upon the undersigned at least seven (7) days prior to the return date of this motion pursuant to N.Y. C.P.L.R. 2214(b). SM + H reserves the right to reply. |

Dated: Rochester, New York
October 24, 2024

**HARTER SECREST & EMERY LLP**

By: *Christina M. Deats*

Peter H. Abdella, Esq.
Christina M. Deats, Esq.
Katherine E. Rahmlow, Esq.
*Attorneys for Defendant*
*Smith-Miller + Hawkinson Architects LLP*
1600 Bausch & Lomb Place
Rochester, New York 14604
(585) 232-6500
pabdella@hselaw.com
cdeats@hselaw.com
krahmlow@hselaw.com

*(via NYSCEF)*
TO: Kevin Nichols, Esq.
Nichols Law Firm, PLLC
*Attorneys for Plaintiffs*
16 Elm Street
Malone, New York 12953

CC: Hon. Letitia James
New York State Attorney General
*Attorney for Defendants*
*State of New York and*
*New York State Department of*
*Transportation*
Robert L. Hershey, Esq.
Assistant Attorney General, of Counsel
317 Washington Street
Watertown, New York 13601

M. Randolph Belkin, Esq.
*Attorneys for Defendant*
*Town of Massena*
26 Century Hill Drive, Suite 202
Latham, New York 12110

Elizabeth A. Hoffman, Esq.
Kelly J. Pare, Esq.
Costello, Cooney & Fearon, PLLC
*Attorneys for Defendant*
*Northland Associates, Inc.*
211 W. Jefferson Street, Suite 1
Syracuse, New York 13202

(*via U.S. Mail*)
CC: United States of America
Office of the U.S. Attorney General
for the Northern District of New York
P.O. Box 7198
100 South Clinton Street
Syracuse, New York 13261-7198

United State of America
Customs and Boarder Protection
Office of the U.S. Attorney General
for the Northern District of New York
P.O. Box 7198
100 South Clinton Street
Syracuse, New York 13261-7198

United States Department of Transportation
Office of the U.S. Attorney General
for the Northern District of New York
P.O. Box 7198
100 South Clinton Street
Syracuse, New York 13261-7198

County of St. Lawrence
Stephen D. Buffon, Esq.
County Attorney
48 Court Street
Canton, New York 13617

Gilbane Building Company of New York
7 Southwoods Boulevard, 3rd Floor
Albany, New York 12211

Rifenburg Construction Inc.
125 Defreest Drive
Troy, New York 12180

Great Lakes St. Lawrence Seaway Development Corp.
180 Andrews Street, Suite 1
Massena, New York 13662

Abide International Inc.
561 First Street West
Sonoma, California 95476

Abide-Kashia JV2 LLC
1420 Guerneville Road, Suite 1
Santa Rosa, California 95403

Abide-Kashia JV3 LLC
1420 Guerneville Road, suite 1
Santa Rosa, California 95403

Abide-Kashia JV4 LLC
1420 Guerneville Road, suite 1
Santa Rosa, California 95403

STATE OF NEW YORK
SUPREME COURT COUNTY OF ST. LAWRENCE

SHERYL THOMPSON, Individually and as administrator of the ESTATE OF ASPEN ROBERTSON; and FRANK ROBERTSON, Individually and as administrator of the ESTATE OF ASPEN ROBERTSON; and the ESTATE OF ASPEN ROBERTSON,

PLAINTIFFS,

V.

UNITED STATES OF AMERICA; UNITED STATES CUSTOMS AND BORDER PROTECTION; UNITED STATES DEPARTMENT OF TRANSPORTATION; STATE OF NEW YORK; NEW YORK STATE DEPARTMENT OF TRANSPORTATION; COUNTY OF ST. LAWRENCE; TOWN OF MASSENA; GILBANE BUILDING COMPANY OF NEW YORK; SMITH-MILLER + HAWKINSON ARCHITECTS LLP; NORTHLAND ASSOCIATES, INC.; RIFENBURG CONSTRUCTION INC.; GREAT LAKES ST. LAWRENCE SEAWAY DEVELOPMENT CORP.; ABIDE INTERNATIONAL INC.; ABIDE-KASHIA JV2 LLC; ABIDE-KASHIA JV3 LLC; ABIDE-KASHIA JV4 LLC; AND JOHN DOES 1-10,

DEFENDANTS.

**AFFIRMATION OF CHRISTINA M. DEATS, ESQ. IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT**

**INDEX NO. EFCV-24-166762**

**HON. MARY M. FARLEY, J.S.C.**

STATE OF NEW YORK )
COUNTY OF MONROE ) SS.:

CHRISTINA M. DEATS, an attorney duly admitted to practice law in the courts of the State of New York, hereby affirms the following under penalty of perjury pursuant to N.Y. C.P.L.R. 2106:

1. I am an attorney with the law firm of Harter Secrest & Emery LLP, counsel for Defendant Smith-Miller + Hawkinson Architects, LLP ("SM + H") in this matter. I make this Affirmation based upon my own personal knowledge and submit it in support of SM + H's motion to dismiss Plaintiffs' First Amended Complaint in its entirety. Specifically, I submit this Affirmation for the limited purpose of attaching publicly available documents in support of the

portion of SM + H's motion for dismissal under N.Y. C.P.L.R. § 214-d, 3211(a)(5) and (7), and 3211(h) because Plaintiffs' cause of action is time-barred and fails to state a cause of action due to Plaintiffs' failure to serve a statutorily required notice of claim and comply with heightened pleading requirements applicable here.

**Procedural History**

2. Plaintiffs commenced the instant action in Supreme Court, St. Lawrence County, Index No. EFCV-24-166762, by filing a Summons and Complaint on September 18, 2024 (the "State Court Action"). A true and accurate copy of Plaintiffs' State Court Action Summons and Complaint is attached hereto as **Exhibit A**.

3. On September 23, 2024, Plaintiffs filed an Amended Summons and First Amended Complaint in the State Court Action. A true and accurate copy of Plaintiffs' State Court Action Amended Summons and First Amended Complaint is attached hereto as **Exhibit B**.

4. Plaintiffs filed a Complaint in the United States District Court for the Northern District of New York, Case No. 8:24-cv-01163 (GTS/DJS), on September 23, 2024 (the "Federal Court Action"), and filed the Summons in a Civil Action as to SM + H on September 24, 2024. A true and accurate copy of Plaintiffs' Federal Court Action Summons and Complaint is attached hereto as **Exhibit C**.

5. Both the State Court Action and the Federal Court Action allege essentially identical facts and assert the same single cause of action, alleging that on September 24, 2022, the decedent was driving a motor vehicle on Seaway International Bridge Road in the Town of Massena, New York. (*See* Ex. B ¶ 21; Ex. C ¶ 21.)

6. Plaintiffs further allege that decedent struck a traffic control gate and suffered injuries resulting in his death. (*See* Ex. B ¶¶ 22, 25; Ex. C ¶¶ 22, 25.)

7. Plaintiffs generally allege that Defendants, including SM + H, designed, installed, operated, controlled, supervised, maintained, located, repaired and/or otherwise kept the traffic control gate at the location of the motor vehicle accident on September 24, 2022. (*See* Ex. B ¶¶ 23-24; Ex. C ¶¶ 23-24.)

**Grounds for Dismissal of Plaintiffs' State Court Action First Amended Complaint**

8. Both the State Court Action and the Federal Court Action are belated attempts by Plaintiffs to assert a wrongful death claim against SM + H. SM + H now moves to dismiss the First Amended Complaint and this proceeding in its entirety and with prejudice because Plaintiffs' claim is time-barred and fails to state a cause of action under N.Y. C.P.L.R. 3211(a)(5) and (7).

9. Specifically, Plaintiffs have failed to satisfy the written notice of claim condition precedent for bringing a cause of action against a limited liability partnership practicing architecture covered under N.Y. C.P.L.R. § 214-d.

10. In addition, even if Plaintiffs' wrongful death suit against SM + H did not fail for failure to comply with N.Y. C.P.L.R. § 214-d, which it does, Plaintiffs' cause of action should also be dismissed for failing to meet the heightened pleading standard under N.Y. C.P.L.R. 3211(h).

11. For these reasons, and based on the legal grounds set forth in the accompanying Memorandum of Law, SM + H respectfully submits that its present motion to dismiss the First Amended Complaint should be granted.

Affirmed this 24th day of October, 2024.

Christina M. Deats

Christina M. Deats, Esq.

# CERTIFICATE OF COMPLIANCE

**I HEREBY CERTIFY** that this document complies with the word count limit pursuant to 22 N.Y.C.R.R. 202.8-b because it contains 661 words, excluding the parts of the document exempted by said Rule.

Dated: Rochester, New York
October 24, 2024

**HARTER SECREST & EMERY LLP**

By: Christina M. Deats
Christina M. Deats, Esq.

# EXHIBIT A

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF ST. LAWRENCE**

SHERYL THOMPSON, Individually and as administrator of the ESTATE OF ASPEN ROBERTSON; and FRANK ROBERTSON, Individually and as administrator of the ESTATE OF ASPEN ROBERTSON, and the ESTATE OF ASPEN ROBERTSON

Plaintiffs,

vs.

UNITED STATES OF AMERICA; UNITED STATES CUSTOMS AND BORDER PROTECTION; UNITED STATES DEPARTMENT OF TRANSPORTATION; STATE OF NEW YORK; NEW YORK STATE DEPARTMENT OF TRANSPORTATION; COUNTY OF ST. LAWRENCE; TOWN OF MASSENA; GILBANE BUILDING COMPANY OF NEW YORK; SMITH-MILLER + HAWKINSON ARCHITECTS LLP; NORTHLAND ASSOCIATES, INC.; RIFENBURG CONSTRUCTION INC.; GREAT LAKES ST. LAWRENCE SEAWAY DEVELOPMENT CORP.; and JOHN DOES 1-10

Defendants.

INDEX NO.:

**SUMMONS**

**To the above-named Defendants**:

**YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance on the Plaintiff's attorney within 20 days after service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally

4859-0609-6102, v. 1

delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

**NICHOLS LAW FIRM, PLLC**
Attorney for Plaintiffs

By: ______________________
KEVIN NICHOLS, ESQ.

Dated: September 18, 2024

4859-0609-6102, v. 1

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF ST. LAWRENCE**

SHERYL THOMPSON, Individually and as administrator of the ESTATE OF ASPEN ROBERTSON; and FRANK ROBERTSON, Individually and as administrator of the ESTATE OF ASPEN ROBERTSON, and the ESTATE OF APEN ROBERTSON

Plaintiffs,

vs.

UNITED STATES OF AMERICA; UNITED STATES CUSTOMS AND BORDER PROTECTION; UNITED STATES DEPARTMENT OF TRANSPORTATION; STATE OF NEW YORK; NEW YORK STATE DEPARTMENT OF TRANSPORTATION; COUNTY OF ST. LAWRENCE; TOWN OF MASSENA; GILBANE BUILDING COMPANY OF NEW YORK; SMITH-MILLER + HAWKINSON ARCHITECTS LLP; NORTHLAND ASSOCIATES, INC.; RIFENBURG CONSTRUCTION INC.; GREAT LAKES ST. LAWRENCE SEAWAY DEVELOPMENT CORP.; and JOHN DOES 1-10.

Defendants.

INDEX NO.:

**COMPLAINT**

**JURY TRIAL DEMAND**

The Plaintiffs, Sheryl Thompson, individually and as administrator of the Estate of Aspen Robertson, and Frank Robertson, individually and as administrator of the Estate of Aspen Robertson, and the Estate of Aspen Robertson, by way of Complaint against the Defendants say:

## PARTIES

1. Plaintiff, Sheryl Thompson, is an adult individual, mother of the deceased, Aspen Robertson, and an administrator of the Estate of Aspen Robertson.

4859-0609-6102, v. 1

2. Plaintiff, Frank Robertson, is an adult individual, father of the deceased, Aspen Robertson, and an administrator of the Estate of Aspen Robertson.

3. Defendant, United States of America, ("USA"), through its agency(ies)/instrumentality(ies), United States Customs and Border Protection and/or United States Department of Transportation, was responsible for the construction, installation, maintenance, repair, upkeep, operation, control, and/or use of the traffic control and/or barricades and/or traffic control gate and/or traffic blocking mechanisms ("Traffic Control Gate") at or near the Three Nations Bridge Border Crossing, f/k/a The Seaway Bridge.

4. Defendant, United States Customs and Border Protection ("CBP") is an agency within the meaning of 5 U.S.C. § 552(1)(f).

5. Defendant, United States Department of Transportation ("USDOT"), is an agency within the meaning of 5 U.S.C. § 552(1)(f).

6. Defendant, State of New York ("NY"), has jurisdiction over and is empowered to hold title and other interests in real property, including without limitation the Three Nations Bridge Border Crossing and surrounding lands and is empowered to regulate the use and occupancy thereof as well as any appurtenances thereupon.

7. Defendant, New York State Department of Transportation ("NYDOT"), is an agency/instrumentality of the State of New York and has jurisdiction over and is empowered to hold title and other interests in real property, including without limitation the Three Nations Bridge Border Crossing and surrounding lands and is empowered to regulate the use and occupancy thereof as well as any appurtenances thereupon.

8. Defendant, County of St. Lawrence ("St. Lawrence"), is a political subdivision of the State of New York, and as such, has jurisdiction over and is empowered to hold title and other

interests in real property, including without limitation the Three Nations Bridge Border Crossing and surrounding lands and is empowered to regulate the use and occupancy thereof as well as any appurtenances thereupon.

9. Defendant, Town of Massena ("Massena"), is a political subdivision of the State of New York, and as such, has jurisdiction over and is empowered to hold title and other interests in real property, including without limitation the Three Nations Bridge Border Crossing and surrounding lands and is empowered to regulate the use and occupancy thereof as well as any appurtenances thereupon.

10. Defendant, Gilbane Building Company, ("Gilbane") is a corporation organized and existing under the laws of the State of Rhode Island with a principal place of business located at 7 Jackson Walkway, Providence, RI, 02903 and New York Registered agent for service at C T Corporation System, 28 Liberty Street, New York, NY 10005.

11. Defendant, Smith-Miller + Hawkinson Architects LLP ("SMH"), is a limited liability partnership organized and existing under the laws of the State of New York with a principal place of business located at 305 Canal Street, New York, NY 10013.

12. Defendant, Northland Associates, Inc. ("Northland"), is a corporation organized and existing under the laws of the State of New York, with a principal place of business located at 4701 Buckley Road, Liverpool, NY 13088.

13. Defendant, Rifenburg Construction Inc. ("Rifenburg"), is a corporation organized and existing under the laws of the State of New York, with a principal place of business located at 125 Defreest Drive, Troy, NY 12180.

14. Defendant, Great Lakes St. Lawrence Seaway Development Corp. ("Great Lakes"), is a division, agency, subdivision, or other instrumentality of the Defendant USDOT.

15. At this time, Defendants John Does 1-10 are unknown. As such, John Does 1-10, is a fictitious designation, representing one or more individual(s), sole proprietorship(s), association(s), limited partnership(s), general partnership(s), limited liability company(ies), and/or corporation(s), which in any way owned, possessed, controlled or maintained any part of the premises upon which this incident occurred and/or contributed in any way to the happening of this incident and/or Plaintiff's damages.

**VENUE**

16. Venue is proper in the district of New Jersey pursuant to 28 U.S.C. §1391(e)(1) as the United States is a defendant and this district is where a substantial part of the events or omissions giving rise to the claim occurred.

**FACTUAL AVERMENTS**

17. On or about September 24, 2022, Aspen Robertson, was operating a vehicle on or around Seaway International Bridge Road, in the Town of Massena, State of New York.

18. While driving on Seaway International Bridge Road, Aspen Robertson struck a traffic control gate that was improperly, negligently, carelessly and/or recklessly designed, installed, maintained and/or positioned in such a way as to be unreasonably dangerous to the motoring public.

19. At all times relevant hereto, the traffic control gate was designed, installed, operated, controlled, supervised, maintained, located, repaired, and/or otherwise kept by the Defendants USA, CBP, USDOT, NY, NYDOT, St. Lawrence, Massena, Gilbane, SMH, Northland, Rifenburg, Great Lakes, and/or John Does 1-10 (each a "Defendant" and collectively, the "Defendants").

20. At all times relevant hereto, the land upon which the traffic control gate was situated was installed, operated, maintained, repaired, owned and/or controlled by each and/or any of the Defendants.

21. As a result of striking the traffic control gate, Aspen Robertson suffered catastrophic injuries resulting in his death.

22. On October 31, 2021, the Plaintiffs, Sheryl Thompson and Frank Robertson were named administrators of the Estate of Aspen Robertson pursuant to the *Indian Act*, R.S.C. 1985, C. I-5.

23. The Plaintiffs, Sheryl Thompson, individually and as administrator of the Estate of Aspen Robertson, and Frank Robertson, individually and as administrator of the Estate of Aspen Robertson, make this complaint for both wrongful death and survival damages.

**FIRST COUNT**

24. Plaintiffs repeat and realleges the factual recitations of the preceding paragraphs of the Complaint as if set forth herein at length.

25. At all times relevant hereto, Defendants designed, installed, operated, controlled, maintained, supervised, located, repaired, and/or otherwise kept the traffic control gate.

26. At all times relevant hereto, Defendants owned and/or controlled the land upon which the traffic control gate was situated.

27. Defendants, were negligent, careless, and/or reckless in that Defendants:

- caused, created, and/or permitted unsafe, dangerous and hazardous conditions and defects to exist with regards to the traffic control gate and/or the land upon which the traffic control gate was situated; and/or
- failed to warn of such dangerous and hazardous conditions; and/or

4859-0609-6102, v. 1

- failed to make proper inspection of the traffic control gate and/or the land upon which the traffic control gate was situated; and/or
- negligently hired employees and/or agents for the installation, construction, operation, maintenance, repair and upkeep of the traffic control gate; and/or
- negligently supervised employees with regards to the installation, construction, operation, maintenance, repair and upkeep of the traffic control gate; and/or
- negligently retained employees and/or agents for the installation, construction, operation, maintenance, repair and upkeep of the traffic control gate; and/or
- otherwise acted negligently, carelessly, recklessly, and with such callous disregard such that they wrongfully caused Aspen Robertson to come into contact with such dangerous and hazardous conditions and defects; and/or
- were otherwise inattentive, reckless, careless, negligent and/or grossly negligent.

28. As a direct and proximate result of the negligence, carelessness, gross negligence and/or recklessness of the Defendants, aforesaid, Aspen Robertson, was caused to suffer catastrophic injuries resulting in his death.

29. Before his death, Aspen Robertson suffered physical pain, mental anguish, and fear of impending death.

30. As a result of Aspen Robertson's death, he, his heirs and his beneficiaries were deprived of the future earnings he would have derived throughout his life.

31. As a result of Aspen Robertson's death, Plaintiffs Sheryl Thompson, individually and as administrator of the Estate of Aspen Robertson, and Frank Robertson, individually and as administrator of the Estate of Aspen Robertson, as well as other heirs and benificiaries, have suffered both tangible and intangible losses and damages including, without limitation, loss of companionship, loss of advice and guidance, and loss of future earning capacity.

**WHEREFORE**, the Plaintiffs demand judgment against the Defendants individually, jointly, severally and/or for wrongful death damages, survival damages, counsel fees, interest and costs of suit in excess of the jurisdictional limits of all lower courts pursuant to CPLR §3017(c).

**JURY DEMAND**

The Plaintiffs, Sheryl Thompson, individually and as administrator of the Estate of Aspen Robertson, and Frank Robertson, individually and as administrator of the Estate of Aspen Robertson, and the Estate of Aspen Robertson, hereby demand a trial by jury as to all issues of fact and damages stated herein.

**NICHOLS LAW FIRM, PLLC**
Attorney for Plaintiffs

By: ______________________
KEVIN NICHOLS, ESQ.

Dated: September 18, 2024

4859-0609-6102, v. 1

# EXHIBIT B

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF ST. LAWRENCE**

| | |
|---|---|
| SHERYL THOMPSON, Individually and as administrator of the ESTATE OF ASPEN ROBERTSON; and FRANK ROBERTSON, Individually and as administrator of the ESTATE OF ASPEN ROBERTSON, and the ESTATE OF ASPEN ROBERTSON<br><br>Plaintiffs,<br><br>vs.<br><br>UNITED STATES OF AMERICA; UNITED STATES CUSTOMS AND BORDER PROTECTION; UNITED STATES DEPARTMENT OF TRANSPORTATION; STATE OF NEW YORK; NEW YORK STATE DEPARTMENT OF TRANSPORTATION; COUNTY OF ST. LAWRENCE; TOWN OF MASSENA; GILBANE BUILDING COMPANY OF NEW YORK; SMITH-MILLER + HAWKINSON ARCHITECTS LLP; NORTHLAND ASSOCIATES, INC.; RIFENBURG CONSTRUCTION INC.; GREAT LAKES ST. LAWRENCE SEAWAY DEVELOPMENT CORP.; and JOHN DOES 1-10<br><br>Defendants. | INDEX NO.: EFCV-24-166762<br><br>**SUMMONS** |

**To the above-named Defendants:**

**YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance on the Plaintiff's attorney within 20 days after service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally

4859-0609-6102, v. 2

delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

**NICHOLS LAW FIRM, PLLC**
Attorney for Plaintiffs

By: ______________________
KEVIN NICHOLS, ESQ.

Dated: September 22, 2024

4859-0609-6102, v. 2

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF ST. LAWRENCE**

| | |
|---|---|
| SHERYL THOMPSON, Individually and as administrator of the ESTATE OF ASPEN ROBERTSON; and FRANK ROBERTSON, Individually and as administrator of the ESTATE OF ASPEN ROBERTSON, and the ESTATE OF APEN ROBERTSON<br><br>Plaintiffs,<br><br>vs.<br><br>UNITED STATES OF AMERICA; UNITED STATES CUSTOMS AND BORDER PROTECTION; UNITED STATES DEPARTMENT OF TRANSPORTATION; STATE OF NEW YORK; NEW YORK STATE DEPARTMENT OF TRANSPORTATION; COUNTY OF ST. LAWRENCE; TOWN OF MASSENA; GILBANE BUILDING COMPANY OF NEW YORK; SMITH-MILLER + HAWKINSON ARCHITECTS LLP; NORTHLAND ASSOCIATES, INC.; RIFENBURG CONSTRUCTION INC.; GREAT LAKES ST. LAWRENCE SEAWAY DEVELOPMENT CORP.; ABIDE INTERNATIONAL INC.; ABIDE-KASHIA JV2 LLC; ABIDE-KASHIA JV3 LLC; ABIDE KASHIA JV4 LLC; and JOHN DOES 1-10.<br><br>Defendants. | INDEX NO.: EFCV-24-166762<br><br>**FIRST AMENDED COMPLAINT**<br><br>**JURY TRIAL DEMAND** |

The Plaintiffs, Sheryl Thompson, individually and as administrator of the Estate of Aspen Robertson, and Frank Robertson, individually and as administrator of the Estate of Aspen Robertson, and the Estate of Aspen Robertson, by way of Complaint against the Defendants say:

4859-0609-6102, v. 2

## PARTIES

1. Plaintiff, Sheryl Thompson, is an adult individual, mother of the deceased, Aspen Robertson, and an administrator of the Estate of Aspen Robertson.

2. Plaintiff, Frank Robertson, is an adult individual, father of the deceased, Aspen Robertson, and an administrator of the Estate of Aspen Robertson.

3. Defendant, United States of America, ("USA"), through its agency(ies)/instrumentality(ies), United States Customs and Border Protection and/or United States Department of Transportation, was responsible for the construction, installation, maintenance, repair, upkeep, operation, control, and/or use of the traffic control and/or barricades and/or traffic control gate and/or traffic blocking mechanisms ("Traffic Control Gate") at or near the Three Nations Bridge Border Crossing, f/k/a The Seaway Bridge.

4. Defendant, United States Customs and Border Protection ("CBP") is an agency within the meaning of 5 U.S.C. § 552(1)(f).

5. Defendant, United States Department of Transportation ("USDOT"), is an agency within the meaning of 5 U.S.C. § 552(1)(f).

6. Defendant, State of New York ("NY"), has jurisdiction over and is empowered to hold title and other interests in real property, including without limitation the Three Nations Bridge Border Crossing and surrounding lands and is empowered to regulate the use and occupancy thereof as well as any appurtenances thereupon.

7. Defendant, New York State Department of Transportation ("NYDOT"), is an agency/instrumentality of the State of New York and has jurisdiction over and is empowered to hold title and other interests in real property, including without limitation the Three Nations Bridge

Border Crossing and surrounding lands and is empowered to regulate the use and occupancy thereof as well as any appurtenances thereupon.

8. Defendant, County of St. Lawrence ("St. Lawrence"), is a political subdivision of the State of New York, and as such, has jurisdiction over and is empowered to hold title and other interests in real property, including without limitation the Three Nations Bridge Border Crossing and surrounding lands and is empowered to regulate the use and occupancy thereof as well as any appurtenances thereupon.

9. Defendant, Town of Massena ("Massena"), is a political subdivision of the State of New York, and as such, has jurisdiction over and is empowered to hold title and other interests in real property, including without limitation the Three Nations Bridge Border Crossing and surrounding lands and is empowered to regulate the use and occupancy thereof as well as any appurtenances thereupon.

10. Defendant, Gilbane Building Company, ("Gilbane") is a corporation organized and existing under the laws of the State of Rhode Island with a principal place of business located at 7 Jackson Walkway, Providence, RI, 02903 and New York Registered agent for service at C T Corporation System, 28 Liberty Street, New York, NY 10005.

11. Defendant, Smith-Miller + Hawkinson Architects LLP ("SMH"), is a limited liability partnership organized and existing under the laws of the State of New York with a principal place of business located at 305 Canal Street, New York, NY 10013.

12. Defendant, Northland Associates, Inc. ("Northland"), is a corporation organized and existing under the laws of the State of New York, with a principal place of business located at 4701 Buckley Road, Liverpool, NY 13088.

13. Defendant, Rifenburg Construction Inc. ("Rifenburg"), is a corporation organized and existing under the laws of the State of New York, with a principal place of business located at 125 Defreest Drive, Troy, NY 12180.

14. Defendant, Great Lakes St. Lawrence Seaway Development Corp. ("Great Lakes"), is a division, agency, subdivision, or other instrumentality of the Defendant USDOT.

15. Defendant Abide International Inc. ("Abide") is a corporation organized and existing under the laws of the State of Washington, with a principal place of business located at 561 1st Street West, Sonoma, CA 95476.

16. Defendant Abide-Kashia JV2 LLC ("Abide-Kashia JV2") is a limited liability company organized and existing under the laws of the State of California, with a principal place of business located at 1420 Guerneville Road, Suite 1, Santa Rosa, CA 95403, and upon information and belief, is a subsidiary of Defendant, Abide International Inc.

17. Defendant Abide-Kashia JV3 LLC ("Abide-Kashia JV3") is a limited liability company organized and existing under the laws of the State of California, with a principal place of business located at 1420 Guerneville Road, Suite 1, Santa Rosa, CA 95403, and upon information and belief, is a subsidiary of Defendant, Abide International Inc.

18. Defendant Abide-Kashia JV4 LLC ("Abide-Kashia JV4") is a limited liability company organized and existing under the laws of the State of California, with a principal place of business located at 1420 Guerneville Road, Suite 1, Santa Rosa, CA 95403, and upon information and belief, is a subsidiary of Defendant, Abide International Inc.

19. At this time, Defendants John Does 1-10 are unknown. As such, John Does 1-10, is a fictitious designation, representing one or more individual(s), sole proprietorship(s), association(s), limited partnership(s), general partnership(s), limited liability company(ies), and/or

corporation(s), which in any way owned, possessed, controlled or maintained any part of the premises upon which this incident occurred and/or contributed in any way to the happening of this incident and/or Plaintiff's damages.

**VENUE**

20. Venue is proper in the district of New Jersey pursuant to 28 U.S.C. §1391(e)(1) as the United States is a defendant and this district is where a substantial part of the events or omissions giving rise to the claim occurred.

**FACTUAL AVERMENTS**

21. On or about September 24, 2022, Aspen Robertson, was operating a vehicle on or around Seaway International Bridge Road, in the Town of Massena, State of New York.

22. While driving on Seaway International Bridge Road, Aspen Robertson struck a traffic control gate that was improperly, negligently, carelessly and/or recklessly designed, installed, maintained and/or positioned in such a way as to be unreasonably dangerous to the motoring public.

23. At all times relevant hereto, the traffic control gate was designed, installed, operated, controlled, supervised, maintained, located, repaired, and/or otherwise kept by the Defendants USA, CBP, USDOT, NY, NYDOT, St. Lawrence, Massena, Gilbane, SMH, Northland, Rifenburg, Great Lakes, Abide, Abide-Kashia JV2, Abide-Kashia JV3, Abide-Kashia JV4, and/or John Does 1-10 (each a "Defendant" and collectively, the "Defendants").

24. At all times relevant hereto, the land upon which the traffic control gate was situated was installed, operated, maintained, repaired, owned and/or controlled by each and/or any of the Defendants.

25. As a result of striking the traffic control gate, Aspen Robertson suffered catastrophic injuries resulting in his death.

26. On October 31, 2021, the Plaintiffs, Sheryl Thompson and Frank Robertson were named administrators of the Estate of Aspen Robertson pursuant to the *Indian Act*, R.S.C. 1985, C. I-5.

27. Plaintiffs, Sheryl Thompson and Frank Robertson have applied to be named as administrator of the Estate of Aspen Robertson pursuant to the laws of the State of New York.

28. The Plaintiffs, Sheryl Thompson, individually and as administrator of the Estate of Aspen Robertson, and Frank Robertson, individually and as administrator of the Estate of Aspen Robertson, and the Estate of Aspen Robertson make this complaint for both wrongful death and survival damages.

**FIRST COUNT**

29. Plaintiffs repeat and realleges the factual recitations of the preceding paragraphs of the Complaint as if set forth herein at length.

30. At all times relevant hereto, Defendants designed, installed, operated, controlled, maintained, supervised, located, repaired, and/or otherwise kept the traffic control gate.

31. At all times relevant hereto, Defendants owned and/or controlled the land upon which the traffic control gate was situated.

32. Defendants, were negligent, careless, and/or reckless in that Defendants:

- caused, created, and/or permitted unsafe, dangerous and hazardous conditions and defects to exist with regards to the traffic control gate and/or the land upon which the traffic control gate was situated; and/or
- failed to warn of such dangerous and hazardous conditions; and/or

- failed to make proper inspection of the traffic control gate and/or the land upon which the traffic control gate was situated; and/or
- negligently hired employees and/or agents for the installation, construction, operation, maintenance, repair and upkeep of the traffic control gate; and/or
- negligently supervised employees with regards to the installation, construction, operation, maintenance, repair and upkeep of the traffic control gate; and/or
- negligently retained employees and/or agents for the installation, construction, operation, maintenance, repair and upkeep of the traffic control gate; and/or
- otherwise acted negligently, carelessly, recklessly, and with such callous disregard such that they wrongfully caused Aspen Robertson to come into contact with such dangerous and hazardous conditions and defects; and/or
- were otherwise inattentive, reckless, careless, negligent and/or grossly negligent.

33. As a direct and proximate result of the negligence, carelessness, gross negligence and/or recklessness of the Defendants, aforesaid, Aspen Robertson, was caused to suffer catastrophic injuries resulting in his death.

34. Before his death, Aspen Robertson suffered physical pain, mental anguish, and fear of impending death.

35. As a result of Aspen Robertson's death, he, his heirs and his beneficiaries were deprived of the future earnings he would have derived throughout his life.

36. As a result of Aspen Robertson's death, Plaintiffs Sheryl Thompson, individually and as administrator of the Estate of Aspen Robertson, and Frank Robertson, individually and as administrator of the Estate of Aspen Robertson, as well as other heirs and benificiaries, have suffered both tangible and intangible losses and damages including, without limitation, loss of companionship, loss of advice and guidance, and loss of future earning capacity.

**WHEREFORE**, the Plaintiffs demand judgment against the Defendants individually, jointly, severally and/or for wrongful death damages, survival damages, counsel fees, interest and costs of suit in excess of the jurisdictional limits of all lower courts pursuant to CPLR §3017(c).

## JURY DEMAND

The Plaintiffs, Sheryl Thompson, individually and as administrator of the Estate of Aspen Robertson, and Frank Robertson, individually and as administrator of the Estate of Aspen Robertson, and the Estate of Aspen Robertson, hereby demand a trial by jury as to all issues of fact and damages stated herein.

**NICHOLS LAW FIRM, PLLC**
Attorney for Plaintiffs

By: ______________________
KEVIN NICHOLS, ESQ.

Dated: September 22, 2024

4859-0609-6102, v. 2

# EXHIBIT C

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Northern District of New York

SHERYL THOMPSON, Individually and as administrator of the ESTATE OF ASPEN ROBERTSON; and FRANK ROBERTSON, Individually and as administrator of the ESTATE OF

*Plaintiff(s)*

v.

UNITED STATES OF AMERICA; UNITED STATES CUSTOMS AND BORDER PROTECTION; UNITED STATES DEPARTMENT OF TRANSPORTATION; STATE O

*Defendant(s)*

Civil Action No. 8:24-cv-1163 (GTS/DJS)

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)* Smith-Miller +Hawkinson Architects LLP ("SMH")
305 Canal Street
New York NY 10013

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are: Kevin Nichols Esquire
Nicols Law Firm
16 Elm Street, Malone NY 12953

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk of Court

Date: 9/24/2024

S/Matthew Gerace

*Signature of Clerk or Deputy Clerk*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SHERYL THOMPSON, Individually and as administrator of the ESTATE OF ASPEN ROBERTSON; and FRANK ROBERTSON, Individually and as administrator of the ESTATE OF ASPEN ROBERTSON, and the ESTATE OF ASPEN ROBERTSON<br><br>Plaintiffs,<br><br>vs.<br><br>UNITED STATES OF AMERICA; UNITED STATES CUSTOMS AND BORDER PROTECTION; UNITED STATES DEPARTMENT OF TRANSPORTATION; STATE OF NEW YORK; NEW YORK STATE DEPARTMENT OF TRANSPORTATION; COUNTY OF ST. LAWRENCE; TOWN OF MASSENA; GILBANE BUILDING COMPANY OF NEW YORK; SMITH-MILLER + HAWKINSON ARCHITECTS LLP; NORTHLAND ASSOCIATES, INC.; RIFENBURG CONSTRUCTION INC.; ABIDE INTERNATIONAL INC.; ABIDE-KASHIA JV2 LLC; ABIDE-KASHIA JV3 LLC; ABIDE KASHIA JV4 LLC; GREAT LAKES ST. LAWRENCE SEAWAY DEVELOPMENT CORP.;<br><br>Defendants. | CIVIL ACTION NO: 8:24-cv-1163 (GTS/DJS)<br><br>CIVIL ACTION<br><br>**COMPLAINT AND JURY DEMAND** |

The Plaintiffs, Sheryl Thompson, individually and as administrator of the Estate of Aspen Robertson, and Frank Robertson, individually and as administrator of the Estate of Aspen Robertson, and the Estate of Aspen Robertson, by way of Complaint against the Defendants say:

## JURISDICTION

1. This Court has subject matter jurisdiction over the claims herein pursuant to 28 U.S.C. § 1346(b(1).

## VENUE

2. Venue is proper in the Northern District of New York pursuant to 28 U.S.C. §1391(e)(1) as the United States is a defendant and this district is where a substantial part of the events or omissions giving rise to the claim occurred.

## PARTIES

3. Plaintiff, Sheryl Thompson, is an adult individual, mother of the deceased, Aspen Robertson, and an administrator of the Estate of Aspen Robertson.

4. Plaintiff, Frank Robertson, is an adult individual, father of the deceased, Aspen Robertson, and an administrator of the Estate of Aspen Robertson.

5. Defendant, United States of America, ("USA"), through its agency(ies)/instrumentality(ies), United States Customs and Border Protection and/or United States Department of Transportation, was responsible for the construction, installation, maintenance, repair, upkeep, operation, control, and/or use of the traffic control blocking mechanisms and/or barricades and/or traffic control gate(s) ("Traffic Control Gate") at or near the Three Nations Bridge Border Crossing, f/k/a The Seaway Bridge. Pursuant to 28 U.S.C. § 1346(b)(1), the United States of America is an appropriate Defendant. Defendant USA may be served with process pursuant to Fed. R. Civ. P. 4(i) by delivering a copy of the Summons and Complaint to the United States Attorney for the district in which the action is brought and by also sending a copy of the Summons and Complaint by registered and certified mail to the Attorney General of the United States.

6. Defendant, United States Customs and Border Protection ("CBP") is an agency within the meaning of 5 U.S.C. § 552(1)(f). Defendant CBP is an entity of the United States Government and may be served with process pursuant to Fed. R. Civ. P. 4(i) by delivering a copy of the Summons and Complaint to the United States Attorney for the district in which the action is brought and by also sending a copy of the Summons and Complaint by registered and certified mail to the Attorney General of the United States.

7. Defendant, United States Department of Transportation ("USDOT"), is an agency within the meaning of 5 U.S.C. § 552(1)(f). Defendant USDOT is an entity of the United States Government and may be served with process pursuant to Fed. R. Civ. P. 4(i) by delivering a copy of the Summons and Complaint to the United States Attorney for the district in which the action is brought and by also sending a copy of the Summons and Complaint by registered and certified mail to the Attorney General of the United States.

8. Defendant, State of New York ("NY"), has jurisdiction over and is empowered to hold title and other interests in real property, including without limitation the Three Nations Bridge Border Crossing and surrounding lands and is empowered to regulate the use and occupancy thereof as well as any appurtenances thereupon.

9. Defendant, New York State Department of Transportation ("NYDOT"), is an agency/instrumentality of the State of New York and has jurisdiction over and is empowered to hold title and other interests in real property, including without limitation the Three Nations Bridge Border Crossing and surrounding lands and is empowered to regulate the use and occupancy thereof as well as any appurtenances thereupon.

10. Defendant, County of St. Lawrence ("St. Lawrence"), is a political subdivision of the State of New York, and as such, has jurisdiction over and is empowered to hold title and other

interests in real property, including without limitation the Three Nations Bridge Border Crossing and surrounding lands and is empowered to regulate the use and occupancy thereof as well as any appurtenances thereupon.

11. Defendant, Town of Massena ("Massena"), is a political subdivision of the State of New York, and as such, has jurisdiction over and is empowered to hold title and other interests in real property, including without limitation the Three Nations Bridge Border Crossing and surrounding lands and is empowered to regulate the use and occupancy thereof as well as any appurtenances thereupon.

12. Defendant, Gilbane Building Company, ("Gilbane") is a corporation organized and existing under the laws of the State of Rhode Island with a principal place of business located at 7 Jackson Walkway, Providence, RI, 02903 and New York Registered agent for service at C T Corporation System, 28 Liberty Street, New York, NY 10005.

13. Defendant, Smith-Miller + Hawkinson Architects LLP ("SMH"), is a limited liability partnership organized and existing under the laws of the State of New York with a principal place of business located at 305 Canal Street, New York, NY 10013.

14. Defendant, Northland Associates, Inc. ("Northland"), is a corporation organized and existing under the laws of the State of New York, with a principal place of business located at 4701 Buckley Road, Liverpool, NY 13088.

15. Defendant, Rifenburg Construction Inc. ("Rifenburg"), is a corporation organized and existing under the laws of the State of New York, with a principal place of business located at 125 Defreest Drive, Troy, NY 12180.

16. Defendant Abide International Inc. ("Abide") is a corporation organized and existing under the laws of the State of Washington, with a principal place of business located at 561 1st Street West, Sonoma, CA 95476.

17. Defendant Abide-Kashia JV2 LLC ("Abide-Kashia JV2") is a limited liability company organized and existing under the laws of the State of California, with a principal place of business located at 1420 Guerneville Road, Suite 1, Santa Rosa, CA 95403, and upon information and belief, is a subsidiary of Defendant, Abide International Inc.

18. Defendant Abide-Kashia JV3 LLC ("Abide-Kashia JV3") is a limited liability company organized and existing under the laws of the State of California, with a principal place of business located at 1420 Guerneville Road, Suite 1, Santa Rosa, CA 95403, and upon information and belief, is a subsidiary of Defendant, Abide International Inc.

19. Defendant Abide-Kashia JV4 LLC ("Abide-Kashia JV4") is a limited liability company organized and existing under the laws of the State of California, with a principal place of business located at 1420 Guerneville Road, Suite 1, Santa Rosa, CA 95403, and upon information and belief, is a subsidiary of Defendant, Abide International Inc.

20. Defendant, Great Lakes St. Lawrence Seaway Development Corp. ("Great Lakes"), is a division, agency, subdivision, or other instrumentality of the Defendant USDOT.

## FACTUAL AVERMENTS

21. On or about September 24, 2022, Aspen Robertson, was operating a vehicle on or around Seaway International Bridge Road, in the Town of Massena, State of New York.

22. While driving on Seaway International Bridge Road, Aspen Robertson struck a traffic control gate that was improperly, negligently, carelessly and/or recklessly designed,

installed, maintained and/or positioned in such a way as to pose an unreasonable danger to the motoring public.

23. At all times relevant hereto, the traffic control gate was designed, installed, operated, controlled, supervised, maintained, located, repaired, and/or otherwise kept by the Defendants USA, CBP, USDOT, NY, NYDOT, St. Lawrence, Massena, Gilbane, SMH, Northland, Rifenburg, Abide, Abide-Kashia JV2, Abide-Kashia JV3, Abide-Kashia JV4, and/or Great Lakes (each a "Defendant" and collectively, the "Defendants").

24. At all times relevant hereto, the land upon which the traffic control gate was situated was installed, operated, maintained, repaired, owned and/or controlled by each, all and/or any of the Defendants.

25. As a result of striking the traffic control gate, Aspen Robertson suffered catastrophic injuries resulting in his death.

26. On October 31, 2021, the Plaintiffs, Sheryl Thompson and Frank Robertson were named administrators of the Estate of Aspen Robertson pursuant to the *Indian Act*, R.S.C. 1985, C. I-5.

27. Plaintiffs, Sheryl Thompson and Frank Robertson have applied to be named as administrator of the Estate of Aspen Robertson pursuant to the laws of the State of New York.

28. The Plaintiffs, Sheryl Thompson, individually and as administrator of the Estate of Aspen Robertson, and Frank Robertson, individually and as administrator of the Estate of Aspen Robertson, and the Estate of Aspen Robertson, make this complaint for both wrongful death and survival damages.

**FIRST COUNT**

29. Plaintiffs repeat and realleges the factual recitations of the preceding paragraphs of the Complaint as if set forth herein at length.

30. At all times relevant hereto, Defendants designed, installed, operated, controlled, maintained, supervised, located, repaired, and/or otherwise kept the traffic control gate.

31. At all times relevant hereto, Defendants owned and/or controlled the land upon which the traffic control gate was situated.

32. Defendants, were negligent, careless, and/or reckless in that Defendants:

- caused, created, and/or permitted unsafe, dangerous and hazardous conditions and defects to exist with regards to the traffic control gate and/or the land upon which the traffic control gate was situated; and/or
- failed to warn of such dangerous and hazardous conditions; and/or
- failed to make proper inspection of the traffic control gate and/or the land upon which the traffic control gate was situated; and/or
- negligently hired employees and/or agents for the installation, construction, operation, maintenance, repair and upkeep of the traffic control gate; and/or
- negligently supervised employees with regards to the installation, construction, operation, maintenance, repair and upkeep of the traffic control gate; and/or
- negligently retained employees and/or agents for the installation, construction, operation, maintenance, repair and upkeep of the traffic control gate; and/or

- otherwise acted negligently, carelessly, recklessly, and with such callous disregard such that they wrongfully caused Aspen Robertson to come into contact with such dangerous and hazardous conditions and defects; and/or
- were otherwise inattentive, reckless, careless, negligent and/or grossly negligent.

33. As a direct and proximate result of the negligence, carelessness, gross negligence and/or recklessness of the Defendants, aforesaid, Aspen Robertson, was caused to suffer catastrophic injuries resulting in his death.

34. Before his death, Aspen Robertson suffered physical pain, mental anguish, and fear of impending death.

35. As a result of Aspen Robertson's death, he, his heirs, and his beneficiaries were deprived of the future earnings he would have derived throughout his life.

36. As a result of Aspen Robertson's death, Plaintiffs Sheryl Thompson, individually and as administrator of the Estate of Aspen Robertson, and Frank Robertson, individually and as administrator of the Estate of Aspen Robertson, as well as other heirs and beneficiaries, have suffered both tangible and intangible losses and damages including, without limitation, loss of companionship, loss of advice and guidance, and loss of future earning capacity.

**WHEREFORE**, the Plaintiffs demand judgment against the Defendants individually, jointly, severally and/or for wrongful death damages, survival damages, counsel fees, interest and costs of suit.

## JURY DEMAND

The Plaintiffs hereby demand a trial by jury as to all issues pursuant to F.R.C.P. 38.

## DESIGNATION OF TRIAL COUNSEL

Kevin Nichols, Esquire, is hereby designated as trial counsel on behalf of the Plaintiffs, Sheryl Thompson, individually and as administrator of the Estate of Aspen Robertson, and Frank Robertson, individually and as administrator of the Estate of Aspen Robertson, and the Estate of Aspen Robertson.

## CERTIFICATION

In accordance with F.R.C.P. 11, the undersigned hereby certifies as follows:

1. I have read the content of the above pleading.

2. To the best of my knowledge, information and/or belief, formed after reasonable inquiry, this pleading is well grounded in fact and warranted by existing law or a good-faith argument for the extension, modification or reversal of existing law.

3. It is not intended for any improper purpose such as to harass or to cause unnecessary delay or cost to litigation.

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

**NICHOLS LAW FIRM, PLLC**
Attorney for Plaintiffs

By: /s/ *Kevin Nichols*
KEVIN NICHOLS, ESQ.

Dated: September 22, 2024

STATE OF NEW YORK
SUPREME COURT COUNTY OF ST. LAWRENCE

SHERYL THOMPSON, Individually and as administrator of the ESTATE OF ASPEN ROBERTSON; and FRANK ROBERTSON, Individually and as administrator of the ESTATE OF ASPEN ROBERTSON; and the ESTATE OF ASPEN ROBERTSON,

PLAINTIFFS,

V.

UNITED STATES OF AMERICA; UNITED STATES CUSTOMS AND BORDER PROTECTION; UNITED STATES DEPARTMENT OF TRANSPORTATION; STATE OF NEW YORK; NEW YORK STATE DEPARTMENT OF TRANSPORTATION; COUNTY OF ST. LAWRENCE; TOWN OF MASSENA; GILBANE BUILDING COMPANY OF NEW YORK; SMITH-MILLER + HAWKINSON ARCHITECTS LLP; NORTHLAND ASSOCIATES, INC.; RIFENBURG CONSTRUCTION INC.; GREAT LAKES ST. LAWRENCE SEAWAY DEVELOPMENT CORP.; ABIDE INTERNATIONAL INC.; ABIDE-KASHIA JV2 LLC; ABIDE-KASHIA JV3 LLC; ABIDE-KASHIA JV4 LLC; AND JOHN DOES 1-10,

DEFENDANTS.

**AFFIDAVIT OF HENRY SMITH-MILLER, RA**

**INDEX NO. EFCV-24-166762**

**HON. MARY M. FARLEY, J.S.C.**

STATE OF NEW YORK )
COUNTY OF NEW YORK ) SS.:

HENRY SMITH-MILLER, RA, being duly sworn, deposes and says:

1. I am a Registered Architect ("RA") in the States of New York (RA No. 12765), Maine, California, and Ohio, and a Fellow of the American Institute of Architects ("FAIA"). I am a co-founder and Partner of Defendant Smith-Miller + Hawkinson Architects, LLP ("SM + H"), a partnership practicing architecture with a primary office address in New York.

2. With regard to my educational background, I received my B.A. in Architecture from Princeton University in 1964, a M.Arch. from the Graduate School of Architecture at the University of Pennsylvania in 1966, and a Fulbright Grant to study architecture in Rome, Italy.

3. In addition, I am currently a professor in the graduate program at Pratt Institute. I have held visiting adjunct professor positions at Columbia University, the City University of New York, the University of Pennsylvania, Harvard University, and served as the Thomas Jefferson Professor in Architecture at the University of Virginia and the Saarinen Chair at Yale University. I have also served on the Board of Creative Time and on the Associate Council of the Museum of Modern Art in New York.

4. I make this affidavit based upon my own personal knowledge and submit it for the limited purpose of providing background facts warranting dismissal of Plaintiffs' wrongful death claim as alleged against SM + H.

5. I am informed that Plaintiffs have commenced a wrongful death action against SM + H and numerous Co-Defendants in relation to alleged negligence in connection with a traffic control gate on Seaway International Bridge Road at the U.S. Land Port of Entry at Massena, New York.

6. Specifically, my understanding is that Plaintiffs allege that SM + H negligently designed the U.S. Land Port of Entry at Massena, New York project.

7. While SM + H adamantly denies any and all such allegations, for purposes of SM + H's motion to dismiss, I am attaching hereto true and accurate copies of the following documents as **Exhibits A-C**:

**Exhibit A**: The U.S. General Services Administration ("GSA") Architect/Engineer Scope of Work for the New U.S. Land Port of Entry at Massena, New York, Project No. NNY02002, Revised, dated March 7, 2005 (the "Contract");

**Exhibit B**: Substantial Completion from GSA to Northland Associates, as of April 28, 2009; and

**Exhibit C**: Final Certificate of Occupancy, signed on July 21, 2009.

8. The Contract defines "Substantial Completion" as "The General Contractor has complied with the contract requirements and the facility is capable of being occupied for beneficial use or used by the Government for its intended purpose, except for a list of items of minor work or deficiencies remaining to be performed or corrected prepared by the [Construction Manager] and approved by the [Contracting Officer]." (*See* Ex. A, Section I, C.8.)

9. The U.S. Government made final payment to SM + H in April 2010.

10. Plaintiffs have not served SM + H with a notice of claim pursuant to N.Y. C.P.L.R. § 214-d relating to their cause of action.

11. Because Plaintiffs' action is untimely, SM + H asks that the Court grant its motion to dismiss.

HENRY SMITH-MILLER, RA

Sworn to before me this 24TH day of October, 2024.

Samuel T. Hart
STATE OF NEW YORK
NOTARY PUBLIC
Qualified in Kings County
01HA6398812
MY COMMISSION EXPIRES 10/15/2027

Notary Public

## CERTIFICATE OF COMPLIANCE

**I HEREBY CERTIFY** that this document complies with the word count limit pursuant to 22 N.Y.C.R.R. 202.8-b because it contains 537 words, excluding the parts of the document exempted by said Rule.

Dated: Rochester, New York
October 24, 2024

**HARTER SECREST & EMERY LLP**

By: *Christina M. Deats*
Christina M. Deats, Esq.

# EXHIBIT A

**U.S. GENERAL SERVICES ADMINISTRATION**
**Region 2**

**PUBLIC BUILDINGS SERVICE**
**PROPERTY DEVELOPMENT DIVISION**
**Jacob K. Javits Federal Building**
**New York, NY**

# NEW US LAND PORT OF ENTRY AT MASSENA

**MASSENA, NEW YORK**

## ARCHITECT/ENGINEER SCOPE OF WORK

## Solicitation No.: GS-02P-05-DTC-0020(N)

**Revised: March 7, 2005**

# Table of Contents

**I. General** ....... **1**

A. Project Description ....... 1
A.1. Architect/Engineer (A/E) Services Overview ....... 1
A.2. Design and Construction Services ....... 1

B. A/E Fee(s) ....... 2
B.1 Basic and Optional Services ....... 2
B.2 Request for Information (RFI) ....... 2

C. Glossary of Terms ....... 2
C.1. Architect Engineer (A/E) ....... 2
C.2. Conformed Documents ....... 2
C.3. Construction Documents ....... 3
C.4. Construction Manager (CM) ....... 3
C.5. GSA Building Manager ....... 3
C.6. Contracting Officer (CO) ....... 3
C.7. Contracting Officer's Representative (COR) ....... 3
C.8. Substantial Completion ....... 3
C.9. Supplemental Services ....... 3
C.10. Building Shell and Tenant Allowance ....... 3

D. Requirements and References ....... 3
D.1. IBC, NFPA, UBC ....... 3
D.2. ADAAG and UFAS ....... 3
D.3. Energy Conservation Compliance ....... 4
D.3.1. Executive Order 12759 – Federal Energy Management ....... 4
D.3.2. GSA National Policy for Participation in Utility Company Programs ....... 4
D.3.3. Energy Conservation Performance Standards ....... 4
D.4. Environmental Policies and Regulations ....... 4
D.4.1. NEPA ....... 4
D.4.2. Zoning Regulations ....... 4
D.5 The DHS, FDA, CBP, NYSDOT, BROKERS and GSA Requirements ....... 4
D.5.1. US Land Port of Entry Design Guide ....... 4
D.5.2. Space Allocation Standard (SAS) ....... 4
D.5.3. Housing Plan, ....... 4
D.5.4. GSA Facilities Standards for the Public Building Services, PBS-P100 ....... 4
D.5.5. Operational Analysis and Prospectus Development Reports, Massena, NY, February, 2001 ....... 5
D.5.6. GSA/PBS National CAD/CIFM (Computer-aided Design, Computer-integrated Facility ....... 5
Management) Standards ....... 5
D.5.7. Project Estimating Requirements, PBS P 3440.5 (latest edition) ....... 5
D.5.8. Metric Design Guide, PBS PQ 260 ....... 5
D.5.9. Value Engineering Program Guide for Design & Construction, PBS PQ 251 ....... 5
D.5.10. Federal Register, Part IV, GSA 41 CFR Part 101-17 ....... 5
D.5.11. Standard Method for Measuring Floor Area in Office Building, ....... 5
D.6. Green Building Sustainable Design ....... 5
D.6.1. Wastespec, Triangle J Council of Governments, July 1995. ....... 5
D.6.3. Sustainable Design Consultant ....... 6
D.6.4. LEED Certification The

project will be developed to earn a certification from the US Green Building Concil, using the latest version of the "Leadership in Energy and Environmental Design" (LEED) rating system. The A/E will conduct a LEED self-certification check to identify the level of compliance and achieved rating level. The A/E must register the project with the USGBC at its inception and update through commissioning. Registration fees shall be reimbursable and additional to the A/E fee based on the"Level of Effort".......6
D.6.5. Sustainable Design Concept status report .......6
D.6.6. Sustainable Design Development status report .......6
D.6.7. Commissioning.......6
D.7. Status Report Requirements and References.......6
D.8. Electronic Project Management (ePM) .......6
D.8.1 Project Documentation .......7
D.8.2 Project Logs .......7
D.8.3. Financial Records .......7
D.9. A/E services for Building Shell and Tenant Improvements items .......7
D.9.1 Building Shell and Tenant Improvement Definitions .......7
D.9.2. Building Shell and Tenant Improvement Allowance (TIA) items.......7
D.9.3. Tenant Agency Space Design Drawings .......7
D.9.4. A/E fee breakdown for Tenant Agency Cost .......8

E. Metric System .......8
E.1. System International (SI) Units .......8
E.2. Metric Unit Definition .......8

F. Design Excellence .......8
F.1. Cost-effective Design .......8
F.2. Functionality Objectives .......8
F.3. Peer Review .......8
F.3.1. National Endowment for the Arts (NEA).......8
F.3.2. Peer Review Sessions .......8

G. Construction Excellence .......8
G.1. Construction Goals .......8
G.2. Independent cost estimate .......9
G.3. Design within budget .......9
G.4. Performance specifications .......9
G.5. Design Briefing.......9
G.6. Constructability Review .......9
G.7. Request for information (RFI).......9

H. Computer Aided Design.......9
H.1. Drawing Layering .......9
H.2. Prohibition of Add-on Features.......9
H.3. Submission of Electronic Files.......9

I. AIA Masterspec....... 10

J. Energy Rebates ....... 10

K. Life Cycle Cost Analyses (LCCA)....... 10

L. Partnering....... 10
L.1. Program....... 10
L.2. Alternative Dispute Resolution (ADR)....... 10

M. Art-in-Architecture....... 10

M.1. A/E involvement ..... 11
M.2. Artist Selection Panel ..... 11
M.2.1. A/E Collaboration with Artist(s) ..... 11

N. Community Meetings ..... 11

**III. Construction Management (CM) ..... 12**

**IV. Design Phase Services ..... 12**

A. General ..... 12
A.1. A/E Preparation and Submissions ..... 12
A.2. Specifications ..... 12
A.3. Innovative Design ..... 12
A.4. Equivalency Clauses ..... 12
A.5. Adherence to Federal Regulations ..... 13
A.6. Construction Cost Estimate ..... 13
A.6.1. Cost Estimate Submission schedule ..... 13
A.6.2. Cost Estimators' Attendance at Design Meetings ..... 13
A.7. Construction Document identifying the Shell & Each Tenant's Buildout. ..... 13
A.7.1. Tenant Improvements (TIs) Documents ..... 13
A.7.2. Shell and Tenant Improvement (TI) Estimate Format ..... 13
A.7.3. Pay Item System for Civil Work ..... 13
A.8. Value Engineering (VE) ..... 14
A.8.1. VE Workshop Participants ..... 14
A.8.2. VE Program Guide ..... 14
A.9 Green building technologies workshop ..... 14

B. A/E Services ..... 14
B.1. Design Services ..... 14
B.2. Programming ..... 15
B.3. Submissions ..... 15
B.3.1. Completeness of Documentation ..... 15
B.4. Construction Document Final Submission ..... 15
B.5. Request for Information (RFI) During Procurement and Construction ..... 15

C. Preliminary Concepts ..... 15
C.1. Preliminary Concept Narrative Report ..... 15
C.2. Site Plan ..... 15
C.3. Floor Plans ..... 16
C.4. Elevations ..... 16
C.5. Sections ..... 16
C.6. Preliminary concept Space Program ..... 16
C.7. Computer Generated Perspective Drawings ..... 16
C.7.1. Exterior Perspectives ..... 16
C.7.2. Interior Perspectives ..... 16
C.8. Structural Systems ..... 16
C.9. Mechanical and Electrical Systems ..... 16
C.10. Model ..... 16
C.11. Cost Estimate ..... 17
C.12. Presentation of Three Schemes ..... 17
C.13. Preliminary Concept Submission ..... 17

D. Final Concept ..... 17
D.1. Final Concept Narrative ..... 17

D.1.1. Structural and Seismic Systems (for each structure) ... 17
D.1.2. Mechanical & Electrical Systems (for each structure) ... 17
D.2. Site Plan ... 17
D.3. Floor Plans (for each structure) ... 18
D.4. Elevations (for each structure) ... 18
D.5. Sections (for each structure) ... 18
D.6. Final Program Space ... 18
D.6.1. Occupiable Areas ... 18
D.6.2. Adjacency Diagrams ... 18
D.7. Computer Generated Perspective Drawings ... 18
D.7.1. Exterior Perspectives ... 18
D.7.2. Interior Perspectives ... 18
D.8. Structural Drawings (for each structure) ... 18
D.9. Mechanical and Electrical Drawings (for each structure) ... 18
D.10. Massing Model ... 19
D.11. Cost Estimates ... 19
D.12. Final Concept Design Submission ... 19
D.13. Final Concept Design Presentation ... 19

E. Design Development ... 19
E.1. Notice to Proceed ... 19
E.2. Design Development Narrative Report ... 20
E.3. Design Development Drawings ... 20
E.4. Site Plans ... 20
E.5. Floor Plans (for each structure) ... 20
E.6. Elevations (for each structure) ... 20
E.7. Sections (for each structure) ... 20
E.8. Wall Sections (for each structure) ... 20
E.9. Computer Generated Perspective Drawing ... 20
E.9.1 Exterior Perspective Drawings ... 20
E.9.2. Interior Perspective Drawings ... 21
E.10. Space Design Drawings (for each structure) ... 21
E.10.1 Building Shell Drawings (for each structure) ... 21
E.10.2. Tenant-Improvements Drawings (for each structure) ... 21
E.11. Structural Drawings (for each structure) ... 21
E.12. Mechanical, plumbing, telecommunication and Electrical Drawings (for each structure) ... 21
E.13. Interior Design (for each structure) – exclusive of FF& E ... 21
E.13.1. Interior Finishes Sample Board ... 22
E.14. Graphics and Signage ... 22
E.14.1. Seals and Devices ... 22
E.14.2. IBC, UFAS, ADAAG, etc. ... 22
E.15. Cost Estimate ... 22
E.16. Design Development Submission ... 22

F. Construction Contract Documents – General ... 22
F.1. GSA Standards ... 23
F.2. Completeness of Construction Documents ... 23

G. 50%Construction Document Submission ... 23
G.1. Progress Check ... 23
G.2. Cost Estimate ... 23
G.3. Interior Finishes Sample Boards ... 23
G.4. A schedule of signage types and locations, colors and typefaces, relevant standards and ... 24

specifications shall be included in the presentation. To Scale and or full size mock-ups of typical signage program components shall be included as deemed appropriate by the A/E and Graphic Design Consultant. .... 24
G.4. 50%Construction Document Submission .... 24

H. Models, Rendering and Photos .... 24
H.1. Presentation Model .... 24
H.1.1 Model Maker Qualifications .... 24
H.1.2. Model Completion .... 24
H.1.3. Photography of Model .... 24
H.1.4. Model Display .... 24
H.2. Rendered Perspective Drawing and Photos .... 25
H.2.1. Approval for Rendering .... 25
H.2.2. Digital prints and photos of Rendering .... 25

I. 100%Construction Documents Submission .... 25
I.1. Cost Estimate .... 25
I.2. Interior Design .... 25
1.3 Graphics and Signage .... 25
1.3.1. Seals and Devices .... 26
1.3.2 IBC, UFAS, ADAAG, MUTCD etc. .... 26
I.4. Furniture and Telecommunication Layouts .... 26
I.5. 100%Construction Documents Submission .... 26

J. Final Construction Documents Submission .... 26
J.1. Requirements for Final Construction Documents Submission .... 26
J.2. Final Cost Estimate .... 26
J.3. Bidding Documents .... 27
J.4. Final Construction Documents Submission .... 27

**V. Construction Services (options) .... 27**

A. Post Construction Contracts Services (option 1) .... 27
A.1. Submittal Review .... 27
A.1.1. Review Process .... 28
A.1.2. Submittals Distribution .... 28
A.2. Value Engineering Incentive Clause .... 28

B. Site Visit (option 2) .... 29
B.1. Familiarization of Progress and Quality of Work .... 29
B.2. Periodic Site Visits and Reports .... 29
B.3. Limit of Responsibility .... 29

C. Construction Partnering Workshops (option 3) .... 29

D. Additional Design Services (option 4) .... 29

| | |
|---|---|
| PROJECT DESCRIPTION: | New US Land Port of Entry at Massena<br>Massena, New York<br>Project number: NNY02002<br>* |
| Estimated Construction Cost at Award (ECCA): | $ 43,000,000 |

**I. General**

## A. Project Description

### A.1. Architect/Engineer (A/E) Services Overview

The A/E shall provide professional services for the planning and design of the new US Land Port of Entry including all the associated road and civil design in Massena, New York (See sketch DSK-03A), at the junction of Interstate 37 in New York State and the Seaway International Bridge. The new facility shall accommodate the future needs and overall operations for the United States Department of Homeland Security (DHS), Food and Drug Administration (FDA) and New York State Department of Transportation, including other related tenants. The current facility, which is over 50 years old, is functionally obsolete and can no longer safely process the current high volumes of traffic. The existing facility should continue in full operation during the course of construction of the new facility. The A/E shall also provide services of planning and design for the demolition of the
existing facility after the new facility is occupied.

### A.2. Design and Construction Services

The new facility shall expand over approximately 40 acres (newly acquired land, see sketch DSK-03C) adjacent to the existing 5.5 acres site and provide 5,476 gross square meters (gsm) spaces. The new facility shall have 170 parking spaces. The minimum net-to-gross efficiency ratio for the building is 67%, excluding the area for parking. The design documents shall comply to the maximum extent with the US Land Port of Entry Design Guide, P130, and the GSA Facility Standards, PBS P100.

The new facility (See sketch DSK-03B and Table of space requirements) shall include, but is not limited to, the following:

- A Main Administration Building
- A Headhouse
- Non-commercial Vehicle Primary and Secondary Inspection Plaza and Canopy
- Employee and visitor parking
- A Commercial Processing Warehouse
- A Truck Staging Area
- Commercial Vehicle Primary and Secondary Inspection Plaza and Canopy
- An Impound Lot
- An Export Control Building
- A Maintenance Garage
- A Building for new agencies, Border Patrol and NYSDOT
- Broker Offices
- VACIS Building
- Realignment of Highway 37, including a new interchange at the General Motors facility
- Demolition of site features (roadways, etc.) and structures
- Temporary roadways and /or facilities to accommodate uninterrupted operations
- DHS Exit Control Capability
- Space for Seaway Bridge Authority Toll Booths

---------------------------------------------------------------------------------------------------------------------

The design requirements for the above listed items may vary or change because of tenant's changes of requirements. The A/E's negotiated fee is based on the "Level of Effort" required to provide design services for a project whose scope is defined herein and has a total area of 5,476 gsm.

The A/E shall prepare two separate bid packages as described below:

**Package 1**: All the civil work including site and roadways.

**Package 2**: All the buildings and associated facilities.

The work of each package will consist of the following stages:

Basic Contract Services:

- Green Building Sustainable Design
- Preliminary concepts
- Final Concept
- Value Engineering Workshops
- Design development
- 50% Construction Contract Documents
- 100% Construction Contract Documents
- Final Construction Contract Documents and Conformed drawings.

Optional Services:

- 1. Post Construction Contract Services (PCCS) (Option 1)
- 2. Construction Inspection Services, includes Commissioning (CIS) (Option 2)
- 3. Construction Partnering Workshop (Option 3)
- 4. Additional Design Services (Option 4).

## B. A/E Fee(s)

### B.1 Basic and Optional Services

The A/E will submit fees for basic and optional services, including direct costs, outlined in this scope. A list of proposed construction drawings is to be submitted to the GSA with the A/E fee.

### B.2 Request for Information (RFI)

To provide for Request for Information services during both construction bidding and the construction phase, a percentage of the A/E fee (basic services) shall be identified by the A/E and included in the Proposal. Such monies as scheduled shall be made available for RFI services during and until construction completion, in support of GSA's construction excellence program.

## C. Glossary of Terms

### C.1. Architect Engineer (A/E)

The professional-services contractor responsible to GSA for the design. The A/E may perform additional services for GSA during the construction phase.

### C.2. Conformed Documents

Drawings, specifications and cost estimates that include all amendments issued subsequent to the bid

bid documents up to construction contract award.

C.3. Construction Documents
These describe the design and contain working drawings and specifications. The working drawings provide the construction details. The specifications provide the performance requirements of the materials.

C.4. Construction Manager (CM)
The contractor selected to assist GSA in managing the design and construction phases. The CM assists in meeting goals related to schedule, budget, scope, and quality. The CM provides management, technical, administrative, and quality control service

C.5. GSA Building Manager
This office must approve all requests related to the operation of the Port facility.

C.6. Contracting Officer (CO)
The person with the authority to enter into, administer, and/or terminate contracts and make related determinations and findings. The CO will have certain authorized personnel, such as the contracting officer's representative (COR), acting within the limits of the authority as delegated by the Contracting Officer, as defined by Federal Acquisitions Regulations 52.202-1(f).

C.7. Contracting Officer's Representative (COR)
The Contracting Officer's Representative (COR) see above paragraph C.6 Contracting Officer (CO)
as defined by the FAR.

C.8. Substantial Completion
The General Contractor has complied with the contract requirements and the facility is capable of being occupied for beneficial use or used by the Government for its intended purpose, except for a list of items of minor work or deficiencies remaining to be performed or corrected prepared by the CM and approved by the CO.

C.9. Supplemental Services
Performance of additional services that may be required, for which the government will issue a RFP and negotiate a modification to the A/E contract.

C.10. Building Shell and Tenant Allowance
The Building Shell and Tenant Improvement Allowance (TI) see Chapter 2, paragraphs 2.2 and 2.3 in Pricing Desk Guide, latest edition.

## D. Requirements and References

A/E shall comply with the latest editions of all the requirements and references listed below.

D.1. IBC, NFPA, UBC
The building design will comply with the requirements of the International Building Code (IBC) modified to include the technical requirements of the Life Safety Code (National Fire Protection Association – NFPA) and national codes for mechanical, electrical, plumbing.

D.2. ADAAG and UFAS
Federal Standard 795, Uniform Federal Accessibility Standards (UFAS), is mandatory on all GSA

projects. GSA policy requires compliance with the Americans with Disabilities Act Accessibility Guidelines (ADAAG). where those requirements are more stringent than Federal Standard 795.

D.3. Energy Conservation Compliance

D.3.1. Executive Order 12759 – Federal Energy Management
Plus 10 Codified Federal Regulation (CFR) 435 signed April 17, 1991. Section 5 requires procurement of energy conserving products that are life-cycle cost effective.

D.3.2. GSA National Policy for Participation in Utility Company Programs
As defined in the GSA Public Buildings Service Commissioner's letter dated March 25, 1991.

D.3.3. Energy Conservation Performance Standards
GSA has adopted the latest edition of ANSI/ASHRAE/IESNA Standard 90.1, "Energy Efficient Design of New Buildings except Low Rise Residential Buildings."

D.4. Environmental Policies and Regulations

D.4.1. NEPA
To comply with the National Environmental Policy Act, GSA conducts an independent review of each project to identify environmental impacts.

D.4.2. Zoning Regulations
The A/E will meet, when requested by GSA, with appropriate officials of the State of New York and the City of Massena, to discuss the project's compliance with the zoning requirements. The A/E may be requested to make presentations to officials of the State of New York and the city of Massena, including other Government Officials. The A/E, as part of the negotiated fee, will attend such zoning meetings as may be required in the execution of the work ,at the existing facility in Massena, NY or at the offices of other agencies.

D.5 The DHS, FDA, CBP, NYSDOT, BROKERS and GSA Requirements
The design will reflect the requirements of the DHS, FDA, CBP, NYSDOT, BROKERS and GSA including space utilization standards. The A/E design will follow NYSDFOT's format for the preparation of plans, specifications and engineer's estimate including the use of NYSDOT's pay item system.

D.5.1. US Land Port of Entry Design Guide
The design will reflect the requirements of the U.S. Land Port of Entry Design Guide, P130 (or latest edition).

D.5.2. Space Allocation Standard (SAS)
The design will reflect the requirements of the Space Allocation Standard (SAS).

D.5.3. Housing Plan,
The AE will use the housing plan developed under separate work order for the design of the facility to provide the space requirements for each tenant agency, including joint-use and special space requirements.

D.5.4. GSA Facilities Standards for the Public Building Services, PBS-P100
The design will reflect the requirements of the GSA Facilities Standards for the Public Building Services, PBS-P100 (or latest edition). The A/E must prepare the final Specification using AIA Masterspec and NYSDOT, with the GSA Supplement for Division 1.

D.5.5. Operational Analysis and Prospectus Development Reports, Massena, NY, February, 2001
The reports is the capital project scope and planning documents that provides the design Program requirements , an implementation strategy, and a budget assessment. The reports will be used as a reference documents. The AE shall base the design / site planning on all the studies developed by Smith-Miller+Hawkinson, Architects LLP.

D.5.6. GSA/PBS National CAD/CIFM (Computer-aided Design, Computer-integrated Facility Management) Standards

D.5.7. Project Estimating Requirements, PBS P 3440.5 (latest edition)

D.5.8. Metric Design Guide, PBS PQ 260

D.5.9. Value Engineering Program Guide for Design & Construction, PBS PQ 251
Volume 2 - Contracting Officers and Professional Services Contractors. 5/93

D.5.10. Federal Register, Part IV, GSA 41 CFR Part 101-17
Assignment and Utilization of Space; Temporary Regulation

D.5.11. Standard Method for Measuring Floor Area in Office Building,
ANSI/BOMA Z65.1-1996, and the GSA Spatial Data Integrity (SDI) handbook.

D.5.12. NYSDOT Highway Design Manual and Standard Specifications
The AE will design the civil work in compliance with the latest edition of the NYSDOT Highway Design Manual and Specifications.

D.5.13. NYSDOT Manual of Uniform Traffic Control Devices (MUTCD)
Signage for roadway and parking facilities as well as other traffic control devices, shall be in compliance with the current NYSDOT's MUTCD.

D.6. Green Building Sustainable Design

This project will include a comprehensive application of design principals that will result in an environmentally sustainable (green) building. Various systems, materials and technologies will be integrated into design solutions that minimize negative environmental impact, and maximize features that conserve natural resources.

D.6.1. Wastespec, Triangle J Council of Governments, July 1995.
Model specifications for construction waste reduction, reuse, and recycling.

D.6.2. GSA affirmative procurement program
GSA Order OGP 2851.11 establishes GSA 's Affirmative Procurement Program for purchase and use of Environmental Protection Agency (EPA) designated Comprehensive Procurement Guideline (CPG) items containing recovered materials, environmentally preferable, and biobased products. The Resource Conservation and Recovery Act (RCRA) requires GSA to purchase EPA designated CPG items. Preference must be given to EPA - designated CPG items, products and services, and biobased products when price, performance, and availability are equal to traditional products and service. Specifications will include preference for recovered material, elimination of requirements for virgin materials; and performance standards

that do not contain more stringent requirements than necessary.

D.6.3. Sustainable Design Consultant
The A/E will include, as part of the design team, an expert in the application of sustainable concepts that is LEED Certified; the expert must have prior experience on multiple projects, with DOE-2 energy simulation program.

D.6.4. LEED Certification
The project will be developed to earn a certification from the US Green Building Concil, using the latest version of the "Leadership in Energy and Environmental Design" (LEED) rating system. The A/E will conduct a LEED self-certification check to identify the level of compliance and achieved rating level. The A/E must register the project with the USGBC at its inception and update through commissioning. Registration fees shall be reimbursable and additional to the A/E fee based on the"Level of Effort".

D.6.5. Sustainable Design Concept status report
The A/E will clearly identify sustainable design concepts and practices recommended in the final concept proposal. The A/E will then document anticipated qualitative benefits and unusual cost impacts that the concepts and practices will have on the project. The A/E will also identify the concepts that have not been adopted and explain why they are inappropriate.

D.6.6. Sustainable Design Development status report
At the Design Development submission, the A/E will provide benefit and life cycle analyses for recommended sustainable cost concepts from the Sustainable Design charrette. The specific concepts to be evaluated will be defined immediately after the Final Design Concept submission. While the A/E is expected to suggest recommended concepts for study, GSA may choose other concepts, whether or not contained in the Panel's report.

D.6.7. Commissioning
The A/E will document those commissioning and building turnover tasks that are required to effectively deliver each applied green building technology. Operation and Maintenance manuals developed for this project will include descriptions of practices necessary to ensure efficient and cost effective performance of all green building features.

D.7. Status Report Requirements and References
As part of the final document submission, the A/E will provide a report to certify that the final contract documents comply with all the following:

D.7.1. NFPA ,UBC and IBC.
D.7.2. ADAAG and UFAS
D.7.3. Energy Conservation Compliance
D.7.4. Environmental Policies and Regulations
D.7.6. Green Building Sustainable Requirements

D.8. Electronic Project Management (ePM)
The AE will participate and use the Electronic Project Management (ePM) system selected and provided by GSA.. Electronic Project Management is an internet-based information and project communication system which permits parties on a project team to communicate, collaborate, and cooperate in an electronic environment by means of a web-browser. The CM will be tasked to contract for this Electronic Project Management (ePM) for the project .

D.8.1 Project Documentation

The Electronic Project Management (ePM) system will include all project documentation: written, drawn, and photographic.

Project documentation and filing will be retained and maintained by the project team in the internet-based information and project communication system. The system will include job files, working folders, and record keeping used on the project. It will permit the maintenance of logically organized construction files, and record all incoming and outgoing communications including.

D.8.2 Project Logs

Maintain logs for registering receipt of submittals, posting dates received and action(s) taken.

D.8.3. Financial Records

Maintain financial records and budgetary information on the project including ability to post and process all requests for payment submitted by the project team.

D. 8.4 Distribution of Project Documents

The A/E shall distribute the project documents, in both printed and electronic formats, of each design phase to all the project team for review as required by this scope of work.

D.9. A/E services for Building Shell and Tenant Improvements items

D.9.1 Building Shell and Tenant Improvement Definitions

Building Shell and Tenant Improvements are defined in the GSA Pricing Desk Guide, latest edition.

D.9.2. Building Shell and Tenant Improvement Allowance (TIA) items

The A/E is responsible for defining and managing the design and construction costs for Building Shell and Tenant Improvement Allowance for each tenant agency throughout the design and construction phases of the contract. GSA will define the TIA to be applied to each agency. The GSA shell and TI costs for each agency includes design, management and inspection, and construction costs. Space requirements are developed by each agency and are listed in the housing plan.

D.9.3. Tenant Agency Space Design Drawings

The AE is responsible to develop Space Design Drawings (SDD) that will contain information for each space on every floor. These drawings will externally reference the Architectural base plan. Base architectural information consists of all building core and shell elements, including stairs, elevator access, restrooms, interior and exterior columns, convectors, all exterior walls and openings (including doors and windows), and a labeled structural grid. Show all interior improvements such as mechanical, electrical, and telephone rooms; custodial and maintenance areas; lobbies; and proposed tenant walls, doors, windows, and corridors. The AE shall measure the area of all spaces on each floor in accordance with ANSI/BOMA Z65.1-1996. The SDDs shall include area polylines drawn around all spaces, with associated data tags containing the agency name, room name, and area in usable square meters and square feet. Floor and Building Summary Tables for each tenant and building common areas are also required. The Floor and Building Summary Tables will also summarize the BOMA gross, rentable and usable areas.

The AE will provide SDDs with the Design Development submission(s), and every subsequent submission during the Construction Document (CD) phase

D.9.4. A/E fee breakdown for Tenant Agency Cost

The AE fee attributable to TI's will be allocated by percentages in a fee breakdown matrix. These percentages represent the same percentages of each tenant's estimated construction cost for TI items computed against the total estimated construction costs. The A/E will provide cost estimates based on Space Design Drawings defining the tenant improvement allowance for each agency. Estimates will include design fee, construction costs, and 5% construction contingency.

## E. Metric System

The project will be designed and constructed entirely in the metric system.

### E.1. System International (SI) Units

Measurements and units of any type, in all discussions, correspondence, cost estimates, drawings,
specifications, submissions will be in System International (SI) metric units.

### E.2. Metric Unit Definition

System International (SI) metric units are defined in ASTM E621, ASTM E380, and the ASHRAE SI Metric Guide. Pipe sizes will use ASHRAE nominal mm pipe sizes.

## F. Design Excellence

### F.1. Cost-effective Design

The project design will fulfill the program requirements in a cost-effective manner and permit the construction to be accomplished within the designated schedule and budget.

### F.2. Functionality Objectives

The construction will be of durable materials that prolong the life of the structure. Prime engineering systems will be selected for long term performance. All systems will be integrated with the architecture and respond to environmental and energy issues.

### F.3. Peer Review

The objective of the peer review is to achieve the highest level of architectural design excellence. It enables the CO to employ the expertise of recognized private sector design professionals to review the proposed project design.

F.3.1. National Endowment for the Arts (NEA)

GSA will work with the NEA to identify a roster of nationally recognized architects. A peer review panel consisting of approximately three (3) members, will be selected from the roster.

F.3.2. Peer Review Sessions

The A/E will participate in two one-day sessions of peer review, one during the preliminary concepts stage at the existing facility in Massena, NY and one during the design development stage in the office of the A/E. The A/E will present drawings, study models and other material.

## G. Construction Excellence

### G.1. Construction Goals

GSA is focused on three construction goals to provide significant cost and time benefits:

*(1) Employ the best practices that will result in the best project for the best value*

*(2) Procure the highest quality construction services talent as early as practical*

*(3) Establish reliable budgets and manage to them*

G.2. Independent cost estimate
Two sets of drawings and one set of specifications will be transmitted by the A/E to an independent
cost consultant at Design Development, 50% and 100% design completion.

G.3. Design within budget
The A/E will manage their design to ensure that the project remains within the established budget.

G.4. Performance specifications
Simplify design, utilizing performance requirements.

G.5. Design Briefing
The A/E will provide a design briefing to the tenant agencies to ensure their understanding of the design at each design phase submission. This briefing will take place in GSA's office in New York City.

G.6. Constructability Review
At each design phase the A/E will participate in CM led constructability review. The A/E will either incorporate into the project design or respond to all recommendations of those reviews.

G.7. Request for information (RFI)
During both the bidding and the construction periods the A/E will process " Requests for Information (RFI's)" and respond to such inquiries within two (2) working days hours from the time each request is logged into the ePM

## H. Computer Aided Design

The latest version of the GSA PBS National CAD/CIFM Standards will be used by all disciplines. The drawings will be in a format that is compatible with the latest version of AutoCAD as approved by the CO. Fonts and menus that are not contained in AutoCAD will not be used.

H.1. Drawing Layering
Layering of drawings will be as specified by the American Institute of Architects (AIA) in the publication "CAD Layer Guidelines."

H.2. Prohibition of Add-on Features
CAD drawings are to be accessible to GSA to open, modify, and /or plot drawing files without the need for add-on features or software packages. Only the standard features of the latest version AutoCAD will be used. Each drawing file will be independent and external references will be bound prior to submission.

H.3. Submission of Electronic Files
Each submission of electronic files in the GSA approved media will include a GSA approved database for archiving in the GSA electronic library. Prior to submission, the A/E will consult with the CO to assure compliance.

## I. AIA Masterspec

The specification will be in Microsoft Word for Windows (latest release) file format and will be AIA Masterspec
(GSA Supplement necessary for Division 1) edited specifically for the project by the A/E and submitted single-spaced. The design development submission of each specification section will be a *marked-up copy*, either by hand or electronically, to provide GSA with clearly identified deletions and revisions. Specifications for the civil wprk excluding the building site work, will ustilize the NYSDOT standard and specifications.

## J. Energy Rebates

In the pre-design programming stage, the A/E will identify and evaluate available utility rebates. The A/E will coordinate the evaluation with GSA, and provide the necessary documents to the utility companies. The A/E will submit the project to the NYS Energy Research and Development Authority (NYSERDA) to apply for energy saving incentives.

## K. Life Cycle Cost Analyses (LCCA)

The A/E will perform a detailed LCCA of all systems designed into this project to assist in their selection. A minimum of three life cycle costs for each system will be analyzed. LCCA will commence following the selection of the approved preliminary design concept.

## L. Partnering

GSA will promote a cohesive partnering concept with the DHS, FDA, USDOT, NYSDOT, Massena Coalition, the A/E, the CM and, subsequently, the construction contractors, from the design phase through the construction completion. Partnering will enhance communications, improve planning, assist in identifying roles and responsibilities, and contribute to resolving conflicts, through a team approach. The objectives are effective contract performance to achieve completion of the project within budget, on schedule, and in accordance with the project requirements.

### L.1. Program

The partnering program is to be organized and facilitated by the CM. The CM shall hire a consultant to facilitate all of the Partnering Workshops. Membership and participation is required. Each member will be responsible for its own costs. Partnering will function independently of this scope of work, and not alter the terms and conditions of this contract.

Partnering Workshop The CM, within sixty (60) days of the contractor's notice to proceed, will arrange for the project representatives to attend a one-day development seminar and team building workshop.

Option 3 Two *follow-up* workshops (one - two-day and one - one-day sessions, respectively) will be held during the construction phase, as agreed by all parties. These workshops will be executed as an option to the contract.

### L.2. Alternative Dispute Resolution (ADR)

The CO will require the A/E, the CM and all contractors to participate in resolving differences through the use of ADR practices. Procedures that may be applied are negotiation, facilitation, mediation, fact-finding, mini-trial, arbitration, or any combination thereof. ADR practices are to be integrated into partnering efforts.

## M. Art-in-Architecture

The A/E will participate in the GSA Art-in-Architecture program that integrates artwork(s) into the design of

the building.

M.1. A/E involvement

The A/E level of effort in support of the art-in-architecture program is part of the base contract and outside of the artwork budget amount. The A/E is responsible for the artwork integration into the design, but will not supervise the fabrication and installation of the artwork.

M.2. Artist Selection Panel

The A/E lead designer, as a member of the artist selection panel, will participate in the selection of the artist(s) and the appropriate location(s) of artwork.

M.2.1. A/E Collaboration with Artist(s)

After selection of the artist, the A/E will collaborate with the artist during the design phase.

M3. Artwork

Artwork may include sculpture, mobiles, bas-reliefs, water sculpture, earth works, light works, assemblages, murals, photographs, frescoes, literary and poetic inscriptions, large scale crafts such as mosaics, ceramics, tapestries, and fiber works. It may also include banners and integrated building arts which form a physical part of the sculpture through the use of such materials as stone, masonry, tile, stucco, glass, metal, wood, etc.

## N. Community Meetings

The A/E will consider the concerns of the community groups within the vicinity of the project, in the development of the building design. As part of the scope of work, the A/E will prepare the necessary presentation material and attend two (2) community meetings

O. Electronic Document Media

All electronic document media submitted as part of this scope shall be in Read/Write format. The A/E shall Indicate the type and version of the software used in developing such electronic document media.

II. Project Schedule

A. Design schedule

| | Descriptions | wks | Cum Total |
|---|---|---|---|
| 1 | Preliminary Concepts, Presentation Region 2, NYC | 7 | 7 |
| | Review Period (GSA, Tenant Agencies, Retail Tenant and CM) | 3 | 10 |
| 2 | Final Concept, Presentation Central Office, Wash. DC | 3 | 13 |
| | Review Period (as above) | 3 | 16 |
| 3 | Design Development | 8 | 24 |
| | Review Period (as above) | 3 | 27 |
| 4 | Construction Documents 50% Submission | 8 | 35 |
| | Review Period (as above) | 3 | 38 |
| 5 | Construction Documents 100% Submission | 6 | 44 |
| | Review Period | 3 | 47 |
| 6 | Construction Documents: Final Submission | 2 | 49 |
| | TOTAL WEEKS FOR COMPLETION | 49 | |

| | | | |
|---|---|---|---|
| | | | - |
| 7 | Post Contract Construction Services (option 1) | * | - |
| 8 | Construction Inspection Services (option 2) | 130 | - |
| 9 | Construction Partnering Workshop (Option3) | | |
| 10 | Additional Design Services (Option 4) | | |
| | | | |

GSA, Tenant Agencies and CM will provide review comments for each design submission.

The A/E will submit a Detailed Design Schedule to the CO within two weeks after the notice to proceed, which complies with the above schedule.

B. Construction schedule

The A/E will submit a detailed construction schedule developed by a scheduling consultant for both 50% and 100% design submissions. The construction schedule shall show all construction phases and operations in Primavera format. The preparation of the detailed construction schedule shall be considered a reimbursable expense and not included within the A/E fees determined on the “Level of Effort”.

## III. Construction Management (CM)

GSA will retain the services of a construction management (CM) consultant. The CM will review all submissions by the A/E and attend comments review meetings. The A/E will be required to familiarize the CM with their office facilities and personnel assigned to the project. The A/E will receive a visiting team of CM personnel at the start of each phase of the design. The A/E will also inform the CM of their goals toward achieving design and construction excellence and will provide the CM personnel an opportunity to comment regarding the achievement of those goals. The A/E will cooperate with the CM to ensure a coordinated professional flow of work.

## IV. Design Phase Services

### A. General

A.1. A/E Preparation and Submissions
The A/E will coordinate the preparation and submissions of the project documents with GSA and the CM. The A/E will review all submissions by all consultants prior to distribution.

A.2. Specifications
The A/E will prepare Specifications per PBS-P100 (latest edition).

A.3. Innovative Design
In order to provide the latitude needed for innovative design, new concepts, value analysis techniques, and the adjustment of quality level to suit the type of building under design, deviations may be made from any technical requirements in the criteria. This is allowed provided a professional judgment has been made that a safe, adequate, more economical and biddable, or better design will result. The A/E is encouraged to discuss this with the PM to ensure a complete understanding of this important matter.

A.4. Equivalency Clauses
The A/E will make maximum use of equivalency clauses in all codes and standards to ensure

flexibility. If there is a conflict between a code requirement and a GSA requirement based on a federal law, executive order, or GSA owner requirement, the GSA requirement will prevail if it is more restrictive, as approved by the GSA Project Manager.

A.5. Adherence to Federal Regulations
Changes from requirements imposed by public laws, federal procurement regulations, executive orders and similar regulations are not authorized.

A.6. Construction Cost Estimate
The A/E will prepare detailed cost estimates for each stage of the project, based on the Uniformat presentation as described in this scope of services, in accordance with the latest handbook, PBS P3440.5. Uniformat elements will be subdivided into GSA Building Shell and Tenant Improvement elements. Building Shell and Tenant Improvement (monetary allowance items not included in the building shell) are defined in GSA PBS Pricing Desk Guide, latest edition. GSA will provide the tenant improvement allowance for each agency. The A/E will prepare a separate cost estimate for reimbursable expenses for "above standard items" requested by each tenant agency. The "above standard items" are items not covered by the "Typical Tenant Improvements" in latest GSA PBS Pricing Desk Guide. The most current NYSDOT Average Bid Price database will be utilized to estimate the construction cost for the civil work.

A.6.1. Cost Estimate Submission schedule
Cost Estimates will be submitted two (2) weeks after submission of all Design Phases.

A.6.2. Cost Estimators' Attendance at Design Meetings
The cost estimators of the Project Team will attend such design meetings as may be required by the Project Team. Such Meetings shall be considered additional services and defined as a reimbursable expense additional to the A/E Fee.

A.7. Construction Document identifying the Shell & Each Tenant's Buildout.

A.7.1. Tenant Improvements (TIs) Documents
In accordance with the intent of the PBS Pricing Desk Guide, the A/E will separately track what is charged to each agency's TIA. Based on drawings and the TIA construction cost estimate sheets developed by the A/E, the bidders must be able to identify construction costs for each agency's TIA work and the building shell. The Final Construction Documents may include Bid Options, defined by GSA, to identify each agency's TIA costs.

A.7.2. Shell and Tenant Improvement (TI) Estimate Format
The AE is responsible to define a method to obtain separate prices for shell and each agency's TI work. The A/E will develop and implement Shell & TI Estimate spreadsheets as approved by the GSA. The format must be approved prior to the Design Development submission. Shell & TI Estimate format and other narrative requirements must allow the bidders to separately identify the base building shell and each TI costs. The AE will track and update the base building shell cost and each TI cost throughout the design and construction phases of the project. Shell & TI Estimates begin at Design Development and every subsequent submission.

The 50% construction document estimates will be detailed at a minimum Uniformat Level VI format..

A.7.3. Pay Item System for Civil Work
The NYSDOT pay item system shall be used for the civil work. The construction documents for the package 1 shall identify the pay items. The bid package shall be designed for sealed bid contract, where the contractor shall develop his own quantity take off.

A.8. Value Engineering (VE)

VE services will be applied to this project with the objective to build the optimum life cycle cost within the estimated cost of construction at award (ECCA). An experienced VE consultant contracted by GSA will conduct two (2) VE workshops; the preliminary workshop will be for One (1) day; the second workshop will be for One (1) days. The preliminary VE workshop will occur shortly after the final concept submittal; the second VE workshop will occur shortly after the design development submittal. The A/E will, if deemed appropriate in the A/E's professional opinions, incorporate VE ideas in the subsequent stages of design.

A.8.1. VE Workshop Participants

The VE workshop participants will be the A/E, the CM and the GSA design management team. A/E team members will attend such sessions of the VE workshops as deemed appropriate by the Project Team. The representatives of client agencies will be invited to participate.

A.8.2. VE Program Guide

The Value Engineering Program Guide for Design & Construction, Vol. 2 – Contracting Officers and Professional Services Contractors (PBS-PQ251), will be used as general guidance.

A.9 Green building technologies workshop

See Para.I.D.6.3

Prior to development of the final concept scheme, the A/E will conduct a one-day Design charrette to identify and integrate green building technologies into building systems and feature. The design charrette participants will be the design A/E, CM and the GSA design management team. Representatives of each tenant agency will be invited to participate.

## B. A/E Services

B.1. Design Services

The A/E will provide the following design services listed below (including but not limited to):

Architecture
Site planning
Acoustical engineering
Graphics and signage
Interior design (exclusive of Furniture, Fixtures and Equipment (FF&E) selection.
Audio visual and telecommunications (exclusive of equipment selection.)
Landscape architecture
Art-in-architecture
Cost estimating
Engineering:
- Civil
- Geotechnical (The A/E will use the Geotechnical report developed under separate work order to design the project)
- Electrical
- Mechanical, HVAC and plumbing
- Structural/seismic

Environmental hazard abatement
Fire and life safety

Security – (exclusive of equipment selection and specification)
Sustainable design
Value engineering

B.2. Programming
The A/E, GSA, and the Tenants will coordinate the final programming inclusive of space layouts for each floor, before final approval of the program, which will be given prior to the start of The Final Concept.

B.3. Submissions
The A/E will prepare the necessary work for the listed submissions, in the stages in the project schedule. All submissions will include, but are not limited to, basic design service, interior planning and design service, and signage graphics. Each of the listed submissions has special requirements and parameters, as contained in this scope of work. The A/E will make arrangements for reproductions and the distribution of all submissions.

B.3.1. Completeness of Documentation
Each submission listed in paragraph II, project schedule, will be complete and include all required material, corrections and modifications from previous reviews. Work that in the opinion of the CO / COR is not up to standards outlined or required herein, or which is incomplete, will be returned for correction and/or completion. Resubmissions of deficient and / or incomplete documentation will be at no additional cost to the GSA. All drawings, specifications, cost estimates, schedules, calculations, or other documents furnished under the contract, will become the property of the government.

B.4. Construction Document Final Submission
The construction document final submission will require a statement signed by the A/E, including applicable consultants, certifying the completeness, accuracy and coordination of the particular submission.

B.5. Request for Information (RFI) During Procurement and Construction
The A/E will provide clarification, coordination and interpretation of the design documents during the procurement and construction phases to GSA, the CM and the construction contractor. Written clarification and interpretation of those portions of the construction documents in question will be submitted by the A/E to GSA in the form of drawings, specifications, and cost estimates for any revision or clarification. Field visits may be required to support revisions or clarifications. The travel expenses for the site visit will be reimbursed under the site visit Option 2.

## C. Preliminary Concepts
The preliminary concept submission will consist of a minimum of one (1) site design and three (3) distinct design alternatives for the buildings. Each design concept will be developed from the pre-design stage program and each concept will contain the following:

C.1. Preliminary Concept Narrative Report
A narrative describing how the preliminary concepts meets the program requirements for each critical function, a general description of the architectural concept, a code compliance statement and the construction cost of each alternative.

C.2. Site Plan
A site plan at scale of 1:1000 will indicate all structures (new and existing), site boundaries, approximate topography, other surrounding buildings, setbacks and easements, mass transit links,

pedestrian and vehicular circulation, including truck and automotive access roads and junction point to Seaway Bridge.

C.3. Floor Plans
All floor plans at a scale of 1:500 will indicate entrances, lobbies, corridors, stairways, elevators and general program areas for each facility structure. The drawings will indicate the location and the square meters of the occupable areas for each facility structure, public spaces and other areas specified in the Tenants program. Details of the areas such as location of desks, fixtures or specialized equipment need not be shown.

C.4. Elevations
Elevations at a scale of 1:500 will indicate fenestration and exterior materials for each structure.

C.5. Sections
Longitudinal and transverse section at a scale of 1:500 will show floor-to-floor heights and other critical dimensions for each structure.

C.6. Preliminary concept Space Program
These drawings will be single line and indicate all program spaces, all functions, constraints, adjacency requirements and management objectives as indicated in the pre-design program and U.S. Land Port of Entry Design Guide. The area for each component of the program will not exceed that of the latest housing plan.

C.7. Computer Generated Perspective Drawings

C.7.1. Exterior Perspectives
Two computer generated exterior perspective for each of the three schemes, one which includes a view of the the facility from street level and a second, an aerial “bird’s eye” view that defines building exterior and shows its surroundings.

C.7.2. Interior Perspectives
One (1) computer generated interior perspective for each of the three schemes (as approved by the COR).

C.8. Structural Systems
The structural drawings will indicate a proposed structural system, including column locations, bay sizes and location of expansion joints for each structure.

C.9. Mechanical and Electrical Systems
The drawings will indicate spaces for major mechanical or electrical equipment such as boilers, condensers, chillers cooling towers, switch gear, generators, and other equipment for each structure.

C.10. Model
A massing model at a scale of 1:1000 will represent the complete facility for each scheme, including the surrounding area within the distance of 1.5 Kilometer from the site including the truck access road and junction point with Seaway Bridge. The model will not include the bridge structure/ The base of the model containing the site may be constructed to accommodate the model for each scheme.

C.11. Cost Estimate
The cost estimate will be Uniformat level 4 in accordance with the GSA Handbook PBS P3440.5, "Project Estimating Requirements."

C.12. Presentation of Three Schemes
The A/E will conduct a presentation preview to GSA of the three schemes in the office of the A/E, one (1) week prior to making a formal presentation at 26 Federal Plaza, New York City.

C.13. Preliminary Concept Submission
The A/E will submit for each of the three schemes:

| **Preliminary Concept Submission** | |
|---|---|
| Digital prints, full size | Nine (9) sets |
| Digital prints, half size | Seven (7) sets |
| Narrative Report | Nine (9) sets |
| Cost estimate | Four (4) copies |
| Drawings, complete set | Two (2) AutoCad CD-ROMs |
| Complete Report | Two (2) CD-ROMs |

## D. Final Concept

The final concept will commence following approval of the selected preliminary design concept. This design submission will reflect further development and modifications made for the selected concept. The A/E will develop the final design program with the tenant agencies and GSA, to include the requirements of each space, public and private, that will be accommodated in the building. Support spaces such as parking, GSA space, storage, service and mechanical areas will also be included. The final concept submission will contain:

D.1. Final Concept Narrative
An expanded narrative describing how the final concept meets the program requirements for each critical function. A description of the final concept, explaining the design concept, interior and exterior materials, general layout, tenants and public paths of circulation, expansion potential, relationship to site features, code study and construction cost will be included. The narrative will contain at a minimum the following structural, mechanical, electrical, and plumbing items:

D.1.1. Structural and Seismic Systems (for each structure)
Structural systems will describe the two potential structural framing systems, identify special requirements and building code classifications for vertical and lateral loads.

D.1.2. Mechanical & Electrical Systems (for each structure)
Mechanical systems will describe a baseline variable air volume (VAV) system and at least two alternate HVAC systems; any special plumbing and fire protection features; electrical distribution system, including the switch gear and emergency generators; vertical transportation; building security; life cycle cost analyses; energy analyses; value engineering.

D.2. Site Plan
A site plan at a scale of 1:1000 will indicate all facility structures (new & existing), site boundaries and site features, approximate topography, setbacks and easements, pedestrian and vehicular circulation, and mass transit links, including truck access road and connection to the Seaway Bridge..

D.3. Floor Plans (for each structure)
Floor plans, at a scale of 1:200, will indicate entrances, lobbies, corridors, stairways, elevators, space allocations for toilets, mechanical services, etc.and all program and service space.

D.4. Elevations (for each structure)
Elevations, at a scale 1:200, will indicate fenestration, exterior materials, and existing buildings, if any. Provide elevations for each structure and composite site elevations.

D.5. Sections (for each structure)
Longitudinal and transverse sections, at a scale of 1:200, will indicate floor-to-floor heights and other critical dimensions.

D.6. Final Program Space
The drawings will indicate all the final design program spaces, including special spaces and all functions, constraints, adjacency requirements and management objectives as indicated in the pre-design program and U.S. Land Port of Entry Design Guide. The drawings will indicate both horizontal and vertical tenant and public circulation paths, including site features. The drawings will be single line and indicate all program spaces and the area for each component of the program will not exceed the housing plan requirements.

D.6.1. Occupiable Areas
The floor plans (for each structure) will indicate the location and the square meters of the occupiable area for each tenant agency, public spaces, and other areas specified in the program. Details of the areas such as location of desks, fixtures or specialized equipment will not not be required.

D.6.2. Adjacency Diagrams
Adjacency diagrams for all tenant related work groups and the range of such diagrams will represent the interrelations between all individuals within an office Special spaces will also be represented in the program. The finished diagram will tie into the adjacencies indicated in the program; however, redundancy will be avoided. The completed programming and the US Land Port of Entry Design Guide and GSA P100 standards will determine the conditions to be met in the design of the facility.

D.7. Computer Generated Perspective Drawings

D.7.1. Exterior Perspectives
Three (3) computer generated exterior perspectives from street level and one “bird’s eye” aerial view (as approved by the COR). They will define exterior materials and show the surrounding environment.

D.7.2. Interior Perspectives
One (1) computer generated interior perspective: (as approved by the COR).

D.8. Structural Drawings (for each structure)
The drawings and structural analyses will indicate a further developed structural scheme reflecting the proposed foundation and structural system, including column locations, and locations of expansion and seismic joints.

D.9. Mechanical and Electrical Drawings (for each structure)
The drawings will indicate estimated sizes and space requirements of major mechanical or electrical equipment such as boilers, condensers, chillers, cooling towers, generators and other

major equipment. The basic mechanical, electrical, fire and life safety, and other systems will be schematically shown on the drawings.

D.10. Massing Model
A massing model at 1:1000 will be presented. It will include the entire facility and the surrounding area, including all site features, the truck access road and the Seaway Bridge. The Seaway bridge shall not be modeled.

D.11. Cost Estimates
Provide updated Uniformat level 4 cost estimates in accordance with the GSA Handbook PBS P3440.5, “Project Estimating Requirements.”

D.12. Final Concept Design Submission

| **Final Concept Design Submission** | |
|---|---|
| Digital prints, full size | Nine ( 9) sets |
| Digital prints, half size | Seven ( 7) sets |
| Narrative Report | Nine ( 9) sets |
| Cost estimates | Four ( 4) sets |
| Drawings, complete set | Five (5) Autocad CD ROMs |
| Complete Report | Five (5) CD ROMs |

D.13. Final Concept Design Presentation
The A/E will conduct a rehearsal of the presentation of the final concept design in the office of the A/E to the GSA, one (1) week prior to making a formal presentation at GSA’s Central Office, Washington DC, during the GSA review period.

## E. Design Development

E.1. Notice to Proceed
Following acceptance and approval of the final concept submission, and upon receipt of written notice to proceed, work on the design development submission will commence. The function of this submission is to expand the approved basic design into a comprehensive and definitive presentation. It will outline work to be included in the final construction documents, establish essentially correct dimensions, and show sufficient materials to verify quantities and costs, per PBS P3440.5 handbook, for a Uniformat level 5 cost estimate.

E.2. Design Development Narrative Report

The design development narrative will expand data submitted in the final concept stage. The report will be prepared containing energy analyses, life cycle cost analyses, fire and life safety systems descriptions, geotechnical data, acoustical criteria, and a discussion of security design. The A/E will also provide benefit and life cycle analyses for recommended elements of the Sustainable Design VE workshop, identifying and integrating green building technologies into building systems and features.

E.3. Design Development Drawings

The design development drawings will be prepared at the appropriate construction document scale, on GSA standard sized sheets with the title block in accordance with GSA standards. This GSA standard information will be provided at contract award.

E.4. Site Plans

Site plans will be prepared showing topographical features; circulation around and through the site (pedestrian and vehicular); landscaping features such as planting areas, etc.; and utility services. The utility services required by the project will be in accordance with applicable local and state laws, ordinances and codes. These plans will be in the final construction document scale, although details need not be shown in this submission.

E.5. Floor Plans (for each structure)

Architectural floor plans will be at a scale of 1:100 and show development and any changes to the final concept floor plan. They will indicate partitions and walls drawn double line to approximate correct thickness. All program rooms or spaces will be titled with a room finish number indicated. Rooms or spaces will have areas noted in the lower right corner. Schedules of all areas will be included with each plan.

E.6. Elevations (for each structure)

All elevations at a scale of 1:100 will indicate all fenestration, doors and materials, with sufficient detail for a cost estimate. Sectional profiles will be shown at a large scale.

E.7. Sections (for each structure)

A minimum of one longitudinal and one transverse section will be cut through the major portions of the building at a scale of 1:100. Floor-to-floor heights will be shown, ceiling heights given, and any room sections will be labeled to coincide with floor plans.

E.8. Wall Sections (for each structure)

Wall sections will be prepared at 1:20 scale. Sections will be taken through windows and through any other major wall construction with sufficient details to indicate construction sequence, the structural system, back-up materials, and floor construction.

E.9. Computer Generated Perspective Drawing

E.9.1 Exterior Perspective Drawings

A computer generated exterior grade level perspective, copied on a CD will be provided with the design development submission. The AutoCAD file format and specific submission requirements will be coordinated prior to submission with the CO. This drawing need not be finished but should indicate the facility appearance and its immediate surroundings. The main façade and one other elevation will be clearly shown. Provide a virtual reality walk-through (animation in *.avi or *mov format) of the entryway and the other major areas of circulation, showing materials and light.

E.9.2. Interior Perspective Drawings

Three (3) computer generated interior perspectives will be provided with the design development submission of areas as approved by the CO. The perspective drawings will indicate the interior appearance but need not be detailed. A CD ROM of interior perspective drawings will be submitted to the CO.

E.10. Space Design Drawings (for each structure)

Space design drawings will be prepared at a scale of 1:200, showing base architectural information on building core and shell elements. The A/E will measure the area of all spaces on each floor in accordance with ANSI/BOMA Z65.1-1996. Space design drawings will be completed with Summary Tables for each tenant and building common area, summarizing the BOMA gross, rentable and usable areas. Space area will be in both square meters and square feet.

E.10.1 Building Shell Drawings (for each structure)

Building core design drawings will show base architectural information on shell elements including stairs, elevator cores, restrooms, interior and exterior columns, convectors, all exterior walls, openings and labeled structural grid. Show all support areas such as mechanical, electrical and telephone and data rooms, maintenance areas, lobbies; proposed tenant walls, doors, windows and corridors. The title blocks of all-pertinent Building Shell plans and detail sheets will identify the work as "Building Shell". All walls will be double-lined with thickness indicated. The Building Shell documents will provide adequate cost identifying information.

E.10.2. Tenant-Improvements Drawings (for each structure)

Tenant Improvement Drawings will be prepared separately for each tenant agency. Tenant - Improvements Drawings will show building core design information and other agency space as a light background to illustrate the interface between the shell and tenant improvements. All walls will be double-lined with thickness indicated. Tenant spaces will have data space tags (attributes) containing the agency and room name information. The title block will identify "Tenant - Improvements". The Tenant-Improvements documents will provide adequate cost identifying information.

E.11. Structural Drawings (for each structure)

Structural drawings will be prepared at the same scale as the architectural floor plans, showing framing for all floors, foundation design and wind and seismic design. Gravity load and lateral load calculations will be submitted.

E.12. Mechanical, plumbing, telecommunication and Electrical Drawings (for each structure)

Mechanical and electrical drawings will be prepared at the same scale as the architectural floor plans. This submission will indicate complete systems and have sufficient detail to identify major distribution including incoming service, risers, branch distribution methodology, preliminary sizing of piping, ducts, conduits, etc. The relationship of modular spacing to outside perimeter office areas will be clearly identified. Coordination with the structural components will also be indicated for these items. Plans will identify and size special equipment and major basic pieces of equipment for each system. Energy analyses will be prepared to indicate the performance of the mechanical, electrical and plumbing systems.

E.13. Interior Design (for each structure) – exclusive of FF& E.

The interior design portion will be prepared concurrently and in coordination with the design development submission. The A/E will confirm with GSA and each tenant agency that the building can accommodate the required areas. For related areas, any unusual floor loads, types and configurations will be located; permanent and movable partitions within assigned spaces will be delineated; security features, monitoring systems, and other specialty items identified. Computer rooms and other areas

requiring special mechanical treatment will receive special consideration.

E.13.1. Interior Finishes Sample Board

The A/E will submit (2) two presentation boards (760mm x 1000mm) with interior finishes. The boards will have mounted samples of all proposed interior finishes that will include, but not be limited to:

Wall finishes: Finished wood paneling, plastic laminate, wall coverings, painted surfaces on the designated materials, metal panels, tile, etc.
Floor finishes: Stone, terrazzo, vinyl tile, carpeting, raised floors, etc.
Ceiling: acoustical tile, etc.

E.14. Graphics and Signage

The A/E and the A/E Team's Graphic Design Consultant shall prepare, as part of Design Development, an outline presentation of the Graphic and Signage Program indicating the design intention and implementation procedures. Such presentation shall be coordinated with the A/E presentation to show the inclusion of the Graphics and Signage design concept.

E.14.1. Seals and Devices

All signage is to be provided including that necessary to meet the needs for the Great Seals, U.S. Seals, special door plaques, and special security requirements.

E.14.2. IBC, UFAS, ADAAG, etc.

All signage is to be provided and is to meet requirements of IBC, the Life Safety Code of the NFPA, UFAS and the ADAAG.

E.15. Cost Estimate

The A/E will prepare a quantity survey at UNIFORMAT level 5. Escalation will be included to the scheduled contract award date. Design contingency will be included at a lower rate than that used for concept design. If the estimate exceeds the budget allowance (ECCA) for the project, the A/E will propose cost saving ideas to bring the project within the budget. The cost estimate will be prepared in accordance with Chapter 4, Project Estimating Requirements, PBS P 3440.5.
Additionally, the A/E will provide estimates broken out by shell and tenant improvements for each tenant.

E.16. Design Development Submission

| **Design Development Submission – again numbers do not add up** | |
|---|---|
| Digital prints, full size | Nine ( 9 ) sets |
| Digital prints, half size | Seven ( 7) sets |
| Specification drafts | Nine (9) sets |
| Cost estimates | Four (4) sets |
| Interior finish boards | two (2) copies |
| Drawings, complete set | Five (5) AutoCad CD-ROMs |
| Specifications | Five (5) CD-ROMs |

## F. Construction Contract Documents – General

Following approval of the design development submission, the A/E will commence preparation of the bidding

documents.

F.1. GSA Standards
Construction documents will incorporate GSA standard drawing sizes and title blocks. Drawings and lettering will be precise, sharp, and completely legible at half-size reduction.

F.2. Completeness of Construction Documents
The construction documents must be complete, coordinated between disciplines and must be able to be bid and constructed without additional interpretation. The A/E will submit complete drawings, specifications, and calculations for all disciplines. The submissions will comply with GSA rules and regulations.

## G. 50%Construction Document Submission

G.1. Progress Check
The A/E will determine when the construction documents are 50% complete. A 50% progress check will then be made by GSA and the CM. This check will be made in the office of the A/E to determine that satisfactory progress and coordination is being achieved and that the approved design development submission is being accurately followed with no unauthorized changes. The A/E will continue with work on the construction documents during this progress check.

G.2. Cost Estimate
The 50% cost estimate will reflect all the developments in the design since design development submission. The A/E will complete a quantity survey at UNIFORMAT level 5 and begin detailing costs at level 6. Escalation will be included to the scheduled contract award date. Design contingency will be included at a lower rate than that used for design development design. If cost estimate exceeds the budget allowance (ECCA) for the project, the A/E shall design the modifications and/or design project options to bring the project within the budget. The cost estimate will be prepared in accordance with Project Estimating Requirements, PBS P 3440.5. 50% estimate will reflect findings of the independently prepared estimate. The A/E will provide estimates broken out by shell and tenant improvements for each tenant.

G.3. Interior Finishes Sample Boards
The A/E will submit four (4) updated sample boards (760mm x 1000mm) of interior finishes, including any changes from the previous submission. The boards will have mounted samples of all proposed interior finishes that will include, but not be limited to:

Wall finishes: Finished wood paneling, plastic laminate, wall coverings, painted surfaces on the designated materials, metal panels, tile, etc.

Floor finishes: Stone, terrazzo, vinyl tile, carpeting, raised floors, etc.

Ceiling: acoustical tile, etc

Signage: submit sample signs ( sample is not required for signs associated with roadway and parking facilities.)

Sample label will describe common or industrial name of the finish, manufacturer, location of the use in the building and drawing and /or specification designation.

G.4. A schedule of signage types and locations, colors and typefaces, relevant standards and specifications shall be included in the presentation. To Scale and or full size mock-ups of typical signage program components shall be included as deemed appropriate by the A/E and Graphic Design Consultant.

G.4. 50%Construction Document Submission

| **50% Construction Documents Submission** | |
|---|---|
| Digitalprints, full size | Nine (9) sets |
| Digital prints, half size | seven (7) sets |
| Specification drafts | Nine (9) sets |
| Cost estimates | Four (4) sets |
| Interior finish sample boards | Four (4) copies |
| Drawings, complete set | Five (5) AutoCad CD-ROMs |
| Specifications | Five (5) CD-ROMs |

## H. Models, Rendering and Photos

### H.1. Presentation Model

Provide a display model for exhibit at a scale of 1:250 after the 50% construction documents submission. The model will represent the actual colors, textures and finishes of materials used in the design of the entire facility and associated site.

#### H.1.1 Model Maker Qualifications

Prior to commencing the work, the A/E will submit for the project manager's review and approval a statement of the proposed model maker's experience and qualification. The A/E will also submit for the project manager's review and approval a description of the proposed model describing the scale, materials, overall size of the enclosure including base, site amenities and boundaries proposed for the model.

#### H.1.2. Model Completion

The model will be completed promptly after approval of the proposed description and furnished with the submission of the final contract documents.

#### H.1.3. Photography of Model

Upon acceptance of the model by project manager's written approval , the A/E will provide digital photographs of the model.. The A/E will furnish color proof sheets of the digital high-resolution photo files with twenty different shots of the model. The project manager will select two of the views for photographing using a digital highresolution camera. The A/E will then provide the project manager photographs of the two views (a combined total of four 8x10 inch digital color prints , four 11 x 14 inch digital color prints , one (1) set of digitially derived slides and all associated digital files. In addition, the A/E will supply a CD ROM with all photo views.

#### H.1.4. Model Display

The model will have a labeled base, protective plastic display case. The model will be delivered to the project manager at 26 Federal Plaza, New York City.

H.2. Rendered Perspective Drawing and Photos

Upon submission and complete review of the design development submission and the grade level perspective drawing, the A/E will prepare a color rendering and photography for the completed project. The rendering, matted and framed, and photos of the rendering will be furnished after the submission and complete review of the 50% construction document submittal. The rendering will be opaque, colored, edge-to-edge, and of a size appropriate to the project's character, as approved by the project manager. The drawing will adequately depict the project's relationship to its surroundings. The rendering is to be developed by a skilled Architect using 3-D computer modeling software.

H.2.1. Approval for Rendering

The A/E will submit for the review and approval of the project manager, prior to commencing the perspective drawing and the sketch of the proposed fully colored rendering, indicating size, massing, viewpoint, and listing the medium proposed for the rendered perspective drawing.

H.2.2. Digital prints and photos of Rendering

The A/E will provide digital prints and or photos of the rendered perspective drawing, after its written acceptance by the CO. The photographer will use large negative format (200mm x 250mm) or high resolution digital file. The A/E will provide to the CO: four (4) (200mm x 250mm) color prints or plors; four (4) (280mm x 360mm) color prints or plots ; and a CD ROM w/all photos and photographic negatives.

## I. 100%Construction Documents Submission

This submission will consist of complete, coordinated drawings, specifications, documents, schedules, calculations and final cost estimate.

I.1. Cost Estimate

The final cost estimate will be submitted on GSA Form 3473, Project Cost Summary Uniformat level 6. The A/E will provide estimates broken out by shell and tenant improvements for each tenant.

I.2. Interior Design

The 100% construction documents will include the interior design of the building, and will further develop the 50% construction documents. The A/E will, when working with each tenant agency and GSA, develop final interior design concepts for layout of all public spaces, individual offices, all other spaces and areas required by the program, and GSA directives. The A/E design will include partition types, door types, hardware standards, types of data, telephone and electric service outlets and security and monitoring systems details. It will also include building standards for built-in equipment, architectural woodwork as built-in cabinetwork and fixed furniture and details for any other specialty items that are project requirements. The technical specifications will include the above items.

1.3 Graphics and Signage

The A/E will provide a complete graphic design and signage package (including temporary signage) for this facility available from multiple manufacturers as a part of this procurement. This design will include drawings, schedules, locations, plans and installation instructions, per AIA Masterspec sections No. 10416, 10425 and 10436, etc., and the appropriate sections of NYSDOT Standard Specifications and NYSDOT MUTCD necessary for a complete installation. This includes symbolic, tactile, pictorial, and

verbal signage to meet all requirements. The interior and exterior signage will identify all major organizations, departments, rooms, spaces, stairwells, elevators (lobbies, banks, cab interiors), toilet rooms, special facilities, building directories, directional floor directories, combination room number and title units (door and frames), parking areas, queuing areas, roadways, inspection plazas, pedestrian walk ways, the building name, and the construction sign.

1.3.1. Seals and Devices

All signage is to be provided including that necessary to meet the needs for the Great Seals, U.S. Seals, special door plaques, and special security requirements.

1.3.2 IBC, UFAS, ADAAG, MUTCD etc.

All signage is to be provided and is to meet requirements of IBC, the Life Safety Code of the NFPA, UFAS and the ADAAG and NYSDOT MUTCD.

I.4. Furniture and Telecommunication Layouts

The A/E will coordinate the final details for the layout and construction with each tenant agency and the GSA. The Tenant Agency and or the GSA shall provide a furnishings and equipment plan for the A/E Team use in coordinating the Telecommunication work.

I.5. 100%Construction Documents Submission

| **100% Construction Documents Submission** | |
|---|---|
| Digital prints, full size | Nine (9) sets |
| Digital prints, half size | Seven (7) sets |
| Specifications | Nine (9) sets |
| Calculations | Four (4) sets |
| Cost estimates | Four (4) copies |
| Drawings, complete set | Five (5) AutoCad CD-ROMs |
| Specifications | Five (5) CD-ROMs |

## J. Final Construction Documents Submission

Submission of the final construction documents will consist of a complete and coordinated set of drawings, specification, schedules, calculations, and a final cost estimate. This submission is to incorporate any comments generated in the review of the 100% construction document submission. Approved final construction documents on CD-ROM will be included with the final submission.

J.1. Requirements for Final Construction Documents Submission

Construction document submission requirements are to be in accordance with PBS P100 appendix "A" first, and PBS/PQ-280, Submission Requirements for Design and Construction, for items not addressed by PBS P100.

J.2. Final Cost Estimate

The final cost estimate will be prepared to reflect anticipated construction cost in accordance with the design, including the amendments. The estimate will consist of a detailed quantity survey of labor and material at UNIFORMAT level 6. The final cost estimate will include GSA Form 3473, Project Cost Summary (Level 3) and Forms 3474, Project Cost Comparison. The final cost estimate for civil work will, however, follow the NYSDOT pay item format and will require quantity survey of labor and material. The final construction cost estimate will be issued separately for the Building Shell and each Tenant

Improvements work.

J.3. Bidding Documents

The Bidding Documents will be issued for both the Building Shell and Tenant Improvements work as one package (bid package 2). The A/E will incorporate cost breakdown sheets and narrative requirements in the Bidding Documents in order to have the building contractors separately identify the base building shell and each tenants improvements costs at bid or before construction starts. The cost breakdown sheets and narrative requirements will also help to identify and track the cost during building construction through closeout and occupancy including any changes during construction.

The bidding documents for the roads and civil work (Bid package 1) shall include a unit price list for all earth, concrete, asphalt, etc in accordance with NYSDOT's pay item system.

The A/E shall coordinate all design and phasing between the two bid packages. Each bid package shall include a reference to the other bid package for information purpose only, e.g.: Bid package (1) Will be accompanied with Bid package (2) marked for reference only, and vise versa.

J.4. Final Construction Documents Submission

| **Final Construction Documents Submission** | |
|---|---|
| "Original" reproducible plots, each sealed & signed by registered New York State Architect or Engineer | One (1) set |
| Digital prints, full size | One (1) set |
| Digital prints, half size | Three (3) sets |
| Specifications, final versions | Three (3) sets |
| Technical Specification originals, final version with edited draft | One (1) set |
| Calculations | One (1) set |
| Cost Estimates, final version with certification on GSA Form 1787 | Five (5) copies |
| Drawings, final version, complete set | Five (5) AutoCad CD ROMs |
| Specifications, final version | Five (5) CD ROMs |
| Transmittal Statement of Professional Responsibility | One (1) |

## V. Construction Services (options)

| | **Service** | **Option** |
|---|---|---|
| A | Post construction contract services (PCCS) | 1 |
| B | Site visit services | 2 |
| C | Construction Partnering Workshop | 3 |
| D | Additional Design Services | 4 |

### A. Post Construction Contracts Services (option 1)

These services will be considered extensions of work previously completed under the design services contract. The same consultants will be retained and personnel familiar with the project will continue in their previous capacities.

A.1. Submittal Review

Review all submittals of the construction contractor. Review and certify completeness and accuracy of documents.

A.1.1. Review Process

Review submittals and mark with one of the following:

***No exception taken***
Indicates submittal is in full compliance with contract documents. Work will proceed.

***Make correction as noted – resubmit for record***
Indicates submittal has minor corrections, not significant enough to require re-submission. Work will proceed, provided it complies with annotations and corrections.

***Revise and Resubmit***
Indicates another submission is required due to the nature or number of needed corrections. Work will not proceed. Submittal will be revised in conformance with annotations and contract requirements and re-submitted without delay.

***Submit specified item-No Action taken***
Indicates a submittal is returned for other reasons with an explanation included. No departure from the contract requirements will be made without prior written approval by the CO.

***Rejected***
Indicates submission has major deficiency and missing several components which enable the A/E to determine its compliance to the contract requirements.

Maintain a record of all submittals and indicated action taken. The review process will not impose on the reviewer, nor relieve the construction contractor from, the responsibility for errors or omissions, correctness of details or conformity with the construction contract documents.

A.1.2. Submittals Distribution

Distribution of submittals by the construction contractor is outlined in specification section 01300 – Submittals. The construction contractor will provide the multiple copies required for each submittal for A/E review and subsequent distribution. The typical distribution of reviewed submittals with related transmittals will be as follows:

| **Reviewed Submittal Distribution** | |
|---|---|
| Inspection authority designated by CO | One (1) copy |
| Contracting Officer | Two (2) copies |
| Reviewing authority | One (1) copy |

Remaining copies are to be forwarded to the construction contractor. GSA Form 2402 letter of transmittal will be used for this purpose with copies to all parties on the distribution list.

Submittals that involve the safety and health aspects of the facility will be transmitted directly to the CO prior to release to the construction contractor. This will provide for review by the GSA Safety and Environmental Management Branch.

A.2. Value Engineering Incentive Clause

Pursuant to the value engineering incentive clause in the construction contract, the A/E will review and comment on any value engineering change proposals submitted by the contractor.

## B. Site Visit (option 2)

These services will be considered extensions of work previously completed under the construction contract services. The same consultants will be retained as necessary, the criteria in the documents will be followed, and personnel familiar with the project will continue in their previous capacities.

B.1. Familiarization of Progress and Quality of Work
The A/E will visit the site to become familiar with the progress and quality of the completed work. The A/E will determine if the work is performed in a manner that, when completed, will be in accordance with the final construction documents. The A/E's mechanical, plumbing, telecommunication and electrical (MPE) engineers will attend systems start-up, and to insure that the system is working as designed.

B.2. Periodic Site Visits and Reports
The A/E will make site visits periodically, and immediately after each visit, submit a report to the CO with comments on progress. The report will provide advice regarding any problems or design deficiencies, and make recommendations to further the progress of the work.

B.3. Limit of Responsibility
The A/E will not be required to make exhaustive or continuous on-site inspections to check quality or quantity of the work. Based on on-site observations, the A/E will keep GSA informed of progress of the work, and endeavor to guard the GSA against defects and deficiencies.

## C. Construction Partnering Workshops (option 3)

Two (2) *follow-up* partnering workshops (one -two-day and one-one-day session) will be held during the construction phase, as agreed by all parties.

## D. Additional Design Services (option 4)

Provide design, PCCS and CIS services for additional 662 gsm spaces and two (2) indoor parking spaces. This work shall be Included as an option to the bid package 2. The ECCA for this additional work shall not exceed $1.5M.

# EXHIBIT B

GSA

MAY 21 2009

GSA Northeast & Caribbean Region

Northland Associates
P.O. Box 2549
Syracuse, NY 13220

Attn: James Tyler, President

RE: Contract No. GS-02P-06-DTC-0008(N)
Construction of a New US Land Port of Entry
Massena, New York

Subject: New Inspection Facility Substantial Completion #1

Dear Mr. Tyler:

In accordance with contract clause #46, "FAR 52.236-11, Use and Possession Prior to Completion", the GSA hereby documents New Inspection Facility Substantial Completion #1 on April 28, 2009. Work was completed by Northland Associates, Inc. in accordance with the milestone date indicated in the contract.

Punch lists for incomplete or defective work at the New Inspection Facility from Gilbane Building Company and Smith Miller + Hawkinson Architects are attached to this letter.

As stated in contract clause #51, FAR 52.246-21, Warranty of Construction", the warranty for work in this building shall commence effective April 28, 2009. All other clauses of the contract, including Section 00800, Part 5, "FAR 52.211-12, Liquidated Damages – Construction" remain in effect.

NAI is urged to complete all remaining punch list items and close–out activities associated with the New Inspection Facility, including turn-over of Operations and Maintenance manuals as soon as possible but no later than 60 calendar days from the Substantial Completion date.

Congratulations on meeting this milestone date. We look forward to a continued successful project completion.

Sincerely,

Gayle Schuster
Contracting Officer
Acquisition Services Branch
Project Management Division

U.S. General Services
Administration
26 Federal Plaza
New York, NY 10278
www.gsa.gov

Gilbane

New U.S. Land Port of Entry, Massena, NY
Contract No. GS-02P-06-DTC-0008(N)
15 International Bridge Road, Massena, New York, 13662

# Final Punch List

UPDATED: 5/15/09

| Item # | Description | Responsible Party | Date Inspected | Inspected By | Remarks |
|---|---|---|---|---|---|
| Building M | Interior 1st Floor | NAI | | | |
| 1 | Install Escutcheon plate on pipes that are missing them in the commercial inspection lobby. (SM+H SVR #19) | Davis Ulmer | | | |
| 2 | Install the plywood lid, VR-2 and galvanized plate above each vestibule entry in both lobbies. (SM+H SVR #19) | NAI | | | |
| 3 | Remove excess sealant from where the columns meet terrazzo. Sealant to not exceed 6mm. (SM+H SVR #19, #22) | Tri-County Carpets | | | |
| 4 | Repair/paint columns that are rusting, bubbling, uneven surface not in compliance with painting specifications and or industry standard for AESS. (SM+H SVR #19) | Jeffords/ Triple P | | | |
| 5 | Grind Smooth terrazzo floor along the interior perimeter where rough. (SM+H SVR #19) | Tri-County Carpets | | | |
| 6 | Exposed Ducts to be properly finished, with no visible inconsistencies in sealant. (SM+H SVR #19) | Burns | | | |
| 7 | Removed Factory installed stickers from exposed duct work, where applicable. (SM+H SVR #19) | Burns | | | |
| 8 | Plate to be overlapping CMU at the garage doors in the warehouse. (SM+H SVR #19) | Jeffords | | | |
| 9 | Follow closure plate detail 10/AE421 for the large gap between the Epic Deck and the drywall along both dormers in the warehouse of the building M. (SM+H SVR #19) | Jeffords | | | |
| 10 | Paint red fire stopping material to match application, where applicable. (SM+H SVR #19) | Triple P | | | |
| 11 | Install Escutcheon plate between ducts along the east wall of the commercial inspection bay, where required. (SM+H SVR #19) | Burns | | | |
| 12 | Clean, replace aluminium thresholds where damaged during construction. (SM+H SVR #19) | NAI | | | |
| 13 | Patch, Sand and repaint all walls as needed marred during construction. (SM+H SVR #19) | HJ | | | |
| 14 | S.FS fixtures to be tight to wall surface. (SM+H SVR #19) | S&L | | | |
| 15 | Clean the aluminium plates that frame the window including the caulking for room M124. (SM+H SVR #19) | DaMaCo | | | |
| 16 | Finish edges of Epic Deck along polycarbonate that have been left unfinished along the east wall of the Passenger Inspection Lobby. (SM+H SVR #19) | DaMaCo | | | |
| 17 | Scrape clean and paint steel bracket faceplates along the trench grates in both lobbies at the floor between the terrazzo and the fin tube heating system. (SM+H SVR #19) | Jeffords | | | |
| 18 | Sand, re-prime and repaint column D10 as specified. (SM+H SVR #19) | Jeffords/ Triple P | | | |
| 19 | Install Escutcheon plate and ensure fire stopping material is not present on the sprinkler line near the ceiling in room M128/ Stairwell #2. (SM+H SVR #19) | Davis Ulmer | | | |
| 20 | Remove all factory installed signage not called out on AG100. (SM+H SVR #19) | NAI | | | |
| 21 | Install mesh over every roof drain grates as per plumbing specifications and drawings. (SM+H SVR #19) | Burns | | | |
| 22 | nstall security camera centered on the face it's currently installed on. Conduit to penetration straight and through steel to mounting box, box to be concealed. Conduit to be concealed in horizontal truss. All per | S&L | | | |
| 23 | Connect 3-form counter pieces in both Lobbies. No gap to exist. | S&L | | | |
| 24 | Gypsum Wall board to cover CMU on Southeast wall of M231 Open Work Room, to close opening. | HJ | | | |
| 25 | Move Conduit installed over GWB finish surface at Room M117 Lobby exposed to view. | S&L | | | |
| 26 | Install aluminium grill per contract documents. Current grill has 14mm gap between grill and steel angle, which is a safety hazard. Provide proper finish per basis of design Arden Architectural Specialties #4 Satin | NAI | | | |
| 27 | 3-Form Fins to have support angles per Contract Documents in Commercial lobby, similar to Passenger Lobby. | S&L | | | |
| 28 | Clean Polycarbonate corner which contains excessive debris in silicon joint and find source of debris. | DaMaCo | | | |
| 29 | Remove exposed insulation coming through Epic Deck in Passenger Lobby. (SM+H SVR #21) | Jeffords | | | |
| 30 | Move Sprinkler line away the perimeter of glass wall when penetrating vestibule ceiling in Room M174B. (SM+H SVR #21) | Davis Ulmer | | | |
| 31 | Move Sprinkler line to penetrate vestibule ceiling farther west in vestibule M103 concealed from view and coordinated with RCP. (SM+H SVR #21) | Davis Ulmer | | | |
| 32 | Move Conduit installed over GWB finish surface at Room M117 lobby to be concealed from view and coordinate with RCP. (SM+H SVR #21) | S&L | | | |
| 33 | Remediate or paint CMU wall type B ground face block in M176 Lobby south wall, which currently does not match contract documents per detail E4/AE310. (SM+H SVR #21) | Triple P | | | |

| Item # | Description | Responsible Party | Date Inspected | Inspected By | Remarks |
|---|---|---|---|---|---|
| 34 | Rm M178 Observation Platform railing installed. NAI to replace damaged perforated alum panel in railing. (SM+H SVR #23) | | | | |
| 35 | NAI to remediate as required - Rm. M161 security equipment installation in progress. Security rack not coordinated with USB port equipment. (SM+H SVR #23) | NAI | | | |
| 36 | CBP noted many sharp edges throughout the facility (stair rails, supervisor's platform, etc.) Northland will file all sharp edges smooth. | NAI | | | |
| 37 | BLDGS M, N, S, & G Arch. Concrete. All Arch. Concrete for BLDGS M, N, S, & G must be washed down to remove effervescence from concrete surfaces. | NAI | | | |
| 38 | BLDG M SS Flashing. Clean mortar off of SS flashing on north wall of Building M at foundation elevation. | NAI | | | |
| 39 | Roof drain grate does not fit properly. | NAI | | | |
| 40 | Finish bolting attachment plates in second floor mechanical room. | NAI | | | |
| 41 | Power wash exterior concrete | NAI | | | |
| 42 | Powerwash underside of roof deck | NAI | | | |
| 43 | Support all light fixtures per spec in all suspended ceilings | S&L | | | |
| 44 | Install light fixtures in detention cells per change order | S&L | | | |
| 45 | Vestibule above ceiling work passenger lobby, lighting, security and fire alarm | S&L | | | |
| 46 | Complete All Grounding Per Spec on electrical, water, and natural gas, and fuel oil services. | S&L | | | |
| 47 | Complete all added tele-data drops per change order | S&L | | | |
| 48 | Change sump pump receptacle in elevator pit to a single. | S&L | | | |
| 49 | Install 5 WP recpetacles per electrical contract | S&L | | | |
| 50 | Complete all lightning protection per contract | S&L | | | |
| 51 | Complete all grding and bonding of mechanical equipment | S&L | | | |
| 52 | Complete heat trace and insulation of chiller lines | Burns | | | |
| 53 | Deliver Siesmic engineering report | Burns | | | |
| 54 | Complete all remaining fin-tube radiation covers | Burns | | | |
| 55 | Complete Casework power and security in commercial lobby | S&L | | | |
| 56 | West Lobby East Wall: Lower Molding at door transition needs finishing (floor) | NAI | | | |
| 57 | West Lobby East Wall: Yellow Paint on white overhead at corner transition | NAI | | | |
| 58 | West Lobby East Wall: Paint run under strobe light at doorway | NAI | | | |
| 59 | West Lobby East Wall. Complete window casing | NAI | | | |
| 60 | West Lobby East Wall: Dirt on wall above 4th light from left | S&L | | | |
| 61 | West Lobby East Wall. Drywall nees refinishing at seam at column in front of window | NAI | | | |
| 62 | West Lobby South Vestibule. Complete glazing | NAI | | | |
| 62 | West Lobby South Vestibule. Spackle wall under receptacle | NAI | | | |
| 63 | West Lobby South Vestibule: Remove spackle from south storefront at East wall up high | NAI | | | |
| 64 | West Lobby South Vestibule. Set entrance mats | NAI | | | |
| 65 | West Lobby South Vestibule. Repair/Replace vertical mullion right side of exterior door | DaMaCo | | | |
| 66 | West Lobby South Wall. Install window gaskets at southwest corner | NAI | | | |
| 67 | West Lobby South Wall. Refinish floor around column at southwest corner of lobby | NAI | | | |
| 68 | West Lobby South Wall. Set floor grate at fin tube | Burns | | | |
| 69 | West Lobby East Wall. Broken corner bead at northeast corner up high | NAI | | | |
| 70 | West Lobby East Wall. Finish paint beam over large window | NAI | | | |
| 71 | West Lobby West Wall: Set F/V grates at fin tube | NAI | | | |

| Item # | Description | Responsible Party | Date Inspected | Inspected By | Remarks |
|---|---|---|---|---|---|
| 72 | West Lobby West Wall. Refinish floor around 3rd Column from south | Integrated | | | |
| 73 | West Lobby North Wall. Install fin tube grating | Jeffords | | | |
| 74 | Room M110. Install door glass | DaMaCo | | | |
| 75 | Room M112: Remove paint from ceiling grid west wall | Triple P | | | |
| 76 | Room M112: Rework wall(s) between sink and west wall | NAI | | | |
| 77 | Room M112: Install door glass | DaMaCo | | | |
| 78 | FDA: Paint east door frame and door | Triple P | | | |
| 79 | FDA: Need Light covers | S&L | | | |
| 80 | FDA: Damage ceiling tile over west door | HJ | | | |
| 81 | Room M116: Paint door | Triple P | | | |
| 82 | Room M116. Install door glass | DaMaCo | | | |
| 83 | Room M116. Fix gap between cabinet and end wall northwest corner | S&L | | | |
| 84 | Lan Room: Screw pop west wall at receptacle | HJ | | | |
| 85 | Lan Room. Clean north wall and seal | NAI | | | |
| 87 | Lan Room . Refinish / paint behind column north wall | Triple P | | | |
| 86 | Lan Room. reset ceiling grid at south wall | HJ | | | |
| 88 | Lan Room: Install ceiling tiles | HJ | | | |
| 89 | Phone Room M122: Remove green marks on walls | NAI | | | |
| 90 | Phone Room M122: Install Fin Tube covers | Jeffords | | | |
| 91 | Phone Room M122: Remove fire caulk from ceiling grid south east corner | S&L | | | |
| 92 | Room M123. Remove paint from top of base | Triple P | | | |
| 93 | Room M123: Caulk around column at soffit area | Driscoll | | | |
| 94 | Room M124. Paint door | Triple P | | | |
| 95 | Room M124: Clean / seal north wall | NAI | | | |
| 96 | Room M124: Clean up caulk beneath bottom window mullion | DaMaCo | | | |
| 97 | Room M124. Regrout around northwest corner of window block and block above | NAI | | | |
| 98 | Room M124: Install gaskets and caulk in glazing | DaMaCo | | | |
| 99 | Room M125: Install Gasket and caulk in glazing | DaMaCo | | | |
| 100 | Room M125: Finish caulking window behind column | DaMaCo | | | |
| 101 | Room M125. Clean / Repaint lintel above window | Triple P | | | |
| 102 | Room M110. Install sprinkler escutcheon plates | Davis Ulmer | | | |
| 103 | Phone Room M122: Install sprinkler escutchean plates | Davis Ulmer | | | |
| 104 | West Lobby West Wall. Replace glass behind column (2nd from south) center pane | DaMaCo | | | |
| 105 | Room M131: Paint Door | Triple P | | | |
| 106 | Room M131. Install door glass | DaMaCo | | | |
| 107 | Room M131: Clean Paint off base (top) | Triple P | | | |
| 108 | Room M131 Back Room. Clean / seal north wall | NAI | | | |
| 109 | Room M131 Back Room. Remove paint and spackle from base top | Triple P | | | |
| 110 | Room M131 Back Room: Refinish above door frame | HJ | | | |

| Item # | Description | Responsible Party | Date Inspected | Inspected By | Remarks |
|---|---|---|---|---|---|
| 111 | Room M128. Repaint door frame | Triple P | | | |
| 112 | Room M129: Remove paint and spackle from top of base | Triple P | | | |
| 113 | Room M129. Clean / seal north wall | NAI | | | |
| 114 | Room M128. Caulk block at joint north wall | NAI | | | |
| 115 | Room M114. Dirt in light fixtures | S&L | | | |
| 116 | 1st Floor Electric Room. Remove epoxy coating from angle to strut at floor | Integrated | | | |
| 117 | 1st Floor Electric Room. Clean around conduit and recoat including behind conduit | S&L | | | |
| 118 | 1st Floor Electric Room. Clean paint / spackle from top of base | Triple P | | | |
| 119 | 1st Floor Electric Room. Paint Door / Frame | Triple P | | | |
| 120 | Room M136 Storage Room: Repaint all walls | Triple P | | | |
| 121 | Room M136 Storage Room: Paint door / frame | Triple P | | | |
| 122 | Room M136 Storage Room. Clean Top of base | Triple P | | | |
| 123 | Room M134 Bathroom: Install door Bottoms | NAI | | | |
| 124 | Room M134 Bathroom. Caulk door frame to tile | NAI | | | |
| 125 | Room M134 Bathroom: Refinish ceiling near soffit | HJ | | | |
| 126 | Room M134 Bathroom: Regrout southeast corner | Tri-County Carpets | | | |
| 127 | Room M135 Bathroom. Reset receptacle south wall | S&L | | | |
| 128 | Room M140 Electric Room. Patch hole in north wall (2) and west wall (1) | HJ | | | |
| 129 | Room M140 Electric Room. Fire caulk tops of east and west wall | S&L | | | |
| 130 | Room M140 Electric Room. Repaint room | Triple P | | | |
| 131 | Room M140 Electric Room. Instal door bottoms | NAI | | | |
| 132 | CIT Room. Fire proof 4" holes in ceiling behind duct (2) | HJ | | | |
| 133 | Room M157: Repair damaged door frame | NAI | | | |
| 134 | Room M157: Rework drywall around frame at interior of space | HJ | | | |
| 135 | Room M157: Rework drywall around window frame - floating reveal | HJ | | | |
| 136 | Room M157: Remove paint from ceiling grid | Triple P | | | |
| 137 | Room M157: Remove paint / spackle from top of base | Triple P | | | |
| 138 | Room M157: Install door glass | DaMaCo | | | |
| 139 | Room M159: Remove paint / spackle from top of base | Triple P | | | |
| 140 | Room M159. Install door hardware | NAI | | | |
| 141 | Room M151: Remove paint / spackle from top of base | Triple P | | | |
| 142 | Room M151. Install door hardware | NAI | | | |
| 143 | Room M153. Install door hardware | NAI | | | |
| 144 | Room M153: Remove paint / spackle from top of base | Triple P | | | |
| 145 | Room M154. Remove paint / spackle from top of base | Triple P | | | |
| 146 | Room M156: Remove paint from top of base | Triple P | | | |
| 147 | Room M152. Install door hardware | NAI | | | |
| 148 | Room M163: Remove paint from top of base | Triple P | | | |
| 149 | Room M163: Fix reveal around door frame | NAI | | | |

| Item # | Description | Responsible Party | Date Inspected | Inspected By | Remarks |
|---|---|---|---|---|---|
| 150 | Room M160. Repair block at kneewall partition (rough cut) | NAI | | | |
| 151 | Room M160. Remove paint / spackle from top of base | Triple P | | | |
| 152 | | | | | |
| Building M | Interior 1st Floor - East Vestibule | NAI | | | |
| 1 | Paint block above south vestibule in the east lobby. | Triple P | | | |
| 2 | Cad weld at column in south vestibule -- need plate and paint | S&L, Triple P | | | |
| 3 | North wall at ceiling insulation needs to be removed | NAI | | | |
| 4 | Vestibule entrances siding at ceiling elevation | RSI | | | |
| 5 | East vestibule entrance on north side ceiling has a bad caulk joint. Provide aluminum angle at roof | Plan | | | |
| 6 | Floor to ceiling - sand and re-paint columns | Jeffords/ Triple P | | | |
| 7 | East vestibule east entrance, cladding required at pull station | RSI | | | |
| 8 | East vestibule, anodized aluminum angle needed at raised desk | Jeffords | | | |
| 9 | East vestibule, replace aluminum screener tear at steps of raised desk | Jeffords | | | |
| 10 | East vestibule, need flat stock at hallway opening | Jeffords | | | |
| 11 | Room M142 - Rotate furniture | GSA | | | |
| 12 | Room M142 - screws missing in door opening trim | HJ | | | |
| 13 | Detention cells - remove tape at drains, add missing screws at drains, clean ceiling, handcuff rings | Burns/ NAI | | | |
| 14 | Room M153 - security caulk at bench | HJ | | | |
| 15 | Room M156 - missing security screw in northwest corner | HJ | | | |
| 16 | Room M156 - repair block above door on inside | DeRidder | | | |
| 17 | Room M152 - rust in toilet, screw missing in ceiling grid in sotheast corner | Burns | | | |
| 18 | Room M182 - clean frame around windows | DaMaCo | | | |
| 19 | Room M182 - round edges of SS edging | DaMaCo | | | |
| 20 | Room M181 - relocate emergency pull station | S&L | | | |
| 21 | Room M181 - caulk around sink | Burns | | | |
| 22 | Room M140 - missing screw in upper left corner LPIE electrical panel | S&L | | | |
| 23 | Room M140 - remove tape from top of panel | S&L | | | |
| 24 | Room M140 - caulk around conduit | S&L | | | |
| 25 | Room M162 - sheet rock needed on west wall | HJ | | | |
| 26 | Room M126 - sheet rock needed on east wall behind panel | HJ | | | |
| 27 | Room M120 - need covers for 18" X 18" aluminum to match | S&L | | | |
| 28 | Room M120 - at fin tube, raise flex at north east corner | Burns | | | |
| 29 | Room M116 - need base on south wall at sink | NAI | | | |
| 30 | Room M116 - paint sprinkler test pipe black | Triple P | | | |
| 31 | Room M112 - clean cork on north wall on block | NAI | | | |
| 32 | Room M112 - caulk (white) at sink top only | Burns | | | |
| 33 | Room M113 - caulk at ceiling southwest corner | HJ | | | |
| 34 | Room M111 - vinyl base at entrance needed | NAI | | | |
| 35 | Room M114 - paint east wall white | Triple P | | | |

| Item # | Description | Responsible Party | Date Inspected | Inspected By | Remarks |
|---|---|---|---|---|---|
| 36 | | | | | |
| Building M | Interior 1st Floor - West Vestibule | NAI | | | |
| 1 | Paint plumbing along west wall above ceiling | Triple P | | | |
| 2 | Caulk window frame on east wall | DaMaCo | | | |
| 3 | Trim top of south vestibule ceiling | RSI | | | |
| 4 | Add steel screen panel at steps to raised floor | Spencer Virnoche | | | |
| 5 | Room M110 - paint door light frame | Triple P | | | |
| 6 | Camera needs to be centered on steel on west wall | S&L | | | |
| 7 | Sprinkler line leak by column 4 center to be fixed | Davis Ulmer | | | |
| 8 | South wall to left of column line 6 has an open cover on conduit | S&L | | | |
| 9 | Room M167 - need screws in threshold | NAI | | | |
| 10 | Room M167 - caulk pipe penetration at block wall | Burns | | | |
| 11 | Room M167 - need exterior door sweep | NAI | | | |
| 12 | Room M168 - need fin tube cover | Burns | | | |
| 13 | Room M168 - clean bump on column | Jeffords | | | |
| 14 | Room M168 - lower cad weld on column | S&L | | | |
| 15 | Room M168 - clean caulk around column base | NAI | | | |
| 16 | Room M169 - caulk penetration on west wall behind pipe | Burns | | | |
| 17 | Room M164 - Replace UPS rack with one that fits | S&L | | | |
| 18 | Room M161 - paint top of door frame exterior | Triple P | | | |
| 19 | | | | | |
| Building M | Interior 2nd Floor | NAI | | | |
| 1 | Clean all partition glazing. (SM+H SVR #19) | NAI | | | |
| 2 | Finish the floor behind column in room M120. (SM+H SVR #19) | Integrated | | | |
| 3 | Tighten or reinstall the respective gasket that is messy and not straight. (SM+H SVR #19) | DaMaCo | | | |
| 4 | Go over edges and finished surfaces in respect to S.FW Light coves that are of poor craft. (SM+H SVR #19) | s | | | |
| 5 | Fill/paint unnecessary drilled holes; example is along south wall of M232. (SM+H SVR #19) | Triple P/ HJ | | | |
| 6 | Repair flooring around the floor boxes in M231 which have been severely damaged as they are not plumb and are bent. (SM+H SVR #19) | Integrated | | | |
| 7 | Conceal exposed valve within room M214. All finish covers to butt tight to each other and align tight to partitions and or columns. (SM+H SVR #19) | Burns | | | |
| 8 | Add aluminium plate per drawing 9/AE801 in rooms M212, M213, and M214. (SM+H SVR #19) | NAI | | | |
| 9 | Sand, re-prime and repaint column A6 in room M209 to bring column into conformity with painting specifications. (SM+H SVR #19) | Jeffords/ Triple P | | | |
| 10 | Ensure all 90 degree turns are notched to avoid cove from disengaging itself from the wall in room's M209-M210. (SM+H SVR #19) | S&L | | | |
| 11 | Paint Sprinkler line in M202, immediately south of the air duct to match all other sprinkler lines. (SM+H SVR #19) | Triple P | | | |
| 12 | All S.FA lights to be pulled tight to gypsum wall boards as to not bleed light from the sides. (SM+H SVR #19) | S&L | | | |
| 13 | Provide Escutcheon plates for the sprinkler line coming/going into M218 from M202. (SM+H SVR #19) | Davis Ulmer | | | |
| 14 | Provide benchmark to finish corner for the tile terminates adjacent to column in Locker Room M203 at column A0. (SM+H SVR #19) | Tri-County Carpets | | | |
| 15 | Paint Steel Tubes supports for the counter tops P-2 and sealed to walls. (SM+H SVR #19, 21) | Triple P | | | |
| 16 | Provide benchmark to finish corner at column A3 where the tile terminates adjacent to column. (SM+H SVR #19) | Tri-County Carpets | | | |
| 17 | Blackened Steel to be installed on counters in M225. | S&L | | | |

| Item # | Description | Responsible Party | Date Inspected | Inspected By | Remarks |
|---|---|---|---|---|---|
| 18 | Paint Service panels on floor in M231 Open Work Space to match terrazzo floor. | Triple P | | | |
| 19 | Finish glass tiles in M204 Women's Restroom to meet floor. | Tri-County Carpets | | | |
| 20 | Exposed Conduit in second floor corridor to utilize 90 deg pull elbow where exposed to view in thru wall applications. (SM+H SVR #15, #21) | S&L | | | |
| 21 | Replace Fin tube radiator in M206 to conceal mechanical equipment and to match cover size on opposite side of column. (SM+H SVR #21) | Burns | | | |
| 22 | Reroute the two sprinkler lines that that appear bellow ducts in the second floor corridor. | Davis Ulmer | | | |
| 23 | CBP noted that in the 2nd floor Women's restroom, the wall tile around the outlet needs to be replaced and re-installed correctly. NAI to repair. | Tri-County Carpets | | | |
| 24 | Room M214 - put fin tube along east wall over plumbing line | Burns | | | |
| 25 | Corner office - paint corner bead in the south east corner | Triple P | | | |
| 26 | Corner office - base at glass is short and needs repair | NAI | | | |
| 27 | Room M232 - southeast corner, need hardwood at end of drywall at return at column line 10 | NAI | | | |
| 28 | Room M213 - set ceiling diffusers | Burns | | | |
| 29 | Room M213 - reset sprinkler escutcheans | Davis Ulmer | | | |
| 30 | Room M212 - paint drywall at glass return above soffitt on the west wall | Triple P | | | |
| 31 | Room M212 - fix depressed window gasket, left window at bottom of north wall | DaMaCo | | | |
| 32 | Room M212 - paint above door frame (inside) at entrance to hallway | Triple P | | | |
| 33 | Room M213 - need base at door to 212 at bottom right | NAI | | | |
| 34 | Room M210 - ceiling tile broken at south east corner | HJ | | | |
| 35 | Room M210 - remove mastic from window return | NAI | | | |
| 36 | Room M210 - need end caps on fin tube | Burns | | | |
| 37 | Room M210 - rubber base needed on east and west walls | NAI | | | |
| 38 | Room M208 - need knee guard (hndicap) at sink | NAI | | | |
| 39 | Room M205 - need mirrors on east wall | DaMaCo | | | |
| 40 | Room M205 - need door stop | NAI | | | |
| 41 | Room M204 - need mirror at short counter | DaMaCo | | | |
| 42 | Room M204 - need tile (green) under large counters to go to floor | NAI | | | |
| 43 | Room M204A: Need refinishing, caulking, painting at window on west wall | NAI | | | |
| 44 | Room M204A. Access panel needs to be installed | NAI | | | |
| 45 | Room M204A. Center circular recessed light needs resetting | NAI | | | |
| 46 | Room M204A. Refinish west wall at window at lower south corner | NAI | | | |
| 47 | Room M204A. Remove hump in wall at receptacle on south wall above counter | NAI | | | |
| 48 | Room M204A. Seal resess fixture on south wall above counter to drywall - seam opening excessive | NAI | | | |
| 49 | Room M204A. Install receptacle covers | NAI | | | |
| 50 | Room M204A: Finish/ paint ceiling above stalls around sensor | NAI | | | |
| 51 | Room M204A: Refasten light cover to reduce seam opening in stall area | S&L | | | |
| 52 | Room M204A: Rework recessed light at east end inside light cove | S&L | | | |
| 53 | Room M204A. Repair floor in east stall (hole) against east wall | Integrated | | | |
| 54 | Room M204A. Grout bottom of glass tile to the floor | Tri-County Carpets | | | |
| 55 | Room M204A. Repair "dent" in floor to the right of large countertop | Integrated | | | |
| 56 | Room M203B: Install door buttons | NAI | | | |

| Item # | Description | Responsible Party | Date Inspected | Inspected By | Remarks |
|---|---|---|---|---|---|
| 57 | Room M203B. Regrout tile at door frame upper right side | Tri-County Carpets | | | |
| 58 | Room M203B: Complete light fixture installation (ceiling) | S&L | | | |
| 59 | Room M203B. Refinish/ paint lower corner on east wall at glass interface | Triple P | | | |
| 60 | Room M203B. Remove paint from aluminum trim at ceiling at north wall | Triple P | | | |
| 61 | Room M203B. Finish tile work around carbon monoxide sensor/ room temperature sensor on north wall | Tri-County Carpets | | | |
| 62 | Room M203B: Finish tilework at NW corner of room | Tri-County Carpets | | | |
| 62 | Room M203B: Grout tile at copper line at column - NW corner | Tri-County Carpets | | | |
| 63 | Room M203B: Finish tile at cover bracket along west wall | Tri-County Carpets | | | |
| 64 | Room M203B. Grout missing to the right of hot/ cold valve and in upper west corner in west shower area, also at left side floor at entrance | Tri-County Carpets | | | |
| 65 | Room M203B. Remove/ reset tile at soap cove upper in east shower stall | Tri-County Carpets | | | |
| 66 | Room M203A. Install switch covers/ switches | S&L | | | |
| 67 | Room M203A. Remove paint from top of base | Triple P | | | |
| 68 | Room M205A. Install door glass | DaMaCo | | | |
| 69 | Room M205A: Patch hole in east wall at fin tube | HJ | | | |
| 70 | Room M205A. Patch drywall at diffuser (hole), at soffit (south diffusers) | HJ | | | |
| 71 | Room M205A: Clean lights | S&L | | | |
| 72 | Room M205A. Reset ceiling tile | HJ | | | |
| 73 | Room M218: Install electrical cover overhead on North wall | S&L | | | |
| 74 | Room M218: Refinish around sprinkler line and bracing west wall | HJ | | | |
| 75 | Room M215. Install door hardware | NAI | | | |
| 76 | Room M215. Install conduit penetrations through North wall | S&L | | | |
| 77 | Room M215: Paint fire caulk South wall | Triple P | | | |
| 78 | Room M215. Seal conduit under transformer (fire caulk) | S&L | | | |
| 79 | Room M215. Install all covers | S&L | | | |
| 80 | Room M219. Install receptacle on west wall | S&L | | | |
| 81 | Room M219: Remove paint from conduit North wall | Triple P | | | |
| 82 | Room M219. Caulk/ paint conduit penetration in NW corner | S&L | | | |
| 83 | Room M219: Remove spackle from west side of verticle ductwork | HJ | | | |
| 84 | Room M219. Clean epoxy coating from ductwork flange at floor | Integrated | | | |
| 85 | Room M219. OIT penetrations to be sealed | S&L | | | |
| 87 | Room M220: Install hardware | NAI | | | |
| 86 | Room M220. Refinish around heat sensor in North wall | HJ | | | |
| 88 | Room M220: Make receptacle covers on west wall plumb/ square | S&L | | | |
| 89 | Room M220: Seal OIT conduit on west wall | S&L | | | |
| 90 | Room M220. Refinish around conduit (NW corner) penetrations | HJ | | | |
| 91 | Room M220. Remove paint from top of base | Triple P | | | |
| 92 | Room M206. Repaint east, west and south walls including soffits | Triple P | | | |
| 93 | Room M206. Refinish around recessed light fixture in ceiling at door 206B | HJ | | | |
| 94 | Room M206. Install access panels/ diffusers with proper color | Burns | | | |

| Item # | Description | Responsible Party | Date Inspected | Inspected By | Remarks |
|---|---|---|---|---|---|
| 95 | Room M206. Seal wall between tile and structural column around copper line | NAI | | | |
| 96 | Room M206. Install fin tube cover at section end by structural column | Burns | | | |
| 97 | Room M206. Need proper shims to shim lockers | S&L | | | |
| 98 | Room M207: Remove/ replace tile in the upper right hand corner at door 208B | Integrated | | | |
| 99 | Room M207: Repaint soffit | Triple P | | | |
| 100 | Room M207. Refit all covers on south wall (tile) | S&L | | | |
| 101 | Room M207. Re-seat bulging tile behind door 207A center of wall | Tri-County Carpets | | | |
| 102 | Room M207: Repaint walls/ ceiling above door 207A | Triple P | | | |
| 103 | Room M207: Remove burn mark in tile on North wall at door entrance 207A | Tri-County Carpets | | | |
| 104 | Room M226: Install door hardware | NAI | | | |
| 105 | Room M226. Adjust receptacle/ data covers on west wall to be square/ plumb | S&L | | | |
| 106 | Room M226: Seal OIT conduit | S&L | | | |
| 107 | Room M226: Remove paint from base | Triple P | | | |
| 108 | Room M226 across: Repaint door | Triple P | | | |
| 109 | Room M226 across: Refinish around door frame | HJ | | | |
| 110 | Room M226 across: Install door glass | DaMaCo | | | |
| 111 | Room M226 across. Remove paint from base | Triple P | | | |
| 112 | Room M226 across. Repaint upper corners of walls at glass interface | Triple P | | | |
| 113 | Room M226 across. Install ceiling tile | HJ | | | |
| 114 | Room M221: Caulk/ seal penetrations through block (water line in South wall) | Burns | | | |
| 115 | Room M221: Remove paint from top of base | Triple P | | | |
| 116 | Room M209. Install electrical covers | S&L | | | |
| 117 | Room M209. Refinish/ repaint damage due to shelf installation (2nd closet from right) | HJ | | | |
| 118 | Room M209. Complete installation of partition assembly | NAI | | | |
| 119 | Room M209: Refinish around receptacle at door 210A | HJ | | | |
| 120 | Room M209. Install fin tube cover | Burns | | | |
| 121 | Room M209: Refinish/ repaint around structural column at top | Triple P | | | |
| 122 | Room M211: Seal base to FRP in NW corner | NAI | | | |
| 123 | Room M211: Clean FRP | NAI | | | |
| 124 | Room M211. Finish FRP around ductwork South wall | NAI | | | |
| 125 | Room M211: Repair/ replace FRP on North wall at conduit penetrations | NAI | | | |
| 126 | Room M212: Install all receptacles, switches and covers | S&L | | | |
| 127 | Room M212: Refinish/ repaint wall at fin tube penetration to East wall | Triple P | | | |
| 128 | Room M212 East: Install base on West wall north of door | NAI | | | |
| 129 | Room M214. Install all receptacles, switches and covers | s&L | | | |
| 130 | Room M214: Refinish/ repaint West wall above door | HJ/ Triple P | | | |
| 131 | Room M214. Install frame and glass along South wall | DaMaCo | | | |
| 132 | Room M214: Install Art glass on East wall | DaMaCo | | | |
| 133 | Room M214: Finish around hot water lines on East wall | HJ | | | |

| Item # | Description | Responsible Party | Date Inspected | Inspected By | Remarks |
|---|---|---|---|---|---|
| 134 | Room M214. Clean up caulking around glass on North wall | DaMaCo | | | |
| 135 | Room M214. Refinish West wall at steel interface at NW corner | HJ | | | |
| 136 | Room M203B. Grout shower stall intermediate wall, Calk at NW column | Tri-County Carpets | | | |
| 137 | Room M205A. Caulk at diffuser | Burns | | | |
| 138 | Room M205A: Patch hole in east wall at fin tube | HJ | | | |
| 139 | Room M205A. Reset circular light fixture in soffitt | S&L | | | |
| 140 | Room M215. Repair hole in ceiling at duct (2 hour rating) | HJ | | | |
| 141 | Room M215. Install screws/ cover on south wall L-B | S&L | | | |
| 142 | Room M215. Fire caulk conduit at floor penetration | Burns | | | |
| 143 | Room M219. Paint fire caulk on South wall | Triple P | | | |
| 144 | Room M206. Remove black caulk from North wall at shower location | Tri-County Carpets | | | |
| 145 | Room M206. Seal around column at North wall | NAI | | | |
| 146 | Room M206. Replace locker corner middle lockers | NAI | | | |
| 147 | Room M207. Redo caulk above glass tile at soffitt (south wall) | DaMaCo | | | |
| 148 | Room M207: Replace tile on North wall inside 207B door | Tri-County Carpets | | | |
| 149 | Room M207. Put armor flex on copper under fin tube | Burns | | | |
| 150 | Room M226. Refinish around recepticle cover in North wall | HJ | | | |
| 151 | Room M226. Install door stop | NAI | | | |
| 152 | Room M208. Finish black caulk on North wall behind fin tube | NAI | | | |
| 153 | Room M221. Install electical box cover on south wall | S&L | | | |
| 154 | Room M209. Put armour flex on copper undder fin tube<br>Repair window caulk at structural column (bulging) | Burns | | | |
| 155 | | | | | |
| Building M | Interior - East Stairs | NAI | | | |
| 1 | Move light on east wall to center over speaker | S&L | | | |
| 2 | Clean tape mastic from top of north handrail at top of stairs | Jeffords | | | |
| 3 | Tighten railing bolts | Jeffords | | | |
| 4 | Paint wall behind rail end on south wall at top of stair | Triple P | | | |
| 5 | Upper vestibule east stair tighten light fixture to ceiling | S&L | | | |
| 6 | Fix north east corner of desk - broken laminate | Spencer Virnoche | | | |
| 7 | | | | | |
| Building M | Interior - West Stairs | NAI | | | |
| 1 | Need sprinkler line under landing | Davis Ulmer | | | |
| 2 | Paint sprinkler line pencil gray | Davis Ulmer | | | |
| 3 | | | | | |
| Building M | Exterior | NAI | | | |
| 1 | Reinstall FL2 or Seal and adhere FL2 to concrete properly on the North side of building. (SM+H SVR #19) | NAI | | | |
| 2 | Install flashing FL-1, at window M2 on North side of building, (SM+H SVR #19) | NAI | | | |
| 3 | Install Sealant per Contract Documents at the CW-A of the Passenger Lobby (SM+H SVR #19) | NAI | | | |

| Item # | Description | Responsible Party | Date Inspected | Inspected By | Remarks |
|---|---|---|---|---|---|
| 4 | Install Stainless Steel coping at 90 Degrees, not rounded at the concrete foundation Wall at the Northwest corner. (SM+H SVR #19) | NAI | | | |
| 5 | Connect aluminium mullion caps at the northwest corner. (SM+H SVR #19) | NAI | | | |
| 6 | Install pads/gaskets that are straight and true at the commercial inspection storefront system. (SM+H SVR #19) | NAI | | | |
| 7 | Clean ALL stainless steel trim EVERYWHERE | NAI | | | |
| 8 | Stainless soffit at glass block interface on north wall needs re-setting | RSI | | | |
| 9 | Gap at glass block interface needs caulking to repair gap | DeRidder | | | |
| 10 | Need corner stone seal at northeast corner at glass | GSA | | | |
| 11 | East wall - steel canopy over east door needs angle re-set away from building | Jeffords | | | |
| 12 | Finish stainless steel soffit east wall | RSI | | | |
| 13 | Recaulk glass corner at south east corner of the building | DaMaCo | | | |
| 14 | Caulk around window at gate at south wall | DaMaCo | | | |
| 15 | | | | | |
| Inspection Plazas | Passenger | NAI | | | |
| 1 | Install Roof Drain tees that conform to Contract Documents. (SM+H SVR #19) | Burns | | | |
| 2 | Repair or replace any damaged finish material. (SM+H SVR #19) | NAI | | | |
| 3 | | | | | |
| Inspection Plazas | Commercial | NAI | | | |
| 1 | Remove any nails remaining in the concrete piers and cutback formwork ties accordingly. (SM+H SVR #19) | NAI | | | |
| 2 | Repair honeycombing from piers. (SM+H SVR #19) | NAI | | | |
| 3 | Install Roof Drain tees that conform to Contract Documents. (SM+H SVR #19) | Burns | | | |
| 4 | Repair fractured concrete pier for the middle booth. (SM+H SVR #19) | NAI | | | |
| 5 | Repair fractured western most pier(SM+H SVR #19) | NAI | | | |
| 6 | Repair or replace any damaged finish material. (SM+H SVR #19) | NAI | | | |
| 7 | Cut shorter roof drain tee in locations where applicable to follow detail show on Contract Documents. (SM+H SVR #19) | Burns | | | |
| 8 | | | | | |
| Inspection Plazas | Secondary | NAI | | | |
| 1 | Finish North face of Canopy visible from second floor of M-Bldg. | Jeffords/ Triple P | | | |
| 2 | Cut back angle exposed on north west side of canopy that is visible from the ground. | Jeffords | | | |
| 3 | | | | | |
| Inspection Plazas | General | NAI | | | |
| 1 | Repair or replace any damaged finish material. (SM+H SVR #19) | NAI | | | |
| 2 | Cut shorter roof drain tee in locations where applicable to follow detail show on Contract Documents. (SM+H SVR #19 | Burns | | | |
| 3 | | | | | |
| Building S | Interior | NAI | | | |
| 1 | Provide seal along southern edge of garage door S107B, where there does not appear to be one. (SM+H SVR #19) | NAI | | | |
| 2 | All mastic insulation to be removed up to gasket as roof drain insulation does not appear to be required in the semi conditioned spaces. (SM+H SVR #19) | Burns | | | |
| 3 | Remove J-boxes for mechanical controls on interior columns. Install devices directly to column. (SM+H SVR #22) | S&L | | | |
| 4 | Room S102. Recessed light fixture lamp blown | S&L | | | |

| Item # | Description | Responsible Party | Date Inspected | Inspected By | Remarks |
|---|---|---|---|---|---|
| 5 | Room S103: Recessed light fixture trim rings need adjustment | S&L | | | |
| 6 | Room S103: Receptacle over sink needs to be GFCI | S&L | | | |
| 7 | Room S103: Switch plate cover missing | S&L | | | |
| 8 | Room S103. Receptacle under desk needs to be installed | S&L | | | |
| 9 | General Notes. Fire Alarm J-Box missing cover | S&L | | | |
| 10 | General Notes: Exit lights need seismic supports | S&L | | | |
| 11 | General Notes. SW column needs 500 mcm bare copper CAD weld | S&L | | | |
| 12 | General Notes. Generator low fuel sensor needs cover | S&L | | | |
| 13 | General Notes. Garage door sensor wires, needs raceway | S&L | | | |
| 14 | General Notes. Electrical panels missing locks | S&L | | | |
| 15 | General Notes. Electrical panels, VSD's and equipment disconnects need labels | S&L | | | |
| 16 | General Notes. Updated electrical panel schedules missing | S&L | | | |
| 17 | General Notes. Ground rods missing in secondary canopy | S&L | | | |
| 18 | Bldg S - Generator Room. Repair roof leak | NAI | | | |
| 19 | | | | | |
| Building S | Exterior | NAI | | | |
| 1 | Repair poorly installed painted steel head and FL-1 flashing, so shims and foam at not exposed, at the head of the louvers in the northwest corner. (SM+H SVR #19) | Jeffords/ Triple P | | | |
| 2 | Louvers not painted on back side need to be taken off and pained as to prevent rusting. (SM+H SVR #19) | Triple P/ Burns | | | |
| 3 | Large gaps between FL-1 and Steel Plate need to be resolved and aligned. (SM+H SVR #19) | NAI | | | |
| 4 | Rust to be removed from Northwest corner and repainted. (SM+H SVR #19) | Triple P | | | |
| 5 | S.S. flashing to follow contract documents as it is not embedded in grout and not cut to be aligned with masonry plan. (SM+H SVR #19) | NAI | | | |
| 6 | Repair flashing around window S-2 to conform to contract documents 1,3,4/AE801-109. (SM+H SVR #19) | DaMaCo | | | |
| 7 | Install Black housing as required per Contract Documents and Submittal Review. (SM+H SVR # 19, 21) | NAI | | | |
| 8 | Install Painted Metal Cladding plates per Contract Documents. See detail 17AE701. (SM+H SVR #22) | Jeffords | | | |
| 9 | Replace Painted Metal Window Sill on South Corner Window. Current Sill is bent in several locations. | Jeffords | | | |
| 10 | Replace painted metal cladding plates in between garage bays that is not conforming to submittal 05500-023-001 or detail 17/AE701. (SM+H SVR #22) | Jeffords | | | |
| 11 | | | | | |
| Building G | Interior | NAI | | | |
| 1 | Clean footprints from underside of Epic Deck. (SM+H SVR# 10, 14, 16, 19) | Jeffords | | | |
| 2 | Relocated fixtures in G109A to comply with Contract Documents 4/AE330 / RFI 162/ SKA37. (SM+H SVR #19) | S&L | | | |
| 3 | Sand, re-prime and repaint the column GA/G3. (SM+H SVR #19) | Triple P | | | |
| 4 | Redo installation of corrugated metal and sheet metal corners due to poor craft. (SM+H SVR #19) | Jeffords | | | |
| 5 | Repair Epic deck where puddle welds have resulted in the galvanization to be burned. (SM+H SVR #19) | Jeffords | | | |
| 6 | Non-Shrink Ground to be investigated as it appears to be having unknown reaction with anchor plates on East wall. (SM+H SVR #19) | NAI | | | |
| 7 | Install Rubber cove base as per AE900 finish schedule for N, E, and W walls as defined in the schedule. (SM+H SVR #19) | NAI | | | |
| 8 | Center Exit sign in Room G100 on East Wall. (SM+H SVR #19) | NAI | | | |
| 9 | Confirm junction box is conforming to typical mounting heights provided in drawing AE330 for southeast corner on interior at door G100A. (SM+H SVR #19) | S&L | | | |
| 10 | Painted Stainless Steel Frame for CW-A Needs to be replace with wider piece to fill void in between the Curtain Wall mullions | NAI | | | |
| 11 | Patch hole for light in G100 Lobby soffit to close space around light. | HJ | | | |

| Item # | Description | Responsible Party | Date Inspected | Inspected By | Remarks |
|---|---|---|---|---|---|
| 12 | Remediate painted metal plate at North East Corner that does not conform to detail 3/AE804, where plate thickness is 10mm. | Jeffords | | | |
| 13 | Relocate conduit exposed on GWB to be concealed. | S&L | | | |
| 14 | Top of tank duct work damaged in G-Bldg Rm G113 Pump House. (SM+H SVR #23) | Burns | | | |
| 15 | Door G113A 10mm st.stl. plate not per Contract Documents in G-Bldg Rm G113 Pump House. Plate to be aligned w/ drywall per Detail 19/AE704. (SM+H SVR #23) | NAI | | | |
| 16 | Door G109A jamb and head condition not per Contract Documents in G-Bldg Rm. G109 Maintenance Garage. Per Detail 4/AE704 VR2 required to be sealed to frame. (SM+H SVR #23) | NAI | | | |
| 17 | AC1 and AC2 drip pan drain line installed on Arch Conc Wall in G-Bldg Rm. G109 Maintenance Garage. Drain line to be relocated to Rm. G112 per site coordination mtg. (SM+H SVR #23) | Burns | | | |
| 18 | Lightening protection downlead installed at CL.GB in G-Bldg Rm. G109 Maintenance Garage. (SM+H SVR #23)<br>i. Per Detail 4&5/EJ503 Note 3 bonding plate required at all locations.<br>ii. NAI to provide bonding plate as required at all locations.<br>iii. NAI to coordinate with SMH+ location of bonding plate. Plate to be concealed behind column.<br>iv. Per 3/EP110 Note 7 one downlead required at each column base plate location.<br>v. NAI to remove one downlead and cut flush with slab.<br>vi. NAI to repaint column base plate and non-shrink grout as required. | NAI | | | |
| 19 | Brokers area - caulk south side of door | DaMaCo | | | |
| 20 | Brokers area - caulk over head at south wall by door | DaMaCo | | | |
| 21 | Bathroom - grout north side of pocket light | NAI | | | |
| 22 | Bathroom - screw missing on right sideof pocket light | S&L | | | |
| 23 | Bathroom - caulk north and south sides of soffit | NAI | | | |
| 24 | Hallway - install access cover at west wall, reset light switch | S&L | | | |
| 25 | Room G105 - caulk bottom of window at steel angle | DaMaCo | | | |
| 26 | Replace ceiling tile | HJ | | | |
| 27 | Remove pink paper from NW light | S&L | | | |
| 28 | Reset center escutcheon plate for sprinkler | Davis Ulmer | | | |
| 29 | Install east escutcheon plate on east sprinkler | Davis Ulmer | | | |
| 30 | Redo caulk at door light | DaMaCo | | | |
| 31 | Room G106 - install door buttons | NAI | | | |
| 32 | Re-set ceiling tiles over door | HJ | | | |
| 33 | Replace broken tile at light switch | HJ | | | |
| 34 | Janitor's closet - door buttons | NAI | | | |
| 35 | Janitor's closet - set ceiling tile | HJ | | | |
| 36 | Janitor's closet - set escutcheon plate for sprinkler | Davis Ulmer | | | |
| 37 | Garage Area - double doors | | | | |
| 38 | Garage Area - aluminum plated needs to close gap over double doors | Jeffords | | | |
| 39 | Garage Area - patch concrete on east wall at hose bib | NAI | | | |
| 40 | Pump room - tighten screws on aluminum plate over double doors | Jeffords | | | |
| 41 | Pump room - clean pipe insulation on west wall | Burns | | | |
| 42 | Pump room - sprinkler leak at elbow of jockey pump | Davis Ulmer | | | |
| 43 | Pump room - cap spare conduit on east wall | S&L | | | |
| 44 | Pump room - drain in northwest corner needs cover | Burns | | | |

| Item # | Description | Responsible Party | Date Inspected | Inspected By | Remarks |
|---|---|---|---|---|---|
| 45 | Pump room - install base on north east, west walls | NAI | | | |
| 46 | Pump room - reset cover for temperature control on east wall at junction box | S&L | | | |
| 47 | Room G102 Receptacle covers missing | NAI | | | |
| 48 | Room G102. Distance between receptacles (code violation) | NAI | | | |
| 49 | Room G102 Tele-data incomplete (change order) | NAI | | | |
| 50 | Room G103. Receptacle covers missing | NAI | | | |
| 51 | Room G103: Tele-data incomplete (change order) | NAI | | | |
| 52 | Room G106: Receptacle covers missing | NAI | | | |
| 53 | Room G106. Tele-data incomplete (change order) | NAI | | | |
| 54 | Garage Area. Sprinkler system test station (re-support) | NAI | | | |
| 55 | Garage Area. Exit Light in brokerage area needs seismic support | NAI | | | |
| 56 | Pump Room: KO Plug for electrical panel (4") | NAI | | | |
| 57 | Pump Room. Cover for grounding (near sprinkler mains) | NAI | | | |
| 58 | Pump Room. Temperature control wiring (near sprinklers) | NAI | | | |
| 59 | Pump Room: Spare conduit in NW corner needs to be cropped | NAI | | | |
| 60 | General Notes. Electrical paneling labeling needed | NAI | | | |
| 61 | General Notes. Updated panel schedules | NAI | | | |
| 62 | General Notes. All USO & Electrical disconnects labeled | NAI | | | |
| 63 | General Notes. All spare conduit capped | NAI | | | |
| 64 | General Notes. Supporting flexible conduit 12" from J-Boxes | NAI | | | |
| 65 | | | | | |
| **Building G** | **Exterior** | **NAI** | | | |
| 1 | Stainless Steel Plate under eave needs to extend to meet the corner on Northeast exterior Wall. | Jeffords | | | |
| 2 | Stainless Steel Plate under eave is rusting on northeast exterior wall corner. | Jeffords | | | |
| 3 | Coordinate corrugated metal panel with concrete knee wall. Weather seal as required per detail 1/AE406. | RSI | | | |
| 4 | | | | | |
| **Building G** | **Water Tank** | **NAI** | | | |
| 1 | All leaks in Bldg G water tank to be remediated by NAI | NAI | | | |
| 2 | | | | | |
| **Building N** | **Interior** | **NAI** | | | |
| 1 | Install base plates to cover non-shrink grout as per IB 065. (SM+H SVR #5, 19) | NAI | | | |
| 2 | Provide remedial action to remove large gaps between members at window N3 Inside garage. (SM+H SVR#19) | DaMaCo | | | |
| 3 | Paint mechanical units EF20 and EF21 electrical panels installed within roof beam flange to match steel beam, or relocate. (SM+H SVR #21) | Triple P | | | |
| 4 | Remove interior drip edge from doors N100B and N100A. ( SM+H SVR #22) | DaMaCo | | | |
| 5 | Align junction boxes in N102 per detail 4/AE330. (SM+H SVR #22) | S&L | | | |
| 6 | Recess heating unit CUH-7 in N101 per submittal 15766-002-001 and unit to have a stainless steel grille per E113/AE317. If stainless steel grille is not applicable with NAI substituted CUH-7 unit, paint grill and enclosure black. | Burns | | | |
| 7 | Recess J-box on N103 wall and install strobe on N103 wall. (SM+H SVR #22) | S&L | | | |

| Item # | Description | Responsible Party | Date Inspected | Inspected By | Remarks |
|---|---|---|---|---|---|
| 8 | N-Bldg Rm N100 Enclosed Inspection Bay east retaining patching in progress due to water penetrating through east retaining wall. NAI to verify drainage board and vapor barrier installed per Detail 2/AE410. (SM+H SVR #23) | NAI | | | |
| 9 | Repair leeaks at points along east wall | NAI | | | |
| 10 | Paint roof leaders along east wall | Rico? | | | |
| 11 | Paint conduit on east wall | Rico? | | | |
| 12 | Paint soffit (south) steel grating | Triple P | | | |
| 13 | Remove sprinkler from south roll up door on east side | HJ | | | |
| 14 | Fix base on west side of exterior boiler room | NAI | | | |
| 15 | Remove mastic on left side of mirror on tile in bathroom | DaMaCo | | | |
| 16 | Repaint bathroom south wall | Triple P | | | |
| 17 | Caulk west wall at interface of tile to concrete at ceiling | Driscoll | | | |
| 18 | Missing screw at fire alarm junction box in bathroom | S&L | | | |
| 19 | Caulk behind tube steel by eye wash station | Burns | | | |
| 20 | Boiler run - cut angle off frame at base | Burns | | | |
| 21 | Boiler run - straighten top panel on boiler | Burns | | | |
| 22 | Room N101 - caulk around heater | Burns | | | |
| 23 | Caulk conduit at north wall to right of roll-up door at pentration | S&L | | | |
| 24 | General Notes. RPM's need ground jumper for top cabinet | S&L | | | |
| 25 | General Notes. Switch plate covers missing | S&L | | | |
| 26 | General Notes: Two (2) security cameras missing | S&L | | | |
| 27 | General Notes: VACIS receptacle (install blank plate cover) | S&L | | | |
| 28 | General Notes: Electrical panel missing handle/ lock | S&L | | | |
| 29 | General Notes. Large J-Box missing cover | S&L | | | |
| 30 | General Notes: Wireway missing cover | S&L | | | |
| 31 | General Notes: KO plug needed for XFMR | S&L | | | |
| 32 | General Notes. Electrical panel labeling | S&L | | | |
| 33 | Bldg N - General Notes. Updated panel schedules | S&L | | | |
| 34 | Bldg N - General Notes. Boiler alarm strobe install is unacceptable | S&L | | | |
| 35 | | | | | |
| **Building N** | **Exterior** | **NAI** | | | |
| 1 | Install a 152mmx92.53 galvanized plate as an erosion control fence around the grate to the Northwest of the N Building at drainage grate 7-9. (SM+H SVR #19) | NAI | | | |
| 2 | Cut remaining formwork ties on Architectural Concrete Wall. | NAI | | | |
| 3 | Install drip edge at painted metal plate beyond door N100D. (SM+H SVR# 22) | NAI | | | |
| 4 | North wall - remove green mastic from concrete below window | NAI | | | |
| 5 | South wall - paint bird screen at vent | Triple P | | | |
| 6 | South wall - install bird screen at 6" pipe | NAI | | | |
| 7 | South wall - get SOS lights on north and south of building | NAI | | | |
| 8 | | | | | |
| **Site** | **General** | **NAI** | | | |

| Item # | Description | Responsible Party | Date Inspected | Inspected By | Remarks |
|---|---|---|---|---|---|
| 1 | Paint all bollards safety yellow throughout site. Bollard color does not comply with color schedule. Bollards are already suffering from rust and should be color correct to match contract documents. (SM+H SVR #8, #19) | NAI | | | |
| 2 | RPM Bollards are a different color then all other bollards on site. Paint all bollards safety yellow to match contract documents. | NAI | | | |
| 3 | Roadway delineators on RT 37 East-bound/ West-bound need to be checked and rotated as necessary to face the direction of traffic | Rifenburg | | | |
| 4 | Roadway reference markers need to be relocated along East-bound/ West-bound RT 37 | Rifenburg | | | |
| 5 | | | | | |
| 6 | | | | | |
| Site | General - C of O Punchlist from Arkady Okun | NAI | | | |
| ELECTRICAL | | | | | |
| 1 | Provide Emergency Power System [Generator] commissioning/ functional checklists | S&L | | | |
| 2 | Provide automatic Transfer Switch commissioning/functional check-lists | S&L | | | |
| 3 | Provide emergency lighting in Switchgear Room M227 | S&L | | | |
| 4 | Provide new telephone in FCC room | S&L | | | |
| FIRE ALARM | | | | | |
| 1 | Provide air differential summary for all four duct smoke detectors, | Burns | | | |
| 2 | Provide a remote test station for each duct smoke detector, | Burns | | | |
| 3 | Re-label all FA conduits with Power Limited stickers [PL], remove all incorrectly installed non-power limited [NPL] stickers, | S&L | | | |
| 4 | Indicate location on circuit breakers for each FACP with red color durable labels/signs "FA Circuit Control Located in XXX". [Some stickers are missing; some are not red and durable.] Provide lockable circuit breakers | S&L | | | |
| 5 | Wire new sprinkler supervisory switch in elevator pit to FACP, assign new ill, reprogram as required, | S&L | | | |
| 6 | Correct address of a sprinkler pressure-flow switch for 2nd floor: FACP mistakenly indicates 1st floor. | S&L | | | |
| 7 | Provide Fire Alarm operation software to the GSA Property Manager. | S&L | | | |
| 8 | Verify alarm signals transmitted to FACP in the following sequence: 1.fire pump running, 2. fire pump loss of phase, 3. fire pump running on alternate power | S&L | | | |
| FIRE PUMP | | | | | |
| 1 | Provide the fire pump pressure setting table in the pump room [automatic pump stop/start, jockey pump automatic stop/start] as per the Pump's commissioning documentation. Hang/stick on the wall next to the controller | Davis Ulmer | | | |
| 2 | Verify with the fire pump's manufacturer rep that a pressure circulating relief valve has been set correctly because no water was discharged through the valve while the pump was churning at 125 psi [valves closed/no flow] for about 5 minutes | Davis Ulmer | | | |
| SPRINKLERS | | | | | |
| 1 | Lower both sprinkler control zone valves and flow switches located in Mechanical room 229 to an elevation not higher than 7ft. in accessible locations | Davis Ulmer | | | |
| 2 | Provide a sprinkler underneath of the first landing in each stairwell A and B. | Davis Ulmer | | | |
| 3 | Label all remote test drain valves to indicate zone/area/floor they serve as applicable | Davis Ulmer | | | |
| 4 | Label all control valves [or directional signs if located above ceilings] to indicate zone/room/floor they control as applicable, | Davis Ulmer | | | |
| 5 | Label Fire Department connection piping in Main building in Rm. 169. | Davis Ulmer | | | |
| 6 | Label system risers in all sprinkler rooms; indicate type of system [dry] in Building S On system riser. | Davis Ulmer | | | |

| Item # | Description | Responsible Party | Date Inspected | Inspected By | Remarks |
|---|---|---|---|---|---|
| 7 | Provide a sidewall sprinkler and its isolation valve with tamper switch in an elevator pit. | Davis Ulmer | | | |
| MEANS OF EGRESS | | | | | |
| 1 | Main Switch Gear room M227: Provide Exit signs | NAI | | | |
| 2 | Main Switch Gear room M227: Provide push-bar exit hardware to swing outside, | NAI | | | |
| 3 | Mechanical Room 230: Provide Exit signs, | NAI | | | |
| 4 | Elevator lobbies on 1st and 2nd floors: Provide an additional Exit sign in each lobby to direct people to both exit stairs, | NAI | | | |
| 5 | Provide "NOT AN EXIT" stickers on both doors leading from interior of the Building M to cargo area. | NAI | | | |
| MISCELLANEOUS | | | | | |
| 1 | OMM provided to the GSA Property Manager shall include data sheets for ALL fire protection sprinkler, fire pump, fire hydrant and fire alarm components and not only Fire Alarm control panels and Fire Pumps. [equipment submittals originally approved by GSA can be used], | NAI | | | |
| 2 | Provide a directional sign for each fire extinguisher located in mechanical, electrical rooms, closets, storages and similar type rooms. Signs shall be located outside the rooms, easily seen, shall be of red color/white letters, durable material [stickers are okay], shall indicate "Fire Extinguisher in room M XYZ". | NAI | | | |

Smith-Miller + Hawkinson Architects LLP | 305 Canal Street New York NY 10013 USA | T 212 966 3875 / F 212 966 3877 | www.smharch.com

SMH+

# N-Bldg Punch List

| | | | |
|---|---|---|---|
| PROJECT: | 0212 US Land Port of Entry, Massena New York | JOB #: | 0212 |
| TO: | Pascal Jeambon<br>General Services Administration<br>26 Federal Plaza, Rm. 1641<br>New York, NY 10278<br>(212) 264-9486 | CC: | Andrew Morley<br>Rico Liu |
| FROM: | Sean Gallagher | | |
| OBSERVATION DATES: | May 12th – 14th \| 2009 | | |
| DATE ISSUED: | May 21st \| 2009 | | |

## GENERAL NOTES

Note:
- SMH+ Partial Punch List does not include all scopes of work as construction was not complete at time of observation.
- SMH+ Partial Punch List does not supersede observations defined in Gilbane, GSA, or CBP Punch Lists.

Review Excluding:
- Installation of mtl. soffit incomplete. SMH+ to punch upon completion.
- NAI to clean entire building. SMH+ to punch upon completion.

All Locations:
- Install Epic Deck cover plates at all locations. (Fig. 8)
- Clean and seal all F-7 floor finishes.
- Clean all floor drains.
- Remove construction tape from all glazing.
- Grind all sharp alum and st.stl. plate edges.
- Clean and seal Architectural Concrete Walls.

## 1st FLOOR

| ROOM NO. | SV R #: | FIG. #: | ACTION: |
|---|---|---|---|
| N100 | 21 | | Paint mechanical units EF20 and EF21 electrical panels installed within roof beam flange P-2. |
| N100 | 22 | | Remove corrugated mtl. siding drip edge from door head at N100B and N100A. |
| N100 | 23 | | Remediate water leaking through east retaining wall. NAI to verify drainage board and vapour barrier istalled per detail 2/AE410. |
| N100 | PL | 6 | Paint mtl. floor plates P-2. |

| | | | |
|---|---|---|---|
| N100 | PL | 7 | Install 18 gauge st.stl. closer panel per detail 7/AE430 at north and south wall. |
| N100 | 10 | | NAI to paint roof leaders P-2. |
| N100 | PL | | NAI to paint perf. mtl. soffit to match GWB per detail 1/AE410. |
| N100 | PL | 9 | Re-install window N1 and N2 per sill detail 7/AE802. VR-2 to be sealed to alum. extrusion. Ptd. stl plate to be set level. S-1 to be no grater than 9mm at alum. extrusion. S-1 to vary below ptd. stl. angle to level concrete. |
| N100 | PL | | All caulking at Architectural Concrete walls to be dark grey. Remove and re-apply as required. |
| N101 | 19, 24 | | Provide 9mm S-1 (dark grey) at jamb and sill per detail 13&14/AE802 at window N3. Replace existing caulking installed between glass and angle as it is non-conforming. |
| N101 | 22 | | Recess heating unit CUH-7 per submittal 15766-002-001 and unit to have a stainless steel grille per E113/AE317. If stainless steel grille is not applicable with NAI substituted CUH-7 unit, paint grill and enclosure P-2. |
| N102 | PL | | Install threshold FT-A at door N102A. |
| N102 | 22 | | Align junction boxes per detail 4/AE330. |
| N103 | 22 | | Recess strobe J-box on wall above door N103A. |

**EXTERIOR**

| Location | SV R #: | FIG. #: | ACTION: |
|---|---|---|---|
| N | 19 | | Install a 152mmx92.53 galvanized plate as an erosion control fence around the grate to the Northwest of the N Building at drainage grate 7-9. |
| N,W,S | 24, PL | 4 | Cut back st.stl. flashing to back to edge of sloped conc. topping per detail 1/AE804. |
| N,W,S | 19 | | Cut remaining formwork ties on Architectural Concrete Wall. |
| N,W,S | PL | 10 | Ptd. mtl. fascia cap installation non-conforming, wavy and oil canning. NAI to verify mtl. facia cap is 20 gauge per detail 5/AE421. NAI to remediate as required. |
| N,S | 20 | | Corrugated mtl. siding J-Bead not painted to match paneling. NAI to reference specification 07412_2.5A. NAI to paint J-Bead to match corrugated mtl. paneling prior to installation. |
| N,S | 22, 16 | | Install drip edge at painted metal plate beyond door N100D and N100C per detail 3/AE409. |
| N,S | PL | 15,20, 24 | Replace CW-B polycarbonate corners at east elevation w/ Extech approved alum corner extrusion. |

| | | | |
|---|---|---|---|
| N,S | PL | | Install SOU fixtures. |
| N,S | PL | 1 | Ptd. mtl. plate width to match roof eave, remove excess plate in front of mullion. |
| S | 20 | 5 | Exhausts penetration assemblage not per IB#90. Remove and install per IB. Paint to match corrugated mtl. siding. |
| S | PL | 3 | Replaced damaged polycarbonate panels. |
| E | 5 | | Remove pour holes on Architectural Concrete Knee wall per detail 2/AE410. |

Figure 1



Figure 3



Figure 4



Figure 5



Figure 6



Figure 7



Figure 8



Figure 9



Figure 10



Smith-Miller + Hawkinson Architects LLP | 305 Canal Street New York NY 10013 USA | T 212 966 3875 / F 212 966 3877 | www.smharch.com

SMH+

# G-Bldg Punch List

PROJECT: 0212 US Land Port of Entry, Massena New York

JOB #: 0212

TO: Pascal Jeambon
General Services Administration
26 Federal Plaza, Rm. 1641
New York, NY 10278
(212) 264-9486

CC: Andrew Morley
Rico Liu

FROM: Sean Gallagher

OBSERVATION DATES: May 12th – 14th | 2009

DATE ISSUED: May 20th | 2009

**GENERAL NOTES**

Note:
- SMH+ Partial Punch List does not include all scopes of work as construction was not complete at time of observation.
- SMH+ Partial Punch List does not supersede observations defined in Gilbane, GSA, or CBP Punch Lists.

Review Excluding:
- Installation of curtain wall CW-A incomplete. SMH+ to punch upon completion.
- NAI to clean entire building. SMH+ to punch upon completion.

All Locations:
- Clean Epic Deck at roof and north wall. (SVR# 10, 14, 19, 16)
- Install Epic Deck cover plates at all locations. (Fig. 4)
- Clean and seal all F-8 floor finishes.
- Clean and paint P-2 all column bases, including non-shrink grout, at CL GB. (Fig. 9)
- Clean all floor drains.
- Clean all light fixtures.
- Remove construction tape from all glazing.
- Paint mtl clips for CW-B curtain wall P-2.
- Paint red fire stopping material to match application.
- Grind all sharp alum and st.stl. plate edges.
- Repair all leaks in the Architectural Concrete Fire Reserve.
- Clean and seal Architectural Concrete Walls.

**1st FLOOR**

| ROOM NO. | SV R #: | FIG. #: | ACTION: |
|---|---|---|---|
| G100 | 19 | | Confirm junction box is conforming to typical mounting heights provided in drawing. |
| G100 | 24 | | Replace 10mm st.stl. plates at CW-A jamb and head with correct widths. 10mm st.stl. plate to pass under extruded alum mullion per detail 9&10/AE802. |

| | | | |
|---|---|---|---|
| G100 | 19, 20 | | SFA recessed light fixture installation not per Contract Documents. SFA recessed light fixture to be center of door G100A. NAI to reference Detail 1/AE112. |
| G100 | PL | | Paint and install access panel on west wall. |
| G100 | PL | 11 | Install mtl ceiling panel and alum angle similar to AE500 in water fountain soffit. |
| G100 | PL | 10 | Paint exposed sprinkler lines in public spaces P-2. |
| G100 | 20 | | Install ptd. stl. plate at CW-B northeast corner head condition per Detail 5/AE804. |
| G105 | 24 | 12 | Repair warped ptd. stl. angle at window. Paint stl angle P-2. |
| G106 | PL | | Paint stl. angle at window P-2. |
| G109 | 19 | | Relocated fixture switches on north wall to comply with Detail 4/AE330, RFI 162, SKA37. |
| G109 | 23 | | Relocate AC1 and AC2 drip pan drain lines to G112 Janitor Closet. |
| G109 | PL | | Patch and repaint GWB at east wall above water tank. |
| G109 | 19 | | Installation of corrugated duct cladding sheet metal corners is oil canning. Remediate as req. |
| G109 | 23 | | Install bonding plate for lightening protection at column base and repaint as required. Remove excess downleads, cut flush with slab. |
| G109 | 23 | | Remove door G109A and add VR-2 to jamb and head conditions. |
| G109 | PL | 6 | Patch and repair damaged concrete at hose bib. |
| G109 | PL | 9 | GWB under grill at southeast corner has water damage. NAI to replace all GWB damaged by water tank leak. NAI to remove all concrete on F-8 floor finish and repair as required. |
| G109 | PL | 5 | Door G109A installation non-conforming. Space between leaves exceeds maximum distance. Install silencer, seal, and sweep per lockset 6.2. |
| G110 | 19 | | Repair Epic deck where puddle welds have resulted in the galvanization to be burned. |
| G110 | PL | 7 | Remove all useless uni-strut from GA/G2 and GA/G3 column flange. Repair and repaint as required. |
| G110 | 19 | | Sand, re-prime and repaint column GA/G3. |
| G110 | 19 | | Install rubber cove base on north wall per AE900 finish schedule. |
| G113 | 19 | | Repair Epic deck where puddle welds have resulted in the galvanization to be burned. |
| G113 | 24 | | Repair damaged duct at top of Fire Tank in G113 Pump House. |

| | | | |
|---|---|---|---|
| G113 | 24 | | Replace st.stl. plates with correct size at door G113A. |

**EXTERIOR**

| Location | SV R #: | FIG. #: | ACTION: |
|---|---|---|---|
| E | 21 | | Replace painted metal plate at northeast corner that does not conform to detail 3/AE804, where plate thickness is 10mm. |
| E | 20 | | CW-A curtain wall jam details not per Contract Documents. Site condition: 50mm gap between conc. wall and ptd. mtl. plate. Per Detail 10/AE802 9mm gap required. Site condition: VR-2 and FL-1 not installed. NAI to proposed remedial action for Architect review. |
| E | PL | 8 | Extend ptd. mtl plate to coordinate w/ roof per Contract Documents. Ptd. mtl. plate width to match roof eave, remove excess plate in front of mullion. |
| E,W | 20 | | Repair arch conc kneewall at northeast / northwest corner to create a weather seal as required per detail 1/AE406. |
| E,W | 15,20, 24 | | Replace CW-B polycarbonate corners at north elevation w/ Extech approved alum corner extrusion and per approved benchmark.<br>NAI failed to complete benchmark of northeast corner per AE440 agreement and Specification 08990-1.4E. Corner installation does not meet M-Bldg bench-mark requirements.<br>Northwest and north east corner sill extrusion not per submittal 08990-003-003. Alum. extrusion corner conditions do not match. Alum. extrusions damaged. Polycarbonate corner angle trim non-conforming. Polycarbonate corner angle trim cut wavy and uneven. Dirt and debris is located under the polycarbonate corner angles. NAI to replace polycarbonate corner angle trim when installing approved Extech corner alum extrusion. |
| E,W | 20 | | J-Bead not painted to match corrugated mtl. paneling. NAI to paint J-Bead to match corrugated mtl. paneling prior to installation. |
| E,W,N | 20 | | CW-B curtain wall sill at Arch. Conc. Wall not per Contract Documents. Sloped conc. topping slab not installed under FL-1. and ptd. stl. plate not installed. NAI to reference Detail 1/AE804. |
| E,S,W | PL | | Ptd. mtl. fascia cap installation non-conforming, wavy and oil canning. NAI to verify mtl. facia cap is 20 gauge per detail 5/AE421. NAI to remediate as required. |
| N | 20 | | Detail 1/AE704 at CW-A and G110B door not installed per Contract Documents. Glass mat gypsum, VR-2, and FL-1 not installed. Ptd. mtl. plate too short. |
| N | 20 | | Ptd. Stl. Plate at CL G3 needs to extend to meet the corner plate. |
| N | 20 | | Ptd. Stl. Plate under eave is rusting on northeast exterior wall corner. |
| N | 20, PL | 2 | Ptd. mtl. plate cladding at CW-B and door G109A warped due to concrete fasteners. NAI to provide hi-impact plastic shims at fastener locations per Detail 3/AE407. Remove caulk. |

| | | | |
|---|---|---|---|
| N | 20 | | Security Camera G101 to be pendant mount from soffit above door G109A per submittal 13700-001-002. Security Camera G101 to be positioned between mechanical plenums attached to perforated mtl. plate soffit and at an elevation of 3.810M. NAI to relocate electrical scope and repair ptd. mtl. panel cladding. |
| N | PL | 1 | SOU fixture at door G110A not recessed into final grade elevation per Contract Documents. |
| N | PL | 3 | Paint perforated mtl ceiling soffit at door G109A per detail 6/AE421. |

Smith-Miller + Hawkinson Architects LLP | 305 Canal Street New York NY 10013 USA | T 212 966 3875 / F 212 966 3877 | www.smharch.com

SMH+

# M-Bldg Punch List

| | | | |
|---|---|---|---|
| PROJECT: | 0212 US Land Port of Entry, Massena New York | JOB #: | 0212 |
| TO: | Pascal Jeambon<br>General Services Administration<br>26 Federal Plaza, Rm. 1641<br>New York, NY 10278<br>(212) 264-9486 | CC: | Andrew Morley<br>Rico Liu |
| FROM: | Sean Gallagher | | |
| OBSERVATION DATES: | May 12th – 14th \| 2009 | | |
| DATE ISSUED: | May 18th \| 2009 | | |

## GENERAL NOTES

Note:
- SMH+ Partial Punch List does not include all scopes of work as construction was not complete at time of observation.
- SMH+ Partial Punch List does not supersede observations defined in Gilbane, GSA, or CBP Punch Lists.

Review Excluding:
- Installation of vestibule ceilings incomplete. SMH+ to punch upon completion.
- Installation of storefront M17, M27, M13, M7 incomplete. SMH+ to punch upon completion.
- Installation of commercial and passenger lobby cabinetry incomplete. SMH+ to punch upon completion.
- Installation of stainless steel soffit at building perimeter incomplete. SMH+ to punch upon completion.
- Installation of CMU expansion joint caulking behind fin tube radiators incomplete. SMH+ to punch upon completion.
- Installation of E1 movable partition incomplete. SMH+ to punch upon completion.
- NAI to clean entire building. SMH+ to punch upon completion.

All Locations:
- Clean entire clerestory shelf of mortar debris.
- Clean all floor drains and supply fasteners. (Fig. 22)
- Clean all light fixtures.
- Remove construction tape from all glazing. (Fig. 23, 28)
- Paint red fire stopping material to match application.
- S-1 missing at all clerestories that meet partition walls.
- Grind all sharp alum and st.stl. plate edges.
- Install handcuff rings at all detention cells.
- Clean rust at toilets in all detention cells.

## 1st FLOOR

| ROOM NO. | SV R #: | FIG. #: | ACTION: |
|---|---|---|---|
| M101 | PL | | Install trench grate. |
| M105 | 19,22 | | Remove excess sealant from where the columns meet terrazzo. Sealant to not exceed 6mm. |

| | | | |
|---|---|---|---|
| M107 | 16 | | Relocate horizontal plumbing run along painted soffit to concealed space above RCP or paint pipe P-2. |
| M109 | 19 | | Install escutcheon plates at wall penetrations. |
| M109 | 19 | | Install closure plate per detail 10/AE421. |
| M109 | 19 | | Replace aluminum trench grates to fit rough opening per detail 3/AE803 |
| M109 | 18 | | Install security camera centered on truss box. Conceal j-box and conduit behind per submittal 13700-001-002-RL |
| M109 | 5 | | Replace damaged polycarbonate panel. |
| M109 | PL | | Refinish floor at column B0 |
| M111 | PL | | Install cove base at east and west walls. |
| M111 | PL | | Install M7 storefront. |
| M112 | 20 | 19 | Paint steel plate which conceals conduit P-2. |
| M112 | PL | | Repair GWB. |
| M112 | PL | | Install white caulk at back splash only. |
| M113 | PL | | Install security caulk. |
| M114 | PL | | Repaint damaged areas. |
| M116 | PL | | Repair wall integral cove base at sink location |
| M116A | 21 | | Repair GWB at sprinkler line and install escutcheon plate. |
| M117 | 19 | | Paint red fire stopping material to match application where applicable |
| M120 | 19 | | Install F-1 behind columns. |
| M120 | PL | | Install brush alum. walker duct cover plates. |
| M120 | 11 | | Repair, prime, and paint columns A4 and A3. |
| M122 | PL | | Remove all green markings on walls. |
| M121 | PL | | Refinish CMU and paint at column A5 |
| M122 | PL | | Install fin tube covers. |

| | | | |
|---|---|---|---|
| M124 | 19 | | Repair aluminum plates at window M2-WA. |
| M124 | PL | | Install gaskets and caulk in glazing |
| M124 | PL | | Clean and seal CMU wall. |
| M125 | 19 | | Repair aluminum plates at window M2-WA. |
| M126 | PL | 34 | Tighten railing bolts, paint steel stringer and GWB around railing plate. |
| M126 | PL | | Center SFP fixture on east wall w/ fire alarm. |
| M128 | PL | 39 | Clean CMU and reseal at damaged locations. Install grout where missing under sill. |
| M128 | 19 | | Install escutcheon plates at sprinkler line wall penetration and paint line P-2. |
| M132 | PL | | Relocate fire extinguisher to allow for fridge installation. |
| M134 | PL | | Replace unisex rm. sign with women 2.3 signage |
| M134 | 24 | | Clean and paint support steel P-2 at vanity. |
| M135 | PL | | Replace unisex rm. sign with men 2.3 signage |
| M135 | 24 | | Clean and paint support steel P-2 at vanity. |
| M135 | PL | 27 | Repair tile around wall mount equipment. |
| M140 | PL | 20 | Repair GWB on west wall. |
| M143 | 19 | | Install escutcheon plates at wall penetrations. |
| M144 | 19 | | Exposed Ducts to be properly finished with no visible inconsistencies in sealant. |
| M144 | 19 | | Install closer plate detail 10/AE421 at dormers. |
| M145 | 19 | | Stl. plate to overlap CMU at doors M145B-E |
| M145 | 19 | | Install escutcheon plates at wall penetrations. |
| M145 | PL | 18 | Straighten light fixture SH/MH. |
| M147 | 19 | | S.FS fixtures to be tight to wall surface. |
| M153 | PL | 21 | Install security caulking. |

| | | | |
|---|---|---|---|
| M156 | PL | | Install security screws. |
| M161 | 23 | | Replace security rack that meets the size req. of UPS port eq. |
| M167 | PL | | Fasteners in door M167A threshold, caulk wall penetration, and supply door M167B sweep. |
| M168 | PL | | Install fin tube covering. |
| M169 | PL | | Install fin tube covering. |
| M171 | 19,22 | | Remove excess sealant from where the columns meet terrazzo. Sealant to not exceed 6mm. |
| M171 | 19,24 | | Repair, prime, and paint columns A11, B10, C10, D11, D10, and C1 that are rusting. |
| M171 | 21 | | Clean polycarbonate corner which contains excessive debris in silicon joint. |
| M173 | 19 | | Conceal conduit installed over GWB on northwest wall. |
| M174 | 19 | | Remove all factory installed signage not called out on AG100. |
| M174 | PL | | Install fascia closure plate. |
| M174 | PL | | Vestibule lid not per Detail 12/AE501. Install alum angle cap at vestibule lid to provide finished appearance. |
| M174 | PL | 25 | Remove and replace fire pull station per Detail 4/AE431. |
| M176 | 23 | | Replace damaged perf. alum. panel and angles at Observation Platform railing. |
| M176 | 21 | | Remediate or paint CMU wall type B ground face block at lobby southwest wall, which currently does not match detail E4/AE310. |
| M177 | PL | | Install W-8 on west wall per Contract Documents. |
| M177 | PL | | Install fascia closure plate |
| M177 | 18 | | Move lightening protection down lead to bottom of column and paint P-2. |
| M182 | PL | 36 | Clean and grind st.stl. plates at window M9. |

2ND FLOOR

| ROOM NO. | SV R #: | FIG. #: | ACTION: |
|---|---|---|---|
| M202 | 19 | | S.FS fixtures to be tight to wall surface. |

Smith-Miller + Hawkinson Architects LLP | 305 Canal Street New York NY 10013 USA | T 212 966 3875 / F 212 966 3877 | www.smharch.com

| | | | |
|---|---|---|---|
| M202 | PL | | Paint all sprinklers below duct P-2. |
| M202 | 19 | | Install escutcheon plates at wall penetrations. |
| M202 | 15 | | Exposed conduit in second floor corridor to move tight to sprinkler line and utilize 90 deg pull elbow where exposed to view . |
| M203 | 19 | | Caulk opening at column and tile. |
| M204 | 24 | | Install tiles and control joints at base of walls. |
| M204 | 24 | | Clean and paint support steel P-2 at vanity. |
| M204 | PL | | South wall mirror missing. |
| M204 | PL | | Install hair dryers. |
| M204 | PL | | Repair edges, clean, and repaint light cove. |
| M204 | PL | | Repair tile around outlets. |
| M205 | PL | | East wall mirrors missing and provide floor door stop at door M206A. |
| M206 | 20 | | Raise B.O. elev. of SFG light fixture per Detail E2B/AE312. |
| M206 | PL | 29 | Install fin tube covers |
| M207 | 24 | | Clean and paint support steel P-2 at vanity. |
| M207 | PL | 12 | Repair hole in east tile wall. |
| M207 | PL | | Repair edges, clean, and repaint light cove. |
| M208 | 19 | 31 | Install fin tube cover. Cover to match on both sides of column. |
| M208 | PL | | Tighten lights to ceiling and CMU caulk missing. |
| M208 | 20 | 30 | Install st.stl. knee guard under sink. |
| M209 | 19 | | Base cove disengaging itself from the wall. |
| M209 | 19 | | Sand, prime, and repaint column A6. |
| M209 | PL | | Install rubber cove base at west wall. |
| M209 | 24 | | Install brushed alum floor outlet cover plates. |

| | | | |
|---|---|---|---|
| M210 | PL | 13 | Replace damaged ceiling tile |
| M210 | PL | | Install rubber cove base at east wall. |
| M210 | PL | | Replace clerestory at east wall per detail 4/AE341. |
| M212 | 24 | | M23 window alum plate rusting. |
| M213 | PL | 14 | Install rubber cove base at west wall. |
| M214 | PL | | Provide fin tube cover plate at east wall. |
| M214 | 24 | | Repair finish surface of rusting alum plates at window M14-WA. |
| M214 | PL | | Provide fin tube cover over plumbing line. |
| M218 | 19 | | Provide escutcheon plates for sprinkler line. |
| M221 | PL | | Provide caulking and remove paint from light switch. |
| M222 | PL | 17 | Paint and caulk partition wall behind store front M24WC |
| M225 | 24 | | Repair laminate on cabinetry. |
| M225 | 20,22 | | Replace grey diffusers w/ white diffusers. |
| M230 | PL | 32 | Clean and seal conc. floor. |
| M230 | PL | | Attachment plates not bolted. |
| M231 | 24 | | Provide alum cover plates for floor boxes. |
| M232 | 19 | | Fill, prime, and paint drilled erection holes in exposed column. |
| M232 | 24 | | Add required hardwood strip at south east corner of GWB wall in M232 File Storage Room. |
| M232 | PL | 33 | Install fin tube cover |
| M236 | PL | 15,16 | Lower M236G cabinetry to req. height and match M236A. |

**EXTERIOR**

| Location | SV R #: | FIG. #: | ACTION: |
|---|---|---|---|
| ROOF | 11 | | Paint centrifugal fans metallic or white. |
| ROOF | 19 | | Replace ill fitting roof drain grates and install mesh at all locations. |
| E,W | PL | 4 | CW-A curtain wall corner mullion caulking inconsistent. |
| E | PL | 7 | Stainless Steel Soffit missing at canopy intersection. |
| E | PL | 8 | Remove temporary steel and add continuous angle per detail 19/AE501 & 4/AE500 and sand, prime, repaint M174 Canopy. |
| S,E | PL | 5 | CW-A curtain wall replace damaged IGU units. |
| S | 11 PL | 1 | Repair or replace alum plates at M1 window. Repair mortar and caulk. |
| S | 24 | | Add continuous angle per detail 19/AE501 & 4/AE500 and sand, prime, repaint M177 canopy. |
| S | PL | | Repair rust locations at galvanized railings along loading dock. |
| N | 20, 24 | | Install cleat, cushion strip, VR-2, and FL-1 at window M13-WA. (SR #24, 20) |
| NE | PL | 9 | Align CW-A mullion at corner. |
| N | PL | 10 | Stainless steel soffit not aligned. |
| N | 11 | | Repair or replace alum plates at M14 w/ extra screw holes and clean and refinish all plates. |
| N | 19 | | Install stainless steel at corners at 90 degrees. |
| N | 19 | | Install FL-1 at window M2 |
| E,W,N,S | PL | | Reinstall FL-2 or Seal and adhere FL-2 to concrete properly and remove grout from st.stl flashing at base of building. |
| E,W,S,N | PL | 2,6 | CW-A curtain wall replace damaged and missing mullion caps. |
| E,W,S,N | PL | 3,11 | CW-A curtain wall missing caulking at CMU wall. |

Figure 1



Figure 2



Figure 3



Figure 4



Figure 5



Figure 6



Figure 7



Figure 8



Figure 9



Figure 10



Figure 11



Figure 12



Figure 13



Figure 14



Figure 15



Figure 16



Figure 17



Figure 18



Figure 19



Figure 20



Figure 21



Figure 22



Figure 23



Figure 26



Figure 27



Figure 28



Figure 29



Figure 30



Figure 31



Figure 32



Figure 33



Figure 35



Figure 38



Figure 39



# EXHIBIT C

# CERTIFICATE OF OCCUPANCY

**1. CERTIFICATE NUMBER**
F - Massena - 01

| **2. PROPERTY NAME** | **3. PROPERTY ADDRESS** | **4. CITY, STATE, ZIP CODE** |
|---|---|---|
| Massena LPOE | Rte.37 and Seaway Bridge | New York |

| **5. GSA PROJECT MANAGER** | **6. SPECIFIC AREA OF BUILDING FOR THIS CERTIFICATE** |
|---|---|
| Pascal Jeambon | All new buildings, structures and facilities within the project scope:M, G, S, N |
| **7. APPROVED USES** | **8. PREVIOUS USES** |
| Mixed Use [Business- B, Storage S-1] | n/a, same |
| **9. APPROVED OCCUPANCIES** | **10. PREVIOUS OCCUPANCIES** |
| Mixed Use [Business- B, Storage S-1] | n/a, same |

| **11. TYPE:** (Check One) | **12. OCCUPIED AREA** | **13. DESIGN OCCUPANT LOAD** |
|---|---|---|
| New Construction ☒<br>Renovation ☐<br>Change of Occupancy ☐ | Varies/building specific | Varies/building specific |

| **14. SPRINKLERS REQUIRED?** | **15. SPRINKLERS INSTALLED?** | **16. BUILDING CODE NAME AND EDITION** | **17. TYPE OF CONSTRUCTION** |
|---|---|---|---|
| Yes ☒<br>No ☐ | Yes ☒<br>No ☐ | IBC-2003 | Varies, Type II and III |

**18. DESCRIPTION OF USE**

US LPOE typical export/import and passenger/tourist business activities: inspections, storage, offices, cargo processing, shipment control, brokerage, garages, vet. services, border patrol, law enforcement, etc.

**19. SPECIAL STIPULATIONS OR CODE MODIFICATIONS**

SPRINKLERS ARE INSTALLED IN MAIN, SECONDARY GARAGE AND MAINTENANCE GARAGE.

This certificate ensures that all fire protection and life safety systems have been completed, inspected, successfully tested and approved for the specific area of the building specified above to provide a reasonable degree of safety to the occupants from fire and similar emergencies.

| **20. NAME OF GSA APPROVING OFFICIAL** | **21. SIGNATURE** | **22. DATE** |
|---|---|---|
| Arkady Okun, P.E.<br>Regional Fire Protection Engineer | Arkady Okun | 07/21/2009 |

**THIS CERTIFICATE IS VALID ONLY FOR THE PREMISES OF THE PROJECT ADDRESS**

STATE OF NEW YORK
SUPREME COURT COUNTY OF ST. LAWRENCE

SHERYL THOMPSON, Individually and as administrator of the ESTATE OF ASPEN ROBERTSON; and FRANK ROBERTSON, Individually and as administrator of the ESTATE OF ASPEN ROBERTSON; and the ESTATE OF ASPEN ROBERTSON,

PLAINTIFFS,

V.

UNITED STATES OF AMERICA; UNITED STATES CUSTOMS AND BORDER PROTECTION; UNITED STATES DEPARTMENT OF TRANSPORTATION; STATE OF NEW YORK; NEW YORK STATE DEPARTMENT OF TRANSPORTATION; COUNTY OF ST. LAWRENCE; TOWN OF MASSENA; GILBANE BUILDING COMPANY OF NEW YORK; SMITH-MILLER + HAWKINSON ARCHITECTS LLP; NORTHLAND ASSOCIATES, INC.; RIFENBURG CONSTRUCTION INC.; GREAT LAKES ST. LAWRENCE SEAWAY DEVELOPMENT CORP.; ABIDE INTERNATIONAL INC.; ABIDE-KASHIA JV2 LLC; ABIDE-KASHIA JV3 LLC; ABIDE-KASHIA JV4 LLC; AND JOHN DOES 1-10,

DEFENDANTS.

**INDEX NO. EFCV-24-166762**

**HON. MARY M. FARLEY, J.S.C.**

# MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT SMITH-MILLER + HAWKINSON ARCHITECTS, LLP'S MOTION TO DISMISS THE FIRST AMENDED COMPLAINT

October 24, 2024

**HARTER SECREST & EMERY LLP**
Peter H. Abdella, Esq.
Christina M. Deats, Esq.
Katherine E. Rahmlow, Esq.
*Attorneys for Defendant*
*Smith-Miller + Hawkinson Architects LLP*
1600 Bausch & Lomb Place
Rochester, New York 14604
(585) 232-6500

**TABLE OF CONTENTS**

PAGE

TABLE OF AUTHORITIES ........ ii

PRELIMINARY STATEMENT ........ 1

STATEMENT OF FACTS ........ 2

ARGUMENT ........ 2

POINT I PLAINTIFFS FAILED TO SERVE SM + H WITH A N.Y. C.P.L.R. § 214-D NOTICE OF CLAIM PRIOR TO COMMENCING THIS ACTION AND THUS THE FIRST AMENDED COMPLAINT MUST BE DISMISSED PURSUANT TO N.Y. C.P.L.R. 3211(A)(5) AND (7) ........ 2

POINT II PLAINTIFFS' CAUSE OF ACTION AGAINST SM + H FAILS UNDER N.Y. C.P.L.R. 3211(H) ........ 5

CONCLUSION ........ 7

CERTIFICATE OF COMPLIANCE ........ 8

# TABLE OF AUTHORITIES

PAGE(S)

## CASES

*Belunes v. Minskoff Grant Realty & Mgmt. Corp.*,
278 A.D.2d 143 (1st Dep't 2000) ....3

*Castle Vill. Owners Corp. v. Greater New York Mut. Ins. Co.*,
58 A.D.3d 178 (1st Dep't 2008) ....6

*Dorst v. Eggers P'ship*,
265 A.D.2d 294 (2d Dep't 1999) ....3, 4

*Golby v. N & P Eng'rs & Land Surveyor, PLLC*,
185 A.D.3d 792 (2d Dep't 2020) ....5, 6

*Kenny v. Turner Const. Co.*,
107 A.D.3d 412 (1st Dep't 2013) ....6

*Kretschmann v. Bd of Educ. of Corning Painted Post Sch. Dist.*,
184 Misc. 2d 535 (Sup. Ct. Steuben Co. Apr. 11, 2000) ....4

*Kretschmann v. Bd. of Educ. of Corning Painted Post Sch. Dist.*,
294 A.D.2d 39 (4th Dep't 2002) ....4

*Maloney v. McFarland Johnson, Inc.*,
No. 04-CV-0750E(Sc), 2006 WL 2135788 (W.D.N.Y. July 28, 2006) ....5

*Morris v. Attia*,
7 Misc. 3d 1001(A) (Sup. Ct. N.Y. Co. Mar. 15, 2005) ....4

*Richards v. Passarelli*,
69 A.D.3d 601 (2d Dep't 2010) ....3

*Rogan v. Sear-Brown Grp.*,
183 Misc.2d 364 (Sup. Ct. Monroe Co. 2000) ....3

*Schmitt v. Spector*,
129 A.D.3d 1052 (2d Dep't 2015) ....6

## STATUTES

28 U.S.C. § 1346(b)(1) ....1

Alexander, Practice Commentaries, McKinney's Cons. Laws of N.Y., Book 7B ....6

N.Y. C.P.L.R. § 214-d ........ *passim*

N.Y. C.P.L.R. § 214-d(1) ........ 3, 4, 5

N.Y. C.P.L.R. § 214-d(2) ........ 4, 5

N.Y. C.P.L.R. § 214-d(7) ........ 3

N.Y. C.P.L.R. 3211(a)(5) ........ 1, 2

N.Y. C.P.L.R. 3211(a)(7) ........ 1, 2, 5

N.Y. C.P.L.R. 3211(h) ........ 1, 5, 6

N.Y. Estates, Powers & Trusts Law § 5-4.1 ........ 4

Defendant Smith-Miller + Hawkinson Architects, LLP ("SM + H"), by and through its undersigned counsel, respectfully submits this Memorandum of Law in Support of SM + H's Motion to Dismiss Plaintiffs' First Amended Complaint in its entirety and with prejudice, pursuant to N.Y. C.P.L.R. § 214-d, 3211(a)(5) and (7), and 3211(h).[1]

## PRELIMINARY STATEMENT

Plaintiffs Sheryl Thompson and Frank Robertson, individually and as administrators of the Estate of Aspen Robertson (the "decedent"), and the Estate of Aspen Robertson (collectively, "Plaintiffs") filed this action in New York State Supreme Court on September 18, 2024, alleging negligence of multiple Defendants, including SM + H, and seeking monetary damages. (*See* Affirmation of Christina M. Deats, Esq., dated October 24, 2024 ("Deats 10/24/24 Aff.") Ex. A.)

Days later, on September 23, 2024, Plaintiffs filed an almost identical action in the United States District Court of the Northern District of New York, Case Number 8:24-cv-1163 (GTS/DJS), alleging the same claim against those same Defendants, while asserting federal jurisdiction under 28 U.S.C. § 1346(b)(1).[2] (*See id.* Ex. C.) Also on September 23, 2024, Plaintiffs filed a Summons with First Amended Complaint, alleging one cause of action for wrongful death, seeking monetary damages, and demanding a trial by jury as to all issues of fact and damages set forth in the First Amended Complaint. (*See id.* Ex. B.) Plaintiffs generally allege that Defendants designed, installed, operated, controlled, supervised, maintained, located, repaired and/or otherwise kept a traffic control gate at the location of a motor vehicle accident on September 24, 2022. (*See id.* ¶¶ 21-25.)

[1] SM + H reserves all rights to raise additional defenses and to file an answer within 30 days of this Court's decision if SM + H is not dismissed from the action.
[2] Plaintiffs did not include John Does 1-10 in the federal court action.

The present suit is a belated attempt by Plaintiffs to assert a wrongful death claim against SM + H. Accordingly, SM + H now moves to dismiss the First Amended Complaint and this proceeding in its entirety and with prejudice because Plaintiffs' claim is time-barred and fails to state a cause of action.

## STATEMENT OF FACTS

SM + H, a partnership practicing architecture with a primary office address in the State of New York, entered into a contract to perform work for the New U.S. Land Port of Entry at Massena, New York ("LPOE Project"), dated March 7, 2005. (*See* Affidavit of Henry Smith-Miller, RA, sworn to October 24, 2024 ("Smith-Miller 10/24/24 Aff.") ¶¶ 1, 7.) The U.S. Government issued notice of Substantial Completion as of April 28, 2009, the Final Certificate of Occupancy was signed on July 21, 2009, and the U.S. Government made final payment to SM + H in April 2010. (*See id.* ¶¶ 7-10.) SM + H completed its contractual obligations with regard to the LPOE Project more than 10 years before the alleged date of death of the decedent on September 24, 2022 (*see* Deats 10/24/24 Aff. Ex. B ¶ 21) and the date of Plaintiffs' claim set forth in the original Complaint, filed on September 18, 2024 (*see id.* Ex. A.)

## ARGUMENT

### POINT I

### PLAINTIFFS FAILED TO SERVE SM + H WITH A N.Y. C.P.L.R. § 214-D NOTICE OF CLAIM PRIOR TO COMMENCING THIS ACTION AND THUS THE FIRST AMENDED COMPLAINT MUST BE DISMISSED PURSUANT TO N.Y. C.P.L.R. 3211(A)(5) AND (7)

Before initiating a wrongful death cause of action against a licensed architect, or a limited liability partnership practicing architecture such as SM + H, more than ten years after the LPOE Project was substantially completed, Plaintiffs were required to provide SM + H with a written notice of claim at least ninety days prior. Plaintiffs failed to do so here. Their omission plainly

requires dismissal of the cause of action against SM + H as both untimely and failing to state a cause of action.

C.P.L.R. § 214-d applies to firms lawfully practicing architecture (referred to generally herein as a "licensed architect"), engineering, land surveying, or landscape architecture in New York. *See* N.Y. C.P.L.R. § 214-d(7). According to C.P.L.R. § 214-d(1), the licensed architect must be given written notice that identifies its "professional performance, conduct or omission . . . occurring more than ten years prior to the date of such claim"[3] that makes it liable for wrongful death and a request for general and special damages. *Id.* § 214-d(1). The ten-year period starts "at the completion of the professional relationship," and is usually calculated when the final payment certificate is issued. *See Richards v. Passarelli*, 69 A.D.3d 601, 602 (2d Dep't 2010) (explaining that "[t]he completion of an architect's obligations must be viewed in light of the particular circumstances of the case"); *Belunes v. Minskoff Grant Realty & Mgmt. Corp.*, 278 A.D.2d 143, 144 (1st Dep't 2000).

The plaintiff must serve the notice of claim on the licensed architect under the same procedures required for personal service upon a partnership, professional corporation, or limited liability company. *See* C.P.L.R. § 214-d(1). Furthermore, the notice of claim and proof of service must be filed with the court where an action may be commenced arising out of the

[3] Courts have interpreted the definition of "the date of such claim" differently since the statutory language is ambiguous. Some courts interpret the "date of such claim" as the date that the plaintiff commenced legal action, whereas other courts measure the date as the date of plaintiff's injury. *Compare Rogan v. Sear-Brown Grp.*, 183 Misc.2d 364, 365 (Sup. Ct. Monroe Co. 2000) (finding that action was commenced more than 10 years beyond any negligent act committed by a licensed architect or engineer) with *Belunes v. Minskoff Grant Realty & Mgmt. Corp.*, 278 A.D.2d 143, 144 (1st Dep't 2000) ("It is well settled that a personal injury action against a design professional by a party who did not retain the architect accrues on the date of injury") and *Dorst v. Eggers P'ship*, 265 A.D.2d 294, 295 (2d Dep't 1999) (granting dismissal where service of notice of claim was condition precedent to commencing action for negligent professional conduct when "[t]he conduct is alleged to have occurred more than 10 years prior to the date the plaintiff's causes of action accrued"). Here, the distinction is immaterial because under either definition, more than ten years had passed since SM + H completed its professional relationship on the LPOE Project.

alleged conduct within thirty days of service of the notice. *See id.* A plaintiff must represent that it fully complied with this notice provision when it files a complaint against a licensed architect. *See id.* § 214-d(2); *Kretschmann v. Bd. of Educ. of Corning Painted Post Sch. Dist.*, 294 A.D.2d 39, 41 (4th Dep't 2002) ("compliance with [C.P.L.R. § 214-d(1)] is a condition precedent to commencement of an action, and such compliance must be pleaded in an action for personal injuries against an architectural firm"). Section 214-d was created to provide "an expedited procedural device to quickly dispose of cases brought against a design professional more than ten years after completion that lack[] a basis in substantial evidence." *Morris v. Attia*, 7 Misc. 3d 1001(A), at *5 (Sup. Ct. N.Y. Co. Mar. 15, 2005) (quoting C.P.L.R. § 214-d Commentary and Legis. Memorandum, 1997). Courts routinely dismiss causes of action against a licensed architect when a plaintiff fails to fully comply with C.P.L.R. § 214-d. *See, e.g.*, *Dorst v. Eggers P'ship*, 265 A.D.2d 294, 295 (2d Dep't 1999) (affirming lower court's dismissal of cause of action against defendants not served under C.P.L.R. § 214-d); *Kretschmann v. Bd of Educ. of Corning Painted Post Sch. Dist.*, 184 Misc. 2d 535, 537 (Sup. Ct. Steuben Co. Apr. 11, 2000) (same).

Plaintiffs' wrongful death cause of action[4] against SM + H is subject to C.P.L.R. § 214-d because SM + H is a partnership practicing architecture in New York. (*See* Smith-Miller 10/24/24 Aff. ¶ 1.) Notice of Substantial Completion of the LPOE Project was issued as of April 28, 2009, the Certificate of Occupancy was signed on July 21, 2009, and the U.S. Government made final payment to SM + H in April 2010. (*See id.* ¶¶ 7-9.) By any measure, all three of these events occurred more than ten years before the date of decedent's death on

[4] Wrongful death suits must be filed within two years of the date of death of the decedent. *See* N.Y. Estates, Powers & Trusts Law § 5-4.1. Given the timing of Plaintiffs' filing of the Complaint, Plaintiffs' failure to serve the notice of claim is a fatal defect to both this action and the nearly identical action in the Northern District of New York.

September 24, 2022 (*see* Deats 10/24/24 Aff. Ex. B, ¶ 21) and the filing of the instant action on September 18, 2024 (*see id.* ¶ Ex. A.) Critically, Plaintiffs have not represented in their First Amended Complaint that they fully complied with C.P.L.R. § 214-d, as is required. (*See* C.P.L.R. § 214-d(2); *see also* Deats 10/24/24 Aff. ¶ 9.) On that basis alone, the Court should dismiss the complaint against SM + H. *See Maloney v. McFarland Johnson, Inc.*, No. 04-CV-0750E(Sc), 2006 WL 2135788, at *9 n.12 (W.D.N.Y. July 28, 2006) (noting that the court would have dismissed complaint against New York corporation for failure to assert compliance with C.P.L.R. § 214-d had defendant moved accordingly). Moreover, Plaintiffs did not properly serve a notice of claim that complies with C.P.L.R. § 214-d(1), nor have they filed proof of the same with this Court. (*See* Smith-Miller 10/24/24 Aff. ¶ 10.) Because Plaintiffs have failed to satisfy the written notice condition precedent for bringing a cause of action against a partnership practicing architecture covered under C.P.L.R. § 214-d, SM + H must be dismissed from this action.

**POINT II**

**PLAINTIFFS' CAUSE OF ACTION AGAINST SM + H FAILS UNDER N.Y. C.P.L.R. 3211(H)**

Even if Plaintiffs' wrongful death suit against SM + H did not fail based on lack of compliance with C.P.L.R. § 214-d, which it does, Plaintiffs' cause of action should also be dismissed under the heightened pleading standard under C.P.L.R. 3211(h) and thus under C.P.L.R. 3211(a)(7). Under C.P.L.R. 3211(h), a licensed architect moving for dismissal under C.P.L.R. § 214-d shall prevail "unless the party responding to the motion demonstrates that a substantial basis in law exists to believe that the performance, conduct or omission complained of [a licensed architect] . . . was negligent and . . . a proximate cause of personal injury . . . complained of by the claimant." *Golby v. N & P Eng'rs & Land Surveyor, PLLC*, 185 A.D.3d 792, (2d Dep't 2020) (quoting C.P.L.R. 3211(h)). The statute creates a heightened pleading

standard that requires the court to "determine whether the claim alleged is supported by such relevant proof as a reasonable mind may accept as adequate to support a conclusion or ultimate fact." *Id.* (quoting *Schmitt v. Spector*, 129 A.D.3d 1052, 1052 (2d Dep't 2015)); *see Kenny v. Turner Const. Co.*, 107 A.D.3d 412, 413 (1st Dep't 2013) (same). In analyzing a complaint's sufficiency under CPLR 3211(h), a court must look beyond the pleadings to decide whether a plaintiff has offered relevant proof to support their allegations. *Castle Vill. Owners Corp. v. Greater New York Mut. Ins. Co.*, 58 A.D.3d 178, 183 (1st Dep't 2008). "[A] fair inference to be drawn from the legislative history is that CPLR 3211(h) was intended to heighten the court's scrutiny of the complaint and thereby make it easier to dismiss a CPLR 214-d action than other types of negligence actions." *Id.* (quoting Alexander, Practice Commentaries, McKinney's Cons. Laws of N.Y., Book 7B, CPLR 214–d, at 460).

Plaintiffs have clearly failed to offer any basis--let alone a substantial basis--that would allow a factfinder to believe that SM + H's performance was negligent and a proximate cause of the wrongful death of the decedent. The sum of Plaintiffs' specific allegations against SM + H are as follows: "[SM + H] is a limited liability partnership organized and existing under the laws of the State of New York with a principal place of business located at 305 Canal Street, New York, NY 10013." (*See* Deats 10/24/24 Aff. Ex. B ¶ 11.) Plaintiffs' pleading is devoid of any facts or evidence about SM + H's role in the LPOE Project, other than the general allegations that it levied against the sixteen entities and ten John Does named as defendants in this action. (*Id.* at ¶¶ 30-32.) The heightened pleading requirement under C.P.L.R. 3211(h) is intended to protect firms practicing architecture such as SM + H from lawsuits such as the instant action, in which Plaintiffs have made no effort to offer a substantial basis in law to believe that this specific Defendant was negligent and a proximate cause of the decedent's death.

## CONCLUSION

For the reasons set forth above, SM + H respectfully requests that the Court: (i) grant SM + H's motion to dismiss in its entirety and with prejudice, as sought herein; and (ii) grant SM + H such other and further relief as the Court deems just, equitable, and proper.

Dated: Rochester, New York
October 24, 2024

**HARTER SECREST & EMERY LLP**

By: Christina M. Deats

Peter H. Abdella, Esq.
Christina M. Deats, Esq.
Katherine E. Rahmlow, Esq.
*Attorneys for Defendant*
*Smith-Miller + Hawkinson Architects LLP*
1600 Bausch & Lomb Place
Rochester, New York 14604
(585) 232-6500
pabdella@hselaw.com
cdeats@hselaw.com
krahmlow@hselaw.com

## CERTIFICATE OF COMPLIANCE

**I HEREBY CERTIFY** that this document complies with the word count limit pursuant to 22 N.Y.C.R.R. 202.8-b because it contains 1,867 words, excluding the parts of the document exempted by said Rule.

Dated: Rochester, New York
October 24, 2024

**HARTER SECREST & EMERY LLP**

By: Christina M. Deats
Christina M. Deats, Esq.

**EFCV-24-166762 -** St. Lawrence County Supreme Court

**October 25, 2024**

**Plaintiff's Notice of Appearance**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ST. LAWRENCE

*In the Matter of*

Sheryl Thompson et al,

Plaintiffs,

~ against ~

United States of America et al,

Defendants.

NOTICE OF APPEARANCE

Index No.: EFCV-24-166762

RJI No.: 44-1-2024-0592

PLEASE TAKE NOTICE that I, Deborah S. Dunn, Esq., having been retained, appear herein on behalf of Sheryl Thompson et al and hereby demand that a copy of all notices and other papers be served upon me at Stark & Stark Attorneys at Law 40 Lake Center, 401 NJ 73, Suite 130, Marlton, NJ 08053.

Dated: October 24, 2024

Yours, etc.

[signature]

Deborah S. Dunn, Esq.
Attorney for Sheryl Thompson et al
Stark & Stark Attorneys at Law
40 Lake Center, 401 NJ 73, Suite 130,
Marlton, NJ 08053
p: 856.874.4425 | f: 856.874.0133

**EFCV-24-166762 -** St. Lawrence County Supreme Court **October 28, 2024**

**24.10.28 Court Letter regarding Plaintiff's Notice of Appearance and Pro Hac Vice Motion**

**STATE OF NEW YORK**
**SUPREME COURT CHAMBERS**
48 COURT STREET
CANTON, NY 13617-1169
315-379-0326
FAX: 315-379-2311

**MARY M. FARLEY, J.S.C.**

**KATHRYN A. EXOO**
Principal Law Clerk

**CHANDRA L. COFFEY**
Secretary to Justice

October 28, 2024

Kevin F. Nichols, Esq.
Nichols Law Firm, PLLC
16 Elm Street
Malone, New York 12953

Re: Sheryl Thompson, et al. v. United States of America, et al.
St. Lawrence County Index No. EFCV-24-166762
IAS No. 44-1-2024-0592

Dear Attorney Nichols,

Chambers is in receipt of the October 24, 2024, Notice of Appearance filed by your office on behalf of Deborah S. Dunn, Esq., Stark & Stark Attorneys at Law (NYSCEF Doc. No. 50). It appears a Pro Hac Vice Motion may be required since Attorney Dunn is not listed in the New York State Attorney registry.

Very truly yours,

MARY M. FARLEY, J.S.C.

MMF/cc

c via NYSCEF:
Robert L. Hershey, Esq., Assistant Attorney General, NYS Attorney General
M. Randolph Belkin, Esq., Law Offices of M. Randolph Belkin
Peter H. Abdella, Esq., Harter Secrest & Emery LLP
Elizabeth A. Hoffman, Esq., Costello, Cooney & Fearon, PLLC

**EFCV-24-166762 -** St. Lawrence County Supreme Court **October 28, 2024**

**24.10.29 Def St. Lawrence County's Letter to Judge for Extension of time to Answer Complaint**

# ST. LAWRENCE COUNTY
# OFFICE OF THE COUNTY ATTORNEY

**COUNTY ATTORNEY**
STEPHEN D. BUTTON

**ASSISTANT COUNTY ATTORNEYS**
DAVID F. HUBER
JASON MARX
KEITH MASSEY, JR.
CHRISTINE N. LABBATE
MATTHEW J. KLIMASAUSKAS
JONATHAN D. RHODES

**RISK MANAGER / COMPLIANCE OFFICER**
JODY C. WENZEL

**CONFIDENTIAL SECRETARY**
MICHELE A. ZERA

**MAIN OFFICE**
48 COURT STREET
CANTON, NY 13617
(315) 379-2269 OFFICE
(315) 379-2254 FAX

**SATELLITE OFFICE**
6 JUDSON STREET
CANTON, NY 13617
(315) 379-2103 OFFICE
(315) 386-2782 FAX

October 29, 2024

***VIA NYSCEF***

Hon. Mary M. Farley, J.S.C
Supreme Court
St. Lawrence County
48 Court Street
Canton, New York 13617

Re: Sheryl Thompson, et al. v. United States of America, et al.
Index No. EFCV-24-166762

Judge Farley:

As you are aware, I serve as the duly appointed County Attorney pursuant to County Law § 500 for one of the named defendants in the above-referenced matter, Defendant, St. Lawrence County.

I was recently made aware of the filing of a complaint in your court pertaining to the above-captioned action. Although service has not been effectuated upon the County pursuant to the dictates of the CPLR, I have reviewed the County Clerk's filings and note an affidavit of service has been filed affirming service upon St. Lawrence County.

I have made multiple attempts to contact counsel for the Plaintiff, Kevin Nichols, Esq., but have been unable to speak with him. I do understand that he has co-counsel in the companion federal action pending in the Northern District of New York. Attorney Deborah Dunn of Stark & Stark. I recently spoke with Attorney Dunn who consented as a part of the federal action to an extension of time with which to file an Answer or responsive papers on this matter. Ms. Dunn has advised she will be seeking admission *pro hac vice* within the State of New York on this matter. Based upon my discussions with Attorney Dunn, it is my strong belief, that St. Lawrence County will ultimately be released from this action. Unfortunately, Attorney Dunn is not licensed in the State of New York to practice law, so is unable to consent to an extension of time to permit St. Lawrence County to secure a stipulation of discontinuance in this proceeding. As aforementioned, I have been unable to secure a response from Attorney Nichols.

Nevertheless, as service has not been effectuated properly, and counsel licensed in the State of New York has not responded to my e-mails or calls, please accept this letter as a request for an extension of time with which to file any answer or responsive papers to December 1, 2024.

Kind regards,

Stephen D. Button, Esq.
County Attorney

CC: Kevin F. Nichols, Esq.
Robert L. Hershey, Esq.
Matt R. Belkin, Esq.
Kelly J. Pare, Esq.
Christina M. Deats, Esq.